## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
THE COLONIAL BANCGROUP, INC.,             :          09-32303 (DHW)
                                          :
                  Debtor.                 :
                                          :
------------------------------------------------------------x
```

## MOTION OF THE DEBTOR PURSUANT
## TO 11 U.S.C. §§ 105(a) AND 362 FOR ENTRY OF
## (I) INTERIM AND FINAL ORDERS ESTABLISHING NOTIFICATION
## PROCEDURES REGARDING RESTRICTIONS ON CERTAIN TRANSFERS OF
## INTERESTS IN THE DEBTOR AND (II) ORDER SCHEDULING A FINAL HEARING

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Colonial BancGroup, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), respectfully requests that the Court order the relief as hereinafter requested and, in support of this Motion, represents:

### Overview

1.      The Debtor requests entry of interim and final orders authorizing the Debtor to establish procedures to protect the potential value of the Debtor's net operating loss carryforwards ("NOLs") and certain other tax attributes (collectively, the "Tax Attributes"). The proposed procedures are designed to provide notification to holders of stock of the Debtor ("Colonial Stock") of the injunction described herein prohibiting the acquisition of ownership, disposition or other transfer, of such stock above a certain threshold, by making available to all holders of Colonial Stock (a) notice substantially in the form annexed hereto as Exhibit A (the "Interim Procedures Notice"), to be effective *nunc pro tunc* as of the date (that is, August 26, 2009) and the time of the filing of the Motion ("Motion Date") and (b) notice substantially in the form annexed hereto as Exhibit B (the "Final Procedures Notice").

**Background**

2.       On August 25, 2009 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory creditors' committee has been appointed in this chapter 11 case.

3.       The Debtor is a Delaware corporation with its chief executive office in Montgomery, Alabama. The Debtor was organized in 1974 as a bank holding company under the Bank Holding Company Act of 1956, as amended. Acting through what was once its primary subsidiary, Colonial Bank, and certain other subsidiaries, the Debtor provided diversified financial services, including retail and commercial banking, wealth management services, mortgage origination and insurance products to consumers and businesses. The principal activity of the Debtor has been to supervise and coordinate the businesses of its subsidiaries and to provide them with capital and services.

4.       On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of Colonial Bank. Subsequent to the closure, Branch Banking and Trust Company ("BB&T") assumed substantially all of the deposits of Colonial Bank and purchased approximately $22 billion of Colonial Bank's assets in a transaction facilitated by the FDIC.

5.       The Debtor's current assets included, as of the Petition Date, (a) cash and pledged funds in the aggregate amount of approximately $36,700,000, consisting of approximately $20,000,000 pledged to secure certain loans and the balance consisting of unrestricted cash at B&BT in the Debtor's operating account; and (b) approximately $1,900,000 in cash held in connection with the Debtor's non-qualified deferred compensation plan. The Debtor's intangible assets on the Petition Date included (i) investments in its wholly owned subsidiary, Colonial Brokerage, Inc., a Delaware corporation, which provides full service and discount brokerage service and investment advice and is a member of, and is regulated by, the Financial Industry Regulatory Authority, and CBG Real Estate LLC, an Alabama

limited liability company; and (ii) its equity investments in 18 joint ventures and two capital trusts. In addition, the Debtor owns various office furniture, furnishings and equipment and may be entitled to a refund of federal income taxes.

6.      For their fiscal year ending December 31, 2008, the Debtor and its consolidated subsidiaries had a net pre-tax loss of approximately $1.128 billion; and for the first six months of 2009, the consolidated pre-tax losses of the Debtor and its subsidiaries are estimated to be $638 million.

7.      As of August 14, 2009, there were approximately 202,741,587 shares of the Debtor's common stock outstanding. The Debtor's stock was listed on the New York Stock Exchange (the "NYSE"). On August 17, 2009, the NYSE suspended listing of the Debtor's common stock and its other securities. The NYSE determined that the Debtor's common stock was no longer suitable for listing on the NYSE due to the closure of Colonial Bank, the Debtor's principal operating subsidiary. As a result, the Debtor has filed with the Securities and Exchange Commission (the "SEC") a Form 25-NSE to remove its securities from listing and registration with the NYSE. Despite such delisting, it appears that there may be ongoing, active trading in Colonial Stock which may, as more fully explained hereinafter, impair the value of the Tax Attributes to the Debtor's chapter 11 estate. Furthermore, as a result of the NYSE delisting, any ongoing trading in Colonial Stock is being conducted in such a manner that it is becoming increasingly difficult for the Debtor to monitor the transfer of Colonial Stock. As a result, there is no completely reliable basis upon which the Debtor can determine whether a particular transfer of Colonial Stock or series of transfers might cause an "ownership change" that would impair the prospect for future use of the Tax Attributes for the benefit of the estate.[1]

8.      The foregoing information is supplemented in the Declaration of Sarah H. Moore in Support of Chapter 11 Petition and certain motions, which will be filed with the Court.

---

[1] The actual amount of any such tax benefit cannot be estimated at this time, due to the speculative nature of any income projections and uncertainty as to future tax rates.

## Jurisdiction

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10.      By this Motion, the Debtor requests, pursuant to sections 105(a) and 362 of the Bankruptcy Code, entry of an interim order (the "Interim Order") and a final order (the "Final Order") authorizing the Debtor to establish procedures as set forth herein to protect the potential value of the Tax Attributes.  Copies of the proposed Interim Order and Final Order are annexed hereto as Exhibit C and Exhibit D, respectively. The proposed procedures (the "Procedures") would apply with respect to Colonial Stock and any options or similar interests to acquire such stock. The Procedures would impose restrictions and notification requirements, to be effective *nunc pro tunc* to the Motion Date.  Parties would be notified of the Procedures through publication of (i) the Interim Procedures Notice, which describes the trading restrictions and notification requirements established in the Interim Order, and (ii) the Final Procedures Notice, which sets forth the procedures described herein as approved on a final basis.

## Tax Attributes

11.      Prior to the Petition Date, the Debtor filed federal income tax returns on a consolidated basis for itself, Colonial Bank and certain other subsidiaries as permitted under section 1501 of the Internal Revenue Code of 1986, as amended (the "Tax Code").  The Debtor estimates that, as of the Motion Date, the Debtor and its consolidated subsidiaries have incurred, for U.S. federal income tax purposes, NOLs in excess of $500 million.

12.      The Debtor's Tax Attributes are potentially valuable assets of the Debtor's estate because the Tax Code generally permits corporations to carry over their losses and tax credits to offset future income, thereby reducing the tax liability of the Debtor. *See* 26 U.S.C. §§ 39, 172 and 904(c). The Debtor's Tax Attributes potentially allow the Debtor to reduce significantly future U.S. federal income tax liability, depending upon future gains of the Debtor and future amounts realized upon the subsequent disposition or

wind-down of the assets. These savings could enhance the Debtor's cash position for the benefit of all parties in interest and contribute to the Debtor's efforts toward a successful reorganization or liquidation.

13.     The ability of the Debtor to use the Tax Attributes to reduce future tax liability is subject to certain statutory limitations. Sections 382 and 383 of the Tax Code limit a corporation's use of its NOLs, tax credits and certain other tax attributes to offset future income or tax after the corporation experiences an "ownership change." Under section 382, an ownership change generally occurs when the percentage of a loss corporation's equity held by one or more "5% shareholders" (as such term is defined in section 382) increases by more than 50 percentage points over the lowest percentage of stock owned by such shareholder(s) at any time during the relevant testing period (usually three years).[2]  *See* 26 U.S.C. § 382(n).  A section 382 ownership change *prior* to the effective date of a chapter 11 plan would effectively eliminate the ability of the Debtor to use the Tax Attributes, thereby potentially resulting in a significant loss of value. However, the limitations imposed by section 382 in the context of an ownership change pursuant to a confirmed plan of reorganization or applicable bankruptcy court order are significantly more relaxed than those applicable outside chapter 11. *See* 26 U.S.C. §§ 382(l)(5),(6).

14.     Accordingly, consistent with the automatic stay in this case, the Debtor needs the ability to preclude certain transfers of, and to monitor and possibly object to other changes in the ownership of, Colonial Stock to ensure that an ownership change does not occur prior to the effective date of a chapter 11 plan.

15.     In light of circumstances that have led up to the filing of this chapter 11 case, including the receivership of Colonial Bank, the Debtor has limited ability to take action to resolve the uncertainties surrounding whether an "ownership change" has already occurred with respect to the Tax Attributes.   Nevertheless, the Debtor believes that there could remain available to it significant Tax Attributes that would be adversely affected and would possibly be eliminated by a subsequent ownership change.

---

[2] Federal Securities Regulations adopted pursuant to the Securities Exchange Act of 1934 require any stockholder who acquires beneficial ownership of more than 5% of a class of stock to report the acquisition through the filing of a Schedule 13D with the Securities and Exchange Commission.

**Proposed Trading Procedures**

16.     To preserve the potential value of the Tax Attributes and ensure that the Debtor

receives the full benefits of the automatic stay, the Debtor proposes the following restrictions, notification

requirements and/or other procedures of the Interim Order, effective as of the Motion Date:

    *(a)*      *Colonial Stock Ownership, Acquisition and Disposition*

        (1)      <u>Notice of Substantial Colonial Stock Ownership.</u> Any person or Entity (as such term is defined for purposes of section 382 of the Tax Code and the Treasury Regulations, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, Colonial Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for any statutory committee of unsecured creditors appointed in this case (the "<u>Creditors' Committee</u>"), a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form annexed hereto as <u>Exhibit E</u>, which describes specifically and in detail Colonial Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns.

        (2)      <u>Acquisition of Colonial Stock or Options.</u> At least fifteen (15) business days prior to the proposed date of any transfer of Colonial Stock (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Colonial Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, Entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Purchase, Acquire or Otherwise Accumulate Colonial Stock (an "<u>Equity Acquisition Notice</u>"), in the form annexed hereto as <u>Exhibit F,</u> which describes specifically and in detail the proposed transaction in which Colonial Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

        (3)      <u>Disposition of Colonial Stock or Options.</u> At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Colonial Stock

(including Options to acquire such securities) that would result in a decrease in the amount of Colonial Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Sell, Trade, or Otherwise Transfer Colonial Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in the form annexed hereto as Exhibit G, which describes specifically and in detail the proposed transaction in which Colonial Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)    Objection Procedures. The Debtor and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Colonial Stock (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

     (i)    If either the Debtor or the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

     (ii)    If neither the Debtor nor the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, or if the Debtor and the Creditors' Committee (if and when appointed) provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5)    Unauthorized Transactions in Colonial Stock or Options. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Colonial Stock (including Options to acquire such Colonial Stock) of the Debtor in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6)    Definitions. For purposes of this Motion and the Order, the following terms have the following meanings:

(i)    Substantial Equityholder. A "Substantial Equityholder" is any person or Entity that beneficially owns at least 9,630,245 shares of Colonial Stock (representing approximately 4.75% of all issued and outstanding shares of the Colonial Stock).

(ii)    Beneficial Ownership. "Beneficial ownership" (or any variation thereof of Colonial Stock and Options to acquire Colonial Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire Colonial Stock.

(iii)    Option. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(iv)    Colonial Stock. "Colonial Stock" shall mean any class of common stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Stock may be treated as the owner of such Colonial Stock.

**(b)    Noncompliance with the Trading Procedures.**

Any purchase, sale, or other transfer of Colonial Stock in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

**(c)    Debtor's Right to Waive.**

The Debtor may waive, in writing, any and all restrictions, stays and notification procedures contained in this Motion.

**The Tax Attributes Are Property of the
Debtor's Estate and the Automatic Stay Applies**

17.    Section 362(a) of the Bankruptcy Code operates as a stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, "where a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing

or eliminating property of the bankrupt estate, such action is barred by the automatic stay." *In re Prudential Lines Inc.,* 928 F.2d 565 (2d Cir. 1991).

18.     Section 541(a)(1) of the Bankruptcy Code provides that the property of a debtor's estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Congress intended section 541 to be given broad construction to include all interests of the debtor in property, so as to "bring anything of value that the debtors have into the estate." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203-04 (1983).

19.     Although the precise issue does not appear to have been addressed in the Eleventh Circuit, it is well established in other courts that a debtor's NOLs are property of its estate, which is protected by section 362 of the Bankruptcy Code. *See, e.g., In re Prudential Lines, Inc.,* 928 F.2d 565 (2d Cir. 1991)*; In re Russell,* 927 F.2d 413 (8th Cir. 1991)*; In re Beery,* 116 B.R. 808 (D. Kan. 1990)*; In re White Metal Rolling & Stamping Corp.,* 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998); *In re Phar-Mor, Inc.,* 152 B.R. 924 (Bankr. N.D. Ohio 1993) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."). *See also U.S. The Kapila*, 402 B.R. 56 (S.D. Fla. 2008) (finding that NOL carryback waiver is an interest in property falling within the ambit of section 541); *In re Fruehauf Trailer Corp.,* 444 F.3d 203 (3d Cir. 2006) ("Property of the estate `includes all interests, such as ... contingent interests and future interests, whether or not transferable by the debtor.'") (quoting *Prudential Lines,* 928 F.2d at 572); *In re Russell,* 927 F.2d 413, 417 (8th Cir. 1991) (concluding the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

20.     In the case of *In re Phar-Mor, Inc.,* 152 B.R. 924 (Bankr. N.D. Ohio 1993), the chapter 11 debtor moved to prohibit the transfer of their stock that could have an adverse effect on their

ability to use NOLs. The court held that the NOLs qualified as property of the estate and issued an injunctive order to enforce the automatic stay and protect the assets of the debtors' estate. Significantly, the court granted the relief requested even though the stockholders did not state any intent to sell their stock and even though the debtors did not show that a sale was pending that would trigger the prescribed ownership change under section 382 of the Tax Code. *Id.* at 927. Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined,* which will be of benefit to creditors and will assist debtors in their reorganization process. This asset is entitled to protection while Debtor move forward toward reorganization." *Id.* (emphasis added). The court also concluded that, because the debtors were seeking to enforce the stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits. The key elements for a stay ... are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.,* 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

21.     In addition to *Phar-Mor* and the other published decisions cited above, numerous other courts have entered similar relief to protect the NOL carryforward as an asset of the debtor's estate. *See, e.g., In re Washington Mutual, Inc.*, Case No. 08-12229 (Bankr. D. Del. November 19, 2008); *In re Delta Air Lines, Inc.*, Case No. 05-17923 (Bankr. S.D.N.Y. September 16, 2005); *In re Northwest Airlines Corp.*, Case No. 05-17930 (Bankr. S.D.N.Y. December 22, 2005); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. 2003); *In re Finova Group, Inc.,* Case No. 01-0697 (Bankr. D. Del. July 31, 2001); *In re Southeast Banking Corp.*, Case No. 91-14561 (Bankr. S.D. Fla. July 7, 1994).

22.     In short, it is well settled that the automatic stay under section 362(a)(3) of the Bankruptcy Code enjoins actions that would adversely affect a debtor's NOLs and other tax attributes. These actions, including the trading of stock in and claims against a debtor, may be determined to be null and void *ab initio.*

**The Proposed Procedures Are
Necessary and in the Best Interests of the Estate and Creditors**

23.     The proposed procedures are necessary to preserve the ability of the Debtor to use the Tax Attributes, which are valuable assets of the Debtor's estate, while providing latitude for trading in stock below specified levels. The Debtor's ability to meet the requirements of the tax laws to preserve its Tax Attributes may be seriously jeopardized unless procedures are established to ensure that trading in certain interests in the Debtor are either precluded or closely monitored and made subject to Court approval. However, the Debtor recognizes that trading in Colonial Stock below specified levels may not, under certain circumstances, pose a serious risk to the Tax Attributes, and thus the Debtor preserves the ability to waive in writing, in appropriate circumstances, any and all restrictions, stays, and notification procedures contained in this Motion.

24.     The relief requested herein is narrowly tailored to permit certain stock trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws. The Debtor seeks only to enforce the provisions of the automatic stay in connection with certain types of stock trading that pose a serious risk under the ownership change tests and to monitor (with limited circumspections) other types of trading that potentially pose a serious risk.

25.     The proposed restrictions on stock trading are crucial because once an interest is transferred the transaction arguably might not be reversible for tax purposes, though it should be null and void under Bankruptcy Code section 362. Accordingly, once a transfer acts to limit the Debtor's ability to use its Tax Attributes under section 382 of the Tax Code, such ability may be permanently lost. The relief requested is, therefore, critical to prevent an irrevocable loss of the Debtor's use of its Tax Attributes.

26.     It is in the best interests of the Debtor and its stakeholders to restrict stock trading that could result in an ownership change under section 382 of the Tax Code before the effective date of a Chapter 11 plan. If such an ownership change occurs, the valuation for determining the annual amount of useable NOLs could be zero.

## Interim Approval Should Be Granted

27.    The granting of interim approval will benefit the Debtor and its stakeholders by preventing the loss of the Tax Attributes pending determination of final approval of the requested procedures while allowing holders of Colonial Stock and other parties in interest ample time to consider the proposed procedures. Absent granting the interim relief requested herein, the Debtor may be harmed irreparably by the mere filing of this Motion.  Parties holding Colonial Stock may rush to transfer their interests in the Debtor before any prohibition on trading is approved by this Court. Such trading would put the Tax Attributes in jeopardy and be counterproductive to the Debtor's objectives in seeking the relief requested herein. Accordingly, the Debtor requests that the procedures proposed herein be approved on an interim basis and that a hearing be scheduled to consider entry of the Final Order.[3]

28.    Within five (5) business days of the entry of the proposed Interim Order, the Debtor proposes to send the Interim Procedures Notice describing the authorized trading restrictions and notification requirements to (i) the Office of the United States Bankruptcy Administrator for the Middle District of Alabama, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for the FDIC, (iv) the attorneys for the SEC, (v) the trustees under the Debtor's pre-petition indentures, (vi) the holders of the 20 largest unsecured claims against the Debtor, (vii) any record holder listed with the transfer agent for Colonial Stock, and (viii) any person or Entity is known to have filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock (collectively, the "Notice Parties"). Within three (3) business days of receipt of the Interim Procedures Notice, any nominee holders shall send the Interim Procedures Notice to all beneficial holders of Colonial Stock known to the nominee holder. The Debtor also proposes to publish a single notice of the Interim Procedures Notice on the Bloomberg newswire service, in the *Montgomery Adviser* and in the national edition of *The Wall Street*

---

[3] The Debtor notes that the FDIC or other parties may also assert some unspecified and indeterminate interest in the Tax Attributes and that to date there has been no conclusive determination with respect to ownership or allocation of the NOLs or any other Tax Attributes, including any tax refund which the Debtor may be entitled.  The Debtor is not presently seeking such a determination by way of this Motion, nor does the Debtor seek by this Motion to impair any of the rights of any party in interest with respect to any of the NOLs.  Rather, the Debtor seeks only to preserve the NOLs for the benefit of all interested parties and the estate and to reserve for a later date an adjudication of the relative rights of all parties with respect to any of the NOLs.

*Journal.*

29.     The Interim Procedures Notice will provide that the deadline to file an objection ("Objection") to the Motion shall be 5:00 p.m. (prevailing Central Time) seven (7) business days prior to the date of the hearing to consider, on a final basis, the relief requested in the Motion (the "Objection Deadline"). An Objection shall be considered timely if it is (i) filed with the United States Bankruptcy Court for the Middle District of Alabama, Frank M. Johnson United States Courthouse Complex, One Church Street, Montgomery, Alabama 36104, and (ii) actually received by (a) The Colonial BancGroup, Inc., c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139; (b) Parker, Hudson, Rainer & Dobbs LLP, attorneys for the Debtor, 1500 Marquis Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.); and (c) the Office of the Bankruptcy Administrator for the Middle District of Alabama, Frank M. Johnson, Jr. Federal Building and United States Courthouse, One Church Street, Suite 103, Montgomery, Alabama, 36104.

30.     Unless otherwise ordered by the Court, a reply to an Objection may be filed with the Court and served on or before 12:00 noon (prevailing Central Time) no later than two (2) business days before the date of the hearing to consider the Final Order.

31.     If no Objections are timely filed and served, as set forth herein, the Debtor may, on or after the Objection Deadline, submit to the Court the proposed Final Order, which Final Order may be submitted and entered with no further notice or opportunity to be heard afforded to any party. If an Objection is timely filed, a hearing will be held at the U.S. Bankruptcy Court for the Middle District of Alabama, Frank M. Johnson, Jr. Federal Building and United States Courthouse, One Church Street, Courtroom No. 4-C, Montgomery, Alabama, at least twenty (20) days after service of the Interim Procedures Notice.

32.     Until the Court enters a Final Order, any acquisition or disposition of Colonial Stock as of the date of the Motion in violation of the procedures set forth above shall be null and void *ab initio* as an act in violation of the automatic stay prescribed by section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

33.     Following the entry of the Final Order, the Final Procedures Notice describing the authorized trading restrictions and notification requirements would be sent to the Notice Parties. Upon receipt of the Final Procedures Notice, any nominee holders, who have not done so already, shall send the Final Procedures Notice to all beneficial holders of Colonial Stock known to the nominee holder. The Final Procedures Notice would be either posted on the website established by the Debtor's claim agent or published on the Bloomberg newswire service, the *Montgomery Adviser,* and in the national edition of *The Wall Street Journal.*

34.     The foregoing procedures constitute a sufficient and cost-effective way of providing notice of the interim and final procedures described herein and satisfy due process and the strictures of Bankruptcy Rule 9014 by providing parties with notice and an opportunity to object and be heard at a hearing. *See, e.g., In re Colo. Mountain Cellars, Inc.*, 226 B.R. 244 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).  *In re Drexel Burnham Lambert Group, Inc.,* 160 B.R. 729, 733 (S.D.N.Y. 1993) (indicating that an opportunity to present objections satisfies due process); *see also In re Atamian,* 368 B.R. 375, 378 (Bankr. D. Del. 2007), *aff'd,* No. 05-20040 (MFW), 2008 WL 853462 (D. Del. Mar. 31, 2008), *affd,* No. 08-2026, 2008 WL 5007392 (3d Cir. Nov. 26, 2008) ("Rule 9014 does not require a hearing, only an opportunity for a hearing."). Furthermore, the proposed notice procedures protect the due process rights of parties in interest without unnecessarily exposing the Debtor's estate to unwarranted administrative expenses. Similar notice and objection procedures were approved in the cases discussed above.

### Notice

35.     Notice of this Motion has been provided to (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) the attorneys for the U.S. Treasury, (iii) the respective attorneys for the FDIC and SEC, (iv) the trustees under the Debtor's pre-petition indentures, (v) the holders of the 20 largest unsecured claims against the Debtor, (vi) any transfer agent for Colonial Stock, and (viii) any person or Entity who is known to have filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock. The Debtor submits that, in view of the facts

and circumstances, such notice is sufficient and no other or further notice need be provided.

36.     No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  Montgomery, Alabama
        August 26, 2009

                                        _____/s/_____
                                        C. Edward Dobbs, Esq.
                                        Rufus T. Dorsey, IV, Esq.

                                        PARKER, HUDSON, RAINER & DOBBS LLP
                                        1500 Marquis Two Tower
                                        285 Peachtree Center Avenue, N.E.
                                        Atlanta, Georgia  30303
                                        Telephone: (404) 523-5300
                                        Facsimile: (404) 522-8409

                                        ced@phrd.com
                                        rtd@phrd.com

                                        Attorneys for Debtor and Debtor in Possession

                                        _____/s/_____
                                        W. Clark Watson

                                        BALCH & BINGHAM LLP
                                        1901 Sixth Avenue North, Suite 2600
                                        Birmingham, Alabama  35203-4644
                                        Telephone:  (205) 226-3466
                                        Facsimile:  (205) 488-5837

                                        cwatson@balch.com

                                        Local counsel for Debtor and Debtor in Possession

**Exhibit A**

**Interim Procedures Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
-------------------------------------------------------------x
                                            :
In re                                       :          Chapter 11 Case No.
                                            :
THE COLONIAL BANCGROUP, INC.,               :          09-32303 (DHW)
                                            :
             Debtor.                        :
                                            :
-------------------------------------------------------------x
```

## NOTICE OF INTERIM
## ORDER ESTABLISHING NOTIFICATION
## PROCEDURES AND APPROVING RESTRICTIONS ON
## CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTOR[1]:

      PLEASE TAKE NOTICE that on August 25, 2009 (the "Petition Date"), The Colonial BancGroup, Inc., as debtor and debtor in possession (the "Debtor"), commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtor's estate or of property from the Debtor's estate or to exercise control over property of the Debtor's estate.

      PLEASE TAKE FURTHER NOTICE that on August ____, 2009, the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion of the Debtor (the "Motion"), entered an interim order (the "Interim Order") (i) finding that the Debtor's net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtor's estate and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in the Debtor common stock (the "Colonial Stock") could severely limit the Debtor's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"); and (iii) approving the procedures as set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective* as of the date (that is, August 26, 2009) and the time of the filing of the Motion (the "Motion Date"). **ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

      PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in Colonial Stock:

      (1)    Notice of Substantial Colonial Stock Ownership. Any person or Entity (as such term is defined for the puposes of section 382 of the Tax Code and the Treasury Regulations, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

time on or after the Motion Date, Colonial Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for any statutory committee of unsecured creditors appointed in this case (the "Creditors' Committee"), a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), **in the form annexed hereto**, which describes specifically and in detail Colonial Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns.

(2)     Acquisition of Colonial Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer of Colonial Stock (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Colonial Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, Entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Colonial Stock (an "Equity Acquisition Notice"), **in the form annexed hereto**, which describes specifically and in detail the proposed transaction in which Colonial Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)     Disposition of Colonial Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Colonial Stock (including Options to acquire such securities) that would result in a decrease in the amount of Colonial Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Sell, Trade, or Otherwise Transfer Colonial Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), **in the form annexed hereto**, which describes specifically and in detail the proposed transaction in which Colonial Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification

number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4) <u>Objection Procedures.</u> The Debtor and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Colonial Stock (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

   (i) If either the Debtor or the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

   (ii) If neither the Debtor nor the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, or if the Debtor and the Creditors' Committee (if and when appointed) provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5) <u>Unauthorized Transactions in Colonial Stock or Options.</u> Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Colonial Stock (including Options to acquire such Colonial Stock) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6) <u>Definitions.</u> For purposes of this Motion and the Order, the following terms have the following meanings:

   (i) <u>Substantial Equityholder.</u> A "Substantial Equityholder" is any person or Entity that beneficially owns at least 9,630,245 shares of the Debtor's common stock (representing approximately 4.75% of all issued and outstanding shares of the Colonial Stock).

   (ii) <u>Beneficial Ownership.</u> "Beneficial ownership" (or any variation thereof of Colonial Stock and Options to acquire Colonial Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a

holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire Colonial Stock.

(iii)    <u>Option</u>.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(iv)    <u>Colonial Stock.</u> "Colonial Stock" shall mean any class of common stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Stock may be treated as the owner of such Colonial Stock.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF COLONIAL STOCK IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTOR MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE FURTHER NOTICE that any person or entity desirous of acquiring an interest restricted by the Interim Order may request relief for cause at any time and the Debtor may oppose such relief.

PLEASE TAKE FURTHER NOTICE that, if timely objections are received, there shall be a hearing held on _____ , 2009 at _____ a.m. to consider, on a final basis, the relief requested in the Motion. The hearing may be adjourned without notice by an announcement of the adjourned date at the hearing.

PLEASE TAKE FURTHER NOTICE that **RESPONSES OR OBJECTIONS, IF ANY, TO THE RELIEF SOUGHT IN THE MOTION SHALL BE FILED** with the United States Bankruptcy Court for the Middle District of Alabama, Frank M. Johnson, Jr. Federal Building and United States Courthouse, One Church Street, Montgomery, Alabama, 36104 and served upon: (a) The Colonial BancGroup, Inc., c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139; (b) Parker, Hudson, Rainer & Dobbs LLP, attorneys for the Debtor, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.); and (c) the Office of the Bankruptcy Administrator for the Middle District of Alabama, Frank M. Johnson, Jr. Federal Building and United States Courthouse, One Church Street, Suite 103, Montgomery, Alabama, 36104, **SO AS TO BE RECEIVED NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) SEVEN (7) BUSINESS DAYS PRIOR TO THE DATE OF THE HEARING TO CONSIDER, ON A FINAL BASIS, THE RELIEF REQUESTED IN THE MOTION.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

Dated: Montgomery, Alabama
       August __ , 2009

                     _____
                     United States Bankruptcy Judge

cc:

Parker, Hudson, Rainer & Dobbs LLP, attorneys for the Debtor, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)

Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 2600, Birmingham, Alabama 35203-4644 (Attention: W. Clark Watson, Esq.)

Office of the Bankruptcy Administrator for the Middle District of Alabama, One Church Street, Suite 103, Montgomery, Alabama, 36104

The Colonial BancGroup, Inc., c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139

**Exhibit B**

**Final Procedures Notice**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

--------------------------------------------------------------x
                                 :

**In re**                          :           **Chapter 11 Case No.**
                                 :

**THE COLONIAL BANCGROUP, INC.,**  :           **09-32303 (DHW)**
                                 :

            **Debtor.**              :
                                 :
--------------------------------------------------------------x

**NOTICE OF FINAL**
**ORDER ESTABLISHING NOTIFICATION**
**PROCEDURES AND APPROVING RESTRICTIONS ON**
**CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTOR[1]:

        PLEASE TAKE NOTICE that on August 25, 2009 (the "<u>Petition Date</u>"), Colonial BancGroup, Inc., as debtor and debtor in possession (the "<u>Debtor</u>"), commenced a case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtor's estate or of property from the Debtor's estate or to exercise control over property of the Debtor's estate.

        PLEASE TAKE FURTHER NOTICE that on _____, 2009, the United States Bankruptcy Court for the Middle District of Alabama (the "<u>Bankruptcy Court</u>"), having jurisdiction over this chapter 11 case, upon motion of the Debtor (the "<u>Motion</u>"), entered a final order (the "<u>Final Order</u>") (i) finding that the Debtor's net operating loss carryforwards ("<u>NOLs</u>") and certain other tax attributes (together with the NOLs, the "<u>Tax Attributes</u>") are property of the Debtor's estate and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in the Debtor common stock (the "<u>Colonial Stock</u>") could severely limit the Debtor's ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "<u>Tax Code</u>"); and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code retroactively effective as of the date (that is, August 26, 2009) and the time of the filing of the Motion ("<u>Motion Date</u>"). **ANY ACQUISITION, DISPOSITION OF OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

        PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in Colonial Stock:

        (1)    <u>Notice of Substantial Colonial Stock Ownership.</u> Any person or Entity (as such term is defined for purposes of section 382 of the Tax Code and the Treasury Regulations, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, Colonial Stock in an

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for any statutory committee of unsecured creditors appointed in this case (the "Creditors' Committee"), a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), **in the form annexed hereto**, which describes specifically and in detail Colonial Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns.

(2)     Acquisition of Colonial Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer of Colonial Stock (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Colonial Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, Entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Colonial Stock (an "Equity Acquisition Notice"), **in the form annexed hereto**, which describes specifically and in detail the proposed transaction in which Colonial Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)     Disposition of Colonial Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Colonial Stock (including Options to acquire such securities) that would result in a decrease in the amount of Colonial Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Sell, Trade, or Otherwise Transfer Colonial Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), **in the form annexed hereto**, which describes specifically and in detail the proposed transaction in which Colonial Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer

identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)     Objection Procedures. The Debtor and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Colonial Stock (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(i)      If either the Debtor or the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(ii)     If neither the Debtor nor the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, or if the Debtor and the Creditors' Committee (if and when appointed) provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5)     Unauthorized Transactions in Colonial Stock or Options. Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Colonial Stock (including Options to acquire such Colonial Stock) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6)     Definitions. For purposes of this Motion and the Order, the following terms have the following meanings:

(i)      Substantial Equityholder. A "Substantial Equityholder" is any person or Entity that beneficially owns at least 9,630,245 shares of the Debtor's common stock   (representing approximately 4.75% of all issued and outstanding shares of the Colonial Stock).

(ii)     Beneficial Ownership. "Beneficial ownership" (or any variation thereof of Colonial Stock and Options to acquire Colonial Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a

holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire Colonial Stock.

(iii)  Option.  an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(iv)  Colonial Stock. "Colonial Stock" shall mean any class of common stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Stock may be treated as the owner of such Colonial Stock.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF COLONIAL STOCK IN VIOLATION OF THE FINAL ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTOR MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE FINAL ORDER.**

PLEASE TAKE FURTHER NOTICE that any person or entity desirous of acquiring an interest restricted by the Final Order may request relief for cause at any time and the Debtor may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

Dated:  Montgomery, Alabama
            _____ , 2009


                                    _____
                                    United States Bankruptcy Judge

cc:

Parker, Hudson, Rainer & Dobbs LLP, attorneys for the Debtor, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)

Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 2600, Birmingham, Alabama 35203-4644 (Attention: W. Clark Watson, Esq.)

Office of the Bankruptcy Administrator for the Middle District of Alabama, One Church Street, Suite 103, Montgomery, Alabama, 36104

The Colonial BancGroup, Inc., c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139

**Exhibit C**

**Proposed Interim Order**

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

```
----------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
THE COLONIAL BANCGROUP, INC.,             :          09-32303 (DHW)
                                          :
              Debtor.                     :
                                          :
----------------------------------------------------------x
```

### INTERIM ORDER PURSUANT TO
### SECTIONS 105(a) AND 362 OF THE BANKRUPTCY
### CODE (I) ESTABLISHING NOTIFICATION PROCEDURES AND
### APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS
### IN THE DEBTOR'S ESTATE, AND (II) SCHEDULING A FINAL HEARING

Upon the Motion (the "Motion")[1] of The Colonial BancGroup, Inc., as debtor and debtor

in possession in the above-captioned chapter 11 case (the "Debtor"), pursuant to sections 362 and 105(a)

of title 11, United States Code (the "Bankruptcy Code"), for entry of an interim order (the "Interim

Order") to (i) establish notification procedures and approve restrictions on certain transfers of interests in

the Debtor's estate, as more fully described in the Motion, and (ii) schedule a final hearing; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United

States Bankruptcy Administrator for the Middle District of Alabama, (ii) the attorneys for the U.S.

Treasury, (iii) the respective attorneys for the FDIC and the SEC, (iv) the attorneys for the trustees under

the Debtor's pre-petition indentures, (v) the holders of the 20 largest unsecured claims against the Debtor,

(vi) any transfer agent for Colonial Stock, and (vii) any person or Entity who is known to have filed

Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

FOUND that the Debtor's net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtor's estate and are protected by section 362(a) of the Bankruptcy Code; and it is further

FOUND that unrestricted trading in Colonial Stock (as hereinafter defined) before the Debtor's emergence from chapter 11 could limit the Debtor's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and it is further

FOUND that the notification procedures and restrictions on certain transfers of Colonial Stock are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtor, its estate, and its creditors; and it is further

FOUND that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

THEREFORE, IT IS:

ORDERED that the Motion is granted as provided herein on an interim basis, *nunc pro tunc* to the date (that is, August 26, 2009) and the time of the filing of the Motion (the "Motion Date"); and it is further

ORDERED that until further order of this Court to the contrary, any acquisitions, dispositions or trading in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the following procedures and restrictions shall apply to trading in Colonial Stock and are approved:

    **(a)**      *Colonial Stock Ownership, Acquisition, and Disposition*

        (1)    <u>Notice of Substantial Colonial Stock Ownership.</u> Any person or Entity (as such term is defined in section 382 of the Tax Code and the Treasury Regulations, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, Colonial Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for any statutory committee of unsecured creditors appointed in this case (the "<u>Creditors' Committee</u>"), a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form annexed to the Motion as <u>Exhibit E</u>, which describes specifically and in detail Colonial Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns.

        (2)    <u>Acquisition of Colonial Stock or Options.</u> At least fifteen (15) business days prior to the proposed date of any transfer of Colonial Stock (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Colonial Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, Entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Colonial Stock (an "<u>Equity Acquisition Notice</u>"), in the form annexed hereto as <u>Exhibit F</u>, which describes specifically and in detail the proposed transaction in which Colonial Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

        (3)    <u>Disposition of Colonial Stock or Options.</u> At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Colonial Stock (including Options to acquire such securities) that would result in a decrease in the amount of Colonial Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>," and together with a Proposed Equity

Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee, a Notice of Intent to Sell, Trade, or Otherwise Transfer Colonial Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in the form annexed to the Motion as Exhibit G, which describes specifically and in detail the proposed transaction in which Colonial Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)     Objection Procedures. The Debtor and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Colonial Stock (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(i)      If either the Debtor or the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(ii)     If neither the Debtor nor the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, or if the Debtor and the Creditors' Committee (if and when appointed) provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5)     Unauthorized Transactions in Colonial Stock or Options. Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Colonial Stock (including Options to acquire such securities) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6)     Definitions. For purposes of this Motion and the Order, the following terms have the following meanings:

(i)    Substantial Equityholder.  A "Substantial Equityholder" is any person or Entity that beneficially owns at least 9,630,245 shares of Colonial's common stock (representing approximately 4.75% of all issued and outstanding shares of the Colonial Stock).

(ii)    Beneficial Ownership. "Beneficial ownership" (or any variation thereof of Colonial Stock and Options to acquire Colonial Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire Colonial Stock.

(iii)    Option.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(iv)    Colonial Stock. "Colonial Stock" shall mean any class of common stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Stock may be treated as the owner of such Colonial Stock.

**(b)    Noncompliance with the Trading Procedures.**

Any purchase, sale, or other transfer of Colonial Stock in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

**(c)    Debtor's Right to Waive.**

The Debtor may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order.

and it is further;

ORDERED that any person or Entity acquiring and/or disposing of Colonial Stock in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock Ownership," "Equity Acquisition Notice," "Equity Disposition Notice" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices substantially in the form annexed to the Motion as <u>Exhibit E,</u> <u>Exhibit F,</u> and <u>Exhibit G</u> are approved; and it is further

ORDERED that nothing in this Interim Order shall preclude any interested party from seeking appropriate relief from the provisions of this Interim Order; and it is further

ORDERED that within three (3) business days of the entry of this Interim Order, the Debtor shall serve notice of the entry of this Interim Order substantially in the form annexed to the Motion as <u>Exhibit A</u> describing the authorized trading restrictions and notification requirements (the "<u>Interim</u> <u>Procedures Notice</u>") and this Interim Order to (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, Frank M. Johnson, Jr. Federal Building and United States Courthouse, One Church Street, Suite 103, Montgomery, Alabama, 36104, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for FDIC; (iv) the attorneys for the SEC, (v) the attorneys for the trustees under the Debtor's prepetition indentures, (vi) the holders of the 20 largest unsecured claims against the Debtor, (vii) any transfer agent for Colonial Stock, and (viii) any person or Entity who is known to have filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock. Within three (3) business days of receipt of the Interim Procedures Notice and Interim Order, any nominee holders shall send the Interim Procedures Notice and Interim Order to all beneficial holders of Colonial Stock known to the nominee holder; and it is further

ORDERED that the Debtor shall submit a notice of the entry of this Interim Order for a single publication on the Bloomberg newswire service and arrange for a single publication of such notice in *Montgomery Adviser* and in the national edition of *The Wall Street Journal*; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest from requesting relief from this Interim Order in this Court subject to the Debtor's rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that any objection to the relief requested in the Motion must, by 5:00 p.m. (prevailing Central Time) seven (7) business days prior to the date of the hearing to consider , on a final basis, the relief requested in the Motion (the "Objection Deadline"), be: (i) filed with the United States Bankruptcy Court for the Middle District of Alabama, Frank M. Johnson United States Courthouse Complex, One Church Street, Montgomery, Alabama 36104, and (ii) actually received by (a) the Debtor, c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139; (b) Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq., and Rufus T. Dorsey, IV, Esq.); and (c) the Office of the Bankruptcy Administrator for the Middle District of Alabama, Frank M. Johnson, Jr. Federal Building and United States Courthouse, One Church Street, Suite 103, Montgomery, Alabama, 36104; and it is further

ORDERED that if timely Objections are received there shall be a hearing held on _____, 2009 at _____ a.m. to consider, on a final basis, the relief requested in the Motion; and it is further

ORDERED that if no Objections are timely filed, served, and received in accordance with this Interim Order, the Debtor shall submit to the Court a final order granting the relief requested in the Motion; and it is further

ORDERED that the requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the relief granted in this Interim Order is intended solely to permit the Debtor to protect, preserve and maximize the value of its Tax Attributes. Accordingly, except to the extent the Interim Order expressly conditions or restricts trading in Colonial Stock, nothing in this Interim Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of Colonial Stock, including in connection with the treatment of any such interests under any Chapter 11 plan or any applicable bankruptcy court order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: Montgomery, Alabama
_____ , 2009

_____
United States Bankruptcy Judge

cc:

Parker, Hudson, Rainer & Dobbs LLP, attorneys for the Debtor, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)

Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 2600, Birmingham, Alabama 35203-4644 (Attention: W. Clark Watson, Esq.)

Office of the Bankruptcy Administrator for the Middle District of Alabama, One Church Street, Suite 103, Montgomery, Alabama, 36104

The Colonial BancGroup, Inc., c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139

**Exhibit D**

**Proposed Final Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

-------------------------------------------------------------x
                                          :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **THE COLONIAL BANCGROUP, INC.,** | : | **09-32303 (DHW)** |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------x

### FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362
### ESTABLISHING NOTIFICATION PROCEDURES
### AND APPROVING RESTRICTIONS ON CERTAIN
### TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATES

Upon the Motion (the "Motion")[1] of The Colonial BancGroup, Inc. as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), pursuant to sections 362 and 105(a) of title 11, United States Code (the `Bankruptcy Code"), for entry of a final order (the "Final Order") to establish notification procedures and approve restrictions on certain transfers of interests in the Debtor's estate, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Middle District of Alabama, (ii) the attorneys for the U.S. Treasury, (iii) the representative attorneys for the FDIC and the SEC, (iv) the attorneys for the trustees under the Debtor's prepetition indentures, (v) the holders of the 20 largest unsecured claims against the Debtor, (vi) any transfer agent for Colonial Stock, and (vii) any person or Entity who has filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

FOUND that the Debtor's net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtor's estate and are protected by section 362(a) of the Bankruptcy Code; and it is further

FOUND that unrestricted trading in Colonial Stock (as hereinafter defined) before the Debtor's emergence from chapter 11 could severely limit the Debtor's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and it is further

FOUND that the notification procedures and restrictions on certain transfers of Colonial Stock are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtor, their estate, and their creditors; and it is further

FOUND that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code; and it is further

FOUND that on _____, 2009, the Court signed an Interim Order pursuant to sections 362 and 105(a) of the Bankruptcy Code (i) establishing notification procedures and approving restrictions on certain transfers of interests in the Debtor's estate, and (ii) scheduling a final hearing. This Final Order will supersede the Interim Order.

THEREFORE, IT IS:

ORDERED that the Motion is granted as provided herein on a final basis; and it is further

ORDERED that the provisions of this Final Order shall be effective, *nunc pro tunc*, to the date on which the Debtor filed the Motion (the "Motion Date"); and it is further

ORDERED that all objections to the Motion not previously withdrawn are overruled; and it is further

ORDERED that any acquisition or disposition of Colonial Stock in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the following procedures and restrictions shall apply to trading in Colonial Stock and are approved:

      *(a)*      ***Colonial Stock Ownership, Acquisition and Disposition***

      (1)      <u>Notice of Substantial Colonial Stock Ownership.</u> Any person or Entity (as such term is defined for purposes of section 382 of the Tax Code and the Treasury Regulations, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, Colonial Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for any statutory committee of unsecured creditors appointed in this case (the "<u>Creditors' Committee</u>"), a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form annexed to the Motion as <u>Exhibit E</u>, which describes specifically and in detail Colonial Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns.

      (2)      <u>Acquisition of Colonial Stock or Options.</u> At least fifteen (15) business days prior to the proposed date of any transfer of Colonial Stock (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Colonial Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, Entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Colonial Stock (an "<u>Equity Acquisition Notice</u>"), in the form annexed hereto as <u>Exhibit F,</u> which describes specifically and in detail the proposed transaction in which Colonial Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification

number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3) <u>Disposition of Colonial Stock or Options.</u> At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Colonial Stock (including Options to acquire such securities) that would result in a decrease in the amount of Colonial Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>," and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, Entity, or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee (when appointed), a Notice of Intent to Sell, Trade, or Otherwise Transfer Colonial Stock (an "<u>Equity Disposition Notice</u>," and together with an Equity Acquisition Notice, an "<u>Equity Trading Notice</u>"), in the form annexed to the Motion as <u>Exhibit G,</u> which describes specifically and in detail the proposed transaction in which Colonial Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4) <u>Objection Procedures.</u> The Debtor and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Colonial Stock (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(i) If either the Debtor or the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(ii) If neither the Debtor nor the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, or if the Debtor and the Creditors' Committee (if and when appointed) provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5) <u>Unauthorized Transactions in Colonial Stock or Options.</u> Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any

acquisition, disposition or other transfer of Colonial Stock (including Options to acquire Colonial Stock) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6)     Definitions. For purposes of this Motion and the Order, the following terms have the following meanings:

(i)     Substantial Equityholder. A "Substantial Equityholder" is any person or Entity that beneficially owns at least 9,630,245 shares of Colonial's common stock (representing approximately 4.75% of all issued and outstanding shares of the Colonial Stock).

(ii)    Beneficial Ownership. "Beneficial ownership" (or any variation thereof of Colonial Stock and Options to acquire Colonial Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire Colonial Stock.

(iii)   Option. an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(iv)    Colonial Stock. "Colonial Stock" shall mean any class of common stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Stock may be treated as the owner of such Colonial Stock.

**(b)    *Noncompliance with the Trading Procedures.***

Any purchase, sale, or other transfer of Colonial Stock in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

**(c)    *Debtor's Right to Waive.***

The Debtor may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order.

and it is further;

ORDERED that any person or Entity acquiring and/or disposing of Colonial Stock in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock

Ownership," "Equity Acquisition Notice," and "Equity Disposition Notice" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices substantially in the form annexed to the Motion as Exhibit E, Exhibit F, and Exhibit G are approved; and it is further

ORDERED that nothing in this Final Order shall preclude any interested party from seeking appropriate relief from the provisions of this Final Order; and it is further

ORDERED that within three (3) business days of the entry of this Final Order, the Debtor shall serve notice of the entry of this Final Order substantially in the form annexed to the Motion as Exhibit B, describing the authorized trading restrictions and notification requirements (the "Final Procedures Notice") and this Final Order to (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (i ) the attorneys for the U.S. Treasury, (iii) the attorneys for FDIC; (iv) the attorneys for the SEC; (v) the attorneys for the trustee under the Debtor's prepetition indentures, (vi) the holders of the 20 largest unsecured claims against the Debtor, (vii) any transfer agent for Colonial Stock, and (viii) any person or Entity who is known to have filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock (collectively, the "Notice Parties"). Within three (3) business days of receipt of the Final Procedures Notice and Final Order, any nominee holders shall send the Final Procedures Notice and the Final Order to all beneficial holders of Colonial Stock known to the nominee holder; and it is further

ORDERED that the Debtor shall submit a notice of the entry of this Final Order for a single publication on the Bloomberg newswire service; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest from requesting relief from this Final Order in this Court subject to the Debtor's rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the relief granted in this Final Order is intended solely to permit the Debtor to protect, preserve and maximize the value of its NOLs and certain other tax attributes. Accordingly, except to the extent the Final Order expressly conditions or restricts trading in interests in the Debtor, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtor, including in connection with the treatment of any such interests under any plan of reorganization or any applicable bankruptcy court order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: Montgomery, Alabama
_____ , 2009

_____
United States Bankruptcy Judge

cc:

Parker, Hudson, Rainer & Dobbs LLP, attorneys for the Debtor, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)

Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 2600, Birmingham, Alabama 35203-4644 (Attention: W. Clark Watson, Esq.)

Office of the Bankruptcy Administrator for the Middle District of Alabama, One Church Street, Suite 103, Montgomery, Alabama, 36104

The Colonial BancGroup, Inc., c/o Kevin O'Halloran, CRO, P. O. Box 723657, Atlanta, Georgia, 31139

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
-----------------------------------------------------------x
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
THE COLONIAL BANCGROUP, INC.,           :          09-32303 (DHW)
                                        :
            Debtor.                     :
                                        :
-----------------------------------------------------------x
```

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [Name of Shareholder] (the "Filer") hereby provides notice (the "Notice"), that, as of [Date], [Name of Shareholder] beneficially owns _____ shares of The Colonial BancGroup, Inc. ("the Debtor") common stock (the "Colonial Stock"), and/or Options to acquire _____ shares of the Colonial Stock, which represents ____% of the total amount of the Colonial Stock currently outstanding.

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of [Name of Shareholder] is _____.

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.      In the case of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that are owned directly by the Filer, the table below sets forth (i) the number of such shares and/or Options; and (ii) the date(s) on which such shares and/or Options were acquired.

2.      In the case of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table below sets forth (i) the name(s) of each record or legal owner of such shares and/or Options beneficially owned by the Filer, (ii) the number of such shares and/or Options; and (iii) the date(s) on which such shares and/or Options were acquired.

| Name of Owner | Number of Shares of the Colonial Stock Owned | Number of Shares subject to Options Owned | Date(s) Acquired |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order,[1] this Notice is being filed with the Court and served upon the Debtor, the attorneys for the Debtor and, when appointed, the Creditors' Committee.

For purposes of this Notice, (i) "beneficial ownership" (or any variation thereof of the Colonial Stock and Options to acquire the Colonial Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option (as defined below) to acquire Colonial Stock; and (ii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Shareholder)

By: _____
    Name:_____
    Title:_____

Address:_____
    _____
    _____
Telephone:_____
Facsimile:_____

Date:_____, 2009

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

**Exhibit F**

**Equity Acquisition Notice**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
-------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
THE COLONIAL BANCGROUP, INC.,             :          09-32303 (DHW)
                                          :
              Debtor.                     :
                                          :
-------------------------------------------------------------x
```

**NOTICE OF INTENT TO PURCHASE, ACQUIRE**
**OR OTHERWISE ACCUMULATE COLONIAL STOCK**

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] (the "Filer") hereby provides notice (the "Notice") of (i) its intention to purchase, acquire or otherwise accumulate directly one or more shares of The Colonial BancGroup, Inc. ("the Debtor") common stock (the "Colonial Stock") and/or Options (as defined below) to acquire shares of the Colonial Stock and/or (ii) a proposed purchase or acquisition of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that would result in an increase in the number of shares of the Colonial Stock or Options to acquire the Colonial Stock that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.     If the Proposed Transfer is directly by the Filer of shares of the Colonial Stock and/or Options to acquire the Colonial Stock, the table below sets forth (i) the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock proposed to be purchased or acquired; and (ii) the date(s) of such Proposed Transfer.

2.     If the Proposed Transfer is by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that are beneficially owned by the Filer, the table below sets forth (i) the name(s) of each such person or Entity; (ii) the number of shares and/or Options that is the subject of the Proposed Transfer to be so purchased or acquired; and (iii) the date(s) of such Proposed Transfer.

| Name of Acquirer | Number of shares of the Colonial Stock to be Transferred | Number of Shares Subject to Options to be Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's beneficial ownership of the Colonial Stock and/or Options to acquire the Colonial Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of

immediately following the Proposed Transfer, (i) the number of Shares of the Colonial Stock (or Options to acquire the Colonial Stock) that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of the Colonial Stock to be Owned | Number of Shares subject to Options to be Owned |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer is directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of shares of the Colonial Stock and/or Options to acquire the Colonial Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that are beneficially owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

| Name of beneficial owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
| --- | --- | --- |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of the U.S. Bankruptcy Court for the Middle District of Alabama entered in the above-captioned case[1], this Notice is being filed with the Court and served upon the Debtor and other parties upon whom service is required.

PLEASE TAKE FURTHER NOTICE that the Debtor and Creditors' Committee has **ten (10) business days** after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtor or Creditors' Committee files an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtor or Creditors' Committee do not object within such ten (10) business day period, or if the Debtor and Creditors' Committee provides written

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

authorization approving the Proposed Transfer prior to the end of such ten (10) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of shares of the Colonial Stock and/or Options to acquire the Colonial Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "beneficial ownership" (or any variation thereof of the Colonial Stock and Options to acquire the Colonial Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option (as defined below) to acquire Colonial Stock; (ii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, (iii) "Substantial Equityholder" means any person or Entity that beneficially owns a number of shares of Colonial Stock representing 4.75% or more of all issued and outstanding shares the Colonial Stock; and (iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3 (a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of prospective Acquirer)

By: _____
    Name:_____
    Title:_____

Address:_____
    _____
    _____
Telephone:_____
Facsimile:_____

Date:_____, 2009

**Exhibit G**

**Equity Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
------------------------------------------------------------x
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
THE COLONIAL BANCGROUP, INC.,           :          09-32303 (DHW)
                                        :
            Debtor.                     :
                                        :
------------------------------------------------------------x
```

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER COLONIAL STOCK**

PLEASE TAKE NOTICE THAT [Name of Prospective Seller] (the "Filer") hereby provides notice (the "Notice") of (i) its intention to sell, trade or otherwise transfer directly one or more shares of The Colonial BancGroup, Inc. (the "Debtor") common stock (the "Colonial Stock") and/or Options (as defined below) to acquire shares of the Colonial Stock and/or (ii) a proposed purchase or acquisition of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that would result in an decrease in the number of shares of the Colonial Stock or Options to acquire the Colonial Stock that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.      If the Proposed Transfer is directly by the Filer, the table below sets forth (i) the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock proposed to be sold or transferred; and (ii) the date(s) of such Proposed Transfer.

2.      If the Proposed Transfer is by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that are beneficially owned by the Filer, the table below sets forth (i) the name(s) of each such person or Entity; (ii) the number of shares and/or Options that are the subject of the Proposed Transfer; and (iii) the date(s) of such Proposed Transfer.

| Name of Transferor | Number of shares of the Colonial Stock to be Transferred | Number of Shares Subject to Options to be Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's beneficial ownership of the Colonial Stock and/or Options to acquire the Colonial Stock assuming the

Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of the Colonial Stock (or Options to acquire the Colonial Stock) that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| *Name of Owner* | *Number of Shares of the Colonial Stock to be Owned* | *Number of Shares subject to Options to be Owned* |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer is directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of shares of the Colonial Stock and/or Options to acquire the Colonial Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) ceasing to be a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that are beneficially owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of the Colonial Stock and/or Options to acquire the Colonial Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

| *Name of beneficial owner* | *Number of Shares/Options prior to Proposed Transfer* | *Number of Shares/Options following Proposed Transfer* |
|---|---|---|
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to Order of the U.S. Bankruptcy Court for the Middle District of Alabama[1], this Notice is being filed with the Court and served upon the Debtor and other parties upon whom service is required by such Order.

PLEASE TAKE FURTHER NOTICE that the Debtor and Creditors' Committee has **ten (10) business days** after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtor or Creditors' Committee files an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtor and Creditors' Committee do not object within such ten (l0) business day period, or if the Debtor and Creditors' Committee provide written

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

authorization approving the Proposed Transfer prior to the end of such ten (10) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of shares of the Colonial Stock and/or Options to acquire the Colonial Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "beneficial ownership" (or any variation thereof of the Colonial Stock and Options to acquire the Colonial Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option (as defined below) to acquire Colonial Stock; (ii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, (iii) "Substantial Equityholder" means any person or Entity that beneficially owns a number of shares of the Colonial Stock representing 4.75% or more of all issued and outstanding shares the Colonial Stock; and (iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Filer)

By:_____
   Name:_____
   Title:_____

Address:_____
    _____
    _____
Telephone:_____
Facsimile:_____

Date: _____, 20___