UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
In re                                                      :     Chapter 11
                                                           :
THE COLONIAL BANCGROUP, INC.,                              :     Case No. 09-32303 (DHW)
                                                           :
                    Debtor.                                :
                                                           :
-----------------------------------------------------------x
```

**MOTION OF DEBTOR FOR AN ORDER PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE AUTHORIZING, BUT NOT DIRECTING,
THE DEBTOR TO EXERCISE ITS OWNERSHIP RIGHTS OVER DEFERRED
COMPENSATION PLAN ASSETS**

TO:   The Honorable Dwight H. Williams, Jr.,
      United States Bankruptcy Judge:

      The Colonial BancGroup, Inc. (the "Debtor"), as debtor and debtor in possession, by this motion (the "Motion") seeks entry of an order pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing, but not directing, the Debtor to exercise its ownership rights over deferred compensation plan assets.

      In support of this Motion, the Debtor relies on the Amended and Restated Declaration of Sarah H. Moore in Support of Chapter 11 Petition and Certain Motions. In further support of the Motion, the Debtor states and shows as follows:

### Background

      1.     On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to §§ 1107(a) and 1108.

      2.     The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the

Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

3. Prior to the Petition Date, the Debtor was a banking holding company that owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As a bank holding company, the Debtor was subject to regulation by the Federal Deposit Insurance Corporation (the "FDIC"), and its banking and non-banking subsidiaries were overseen by various federal and state authorities.

4. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC was appointed as receiver for Colonial Bank. The Debtor understands that, prior to the Petition Date, the FDIC sold substantially all of the assets of Colonial Bank to Branch Banking and Trust Company ("BB&T").

5. The Debtor's assets include, among other things, its stock interests in Colonial Bank, its interests in its non-banking subsidiaries, joint ventures and partnerships, and approximately $36,700,000 in cash, of which approximately $24,000,000 is pledged or otherwise earmarked solely for regulatory compliance purposes (which may no longer be applicable) with respect to certain affiliate loans and/or transactions.

6. For several days prior to the Petition Date and continuing to the date of this Motion, the FDIC has placed a "hold" on the Debtor's depository accounts (the "FDIC Account Hold"), which has prohibited the Debtor from withdrawing or otherwise utilizing funds in its depository accounts. As a result of the FDIC Account Hold, checks previously issued by the Debtor have been returned by the drawee bank and the Debtor has been unable to pay lawful expenses in the ordinary course of business. The Debtor disputes the authority of the FDIC to implement the FDIC Account Hold.

7. No trustee, examiner or statutory creditors' committee has been appointed in this Chapter 11 case.

## Jurisdiction and Venue

8. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Sections 105(a) and 363 of the Bankruptcy Code.

9. The Debtor owns certain assets in connection with a non-qualified deferred compensation plan executed November 2, 2007 and effective January 1, 2006 (the "Plan"), which are held in account no. 702731 at Charles Schwab Trust Company, a division of Charles Schwab Bank.

10. The Plan's assets currently include, among other assets, corporate securities, mutual funds, cash and cash equivalents which, together with all proceeds or income derived therefrom (less any distributions therefrom) constitute the Plan's assets (the "Plan Assets").

11. Pursuant to the Plan, the undertaking of the Debtor to make payments pursuant to provisions of the Plan is an unsecured promise to pay and the participants in the Plan are, therefore, unsecured creditors with no security interest in the Plan Assets. The Plan Assets are not held in trust for Plan participants

12. Upon information and belief, as of the Petition Date, the aggregate value of the Plan Assets is approximately $1,900,000. The Plan Assets are solely assets of the Debtor and constitute property of the Debtor's estate.

## The Relief Requested is Appropriate Under
## Sections 105(a) and 363 of the Bankruptcy Code

13. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." In determining whether to authorize the use of property outside the ordinary course of business, courts typically require Debtors show that a sound business purpose warrants such action. *See e.g., In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir.

1986); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Del. 1999). Furthermore, Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14. In the exercise of its sound business judgment, the Debtor desires to exercise ownership rights over the Plan Assets, and its decision is undertaken in good faith and is in the best interest of the Debtor's estate and its creditors. By pursuing these rights, the Debtor does not affect the interest of any other party, as the Plan Assets are solely assets of the Debtor which it holds for the benefit of its general creditors.

15. The relief requested herein could lead to the realization of approximately $1,900,000 of assets and assure that those assets are made available for distribution to unsecured creditors of the Debtor.

**Notice and Prior Motions**

16. The Debtor proposes to serve notice of this Motion on (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) those creditors holding the largest 20 unsecured claims against the Debtor, (iii) the Internal Revenue Service, (iv) counsel for the FDIC, (v) counsel for the SEC, (vi) those parties who have filed in this Chapter 11 case a request for notice, (viii) the Alabama Department of Revenue, and (vix) all known participants in the Plan. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided and

17. No previous request for the relief requested herein has been made to this Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order substantially in the form annexed hereto as <u>Exhibit A</u>, and grant such other and further relief as this Court deems just and proper.

Dated: September 14, 2009
       Montgomery, Alabama

                              C. Edward Dobbs
                              Email: ced@phrd.com

Rufus T. Dorsey, IV
Email: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone No.: (404) 523-5300
Facsimile: (404) 522-8409


By: /s/
   Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession

# Exhibit A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
THE COLONIAL BANCGROUP, INC.,               :        Case No.  09-32303 (DHW)
                                            :
        Debtor.                             :
                                            :
------------------------------------------------------------x
```

**ORDER GRANTING MOTION OF DEBTOR
FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE AUTHORIZING, BUT NOT DIRECTING, THE
DEBTOR TO EXERCISE ITS OWNERSHIP RIGHTS OVER DEFERRED
COMPENSATION PLAN ASSETS**

This matter came to be heard upon the motion (the "Motion") of The Colonial BancGroup, Inc. ("Debtor") for entry of an order, pursuant to pursuant to Sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") for an order authorizing, but not directing, the Debtor to exercise its ownership rights over certain deferred compensation plan assets.

NOW, THEREFORE, based upon the Motion and all of the proceedings before this Court, and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009
       Montgomery, Alabama

                                                                     _____
                                                                     United States Bankruptcy Judge