UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---------------------------------------------------------------x
                                                    :

In re                                        :            Chapter 11

THE COLONIAL BANCGROUP, INC.,     :            Case No. 09-32303 (DHW)

Debtor.                             :            Emergency Hearing Requested

---------------------------------------------------------------x

**EMERGENCY MOTION OF DEBTOR FOR AUTHORITY
TO TERMINATE AND WIND UP ERISA-QUALIFIED 401(k) PLAN**

TO:      The Honorable Dwight H. Williams, Jr.,
         United States Bankruptcy Judge:

         The Colonial BancGroup, Inc. (the "Debtor"), as debtor and debtor in possession, by this emergency motion (the "Motion") seeks entry of an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") granting the Debtor authority to terminate The Colonial BancGroup 401(k) Plan, as amended and restated on January 1, 2008 effective as of January 1, 2002 (the "Plan"), and to take such other actions as the Debtor may deem necessary or appropriate in connection with terminating and winding down the Plan.

         In support of this Motion, the Debtor respectfully states and shows as follows:

**Background**

         1.       On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

         2.       The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

3. Prior to the Petition Date, the Debtor was a bank holding company that owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As a bank holding company, the Debtor was subject to regulation by the Federal Deposit Insurance Corporation (the "FDIC"), and its banking and non-banking subsidiaries were overseen by various federal and state authorities.

4. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC was appointed as receiver for Colonial Bank. The Debtor understands that, prior to the Petition Date, the FDIC sold substantially all of the assets of Colonial Bank to Branch Banking and Trust Company ("BB&T").

5. No trustee, examiner or statutory creditors' committee has been appointed in this Chapter 11 case.

**The 401(k) Plan**

6. On or about October 1, 1983, the Debtor adopted the Plan, which has been amended and restated on numerous occasions over the years, most recently on or about January 1, 2008. The Plan provides certain retirement, death, disability and employment benefits to eligible employees and qualifies as a "cash or deferred arrangement" under section 401(k) of the Internal Revenue Code of 1986, as amended (the "IRC"). Participants in the Plan make elective contributions through payroll deduction, and from time to time, the Debtor has made matching contributions to the Plan for the benefit of employees. An employee's interest in the Debtor's contributions becomes 100% vested after five years of service. Participants in the Plan have options as to the investment of their plan funds, one of which includes purchase of the Debtor's common stock.

7. At all pertinent times, the Plan was and is the subject of a favorable opinion letter dated May 10, 2002, by the Internal Revenue Service to the effect that the Plan complied with the standards of IRC sections 401(a) and 501(a) and therefore was treated for tax purposes as a qualified retirement plan.

8. The Plan's record keeper is Milliman, Inc. (the "Plan Record Keeper"), and the Plan's trustee is The Charles Schwab Trust Company (the "Plan Trustee").

9. On or about August 14, 2009, as a result of the mass termination of employment of substantially all of the Debtor's employees and employees of the Debtor's current and former affiliates, all of whom were Plan participants, a partial termination of the Plan occurred. As of the date of this Motion, the Plan Record Keeper is working to ensure proper vesting of accounts in the Plan and to process distribution and rollover requests from former employees of the Debtor and employees of the Debtor's current and former affiliates.

10. In the ordinary course of business, following such an event, the Debtor, as the sponsor of the Plan, would take action to fully terminate and wind up the Plan. While the Debtor believes and asserts that it has the authority, in the ordinary course of its business as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code, to fully terminate and wind up the Plan in compliance with the IRC and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Debtor seeks to confirm such authority by this Motion.

## Jurisdiction and Venue

11. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## Basis for the Relief Requested

12. Section 363(b)(1) of the Bankruptcy Code provides that a debtor in possession may, after notice and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the estate." Here, assets in the Plan do not constitute property of the estate. *See* 11 U.S.C. § 541(b)(7) (excluding employee and employer contributions to ERISA-qualified plans from the definition of "property of the estate"). Further, terminating and winding up the Plan following a mass termination of employment should be considered to be acting in the "ordinary course of business" of the Debtor. However, in an abundance of

caution, the Debtor seeks authority under section 363 of the Bankruptcy Code to fully terminate and wind up the Plan.

13. In general, a debtor in possession may engage in transactions outside the ordinary course of its business where the transaction represents an exercise of the debtor's sound business judgment. *See, e.g.*, *In re Friedman's, Inc.*, 336 B.R. 891, 895 (Bankr. S.D. Ga. 2005). In determining whether to approve a transaction, the Court should consider, among other things, whether the parties have acted in good faith, whether accurate and reasonable notice of the transaction was given to interested parties, and whether a sound business justification exists for the transaction. *See In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002).

14. A sound business justification exists for the Debtor to fully terminate and wind up the Plan. The Plan itself permits the Debtor to terminate the Plan at any time. No additional contributions will be made to the Plan by the Debtor, by any current or former affiliate of the Debtor or by any current or former employee of the Debtor. So long as assets remain in the Plan, the Debtor will be required to file annual reports and returns, make written disclosures to participants, and maintain its qualified status in light of changes in the qualification standards, all as mandated under the IRC and ERISA. The Debtor desires to terminate the Plan to avoid further disclosure and compliance expenses and also desires to avoid the risk of the imposition of fines or penalties and potential tax liability to itself and Plan participants that could result from any failure to comply with IRC or ERISA requirements. Authorizing the Debtor to terminate the Plan will promote equal treatment of the Debtor's current and former employees and Plan participants generally, help reduce the administrative costs of the Debtor's bankruptcy estate and provide finality regarding the continued qualification of the Plan, all for the benefit of the Debtor and the participants in the Plan.

## **Request for Emergency Hearing**

15. The Plan Record Keeper is currently processing distribution and rollover requests received from participants in the Plan. Pursuant to the terms of the Plan, complete and final termination of the Plan may be accomplished by action of the Board of Directors of the Debtor (the "<u>Board</u>"). The Board is prepared

to adopt an appropriate resolution, and the Debtor intends to continue to assist the Plan Record Keeper with administering the Plan. Terminating the Plan effective as of September 30, 2009, would be expeditious and would minimize cost and expense because such date is the end of a calendar quarter. Thus, to provide assurance to the Board that its actions are authorized, and to permit final termination of the Plan as of September 30, 2009, the Debtor respectfully requests an expedited or emergency hearing on this Motion.

**Notice and Prior Motions**

16. The Debtor proposes to serve notice of this Motion on (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) those creditors holding the largest 20 unsecured claims against the Debtor, (iii) the Internal Revenue Service, (iv) counsel for the FDIC, (v) counsel for the SEC, and (vi) those parties who have filed in this Chapter 11 case a request for notice. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

17. No previous request for the relief requested herein has been made to this Court.

**Waiver of Bankruptcy Rules 6004(a) and (h)**

18. To implement the foregoing expeditiously and successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 10-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h), to the extent applicable.

**WHEREFORE**, the Debtor respectfully requests that this Court (i) enter an order authorizing the Debtor to terminate and wind up the Plan, including adopting appropriate board resolutions, amending the Plan, filing applications with the Internal Revenue Service and taking all other actions that may be necessary or appropriate in connection therewith, and (ii) grant to the Debtor such other and further relief as this Court deems just and proper.

Dated: September 18, 2009
Montgomery, Alabama

                                                  C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone No.: (404) 523-5300
Facsimile: (404) 522-8409


By: /s/
   Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession