## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| THE COLONIAL BANCGROUP, INC., | ) | Case No.: 09-32303 (DHW) |
| | ) | |
| | ) | |
| DEBTOR | ) | |

### EMERGENCY MOTION TO CONTINUE HEARING

**COMES NOW** TITAN Technology Partners, Limited ("TITAN"), by and through its undersigned counsel, and respectfully requests this Court to continue the hearing on the Motion of Debtor for Entry of Order Approving Rejection of Executory Contract with TITAN Technology Partners, Limited and Request for Expedited Hearing ("Debtor's Motion") set for hearing on Tuesday October 6, 2009. In support of TITAN's Emergency Motion, TITAN would show as follows:

1. TITAN received notice of the hearing on September 30, 2009. TITAN requests that the hearing on Debtor's Motion be continued to allow discovery of the factual issues and other allegations contained in Debtor's Motion. Further, TITAN requests the hearing be continued as it places an undue hardship on TITAN to employ counsel and attend an emergency hearing with only <u>three</u> business days notice.

2. TITAN requests additional time to conduct discovery regarding the facts alleged in Debtor's Motion. Debtor's Motion alleges that TITAN is "fully informed as to the issues relating to this Motion so as to be able to respond on October 6, 2009." However, TITAN has no knowledge, information, or belief regarding many of the allegations in Debtor's Motion. The following supports TITAN'S assertion.

a.   Due to the FDIC takeover and subsequent asset acquisition by BB&T, TITAN has limited knowledge as to the present relationship between BB&T, the Debtor, and its subsidiaries, successors, and other related parties.   TITAN continued to provide services to Debtor post-petition which enabled it to meet its obligations to its subsidiaries and former subsidiaries. TITAN is currently investigating to ascertain the identities of Debtor's employees who are continuing to use TITAN'S services.

b.   TITAN believes it should have the right to discontinue its services if Debtor's Motion is granted and discovery related to these issues is needed by TITAN to adequately prepare a response to the allegations that the services it is continuing to provide post-petition are not for the benefit of Debtor.  *See* Affidavit of John Roberts attached hereto as Exhibit "A".

c.   Additional time is needed for TITAN to discover the facts related to Debtor's allegation that the contract was terminated pre-petition.  *See* Affidavit of John Roberts attached hereto as Exhibit "A".

d.   Debtor's Motion appears to contemplate and require TITAN to continue to provide services after the date of rejection without compensation which would increase the amount of TITAN'S administrative claim.  Discovery is needed to ascertain the scope of these services in support of the claim that TITAN is due compensation.  *See* Affidavit of John Roberts attached hereto as Exhibit "A".

3.      Finally, because TITAN, and its executives, is located in Charlotte, North Carolina, it would place an undue hardship upon TITAN and its representatives to appear at a hearing in Montgomery, Alabama, on such short notice.  *See* Affidavit of John Roberts attached hereto as Exhibit "A".

4.      TITAN is filing contemporaneously herewith a Motion for Expedited Hearing.

**WHEREFORE,** for the reasons state above**,** TITAN respectfully requests that the hearing on Debtor's Motion be continued until a later date.

Dated October 2, 2009

*/s/ Robert L. Shields, III*
Robert Shields III
Justin G. Williams
Brooke M. Nixon
Attorneys for TITAN Technology Partners,
Limited

**OF COUNSEL:**



Tanner & Guin, LLC
COUNSELORS AT LAW

Capitol Park Center
2711 University Boulevard (35401-1465)
P. O. Box 3206
Tuscaloosa, Alabama  35403-3206
Telephone (205) 633-0218
Facsimile (205) 633-0318
www.tannerguin.com

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and have served a copy of the foregoing as follows:

VIA E-MAIL, OVERNIGHT MAIL AND CM/ECF

C. Edward Dobbs
Rufus T. Dorsey, IV
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303

VIA OVERNIGHT MAIL AND CM/ECF

Teresa R. Jacobs
United States Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

Fine Geddie & Associates
Attn: Robert B. Geddie, Jr.
423 South Hull Street #1
Montgomery, AL  36104

The Bank of New York Trust Company, N.A.
Attn: Martin Feig, Vice President
101 Barclay Street
Floor 8 West
New York, NY  10286

U.S. Bank National Association
Corporate Trust Services
Attn: Timothy Sandell, Vice President
60 Livingston Avenue
St. Paul, MN  55107-2292

*/s/ Robert L. Shields, III*
OF COUNSEL

279543.1/BMN.bmn

4

# EXHIBIT "A"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                              )        **Chapter 11**
                                    )
THE COLONIAL BANCGROUP, INC.,       )        **Case No.: 09-32303 (DHW)**
                                    )
                                    )
     **DEBTOR**                     )


## AFFIDAVIT OF JOHN P. ROBERTS

STATE OF NORTH CAROLINA          §
                                 § ss.
MECKLENBURG COUNTY               §

Before me, the undersigned authority, personally appeared John P. Roberts, who being known to me and being first duly sworn, deposes and says as follows:

1.      My name is John P. Roberts. I am a resident of the State of North Carolina, Mecklenburg County. I am over the age of nineteen and I have personal knowledge of the contents of this affidavit.

2.      I am the Chief Financial Officer of TITAN Technology Partners, Limited ("TITAN"). I offer this Affidavit in support of TITAN'S Motion to Continue the hearing set on Motion of Debtor for Entry of Order Approving Rejection of Executory Contract with TITAN Technology Partners, Limited and Request for Expedited Hearing ("Debtor's Motion")

3.      On September 30, 2009, TITAN received notice of the hearing on Debtor's Motion scheduled for October 6, 2009. TITAN requests the hearing be continued because it places an undue hardship on TITAN to employ counsel and attend an emergency hearing with only <u>three</u> business days notice.

4.      Further, TITAN requests additional time to conduct discovery regarding the facts alleged in Debtor's Motion. Debtor's Motion alleges that TITAN is "fully informed as to the

issues relating to this Motion so as to be able to respond on October 6, 2009." However, TITAN has no knowledge, information, or belief regarding many of the allegations in Debtor's Motion including the following:

a.    Due to the FDIC takeover and subsequent asset acquisition by BB&T, TITAN has limited knowledge as to the present relationship between BB&T, the Debtor, and its subsidiaries, successors, and other related parties.

b.    TITAN believes that its services are being used by Debtor and perhaps its subsidiaries and related parties and is currently investigating to ascertain the identities of Debtor's employees who are continuing to use TITAN'S services.

c.    TITAN believes it should have the right to discontinue its services if Debtor's Motion is granted and discovery related to this issue is needed by TITAN to adequately prepare a response to the allegations that the services it is continuing to provide post-petition are not for the benefit of Debtor.

d.    Additional time is needed for TITAN to discover the facts related to Debtor's allegation that the contract was terminated pre-petition.

e.    Debtor's Motion appears to contemplate and require TITAN to continue to provide services after the date of rejection without compensation which would increase the amount of TITAN'S administrative claim. Discovery is needed to ascertain the scope of these services in support of the claim that TITAN is due compensation.

5.    Finally, because TITAN, and its executives, is located in Charlotte, North Carolina, it would place an undue hardship upon TITAN and its representatives to appear at a hearing in Montgomery, Alabama, on such short notice.

2

**FURTHER THE AFFIANT SAYETH NOT.**

Dated this the 2nd day of October, 2009.

_John P. Roberts_
John P. Roberts

STATE OF NORTH CAROLINA §
§ ss.
MECKLENBURG COUNTY §

Sworn to and subscribed before me this the 2nd day of October 2009.

_Madalena M. Harrell_
Notary Public
My Commission Expires: _June 10, 2014_

279544.1/BMN.bmn

3