UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
------------------------------------------------------------x
                                            :
In re                                       :         Chapter 11
                                            :
THE COLONIAL BANCGROUP, INC.,               :         Case No. 09-32303 (DHW)
                                            :
          Debtor.                           :
                                            :
------------------------------------------------------------x
```

## MOTION OF DEBTOR FOR
## CONTINUANCE OF CASH COLLATERAL HEARING

TO:    The Honorable Dwight H. Williams, Jr.,
         United States Bankruptcy Judge:

The Colonial BancGroup, Inc. (the "Debtor"), as debtor and debtor in possession, by this motion (the "Motion") seeks entry of an order pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") to continue the hearing currently scheduled for October 6, 2009 regarding the Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens (the "Motion") and the Interim Order Granting Debtor's Emergency Motion for Use of Cash Collateral (the "Interim Order") to October 13, 2009.

In support of this Motion, the Debtor relies on the Amended and Restated Declaration of Sarah H. Moore in Support of Chapter 11 Petition and Certain Motions. In further support of this Motion, the Debtor states and shows as follows:

### Background

1.     On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

1300212_1
Case 09-32303   Doc 153   Filed 10/05/09   Entered 10/05/09 14:59:23   Desc Main
                          Document      Page 1 of 4

2.  The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

3.  Prior to the Petition Date, the Debtor was a bank holding company that owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As a bank holding company, the Debtor was subject to regulation by the Federal Deposit Insurance Corporation (the "FDIC"), and its banking and non-banking subsidiaries were overseen by various federal and state authorities.

4.  On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC was appointed as receiver for Colonial Bank. The Debtor understands that, prior to the Petition Date, the FDIC sold substantially all of the assets of Colonial Bank to Branch Banking and Trust Company ("BB&T").

5.  The Debtor's assets include, among other things, its stock interests in Colonial Bank, its interests in its non-banking subsidiaries, joint ventures and partnerships, and approximately $38,000,000 in cash, of which approximately $24,000,000 was or may be set aside or designated for regulatory compliance purposes (which may no longer be applicable) in connection with certain affiliate loans and/or transactions.

6.  For several days prior to the Petition Date and continuing to the date of this Motion, the FDIC has placed a "hold" on the Debtor's operating account (the "FDIC Account Hold"), which has prohibited the Debtor from withdrawing or otherwise utilizing funds in its operating account. As a result of the FDIC Account Hold, checks previously issued by the Debtor have been returned by the drawee bank and the Debtor has been unable to pay lawful expenses in the ordinary course of business. The Debtor disputes the legality of the FDIC hold.

7.  No trustee or examiner has been appointed in this Chapter 11 case.

**Jurisdiction and Venue**

8.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district

is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief sought herein is Section 105(a) of the Bankruptcy Code.

**Basis for the Relief Requested**

9. On September 24, 2009, the Court held a hearing on the Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens (the "Cash Collateral Motion"). By a Court-approved settlement, reflected in the Interim Order entered on September 28, 2009, the Federal Deposit Insurance Corporation, in its capacity as receiver for Colonial Bank, Montgomery, Alabama (the "FDIC-Receiver"), the State of Alabama Department of Revenue (the "Revenue Department"), and BB&T authorized the Debtor to use the aggregate sum of $531,450 (the "Cash Collateral") for purposes specified in the budget annexed thereto. The Court also set a final hearing on the Cash Collateral Motion for October 6, 2009 at 10:00 a.m. (Central Time).

10. Subsequent to the entry of the Interim Order, the Debtor and the FDIC determined that it is in the Debtor and the Claimants' best interests to continue the hearing scheduled for October 6, 2009 to October 13, 2009. More specifically, the FDIC requested additional time in which to discuss the use of Cash Collateral and the direction of this case with the Debtor.

11. To accommodate this extension of time, the Debtor and the FDIC have agreed to an amended budget (the "First Amended Budget"), which is attached to the proposed order for this Motion. The First Amended Budget does not change the aggregate amount of Cash Collateral used, but only reallocates internally the distribution of the Cash Collateral based on the needs of the upcoming week due to the extension of time.

12. The Revenue Department, BB&T and the Bankruptcy Administrator for the Middle District of Alabama have each informed the Debtor that they agree with the continuance and the First Amended Budget.

**Notice and Prior Motions**

13. The Debtor proposes that service of this Motion by transmission of Notices of Electronic

Filing generated by CM/ECF is sufficient under the circumstances, particularly given that the alleged holders of interests in the Cash Collateral have consented to the continuance and the First Amended Budget. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided and

14. No previous request for the relief requested herein has been made to this Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order substantially in the form annexed hereto, and grant such other and further relief as this Court deems just and proper.

Dated: October 5, 2009
Montgomery, Alabama

                        C. Edward Dobbs
                        E-mail: ced@phrd.com

                        Rufus T. Dorsey, IV
                        E-mail: rtd@phrd.com

                        PARKER, HUDSON, RAINER & DOBBS LLP
                        1500 Marquis Two Tower
                        285 Peachtree Center Avenue, N.E.
                        Atlanta, Georgia 30303
                        Telephone No.: (404) 523-5300
                        Facsimile: (404) 522-8409

                        By: /s/
                            Rufus T. Dorsey, IV

                        Attorneys for Debtor and Debtor in Possession