# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
-------------------------------------------------------x
                                  :
In re                             :          Chapter 11
                                  :
THE COLONIAL BANCGROUP, INC.,     :          Case No. 09-32303 (DHW)
                                  :
                    Debtor.       :
                                  :
-------------------------------------------------------x
```

## MOTION OF DEBTOR PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE FOR ORDER APPROVING PROCEDURES FOR THE SALE OF DEBTOR'S FURNITURE, FURNISHINGS AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND WITHOUT FURTHER COURT APPROVAL

TO:    The Honorable Dwight H. Williams, Jr.,
        United States Bankruptcy Judge:

The Colonial BancGroup, Inc. (the "Debtor"), as debtor and debtor in possession, by this motion (the "Motion") seeks entry of an order pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2015-1 of the Local Rules of this Court for approval of procedures for the sale of certain furniture, furnishings and equipment outside the ordinary course of business free and clear of liens, claims and encumbrances and without the need to obtain further Court approval.

In support of this Motion, the Debtor relies on the Amended and Restated Declaration of Sarah H. Moore in Support of Chapter 11 Petition and Certain Motions. In further support of this Motion, the Debtor states and shows as follows:

## Background

1.    On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

3.      Prior to the Petition Date, the Debtor was a bank holding company that owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries.  As a bank holding company, the Debtor was subject to regulation by the Federal Deposit Insurance Corporation (the "FDIC"), and its banking and non-banking subsidiaries were overseen by various federal and state authorities.

4.      On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC was appointed as receiver for Colonial Bank.  The Debtor understands that, prior to the Petition Date, the FDIC sold substantially all of the FF&E Assets (defined below) of Colonial Bank to Branch Banking and Trust Company ("BB&T").

5.      The Debtor's assets include, among other things, its stock interests in Colonial Bank, its interests in its non-banking subsidiaries, joint ventures and partnerships, and approximately $38,000,000 in cash, of which approximately $24,000,000 was or may be set aside or designated for regulatory compliance purposes (which may no longer be applicable) in connection with certain affiliate loans and/or transactions.

6.      For several days prior to the Petition Date and continuing to the date of this Motion, the FDIC has placed a "hold" on the Debtor's operating account (the "FDIC Account Hold"), which has prohibited the Debtor from withdrawing or otherwise utilizing funds in its operating accounts at BB&T.  As a result of the FDIC Account Hold, checks previously issued by the Debtor have been returned by the drawee bank and the Debtor has been unable to pay lawful expenses in the ordinary course of business.  The Debtor disputes the legality of the FDIC Account Hold.

7.      No trustee or examiner has been appointed in this Chapter 11 case.

## Jurisdiction and Venue

8.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Sections 105(a) and 363 of the Bankruptcy Code, Rules 2002 and 6004 of the Bankruptcy Rules and Local Rule 2015-1.

## The FF&E Assets

9.      During the ordinary course of its operations, the Debtor has accumulated certain assets consisting of furniture, furnishings and equipment (collectively, the "FF&E Assets"), including, but not limited to, assets described in Exhibit A. In the exercise of its sound business judgment, the Debtor has determined that the prompt sale of the FF&E Assets, subject to certain notice procedures set forth herein, is in the best interests of the Debtor's estate and its creditors, and will enable the Debtor to maximize the potential recovery from the sale of the FF&E Assets.

10.     Requiring Court approval for the sale of each FF&E Asset would be administratively burdensome to the Court and costly for the Debtor's estate, particularly in light of the relatively modest value of the FF&E Assets, both on an individualized basis and in the aggregate. In some cases, the costs and delays associated with seeking individual Court approval of a sale would potentially eliminate, or substantially undermine, the economic benefits of the transaction. To lessen those burdens and costs, the Debtor hereby seeks the approval of the procedures described herein (the "FF&E Sale Procedures") to complete sales of the FF&E Assets.

## The FF&E Sale Procedures

11.     The Debtor proposes the following FF&E Sale Procedures for the sale of the FF&E Assets:

> (a) The Debtor will provide a notice in substantially the form of Exhibit A attached to the proposed form of Order approving this Motion (a "Sale Notice") via e-mail, facsimile or overnight delivery of each proposed FF&E Asset sale or consignment (each, a "Proposed Sale") to (i) the office of the Bankruptcy Administrator, (ii) to counsel to the statutory committee of creditors (the "Creditors Committee"), (iii)

Case 09-32303   Doc 155   Filed 10/05/09   Entered 10/05/09 16:53:57   Desc Main
Document      Page 3 of 23

counsel to the FDIC, (iv) counsel to BB&T, and (v) the State of Alabama Department of Revenue (collectively, the "Notice Parties"), specifying (x) the FF&E Asset to be sold, (y) the identity of the purchaser and any relationship of the purchaser with the Debtor and (z) the major economic terms and conditions of the Proposed Sale.

(b) If the proposed purchaser of an FF&E Asset is an insider, as defined in Section 101(31) of the Bankruptcy Code, the Sale Notice shall (i) identify the insider, (ii) describe the insider's relationship to the Debtor and (iii) set forth the measures taken to ensure the fairness of the sale process and the proposed transaction.

(c) If a Proposed Sale is to be consummated through a broker, agent or (in the case of FF&E Assets consisting of artwork) a consignee in a consignment arrangement, the Sale Notice shall specify the identity of the broker, agent or consignee, as applicable, and the fees or commissions to be paid and any other material information relating to the contract of such agent, broker or consignee with the Debtor.

(d) If a Notice Party objects to a Proposed Sale (an "Objection"), such Objection must be in writing, be filed with the Court and served on the Notice Parties and counsel to the Debtor, Parker, Hudson, Rainer & Dobbs LLP, 285 Peachtree Center Avenue, N.E., Suite 1500, Atlanta, Georgia 30303, Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq., so as to be received by all such parties within five (5) days after the date on which the Sale Notice is delivered to the Notice Parties (the "Notice Period"). Each Objection must state with specificity the grounds for the Objection.

(e) If no timely Objection is interposed, the Debtor may take such action as is reasonable or necessary to consummate the Proposed Sale. If an Objection to a Proposed Sale is properly filed and served, (i) the Objection will be deemed to be a request for a hearing on the Proposed Sale and the Objection shall be heard at the next scheduled Omnibus Hearing in the Chapter 11 case that is at least 10 days after service of the Objection and (ii) the Proposed Sale may not proceed absent written withdrawal of the Objection or entry of an order by the Court specifically approving the Proposed Sale.

(f) If any material economic terms of a Proposed Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the Debtor shall serve a revised Sale Notice to the Notice Parties describing the Proposed Sale as amended. If a revised Sale Notice is required, the Notice Period will be extended for an additional five (5) days.

(g) The Debtor may consummate a Proposed Sale prior to the expiration of the applicable Notice Period if the Debtor obtains written consent to the Proposed Sale from each Notice Party.

(h) Nothing in the foregoing procedures will prevent the Debtor, in its discretion, from seeking the Court's approval at any time of any Proposed Sale upon notice and a hearing.

**Ample Authority Exists to Establish the FF&E Sales Procedures**

12.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1); *see* Fed. R. Bankr. P. 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction.").  In determining whether to authorize the sale of property outside the ordinary course of business, courts require a debtor to show that a sound business purpose justifies such actions.  *See, e.g.*, In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing In re Schipper (Fulton State Bank v. Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 (3d Cir. 1986) (implicitly adopting the "sound business judgment" test of Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983) and requiring good faith); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999) (concluding that the Third Circuit adopted the "sound business judgment" test in the Abbotts Dairies decision); In re Delaware and Hudson Ry. Co., 124 B.R. 169, 178 (D. Del. 1991) (affirming decision permitting debtor to sell FF&E Assets where sound business reasons supported the sale); In re Tom's Foods, Inc., 2005 Bankr. LEXIS 2062, *4–6 (Bankr. M.D. Ga. 2005); In re Friedman's, Inc., 336 B.R. 891, 895 (Bankr. S.D. Ga. 2005); In re Gulf States Steel, 285 B.R. 497, 514 (Bankr. N.D. Ala 2002).  When a sound business purpose exists, and the sale is made in good faith, a sale pursuant to Section 363(b)(1) of the Bankruptcy Code should be approved.  *See* In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 150-51 (3d Cir. 1986) (noting that when a court authorizes a sale of FF&E Assets pursuant to Section 363(b)(1), it is required to consider the "good faith" of the purchaser).

13.     Furthermore, the notice and hearing requirements contained in Section 363(b)(1) are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").  Moreover, courts are authorized to limit notice of asset sales outside the ordinary course of a debtor's business, even without a prior showing of cause, to any official

committee appointed under Section 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice. Bankruptcy Rule 2002(i).

14.    Bankruptcy courts have recognized that, when determining whether notice is appropriate under the circumstances for purposes of Section 102(1)(A) of the Bankruptcy Code, they are guided by fundamental notions of procedural due process. In re Slaughter Co. & Assoc., 251 B.R. 437, 440 (N.D. Ga. 1999); In re Lomas Fin. Corp., 212 B.R. 46, 54 (Bankr. D. Del. 1997). Due process requires that any notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Nash v. Auburn University, 812 F.2d 655, 661 (11th Cir. 1987); Dirt, Inc. v. Mobile County Comm'n, 739 F.2d 1562, 1566 (11th Cir. 1984); In re Grand Union Co., 204 B.R. 864, 871 (Bankr D. Del. 1997). In sum, if basic due process is afforded to interested parties and appropriate cause is established, a court may determine that shortened or limited notice of an asset sale is appropriate.

15.    The sale of the FF&E Assets in accordance with the FF&E Sale Procedures is an exercise of sound business judgment and in the best interests of the Debtor's estate and its creditors and will enable the Debtor to realize the best possible value of the FF&E Assets for the benefit of the Debtor's estate and creditors. The FF&E Sale Procedures constitute an efficient and cost-effective means of realizing the highest net value of the FF&E Assets. Obtaining Court approval for each sale transaction would result in unnecessary administrative costs attendant to drafting, serving and filing pleadings, as well as time incurred by attorneys for appearing at Court hearings, which could significantly reduce the ultimate net value of the FF&E Assets.

16.    Moreover, the FF&E Sale Procedures will allow the Debtor to be responsive to the needs of interested purchasers (or consignees, in the case of artwork), while still providing notice and an opportunity to object to the Notice Parties. The Debtor also believes that limiting the service of the Sale Notices to the Notice Parties is justified under the circumstances. The Notice Parties represent the key interested parties who should receive notice of any proposed sale, and under the circumstances, the Debtor believes that this manner of notice is appropriate.

17.     As stated above, the sale of property outside of the ordinary course of business may occur

only "after notice and a hearing." 11 U.S.C. § 363(b)(1). Such sales are authorized without an actual hearing,

however, if no party in interest timely requests such a hearing. 11 U.S.C. § 102(1)(B)(i) (notwithstanding any

statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual

hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

Moreover, due process is satisfied if parties in interest are given "an <u>opportunity</u> to present their objections."

<u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950) (emphasis added). The Debtor

believes that the FF&E Sales Procedures comport with the hearing requirements of the Bankruptcy Code and

due process by providing an opportunity for the Notice Parties to object to any proposed sale and then have a

hearing with respect to the proposed sale and objection. Under these circumstances, a proposed sale may be

approved without a hearing if no Notice Party has filed an objection with respect to a proposed sale.

18.     The Debtor's proposed sale of the FF&E Assets is in good faith and no insider will gain an

unfair advantage from the sale proposed herein since full disclosure will be made with respect to any insider

sales. *See* <u>In re Abbotts Dairies of Pa., Inc.</u>, 788 F.2d at 147 ("[t]ypically the misconduct that would destroy a

purchaser's good faith status . . . involves fraud, collusion . . . or an attempt to take grossly unfair advantage of

other bidders") (internal quotations and citations omitted). Moreover, as set forth above, the Debtor will

provide notice of any proposed sale to the Notice Parties.

### Sale of the FF&E Assets Free and Clear of Liens, Claims and Encumbrances

19.     Pursuant to Section 363(f) of the Bankruptcy Code, a debtor may sell property free and clear

of liens, claims and encumbrances if one of the following conditions is satisfied:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See* Citicorp Homeowners Servs. v. Elliot (In re Elliot), 94 B.R. 343, 345 (E.D. Pa. 1988) (court may approve sale "free and clear" provided at least one of the subsections is met); In re MMH Auto. Group, LLC, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008) (court may approve sale free and clear "only if one of the elements" is met); In re Gulf States Steel, Inc., 285 B.R. 497, 506 (Bankr. N.D. Ala. 2002) (holding "[s]ince the five conditions listed in 11 U.S.C. § 363(f) are phrased in the disjunctive, property may be sold free and clear of interests if any one of the five conditions is satisfied"); In re Healthco Int'l, Inc., 174 B.R. 174, 176 (Bankr. D. Mass. 1994) (Section 363(f)(5) has been interpreted to mean "a payment constituting less than full payment of the underlying debt"). *See also* Cheslock Bakker & Assocs., Inc. v. Kremer (In re Downtown Athletic Club), No. M-47 (JSM), 2000 WL 744126, at *3 (Bankr. S.D.N.Y. June 9, 2000) (free and clear sale under the debtor's plan of reorganization was binding on the debtor's creditors who received notice of the confirming hearings).

20.     The Debtor does not believe that any liens, claims or encumbrances (collectively, the "Liens") on the FF&E Assets exist other than possibly a tax lien asserted by the State of Alabama Department of Revenue in connection with taxes allegedly owed by the Debtor in the approximate amount of $7 million. The Debtor disputes its liability for the taxes asserted by the State of Alabama Department of Revenue and has previously filed with the Court a motion under Section 505 of the Bankruptcy Code to determine the tax liability, which the Debtor claims to be zero. Accordingly, the Debtor is entitled under Section 363(f)(4) of the Bankruptcy Code to sell the FF&E Assets free and clear of the Liens asserted by the State of Alabama Department of Revenue inasmuch as such Liens are the subject of a bona fide dispute. Other than the asserted tax lien filed by the State of Alabama Department of Revenue, the Debtor is not aware of any other Liens.

21.     In approving the sales free and clear of Liens, the Debtor requests that the Court find and hold that all purchasers of the FF&E Assets, in accordance with the FF&E Sale Procedures, are entitled to the protections afforded by Section 363(m) of the Bankruptcy Code. Such relief is appropriate in light of the opportunity for review by the Notice Parties. *See* Esposito v. Title Ins. Co. of Pa. (In re Fernwood Market),

73 B.R. 616, 620 (Bankr. E.D. Pa. 1987) (good faith purchasers are protected under Section 363(m) where notice is provided to lienholders). *See also* In re Edwards, 962 F.2d 641, 645 (7th Cir. 1992) ("a bona fide purchaser at a bankruptcy sale gets good title," even where lienholders have not received notice).

22.     The proposed FF&E Sale Procedures represent the exercise of sound business judgment, are fair and appropriate, in good faith and balance the need for an expeditious realization of value for the Debtor's estate with the provision of advanced notice to the Notice Parties of each Proposed Sale.

23.     Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

**Notice and Prior Motions**

24.     The Debtor proposes to serve notice of this Motion on (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) the Committee or its counsel, (iii) the Internal Revenue Service, (iv) counsel for the FDIC, (v) counsel for the SEC, (vi) counsel for BB&T, (vii) those parties who have filed in this Chapter 11 case a request for notice, and (viii) the State of Alabama Department of Revenue. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

25.     No previous request for the relief requested herein has been made to this Court.

**Waiver of Bankruptcy Rules 6004(a) and (h)**

26.     To implement the foregoing expeditiously and successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 10-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h), with respect to each sale undertaken pursuant to the FF&E Sale Procedures.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order substantially in the form annexed hereto as <u>Exhibit B</u>, and grant such other and further relief as this Court deems just and proper.

Dated:  October 5, 2009
        Montgomery, Alabama


                      C. Edward Dobbs
                      E-mail: ced@phrd.com

                      Rufus T. Dorsey, IV
                      E-mail: rtd@phrd.com

                      PARKER, HUDSON, RAINER & DOBBS LLP
                      1500 Marquis Two Tower
                      285 Peachtree Center Avenue, N.E.
                      Atlanta, Georgia  30303
                      Telephone No.:  (404) 523-5300
                      Facsimile:  (404) 522-8409


                      By: /s/
                         Rufus T. Dorsey, IV

                      Attorneys for Debtor and Debtor in Possession

## EXHIBIT A


## Schedule of FF&E Assets

| Corp | Tag Number | Asset Number | Full Description | Qty | Address | City | State |
|---|---|---|---|---|---|---|---|
| 010 | NULL | 42201 | RUGS-MAR (BD VESTIBULE, PRIV DINING RM, 3RD RECEPTION, EXEC CONF ROOMS) | 6 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42202 | RUG-BO (REL OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43261 | DRAPES | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43586 | UPHOLSTERY | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43650 | RUG (REL) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11989-178 | 300 | BUFFET LAMP-ANTIQUE GOLD (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 13288-178 | 365 | JOSEPHNE JEWEL BOX (IN HUTCH BY S.MOORE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05749-178 | 8550 | SCUDDERS PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05750-178 | 8551 | J.M. PAINTING-AMERICANA | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05751-178 | 8552 | SEASCAPE HARBOUR-TUTHIL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05762-178 | 8554 | PAINTING AUSTIN BEACH | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05766-178 | 8555 | MICHAELS PAINTING SHEEP (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05768-178 | 8556 | 7DUTCH CANAL BY WATZMAN | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05780-178 | 8557 | 1 BRONZE EAGLE (REL SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05781-178 | 8558 | PAINTING LAKE BY HAND | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05788-178 | 8559 | SCUDDERS PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05792-178 | 8560 | LANDSCAPE BY CRUMPTON (REL OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05796-178 | 8561 | THE VILLAGE PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05811-178 | 8563 | ASSORTED BOOKS (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 10619-178 | 8958 | PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11340-178 | 9058 | PAINTING-RIVER BANK | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11923-178 | 9224 | GRANDFATHER CLOCK (REL OFFICE ENTRY) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11924-178 | 9225 | PAINTING (REL OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11925-178 | 9226 | PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11926-178 | 9227 | PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11965-178 | 9259 | PICTURE-EXCHANGE HOTEL (CCC EXEC FLOOR ENTRANCE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11966-178 | 9260 | PICTURE-EXCHANGE HOTEL (CCC EXEC FLOOR ENTRANCE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11967-178 | 9261 | PICTURE-EXCHANGE HOTEL (CCC EXEC FLOOR ENTRANCE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11968-178 | 9262 | PICTURE-EXCHANGE HOTEL (CCC EXEC FLOOR ENTRANCE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11972-178 | 9266 | LAMP-ANTIQUE BRONZE URN (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11976-178 | 9269 | BLK LION ON WOOD BOOKENDS (CONF ROOM 3) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11977-178 | 9270 | CRYSTAL BOWL/BIRD STAND (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11978-178 | 9271 | BOX/LION COVER (CONF ROOM 3) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11979-178 | 9272 | BRASS-BLACK/MARBLE BOOKENDS (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11980-178 | 9273 | RUSSIAN TOLE PLANTER (EXECUTIVE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11981-178 | 9274 | GREEK MAN STATUE (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11982-178 | 9275 | BURGUNDY URN (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11983-178 | 9276 | BURGUNDY URN (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11984-178 | 9277 | WOOD BOOK ENDS (CONFERENCE ROOM 3) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11987-178 | 9280 | LAMP-CRACKLED TAN (CONFERENCE ROOM 2) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11990-178 | 9282 | BUFFET LAMP-ANTIQUE GOLD (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11991-178 | 9283 | FRUIT& & GREENY URN (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11992-178 | 9284 | MINI DANICA URN URN (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11995-178 | 9287 | OIL PAINTING-WATERFALL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11996-178 | 9288 | LAMP ANTIQUE BRASS (REL SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 11998-178 | 9290 | LAMP ANTIQUE BRONZE (REL SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 12042-178 | 9323 | 38 X 38 MIRROR (CONFERENCE ROOM 3) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 12043-178 | 9324 | 33 X 41 MIRROR (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 12044-178 | 9325 | 33 X 41 MIRROR (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 13172-178 | 9528 | PAINTING-NEW ORLEANS | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 13290-178 | 9550 | TRAY (CONFERENCE ROOM 3) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |

| Corp | Tag Number | Asset Number | Full Description | Qty | Address | City | State |
|------|-----------|--------------|------------------|-----|---------|------|-------|
| 010 | 13291-178 | 9551 | BOOKENDS (BOARD ROOM VESTIBULE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 13293-178 | 9553 | ARCHI. BOOKENDS (HUTCH BY S.MOORE'S OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 13294-178 | 9554 | AMERICAN EAGLE | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 17333-178 | 10007 | MIRADOR CONSOLE (REL SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 17336-178 | 10010 | CONSOLE (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 17337-178 | 10011 | MIRROR (REL SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 17338-178 | 10012 | FLORAL LAMP (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 17500-178 | 10050 | FEDERAL SIDEBOARD-TOBACCO (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 46990-178 | 10132 | ANTIQUE BRASS LION BOOKENDS (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 80738-178 | 11941 | LANDSCAPES PICTURES | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 80739-178 | 11942 | 29" RADCLIFFE LAMP (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 05819-178 | 13496 | SEASCAPE BY J. MICHAELS | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21653-178 | 14979 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21654-178 | 14980 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21655-178 | 14981 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21656-178 | 14982 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21657-178 | 14983 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21658-178 | 14984 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21659-178 | 14985 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 21660-178 | 14986 | MAHOGANY CHAIR (REL OFFICE-CONFERENCE AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22425-178 | 15182 | CHAIR (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22426-178 | 15183 | CHAIR (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22427-178 | 15184 | CHAIR (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22428-178 | 15185 | CHAIR (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22429-178 | 15186 | CHAIR (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22430-178 | 15187 | CHAIR (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22431-178 | 15188 | CHAIR (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22432-178 | 15189 | CHAIR (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22497-178 | 15236 | ARM CHAIR (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22498-178 | 15237 | ARM CHAIR (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22511-178 | 15250 | CLUB CHAIR (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22512-178 | 15251 | CLUB CHAIR (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22523-178 | 15262 | ARM CHAIR (IN FRONT LAURIE BORDERS DESK) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22524-178 | 15263 | ARM CHAIR (IN FRONT LAURIE BORDERS DESK) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22526-178 | 15265 | LEATHER WING CHAIR (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 22527-178 | 15266 | LEATHER WING CHAIR (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 23575-178 | 15680 | SOUTHWOOD SOFA (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 23941-178 | 15899 | CHIPPENDALE ARM CHAIRS | 14 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 25125-178 | 16114 | CHEST (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 25126-178 | 16115 | CHEST (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 25168-178 | 16137 | ENGLISH ENTERTAINMENT CABINET (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 25169-178 | 16138 | ENGLISH SECRETARY/YEW WOOD (BY S. MOORE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 25278-178 | 16198 | BOOKCASE - MAHOGANY (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27741-178 | 16625 | CONFERENCE TABLE (REL OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27789-178 | 16641 | CHIPPENDALE TEA TABLE (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27790-178 | 16642 | CHIPPENDALE MAHOGANY TABLE (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27791-178 | 16643 | CHIPPENDALE 1860 TABLE (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27792-178 | 16644 | DIRECTORS SIDEBOARD (NEXT TO LAURIE BORDERS DESK) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27816-178 | 16660 | TRAY TABLE (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 27903-178 | 16696 | TABLE (WORKROOM FROM AUDRA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 28104-178 | 16785 | DRUM TABLE (3RD FLOOR RECEPTION AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |

| Corp | Tag Number | Asset Number | Full Description | Qty | Address | City | State |
|------|-----------|--------------|------------------|-----|---------|------|-------|
| 010 | 28175-178 | 16830 | 60 DIA. D.S. CONF. TABLE (3RD FLOOR PRIVATE SITTING AREA) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 80474-178 | 19884 | LATERAL FILE (BY LAURIE BORDERS DESK) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 80475-178 | 19885 | BOOKCASE UNIT (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42189 | SIDEBOARDS MANOR (BOARD ROOM) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42190 | LAMPS CADELABRA FIVE ARM (BOARD ROOM) | 4 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42191 | MIRRORS QUEEN ANNE (BOARD ROOM) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42192 | MIRRORS (PRIVATE BATHROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42193 | SINK CABINET (REL PRIVATE BATHROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42194 | DINING TABLES-LAUREL BURL (EXEC DINING AND PRIVATE DINING RMS) | 15 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42195 | SIDEBOARD ANTIQUE MAHOGANY (REL OFFICE ENTRY) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42196 | SOFA (PRIVATE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42197 | DOLPHIM PEDESTAL TABLE (RECEPTION AREA-3RD FLOOR) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42198 | SWIVEL CHAIRS MAHOGANY (BOARD ROOM) | 24 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42199 | PLANTATION CHAIRS (BOARD ROOM) | 8 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42200 | SWIVEL CHAIRS MAHOGANY 144-S (EXEC FLOOR CONF RMS 2 AND 3) | 20 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42857 | SOFA-BOARD ROOM VESITBULE | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42858 | PEDESTALS-REL | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42859 | DISPLAY CABINET-REL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42860 | LAMP TABLE (PRIVATE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42861 | CONSOLE-BOARD ROOM VEST | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42862 | MIRROR W/WOOD FRAME-BOARD ROOM VEST | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42863 | SOFA-REL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42864 | CONSOLE TABLE-BOARD ROOM VEST | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42865 | ORIENTAL RUG-REL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42866 | AMBASSADOR DESK-REL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42867 | CREDENZA-REL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43231 | BUFFET LAMPS-SPHERE W/LEAVES (BOARD ROOM VESTIBULE) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43232 | HORSE (BOARD ROOM VESTIBULE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43233 | VOUVRAY BENCH (BOARD ROOM) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43234 | BOWLS (EXEC DINING AND HALLWAY) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43235 | MIRROR (DINING ROOM HALLWAY) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43236 | MIRRORS (BOARD ROOM BATHROOMS) | 4 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43237 | DINING CHAIRS (PRIVATE DINING ROOM) | 12 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43238 | CHAIR (PRIVATE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43239 | MIRROR (PRIVATE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43240 | LAMPS-BLACK (PRIVATE DINING ROOM) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43241 | PILLOWS (PRIVATE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43242 | CHAIRS (EXECUTIVE DINING ROOM) | 48 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43243 | LOUIS XVI CONSOLE TABLE (EXECUTIVE DINING ROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43244 | LONGFELLOW LAMP (EXECUTIVE DINING ROOM) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43245 | EXECUTIVE SWIVEL CHAIR (LISA FREE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43246 | TASK CHAIR-HIGHBACK (LAURIE BORDERS DESK) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43247 | CREDENZA (VISITOR OFFICE-EXEC FLOOR) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43248 | GUEST CHAIRS-LEATHER (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43249 | DAFOE CHAIR (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43250 | END TABLES (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43251 | BENCH (REL PRIVATE BATHROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43252 | URN-ANTIQUE BRASS/RED WOOD OPTIC (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43253 | LAMP-SQUIRE HOUSE (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43254 | LAMP-TOWN PLAZA (EXECUTIVE DINING ROOM) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43255 | LAMP-SOLID BRASS (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |

Colonial Bank
Fixed Asset Listing - Corp 10 Only
As of August 14, 2009

| Corp | Tag Number | Asset Number | Full Description | Qty | Address | City | State |
|------|-----------|--------------|------------------|-----|---------|------|-------|
| 010 | NULL | 43256 | LAMP-HAND FINISHED METAL (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43257 | WHIPPETTS (REL) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43258 | LEOPARD TRAY (LISA FREE OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43259 | CRYSTAL FINIALS (REL) | 3 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43269 | COCKTAIL TABLE (BOARD ROOM VESTIBULE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 43625 | PLANTER-11X15 (REL-BLUE AND WHITE PORCELAIN) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 49194 | BRIDGE FOR EXECUTIVE "U" DESK (L. FREE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 49195 | CREDENZA-RIGHT PED (L. FREE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 49196 | DESK-LEFT PEDESTAL, EXECUTIVE (L. FREE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 42874 | PRINTER-HP COLOR LASERJET 5550N (IN COO WORKROOM) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 104222 | EXTERNAL HARD DRIVE-MY BOOK MIRROR EDITION | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 104146 | PRINTER-HP LASERJET P2055DN | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 104153 | PRINTER-HP LASERJET P2055DN | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 85552-180 | 7589 | COLOR LASERJET 4650 SN#JPCAB04014 | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | NULL | 36625 | CONFERENCE PHONE,NORTEL | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |

| Corp | Asset Number | Full Description | Qty | Address | City | State |
|------|--------------|------------------|-----|---------|------|-------|
| 010 | 1269 | OIL PAINTING-VERBEECKHOVEN | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1270 | OIL PAINTING-FISHING @ CLARKS CREEK | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1271 | ALFRED MONTABUE OIL PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1272 | STONEHENGE (EXEC FLOOR BY A.LAKING) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1273 | OIL - "URN IN SEPIA" (La Rue Show Room) (Lobby Entrance) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1274 | STONEHENGE (EXEC FLOOR BY A.LAKING) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1277 | STONEHENGE (1-B.GLOVER OFFICE, 1-MICHELLE MULCAHY) | 2 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1278 | G & R STONEHENGE (PAM CHESTNUTT OFFICE) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 1329 | BERENSKI OIL PAINTING | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 43263 | ART-BOARD ROOM VESTIBULE | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 43264 | ART-BOARD ROOM (2 LANDSCAPE PAINTINGS) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 43265 | ART-HALLWAY TO DINING ROOM (4 LANDSCAPE PAINTINGS) | 4 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 43265 | ART-HALLWAY TO DINING ROOM (4 LANDSCAPE PAINTINGS) | 4 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 43267 | ART-PRIVATE DINING ROOM | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |
| 010 | 43268 | ART-EXECUTIVE DINING ROOM (3 LANDSCAPE PAINTINGS) | 1 | 100 COLONIAL BANK BLVD | MONTGOMERY | AL |

**EXHIBIT B**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

```
-------------------------------------------------------------x
                                              :
In re                                         :          Chapter 11
                                              :
THE COLONIAL BANCGROUP, INC.,                 :          Case No.  09-32303 (DHW)
                                              :
                    Debtor.                   :
                                              :
-------------------------------------------------------------x
```

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE APPROVING PROCEDURES FOR THE SALE OF DEBTOR'S FURNITURE, FURNISHINGS AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND WITHOUT FURTHER COURT APPROVAL

Upon the motion (the "Motion") of The Colonial BancGroup, Inc., as debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to Sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to sell certain FF&E Assets[1] free and clear of all liens, claims and encumbrances (collectively, the "Liens") and without further order of the Court and establishing the FF&E Sale Procedures with respect thereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and other parties in interest; and the Court having determined that the legal and factual basis set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor

is authorized to sell the FF&E Assets, in accordance with the following FF&E Sales Procedures:

a. The Debtor will provide a notice in substantially the form of <u>Exhibit A</u> attached to the proposed form of Order approving this Motion (a "<u>Sale Notice</u>") via e-mail, facsimile or overnight delivery of each proposed FF&E Asset sale (a "<u>Proposed Sale</u>") to (i) the office of the Bankruptcy Administrator, (ii) to counsel to the statutory committee of creditors (the "<u>Creditors Committee</u>"), (iii) counsel to the FDIC, (iv) counsel to BB&T, and (v) the State of Alabama Department of Revenue (collectively, the "<u>Notice Parties</u>"), specifying (x) the FF&E Asset to be sold, (y) the identity of the purchaser and any relationship of the purchaser with the Debtor and (z) the major economic terms and conditions of the Proposed Sale.

b. If the proposed purchaser of any given FF&E Asset is an insider, as defined in Section 101(31) of the Bankruptcy Code, the Sale Notice shall (i) identify the insider, (ii) describe the insider's relationship to the Debtor and (iii) set forth the measures taken to ensure the fairness of the sale process and the proposed transaction.

c. If a Proposed Sale is to be consummated through a broker, agent or (in the case of FF&E Assets consisting of artwork) a consignee in a consignment arrangement, the Sale Notice shall specify the identity of the broker, agent or consignee, as applicable, and the fees or commissions to be paid and any other material information relating to the contract of such broker, agent or consignee with the Debtor.

d. If a Notice Party objects to the Proposed Sale (an "<u>Objection</u>"), such Objection must be in writing, be filed with the Court and be served on the Notice Parties and counsel to the Debtor, Parker, Hudson, Rainer & Dobbs LLP, 285 Peachtree Center Avenue, N.E., Suite 1500, Atlanta, Georgia 30303, <u>Attn</u>: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq., so as to be received by all such parties within five (5) days after the date on which the Sale Notice is delivered to the Notice Parties (the "<u>Notice Period</u>"). Each Objection must state with specificity the grounds for the Objection.

e. If no timely Objection is interposed, the Debtor may take such actions as are reasonable or necessary to consummate the Proposed Sale. If an Objection to a Proposed Sale is properly filed and served, (i) the Objection will be deemed to be a request for a hearing on the Proposed Sale and the Objection shall be heard at the next scheduled omnibus hearing in the chapter 11 case that is at least 10 days after service of the Objection and (ii) the Proposed Sale may not proceed absent written withdrawal of the Objection or entry of an order by the Court specifically approving the Proposed Sale.

f. If any material economic terms of a Proposed Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the Debtor shall serve a revised Sale Notice to the Notice Parties

describing the Proposed Sale, as amended. If a revised Sale Notice is required, the Notice Period will be extended for an additional five (5) days.

g.    The Debtor may consummate a Proposed Sale prior to the expiration of the applicable Notice Period if the Debtor obtains written consent to the Proposed Sale from each Notice Party.

**ORDERED** that the Sale Notice, in substantially the form annexed hereto as <u>Exhibit A</u>, is approved; and it is further

**ORDERED** that, pursuant to Section 363(f) of the Bankruptcy Code, all sales of property pursuant to this Order shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens to attach to proceeds of the sales with the same validity, priority, force and effect such Liens had on the property immediately prior to the sale, and subject to the rights, claims, defenses and objections, if any, of the Debtor and all other interested parties with respect to any such asserted Liens; and it is further

**ORDERED** that purchasers of property sold by the Debtor pursuant to this Order shall be entitled to the protections afforded by Section 363(m) of the Bankruptcy Code in the event of a reversal or modification on appeal of this Order; and it is further

**ORDERED** that the Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the interpretation and enforcement of the procedures established by this Order and the transactions consummated thereunder; and it is further

**ORDERED** that nothing in this Order shall be construed to prevent the Debtor, in its sole discretion, from seeking Court approval at any time of any Proposed Sale; and it is further

**ORDERED** that the Debtor is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order; and it is further

**ORDERED** that, with respect to each sale of property pursuant to the FF&E Sale Procedures and this Order, the requirements of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure are waived.

Dated: October _____, 2009
      Montgomery, Alabama

_____
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
------------------------------------------------------------x
                                                :
In re                                           :          Chapter 11
                                                :
THE COLONIAL BANCGROUP, INC.,                   :          Case No. 09-32303 (DHW)
                                                :
        Debtor.                                 :
                                                :
------------------------------------------------------------x
```

**NOTICE OF PROPOSED SALE OF FF&E ASSETS PURSUANT TO FF&E SALES PROCEDURES**

PLEASE TAKE NOTICE that, pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code Approving Procedures for the Sale of Debtor's Furniture, Furnishings and Equipment Free and Clear of Liens, Claims and Encumbrances and Without Further Court Approval, entered by the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court") on October ____, 2009, (Docket No. _____) (the "FF&E Sale Order"), the Debtor proposes to sell certain furniture, furnishings and equipment (the "FF&E Assets") to _____ (the "Purchaser") *[(the "Consignee")]* pursuant to an agreement dated _____, 20____ (the "Purchase Agreement") *[(the "Consignment Agreement")]*.  A copy of the Purchase Agreement *[Consignment Agreement]* is annexed hereto as Exhibit A.  This Notice is being provided in accordance with and sets forth the information required under the FF&E Sale Order.

Description of the FF&E Assets.  The FF&E Assets to be sold *[consigned]* consist of _____, as more fully detailed on Exhibit A to the Purchase Agreement *[Consignment Agreement]*.  Except as may be set forth in the Purchase Agreement *[Consignment Agreement]*, the Debtor is not aware of any appraisal or other indicia of value with respect to the FF&E Assets.

Relationship of Purchaser to Debtor. *[The Purchaser's [The Consignee's] relationship with the Debtor is as follows:_____.] [The Purchaser [The Consignee]has no relationship with the Debtor.]*

Economic Terms and Conditions of the Proposed Sale *[the Consignment]*. The Debtor proposes to sell *[consign]* the FF&E Assets to Purchaser *[Consignee]* free and clear of all liens, claims encumbrances and other interests therein, pursuant to Section 363(f) of the Bankruptcy Code. The Purchaser *[Consignee]* has agreed to pay a net purchase price of $_____ for the FF&E Assets. *[The Consignee has agreed to receive the FF&E Assets on consignment to and to endeavor to sell the same in accordance with the terms of the Consignment Agreement.]* The other terms and conditions of the proposed sale (the "Proposed Sale") *[(the "Proposed Consignment")]* are set forth in the Purchase Agreement *[the Consignment Agreement]*.

Procedures to Object to the Proposed Sale *[the Proposed Consignment]*. Any objection to the Proposed Sale *[the Proposed Consignment]* (an "Objection") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served on the parties identified as notice parties in the FF&E Sale Order on Exhibit B attached hereto (the "Notice Parties") so as to be received by 5:00 p.m. (Central Time) on or before _____, 20____ (the "Objection Deadline"). If no Objections are filed with the Bankruptcy Court and served on the Notice Parties by the Objection Deadline in accordance with the terms of the FF&E Sale Order, the Debtor, in its sole and absolute discretion, may consummate the Proposed Sale *[the Proposed Consignment]*.

If the Debtor obtains the written consent of all Notice Parties to a Proposed Sale, the Bankruptcy Court may enter an order allowing the Debtor to consummate the Proposed Sale *[the Proposed Consignment]* before the Objection Deadline.

Dated: _____, 200___
        Montgomery, Alabama

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone No.:  (404) 523-5300
Facsimile:  (404) 522-8409


By:  /s/ 
    Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession