UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
In re                                                      :       Chapter 11
                                                           :
THE COLONIAL BANCGROUP, INC.,                              :       Case No. 09-32303 (DHW)
                                                           :
          Debtor.                                          :
                                                           :
-----------------------------------------------------------x
```

**ORDER GRANTING DEBTOR'S
MOTION FOR AUTHORITY TO EMPLOY AND COMPENSATE
PROFESSIONALS TO REPRESENT THE DEBTOR IN THE ORDINARY COURSE**

This matter came to be heard upon the motion (the "Motion") of The Colonial BancGroup, Inc. ("Debtor") for entry of an order pursuant to sections 105(a) and 327 of title 11 of the United States Code (the "Bankruptcy Code") for authority to employ and compensate professionals to represent the debtor in the ordinary course.[1]

NOW, THEREFORE, based upon the Motion and all of the proceedings before this Court, and after due deliberation and sufficient cause appearing therefor and no objection having been raised to the Motion, it is hereby:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Debtor be, and it hereby is, authorized and empowered, in its discretion, to employ and retain as of the Petition Date the Ordinary Course Professionals named on the list attached to the Motion as Exhibit B; and it is further

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to them in the Motion.

**ORDERED** that payments to an Ordinary Course Professional may be made, subject to availability of funds, as provided in the Motion and shall not be subject to the approval of the Court in accordance with 11 U.S.C. §§ 330 and 331 unless payments to such Ordinary Course Professional exceed $10,000 on average per month or $100,000 during the pendency of this case. The compensation paid to the Ordinary Course Professionals described in the foregoing sentence shall nonetheless become subject to the approval of the Court in accordance with 11 U.S.C. §§ 330 and 331 if it exceeds the limits set forth herein. In all other respects, such professionals shall be treated as Ordinary Course Professionals and their retention shall be governed by this Order; and it is further

**ORDERED** that approximately every 120 days, the Debtor shall file a statement with the Court and serve such Statement upon the Notice Parties. The Statement shall include the following information for each Ordinary Course Professional (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the preceding 120 days; and (c) a general description of the services rendered by the Ordinary Course Professional; and it is further

**ORDERED** that within five (5) days after entry of this Order, the Debtor shall serve this Order upon each Ordinary Course Professional. On the later of (i) 30 days after entry of this Order or (ii) the date on which the Ordinary Course Professional receives notice from the Debtor that the Debtor desires to continue to employ the services of the Ordinary Course Professional, such Ordinary Course Professional shall file with the Court, and serve upon the Notice Parties, a verified statement pursuant to Fed. R. Bankr. P. 2014, substantially in the form of the statement attached to the Motion as <u>Exhibit C</u> (the "<u>OCP Affidavit</u>"), including an explanation of pre-petition services rendered and postpetition services to be provided to the Debtor; and it is further

**ORDERED** that the Notice Parties shall have 20 days after the receipt of such OCP Affidavit, or such other time as may be agreed to by the Ordinary Course Professional or ordered by the Court (the

"Objection Deadline"), to object to the retention of the Ordinary Course Professional. Objections, if any, shall be served upon the Ordinary Course Professional and the Notice Parties on or before the Objection Deadline. If any such objection cannot be resolved within 20 days of service, the matter shall be scheduled for hearing before the Court at the next regularly scheduled hearing or other available date otherwise agreeable to the Ordinary Course Professional, the Debtor and the Notice Party propounding the objection. If no objection is submitted on or before the Objection Deadline, or if any objection submitted is timely resolved as set forth above, then without further order of the Court the employment, retention and compensation of the Ordinary Course Professional shall be deemed approved; and it is further

**ORDERED** that Debtor is authorized, without need for further hearing or Order of the Court, to (i) employ and retain Ordinary Course Professionals not presently listed in Exhibit B to the Motion ("Additional Ordinary Course Professionals") by filing with the Court a supplement to Exhibit B to the Motion (the "Supplement") or (ii) remove from Exhibit B to the Motion any Ordinary Course Professional who is or may be listed as such, in each case, upon notice to counsel to the Official Committee of Unsecured Creditors, the Bankruptcy Administrator and such professional. The Supplement shall list the name and estimated monthly fee of any Additional Ordinary Course Professional, along with a brief description of the services to be rendered and shall otherwise comply with the terms of this Order, and shall be subject to objection by the Notice Parties. For purposes of complying with the OCP Affidavit requirement above, the 30-day requirement for the Additional Ordinary Course Professionals shall run from the filing of the Supplement with the Court, but all other requirements shall remain the same; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

**ORDERED** that this Order shall be immediately effective; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 8th , 2009
       Montgomery, Alabama

                                           /s/ Dwight H. Williams, Jr.
                                           United States Bankruptcy Judge