UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
------------------------------------------------------------x
                                          :
In re                                     :       Chapter 11
                                          :
THE COLONIAL BANCGROUP, INC.,             :       Case No. 09-32303 (DHW)
                                          :
                Debtor.                   :
                                          :
------------------------------------------------------------x
```

**ORDER GRANTING MOTION OF DEBTOR FOR ADMINISTRATIVE
ORDERS ESTABLISHING PROCEDURES TO PERMIT MONTHLY
PAYMENT OF INTERIM FEE STATEMENTS OF PROFESSIONALS**

This matter came to be heard upon the motion (the "Motion") of The Colonial BancGroup, Inc. ("Debtor") for entry of an order, pursuant to Sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") for an order establishing procedures to permit monthly payment of interim fee statements of professionals employed in this Chapter 11 case.[1]

NOW, THEREFORE, based upon the Motion and all of the proceedings before this Court, and after due deliberation and sufficient cause appearing therefor and no objection to the relief requested in the Motion having been filed, it is hereby:

**ORDERED** that the Motion is granted; and it is further

**ORDERED**, that in accordance with the Motion, the following procedures (the "Interim Compensation Procedures") are approved and shall be in effect until further order of the Court:

(a) On or before the 20th day of each month following the month for which compensation is sought, each Professional authorized to seek compensation under these Interim Compensation Procedures shall serve a monthly statement by hand or overnight delivery or via email, upon each of the following parties (collectively, the "Service Parties"):

  (i) The Debtor, and counsel to the Debtor, Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis II Tower, 285 Peachtree Center Avenue, NE, Atlanta, Georgia 30303 (Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.);

---

[1] Capitalized terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Motion.

(ii) The Office of the Bankruptcy Administrator for the Middle District of Alabama;

(iii) Counsel to any official Committee established in this Chapter 11 case pursuant to Section 1102 of the Bankruptcy Code;

(iv) Counsel to the FDIC, DLA Piper, 1251 Avenue of the Americas, New York, New York 10020-1104 (Attn: Thomas R. Califano, Esq.) and Fritz and Hughes, LLC, 7020 Fain Park Drive, Suite 1, Montgomery, Alabama 36117 (Attn: Michael A. Fritz, Sr.);

(v) The Alabama Department of Revenue; and

(vi) Counsel to BB&T, Bradley Arant Boult Cummings LLP, 1819 Fifth Avenue North, Birmingham, Alabama 35203 (Attn: N. Christian Glenos, Esq.).

(b) The first monthly statement shall be served on or before October 20, 2009 and shall cover the period commencing with the Petition Date and terminating on September 30, 2009. No monthly statement need be filed with the Court and a courtesy copy need not be delivered to the Court inasmuch as these Interim Compensation Procedures are not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code and because Professionals will still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and any applicable local rules of this Court.

(c) Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Service Parties), which will ordinarily be for services rendered through a particular calendar month.

(d) Each Service Party receiving a monthly statement may object to the payment of the fees or the reimbursement of the costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on or before the last day of the month on which the statement is received. The objection shall state the nature of and basis for the objection and identify the amount of the fees or costs to which the objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

(e) In the absence of any timely objection, the Debtor is authorized to pay (to the extent of available funds), and/or the applicant is authorized to apply any funds escrowed with the applicant for purpose of payment of fees and expenses, in the amount of 85% of the fees and 100% of the expenses identified on each monthly statement to which no objection has been served in accordance with paragraph (d). If the Debtor receives an objection to a particular fee statement, payment of that portion of the monthly statement to which the objection is directed shall be postponed but the remainder shall be promptly paid in the percentages set forth in this paragraph. All Professionals shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth below and after order of the Court.

(f) If the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose monthly statement was objected to serves on the Service Parties a statement indicating that the objection is withdrawn and describing in reasonable detail the terms of the resolution, then the Debtor is authorized to pay, in accordance with paragraph (e), that portion of

the monthly statement that is no longer subject to an objection.

(g) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.

(h) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. The decision by any party not to object to a monthly statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

(i) Unless otherwise ordered by the Court, each Professional utilizing these Interim Compensation Procedures shall file interim fee applications, for the amount of fees and costs sought in paragraph (a) above, in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code as follows:

> (i) The first interim fee applications may be filed on or before January 20, 2010 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by Professionals by the Petition Date through December 31, 2009;
>
> (ii) The second interim fee applications may be filed on or before May 20, 2010 (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the Professionals from January 1, 2010 through April 30, 2010; and
>
> (iii) Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four-month period. All interim fee applications shall comply with any applicable local rules of this Court, and the Court shall schedule and conduct a hearing, upon proper notice served by the party filing the interim fee application in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(j) A Professional who fails to file an application seeking approval of compensation and expenses previously paid under these Interim Compensation Procedures when such application is due shall be precluded from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

(k) A determination by the Court that payment of compensation or expense reimbursement was improper as to a particular monthly statement shall not disqualify a Professional from future payment of compensation or expense reimbursement as hereinabove set forth above, unless otherwise ordered by the Court.

(l) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and expense reimbursement of any Professional; and it is further

**ORDERED** that any interim fee applications or final fee applications and any notices relating thereto, including notices of hearings thereon, shall be served upon only the entities identified on the "Master Service List" as defined in the "Order Establishing Omnibus Hearing Dates and Certain Notice, Case Management

and Administrative Procedures;" and it is further

**ORDERED** that the foregoing Interim Compensation Procedures shall not apply to so-called "Ordinary Course Professionals," whose compensation is dealt with in the Court's Order Granting Debtor's Motion for Authority to Employ and Compensate Professionals to Represent the Debtor in the Ordinary Course [Doc. No. 167]; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED** that the Debtor shall serve a copy of this Order on those persons listed on the Master Service List.

Dated: October 14, 2009
       Montgomery, Alabama

                                      /s/ Dwight H. Williams, Jr.
                                      United States Bankruptcy Judge