UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

-----------------------------------------------------------x
:
In re : Chapter 11
:
THE COLONIAL BANCGROUP, INC., : Case No. 09-32303 (DHW)
:
Debtor. :
:
-----------------------------------------------------------x

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF COLONIAL BANCGROUP DIRECTORS AND OFFICERS TO LIFT STAY, TO THE EXTENT APPLICABLE, TO ADVANCE DEFENSE COSTS UNDER INSURANCE POLICIES**

The Official Committee of Unsecured Creditors ("UCC") hereby submits their limited objection to the Motion Of Colonial Bancgroup Directors And Officers To Lift Stay, To The Extent Applicable, To Advance Defense Costs Under Insurance Policies ("the Motion"). In support of this objection, the UCC states as follows:

1. The Movants are Insured Persons under a Financial Institution Portfolio Policy, No. 7144-2614 (the "Policy") issued by Federal Insurance Company ("Federal"). A copy of the policy is attached to the Motion as Exhibit A.

2. The Movants seek authorization for Federal to advance defense costs incurred by the Movants in defending Securities Litigation, Derivative Litigation and ERISA Litigation as referenced in the Motion.

3. The UCC is agreeable to the entry of an order allowing for Federal to advance and/or pay defense expenses to Insured Persons under the Executive Liability and Entity Securities Liability Coverage Section of the Policy, and to defend the Insured Persons under the Fiduciary Liability Coverage Section of the Policy, subject to certain conditions and restrictions, including those requested by the Debtor, the FDIC and the lead plaintiffs in the securities
1785599 v1

litigation. *See In re Arter & Hadden, L.L.P.*, 335 B.R. 666, 674 (Bankr. N.D. Ohio 2005) ("Court has the authority to impose appropriate conditions upon relief from the automatic stay") (internal citations omitted). A draft proposed consent order is attached hereto.

4. The UCC disagrees with the argument asserted by the Movants, and by the lead plaintiffs, that the proceeds do not belong to the Debtor's estate. The UCC agrees with the Debtor that the proceeds of the Policy are property of the Debtor's estate under § 541 of the Bankruptcy Code. Because of the existence of Side C entity coverage, as well as Side B indemnification coverage, as well as the existence of several securities and other claims currently pending against the organization, the weight of the law is that under these circumstances, the proceeds of the Policy are property of the estate. *In re Arter & Hadden*, 335 B.R. 666 (Bankr. N.D. Ohio 2005); *In re Taylor Agency, Inc.*, 281 B.R. 354 (Bankr. S.D. Ala. 2001); *In re Metropolitan Mortgage & Sec. Co.*, 325 B.R. 851 (Bankr. E.D. Wash. 2005); *In re Monaco*, 799 F.2d 517 (9th Cir. 1986); *In re Sacred Heart Hospital*, 182 B.R. 413 (Bankr. E.D. Pa. 1985). *See generally* cases cited in Debtor's Limited Objection, p. 3, ¶ 6.

5. In the cases cited by the Movants, the Policy either did not provide for Side C entity coverage to the Organization, or the claims against the entity had been discharged. Indeed, in the cases cited by the Movants, in cases where there is Side C entity coverage and claims against the entity, even those courts hold that a debtor does have an interest in the proceeds and, therefore, the proceeds are considered property of the estate under § 541 of the Bankruptcy Code. *See In re Allied Digital Technologies Corp.*, 306 B.R. 505 (Bankr. D. Del. 2004); *In re First Cent. Financial Corp.*, 238 B.R. 9 (Bankr. E.D.N.Y. 1999).[1] Here, the Debtor's estate

---

[1] Additionally, under the Executive Liability and Entity Securities Liability coverage section, there is no priority of payment provision. There is a priority of payment provision under the Fiduciary Liability Coverage Section of the Policy.

clearly has an interest in the proceeds of the Policy and, therefore, the proceeds are property of the estate under § 541 of the Bankruptcy Code.

6. As evidenced by the proposed consent order attached hereto, the UCC agrees with all of the interested parties that the Court need not decide at this point whether or not the proceeds of the Policy are property of the estate under § 541, but instead may grant the Motion, to the extent applicable, with all parties reserving their rights.

**WHEREFORE, PREMISES CONSIDERED,** the UCC objects to the Motion but would agree to the entry of an order granting in part and denying in part the Motion with the imposition of certain restrictions and limitations as set forth in the proposed consent order attached hereto, with the Court reserving any ruling on whether the proceeds of the Policy are property of the estate under § 541 of the Bankruptcy Code and all parties reserving their respective rights and positions.

/s/ Marc P. Solomon
Robert B. Rubin
Gerald Gillespy
Marc P. Solomon

*Proposed Counsel for Official Committee of Unsecured Creditors*

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000

**OF COUNSEL:**

Brian D. Pfeiffer
Alexis Chapin
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---------------------------------------------------------x
                                                    :

In re                                      :              Chapter 11

THE COLONIAL BANCGROUP, INC.,      :            Case No. 09-32303 (DHW)

Debtor.                        :

---------------------------------------------------------x

**CONSENT ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION OF
COLONIAL BANCGROUP DIRECTORS AND OFFICERS TO LIFT STAY, TO THE
EXTENT APPLICABLE, TO ADVANCE DEFENSE COSTS UNDER INSURANCE POLICY**

This matter came to be heard upon the motion (the "Motion") of The Colonial BancGroup, Inc.'s directors and officers, either still serving or previously in said positions (the "Insured Persons"), for entry of an order, pursuant to pursuant to Section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") to lift the automatic stay, to the extent applicable, to authorize Federal Insurance Company ("Federal") to advance defense fees and costs to the Insured Persons under the Executive Liability and Entity Securities Liability Coverage Section, and to defend the Insured Persons under the Fiduciary Liability Coverage Section, of a Financial Institution Portfolio Policy, No. 7144-2614 (the "Policy") issued by Federal to, *inter alia*, the Organization, The Colonial BancGroup, Inc. ("Debtor").[1]

All parties consent to the relief requested in the Motion to the extent specified in this Order.[2] Due and proper notice of the Motion having been made on all necessary parties; and all parties

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to them in the Policy.

[2] All Parties consent to the entry of this Order with the agreement and understanding that the Court is not ruling upon whether or not the Proceeds of the Policy belong to the Estate under §541 of the Bankruptcy Code. The Court does not need to rule upon the issue now and therefore reserves ruling, and all Parties reserve their rights and positions with respect to such issue.

having consented to the relief requested by the Motion to the extent specified in this Order; and after due deliberation and sufficient cause appearing therefore; it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Motion is **GRANTED,** in part**,** and **DENIED,** in part**,** and it is **FURTHER ORDERED** as follows:

1. Federal is authorized, but not required, to advance and/or pay Defense Expenses to Insured Persons, as such terms are defined in the Policy, up to but not exceeding the aggregate sum of five hundred thousand dollars ($500,000.00) (the "$500,000.00 Cap"), with respect to the Securities Litigation, Derivative Litigation and the ERISA Litigation referenced in the Motion. Any obligation of any Insured Person to repay any Defense Expenses advanced by Federal under Paragraph 15(e) of the Executive Liability and Entity Securities Liability Section of the Policy shall be the sole and exclusive obligation and responsibility of the Insured Persons, not the Organization.

2. Federal is not authorized to advance and/or pay Defense Expenses over and above the $500,000.00 Cap.

3. This Order is without prejudice to the filing of subsequent motions for Court authorization to advance and/or pay Defense Expenses incurred or to be incurred by Insured Persons under the Policy.

4. The Insured Persons shall provide the Debtor and the Unsecured Creditors' Committee ("UCC") with monthly summaries of the fees and expenses incurred by or on behalf of the Insured Persons due on the 20th calendar date of each month, and shall provide the Debtor and UCC with period reports of the status of the Securities Litigation and the ERISA litigation due every *[60 days]* beginning on the day after the entry of this Order.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof and the requirements of Bankruptcy Rule 6004(a) are hereby waived.

1785409 v1
-2-

Case 09-32303    Doc 233    Filed 10/26/09    Entered 10/26/09 17:26:28    Desc Main
Document    Page 6 of 11

6. The ten-day stay, pursuant to Bankruptcy Rule 6004 (h), of an order authorizing the use, sale or lease of property, to the extent such Bankruptcy Rule is applicable, is hereby waived and this Order shall be immediately effective.

7. This Order shall not be construed as either a finding of fact or conclusion of law that any advancement and/or reimbursement of defense expenses allowed hereunder has or has not been made in accordance with the terms of the Policy.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 26th day of October, 2009:

      /s/ Marc P. Solomon
      OF COUNSEL

*In re: The Colonial BancGroup*, Chapter 11 Case No. 09-32303
Pending in the U.S. Bankruptcy Court for the Middle District of Alabama (Montgomery)
Updated 10/26/09

## SERVICE LIST

**VIA E-MAIL:**

**The Colonial BancGroup, Inc.**
c/o C. Edward Dobbs
c/o Rufus T. Dorsey, IV
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
edobbs@phrd.com
rdorsey@phrd.com

**Bankruptcy Administrator**
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

**The Colonial BancGroup, Inc.**
c/o W. Clark Watson
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
cwatson@balch.com

**Pension Benefit Guaranty Corporation**
c/o Marc S. Pfeuffer
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Pfeuffer.marc@pbgc.gov
efile@pbgc.gov

**Federal Deposit Insurance Corporation, as receiver for Colonial Bank**
c/o Michael A. Fritz, Sr.
FRITZ 7 HUGHES, LLC
7020 Fain Park Drive, Suite 1
Montgomery, AL 36117
Michael@fritzandhughes.com

**Ken Burton, Jr., Mantee County Tax Collector**
c/o Susan D. Profant, CFCA, CLA, FRP, Paralegal
P.O. Box 25300 (34206-5300)
819 U.S. 301 Blvd. West
Bradenton, FL 34205
susanp@taxcollector.com

**Federal Deposit Insurance Corporation, as receiver for Colonial Bank**
c/o Thomas R. Califano, Esq.
c/o John Clark, Esq.
c/o Jeremy R. Johnson, Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
thomas.califano@dlapiper.com
john.clarke@dlapiper.com
jeremy.johnson@dlapiper.com

**Alabama Securities Commission**
c/o Edwin L. Reed
Post Office Box 304700
Montgomery, AL 36130-4700
ed.reed@asc.alabama.gov

*In re: The Colonial BancGroup*, Chapter 11 Case No. 09-32303
Pending in the U.S. Bankruptcy Court for the Middle District of Alabama (Montgomery)
Updated 10/26/09

**Branch Banking Trust Company**
c/o N. Christian Glenos, Esq.
c/o M. Leesa Booth, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
cglenos@babc.com
lbooth@babc.com

**Weingarten Nostat, Inc.**
c/o Jenny J. Hyun, Esq.
Weingarten Realty Investors
2600 Citadel Plaza Drive, Suite 125
Houston, TX 77008
bankruptcycases@weingarten.com

**Taylor, Bean & Whitaker Mortgage Corp.**
c/o Jeffrey W. Kelley
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Jeffrey.kelley@troutmansanders.com

**State of Alabama Department of Revenue**
c/o Mark Griffin
c/o David Avery
P.O. Box 320001
Montgomery, AL 36132-0001
mark.griffin@revenue.alabama.gov
david.avery.legal@revenue.alabama.gov

**The Bank of New York Mellon Trust Company, N.A.**
c/o Eric J. Breithaupt
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
ejb@csattorneys.com

**The Bank of New York Mellon Trust Company, N.A.**
c/o Samuel S. Kohn, Esq.
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
skohn@dl.com

**TITAN Technology Partners, Limited**
c/o Robert L. Shields, III
c/o Justin G. Williams
c/o Brooke M. Nixon
TANNER & GUIN, LLC
Capital Park Center
2711 University Boulevard
P.O. Box 3206 (35403-3206
Tuscaloosa, AL 35401-1465
rshields@tannerguin.com
jwilliams@tannerguin.com
bnixon@tannerguin.com

**Tax Collector of Madison County, Alabama**
Attn: Lynda Hall
Madison County Courthouse
100 Northside Square
Huntsville, AL 35801
swells@co.madison.al.us

*In re: The Colonial BancGroup*, Chapter 11 Case No. 09-32303
Pending in the U.S. Bankruptcy Court for the Middle District of Alabama (Montgomery)
Updated 10/26/09
**Internal Revenue Service**
c/o Paul A. Allulis
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044
paul.a.allulis@usdoj.gov


**VIA U.S. MAIL:**

John W. Sheffield, III
Associate Area Counsel
Internal Revenue Service
Attention Patty Koehler
801 Tom Martin Drive
Room 257
Birmingham, Alabama 35211

1780993 v1