UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11 Case No.
                                                           :
THE COLONIAL BANCGROUP, INC.,                              :    09-32303 (DHW)
                                                           :
          Debtor.                                          :
                                                           :
-----------------------------------------------------------x
```

**MOTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEFINE SCOPE OF, AND PROCEDURES FOR, DISCLOSURE OF INFORMATION TO UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a) 107(b)(1), AND 1102(B)(3) *NUNC PRO TUNC* TO SEPTEMBER 28, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor (the "Debtor"), by its undersigned proposed counsel, hereby submits this motion (the "Motion") for an order pursuant to 11 U.S.C. §§ 105(a), 107(b)(1), and 1102(b)(3) defining the scope of, and procedures for, disclosure of information to those unsecured creditors that are the Committee's constituency, *nunc pro tunc* to September 28, 2009. In support of the Motion, the Committee states as follows:

**BACKGROUND**

1. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is operating its businesses and managing its financial affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On September 28, 2009, upon recommendation by the Bankruptcy Administrator for the Middle District of Alabama, this Court appointed the Committee to serve as fiduciary to

the many unsecured creditors in this case, who collectively hold claims against the Debtor in excess of $350 million.

## JURISDICTION AND BASIS FOR RELIEF

3.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in this Motion are sections 105(a), 107(b)(1) and 1102(b)(3) of the Bankruptcy Code.

## RELIEF REQUESTED

4.  The Committee anticipates that, in the performance of its statutory duties, it will receive information that is confidential in nature. The Committee also anticipates that it may receive requests for information from creditors and other parties in interest in this chapter 11 case.

5.  Section 1102(b)(3) of the Bankruptcy Code provides as follows:

A committee appointed under subsection (a) shall-

>   (A)   provide access to information for creditors who
>
>   >   (i) hold claims of the kind represented by that committee; and
>   >
>   >   (ii) are not appointed to the committee;
>
>   (B)   solicit and receive comments from the creditors described in subparagraph (A); and
>
>   (C)   be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

6.  The Bankruptcy Code does not delineate how a creditors' committee should provide access to "information" to the creditors it represents. The Bankruptcy Code also does not

indicate when it is appropriate for a creditors' committee to solicit comments from its creditor constituency.

7. The Committee has formulated certain procedures which comport with the Bankruptcy Code and which will allow for the distribution of certain information from the Debtor to the Committee.

8. The Committee believes the below procedures (the "Information Sharing Procedures") are appropriate under the circumstances of this case and should be approved by this Court:

    A. <u>Sharing of Public Information.</u> The Committee, by and through counsel, proposes to share with creditors, upon request, any non-privileged, non-confidential or public information. In this regard:

        (i) The Committee, by and through counsel, will maintain a copy of all pleadings filed and orders entered in this case and shall provide a copy of the same to any individual or entity that makes a written request for the same.

        (ii) The Committee, by and through counsel, will be available to parties requesting details about the status of this case. Any party wishing to obtain information regarding the status of this case may do so by contacting counsel for the Committee in the manner described below.

    B. <u>Sharing of Confidential and Privileged Information.</u> The Committee shall have no obligation to share any Confidential Information, Privileged Information (as those terms are defined below), or non-public information.

        (i) For the purposes of these procedures (and this Motion), the term "Confidential Information" shall mean any nonpublic information of the

3
Case 09-32303    Doc 275    Filed 11/09/09    Entered 11/09/09 13:35:39    Desc Main
Document    Page 3 of 19

Debtor, including, without limitation, nonpublic information or information not otherwise in the public domain concerning the Debtor's assets, liabilities, business operations, a sale of the Debtor's business, projections, analyses, compilations, studies, and other documents prepared by the Debtor or its advisors or other agents, which is furnished, disclosed, made known to the Committee, or discovered by the Committee. Confidential Information shall include, but is not limited to (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee orally that the Debtor or its advisors or other agents advise the Committee should be treated as confidential.

(ii) For purposes of these procedures (and this Motion), the term "Privileged Information" shall mean information subject to the attorney-client or some other applicable state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other party.

(iii) Whether information held by the Committee constitutes Confidential Information or Privileged Information shall be determined in the sole discretion of the Committee and its counsel and shall not be disclosed by the Committee to any person without Court authorization, as provided herein; provided, however, that Confidential Information and Privileged Information shall include all information, documents, or other materials designated as confidential or privileged by the Debtor, subject to the dispute resolution procedures set forth

4

in paragraph E below.

C. <u>Form of Information Requests.</u> Any request for information to the Committee shall be made to the attention of its counsel and in writing to the following address: Schulte Roth & Zabel LLP, Attention: Brian D. Pfeiffer, Esq., 919 Third Avenue, New York, New York, 10021.

D. <u>Costs and Expenses.</u> Any creditor who requests information from the Committee will pay, in advance, to counsel for the Committee, the costs and expenses associated with providing that information to the creditor, including the costs of copying and postage. Alternatively, counsel for the Committee will provide such information to a creditor via e-mail (to the extent available and transmittable in this manner) at no charge.

E. <u>Dispute Resolution Procedures.</u> In the event that a party seeks information or documents from the Committee, and the Committee fails or refuses to provide the same, such party shall be entitled to file a motion seeking an Order from this Court directing the Committee to make available the information or documents at issue. Any pleading filed with the Clerk of the Court shall (a) specifically reference the information or documents sought, (b) be filed in a manner substantially in compliance with the Local Rules of this Court and the legal requirements in place in the Eleventh Circuit and the Middle District of Alabama, and (c) be served upon all parties requesting notice of proceedings in this case. Furthermore, if the Committee does not agree with the Debtor's designation of a document or documents as Confidential Information or Privileged Information, the Committee may seek a determination by the Court as to whether the document or documents in question are to be deemed Privileged Information or Confidential Information.

F. <u>Solicitation of Comments.</u> The Committee may solicit comments from various creditors regarding issues or matters involved in this case at its discretion unless otherwise ordered or instructed by this Court.

9. As described above, the Committee is seeking the entry of an order approving the Information Sharing Procedures *nunc pro tunc* to September 28, 2009. The granting of such relief will protect the Committee and the Debtor's estate by clarifying the information that may be provided to interested parties and by confirming that the Committee's refusal to provide Confidential Information, Privileged Information, and non-public information to those creditors that are the Committee's constituency does not violate Section 1102 of the Bankruptcy Code.

10. The Information Sharing Procedures set forth above comply with Section 1102 of the Bankruptcy Code and serve to protect Confidential Information and Privileged Information shared or to be shared by stakeholders in this case.

11. There is nothing in Section 1102(b)(3) of the Bankruptcy Code itself, nor in the legislative history thereto, that gives any indication that the Committee is required to provide confidential information or privileged information to creditors that constitute the Committee's constituency. Relief similar to that sought by the Committee herein has been granted by other bankruptcy courts in this district, as well as bankruptcy courts in other districts. *See In re Bruno's Supermarkets, LLC*, 09-00634-BGC-11 (Bankr. N.D. Ala. February 5, 2009) (approving creditors' committee request to restrict access to confidential, privileged and non-public information); *see also In re Carraway Methodist Health Systems, et al.,* 06-03501-TOM-11 (Bankr. N.D. Ala. November 22, 2006) (same); *In re Vesta Insurance Group, Inc.,* 06-02517-TBB-11 (Bankr. N.D. Ala. Sept. 29, 2006) (same); *In re Verilink Corp.,* 06-80566-JAC-ll (Bankr. N.D. Ala. April 9, 2006) (same); *In re Amcast Automotive of Indiana, Inc.,* 05-333220-FJO-ll

(Bankr. S.D. Ind. Mar. 6, 2006) (same).

12. Additionally, Section 107(b)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court *shall*…protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1) (emphasis added); *see also Video Software Dealers Ass'n* v. *Orion Pictures Corp.,* 21 F.3d 24, 27 (2nd Cir. 1994). As a result, under Section 107(b)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018, this Court is empowered to protect confidential information and privileged information from disclosure to general creditors.

13. The Committee believes that the proposed Information Sharing Procedures limiting the sharing of Confidential Information and Privileged Information are certainly appropriate in this case. The dissemination of confidential information to third parties could be problematic for the Debtor's estate and could limit the effectiveness of the Committee's efforts to protect the rights and interests of all unsecured creditors.

14. The Committee believes that if there were a risk that Confidential Information or Privileged Information given by the Debtor to the Committee would have to be turned over to any creditor, the Debtor would be heavily discouraged from giving information to the Committee. Moreover, the inability of the Committee to gain access to Confidential Information or Privileged Information could limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code.

15. The relief requested also seeks to make available to creditors a variety of public information concerning the Debtor, including pleadings filed with the Court, orders entered by the Court, the Debtor's schedules and statement of financial affairs and the Debtor's monthly operating reports. Furthermore, the Committee anticipates seeking and receiving comments from

its constituents pursuant to Section 1102(b)(3)(B) of the Code. Moreover, when and if a plan is filed in this chapter 11 case, and a related disclosure statement is filed and approved by the Court, the plan proponent will provide creditors with additional material information in such disclosure statement that satisfies the requirements of Section 1125(b) of the Bankruptcy Code. Therefore, notwithstanding the relief requested herein, the Debtor's creditors should have more than sufficient information to satisfy the purposes of section 1102(b)(3)(A) of the Bankruptcy Code.

**[remainder of page intentionally left blank]**

## CONCLUSION

For the reasons set forth herein, the Committee respectfully requests that this Court (a) enter an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion and thereby authorizing the Committee to implement the Information Sharing Procedures proposed herein and (b) grant such other and further relief as is appropriate under the circumstances.

Dated: Birmingham, Alabama
November 9, 2009

BURR FORMAN LLP

By: /s/ Marc P. Solomon
Robert B. Rubin, Esq.
Marc P. Solomon, Esq.
420 North 20th Street
Suite 3400
Birmingham, Alabama  35203

-and-

Brian Pfeiffer, Esq.
Alexis Chapin, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
Telephone:	(212) 756-2000
Facsimile:	(212) 593-5955

*Proposed Co-Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document upon the attached Service List by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 9th day of November, 2009:

                                                        /s/ Marc P. Solomon

*In re: The Colonial BancGroup*, Chapter 11 Case No. 09-32303
Pending in the U.S. Bankruptcy Court for the Middle District of Alabama (Montgomery)
Updated 11/9/09

## SERVICE LIST

**VIA E-MAIL:**

**The Colonial BancGroup, Inc.**
c/o C. Edward Dobbs
c/o Rufus T. Dorsey, IV
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
edobbs@phrd.com
rdorsey@phrd.com

**The Colonial BancGroup, Inc.**
c/o W. Clark Watson
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
cwatson@balch.com

**Federal Deposit Insurance Corporation, as receiver for Colonial Bank**
c/o Michael A. Fritz, Sr.
FRITZ 7 HUGHES, LLC
7020 Fain Park Drive, Suite 1
Montgomery, AL 36117
Michael@fritzandhughes.com

**Federal Deposit Insurance Corporation, as receiver for Colonial Bank**
c/o Thomas R. Califano, Esq.
c/o John Clark, Esq.
c/o Jeremy R. Johnson, Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
thomas.califano@dlapiper.com
john.clarke@dlapiper.com
jeremy.johnson@dlapiper.com

**Bankruptcy Administrator**
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

**Pension Benefit Guaranty Corporation**
c/o Marc S. Pfeuffer
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Pfeuffer.marc@pbgc.gov
efile@pbgc.gov

**Ken Burton, Jr., Mantee County Tax Collector**
c/o Susan D. Profant, CFCA, CLA, FRP, Paralegal
P.O. Box 25300 (34206-5300)
819 U.S. 301 Blvd. West
Bradenton, FL 34205
susanp@taxcollector.com

**Alabama Securities Commission**
c/o Edwin L. Reed
Post Office Box 304700
Montgomery, AL 36130-4700
ed.reed@asc.alabama.gov

*In re: The Colonial BancGroup*, Chapter 11 Case No. 09-32303
Pending in the U.S. Bankruptcy Court for the Middle District of Alabama (Montgomery)
Updated 11/9/09

**Branch Banking Trust Company**
c/o N. Christian Glenos, Esq.
c/o M. Leesa Booth, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
cglenos@babc.com
lbooth@babc.com

**Weingarten Nostat, Inc.**
c/o Jenny J. Hyun, Esq.
Weingarten Realty Investors
2600 Citadel Plaza Drive, Suite 125
Houston, TX 77008
bankruptcycases@weingarten.com

**Taylor, Bean & Whitaker Mortgage Corp.**
c/o Jeffrey W. Kelley
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Jeffrey.kelley@troutmansanders.com

**State of Alabama Department of Revenue**
c/o Mark Griffin
c/o David Avery
P.O. Box 320001
Montgomery, AL 36132-0001
mark.griffin@revenue.alabama.gov
david.avery.legal@revenue.alabama.gov

**The Bank of New York Mellon Trust Company, N.A.**
c/o Eric J. Breithaupt
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
ejb@csattorneys.com

**The Bank of New York Mellon Trust Company, N.A.**
c/o Samuel S. Kohn, Esq.
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
skohn@dl.com

**TITAN Technology Partners, Limited**
c/o Robert L. Shields, III
c/o Justin G. Williams
c/o Brooke M. Nixon
TANNER & GUIN, LLC
Capital Park Center
2711 University Boulevard
P.O. Box 3206 (35403-3206
Tuscaloosa, AL 35401-1465
rshields@tannerguin.com
jwilliams@tannerguin.com
bnixon@tannerguin.com

**Tax Collector of Madison County, Alabama**
Attn: Lynda Hall
Madison County Courthouse
100 Northside Square
Huntsville, AL 35801
swells@co.madison.al.us

*In re: The Colonial BancGroup*, Chapter 11 Case No. 09-32303
Pending in the U.S. Bankruptcy Court for the Middle District of Alabama (Montgomery)
Updated 11/9/09

| **Internal Revenue Service** | **Counsel for ERISA Class Action Plaintiffs** |
|---|---|
| c/o Paul A. Allulis | Derek W. Loeser |
| Trial Attorney, Tax Division | Karin B. Swope |
| U.S. Department of Justice | Keller Rohrback LLP |
| P.O. Box 14198 | 1201 Third Avenue, Suite 3200 |
| Ben Franklin Station | Seattle, WA 98101 |
| Washington, DC 20044 | dloeser@kellerrohrback.com |
| paul.a.allulis@usdoj.gov | swope@kellerronrback.com |

**VIA U.S. MAIL:**

John W. Sheffield, III
Associate Area Counsel
Internal Revenue Service
Attention Patty Koehler
801 Tom Martin Drive
Room 257
Birmingham, Alabama 35211

# Exhibit A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

----------------------------------------------------------------x
:
**In re** : Chapter 11 Case No.
:
**THE COLONIAL BANCGROUP, INC.,** : 09-32303 (DHW)
:
Debtor. :
:
----------------------------------------------------------------x

**ORDER APPROVING MOTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEFINE SCOPE OF, AND PROCEDURES FOR, DISCLOSURE OF INFORMATION TO UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a), 107(b)(1), AND 1102(b)(3) *NUNC PRO TUNC* TO SEPTEMBER 28, 2009**

This matter is before the Court on the Motion by the Official Committee of Unsecured Creditors to Define Scope of, and Procedures for, Disclosure of Information to Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 107(b), and 1102(b)(3), *Nunc Pro Tunc* to September 28, 2009 (the "Motion"), in which the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor (the "Debtor") sought the entry of an order approving certain information sharing procedures proposed by the Committee in the Motion (the "Information Sharing Procedures") relating to the transmittal of certain information by the Committee to its creditor constituency. Having reviewed the Motion, the Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and opportunity for objections have been provided to the Debtor, the Bankruptcy Administrator for the Middle District of Alabama, and those parties having filed a notice of appearance in this Chapter 11 case; and (v) such notice is appropriate under the circumstances.

After due deliberation, the Court having determined that the relief requested by the Committee in the Motion is in the best interests of the Committee, the Debtor, the Debtor's estate, and creditors of the Debtor; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** *nunc pro tunc* to September 28, 2009.

2. The Committee's obligations pursuant to section 1102(b)(3) of the Bankruptcy Code to provide access to information to unsecured creditors constituency shall be satisfied by complying with the following Information Sharing Procedures:

   A. <u>Sharing of Public Information</u>. The Committee, by and through counsel, will share with other unsecured creditors, upon request, any non-privileged, non-confidential or public information. In this regard:

   (i) The Committee, by and through counsel, will maintain a copy of all pleadings filed and orders entered in this case and shall provide a copy of the same to any individual or entity that makes a written request for the same.

   (ii) The Committee, by and through counsel, will be available to unsecured creditors requesting details about the status of this case. Any party wishing to obtain information regarding the status of this case may do so by contacting counsel for the Committee in the manner described below.

   B. <u>Sharing of Confidential and Privileged Information.</u> The Committee shall have no obligation to share any Confidential Information, Privileged Information (as those terms are defined below), or non-public information.

   (i) For the purposes of these procedures, the term "Confidential Information" shall mean any nonpublic information of the Debtor, including,

without limitation, nonpublic information or information not otherwise in the public domain concerning the Debtor's assets, liabilities, business operations, a sale of the Debtor's business, projections, analyses, compilations, studies, and other documents prepared by the Debtor or its advisors or other agents, which is furnished, disclosed, made known to the Committee, or discovered by the Committee. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee orally that the Debtor or its advisors or other agents advise the Committee should be treated as confidential, subject to the dispute resolution procedures set forth in paragraph E below.

(ii) For purposes of these procedures, the term "Privileged Information" shall mean information subject to the attorney-client or some other applicable state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other party.

(iii) Whether information held by the Committee constitutes Confidential Information or Privileged Information shall be determined in the sole discretion of the Committee and its counsel; provided, however, that Confidential Information and Privileged Information shall include all information, documents, or other materials designated as confidential or privileged by the Debtor, subject to the dispute resolution procedures set forth in paragraph E below.

3

C. <u>Form of Information Requests.</u> Any request for information to the Committee shall be made to the attention of its counsel and in writing to the following address: Schulte Roth & Zabel LLP, Attention: Brian D. Pfeiffer, Esq., 919 Third Avenue, New York, New York, 10021.

D. <u>Costs and Expenses.</u> Any unsecured creditor who requests information from the Committee will pay, in advance, to counsel for the Committee, the costs and expenses associated with providing that information to such creditor, including the costs of copying and postage. Alternatively, counsel for the Committee will provide such information to a creditor via e-mail (to the extent available and transmittable in this manner) at no charge.

E. <u>Dispute Resolution Procedures.</u> In the event that a party seeks information or documents from the Committee, and the Committee fails or refuses to provide the same, such party shall be entitled to file a motion seeking an Order from this Court directing the Committee to make available the information or documents at issue. Any pleading filed with the Clerk of the Court shall (a) specifically reference the information or documents sought, (b) be filed in a manner substantially in compliance with the Local Rules of this Court and the legal requirements in place in the Eleventh Circuit and the Middle District of Alabama, and (c) be served upon all parties requesting notice of proceedings in this case. Furthermore, if the Committee does not agree with the Debtor's designation of a document or documents as Confidential Information or Privileged Information, the Committee may seek a determination by the Court as to whether the document or documents in question are to be deemed Privileged Information or Confidential Information.

4

F. <u>Solicitation of Comments.</u> The Committee may solicit comments from various creditors regarding issues or matters involved in this case at its discretion unless, otherwise ordered or instructed by this Court.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

SO ORDERED, Montgomery, Alabama, this ___ day of November, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE