**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
-------------------------------------------------------x
                                                       :
In re                                                  :    Chapter 11 Case No.
                                                       :
THE COLONIAL BANCGROUP, INC.,                          :    09-32303 (DHW)
                                                       :
                          Debtor.                      :
                                                       :
-------------------------------------------------------x
```

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND
362 ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING
RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE**

Upon the Motion (the "Motion")[1] of The Colonial BancGroup, Inc., as debtor and debtor in possession in the above-captioned Chapter 11 case (the "Debtor"), pursuant to Sections 362 and 105(a) of title 11, United States Code (the "Bankruptcy Code"), for entry of a final order (the "Final Order") to establish notification procedures and approve restrictions on certain transfers of interests in the Debtor's estate, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for the FDIC and the SEC, (iv) the holders of the 20 largest unsecured claims against the Debtor, (v) any transfer agent for Colonial Common Stock (as defined below), and (vi) any person or Entity who is known to have filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and after the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

appearance of the FDIC and its announcement that it had no opposition to the Motion, subject to a reservation of rights set forth in footnote 2 below; and upon the record of the Hearing and all of the proceedings had before the Court; and no objection to the Motion having been raised; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

FOUND that the Debtor's consolidated tax group has net operating loss carryforwards and carrybacks ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes"), which the Debtor asserts are property of the Debtor's estate and therefore protected by Section 362(a) of the Bankruptcy Code;[2] and it is further

FOUND that unrestricted trading in Colonial Stock (as hereinafter defined) before the Debtor's emergence from Chapter 11 could severely limit the Debtor's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and it is further

FOUND that the notification procedures and restrictions on certain transfers of Colonial Stock are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtor, its estate, and its creditors; and it is further

FOUND that the relief requested in the Motion is authorized under Sections 105(a) and 362 of the Bankruptcy Code; and it is further

FOUND that on September 8, 2009, the Court signed an Interim Order pursuant to Sections 362 and 105(a) of the Bankruptcy Code (i) establishing notification procedures and approving restrictions on certain transfers of interests in the Debtor's estate, and (ii) scheduling a final hearing [Doc. No. 67].

---

[2] The FDIC, as receiver for Colonial Bank, disputes that the Tax Attributes are property of the Debtor's Estate. Nothing in this Final Order constitutes an adjudication or other determination of the ownership of the Tax Attributes as between the Debtor and the other members of its consolidated group, including, without limitation, Colonial Bank or the FDIC as receiver for Colonial Bank.

THEREFORE, IT IS:

**ORDERED** that the Motion is granted as provided herein on a final basis; and it is further

**ORDERED** that the provisions of this Final Order shall be effective, *nunc pro tunc*, to the date (that is, August 26, 2009) and the time (11:13 a.m. central time) of the filing of the Motion (the "Motion Date"); and it is further

**ORDERED** that any acquisition or disposition of Colonial Stock in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in Section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in Section 105(a) of the Bankruptcy Code; and it is further

**ORDERED** that the following procedures and restrictions shall apply to trading in Colonial Stock and are approved:

*(a) Colonial Stock Ownership, Acquisition and Disposition*

(1) Notice of Substantial Colonial Stock Ownership. Any person or Entity (as such term is defined in Section 382 of the Tax Code and the Treasury Regulations, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, Colonial Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the statutory committee of unsecured creditors appointed in this case (the "Creditors' Committee"), a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), **in a form that can be obtained at www.phrd.com/forms.aspx**, which describes specifically and in detail Colonial Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns.

(2) Acquisition of Colonial Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer of Colonial Stock (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Colonial Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, Entity or Substantial Equityholder (a "Proposed Equity

Transferee") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Colonial Stock (an "Equity Acquisition Notice"), **in a form that can be obtained at www.phrd.com/forms.aspx**, which describes specifically and in detail the proposed transaction in which Colonial Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3) Disposition of Colonial Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Colonial Stock (including Options to acquire such securities) that would result in a decrease in the amount of Colonial Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtor, the attorneys for the Debtor, and the attorneys for the Creditors' Committee, a Notice of Intent to Sell, Trade, or Otherwise Transfer Colonial Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), **in a form that can be obtained at www.phrd.com/forms.aspx**, which describes specifically and in detail the proposed transaction in which Colonial Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtor, the attorneys for the Debtor and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Colonial Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4) Objection Procedures. The Debtor and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Colonial Stock (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

(i) If either the Debtor or the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(ii) If neither the Debtor nor the Creditors' Committee files an Equity Objection by the Equity Objection Deadline, or if the Debtor and the Creditors' Committee (if and when appointed) provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed

solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5) <u>Unauthorized Transactions in Colonial Stock or Options.</u> Effective as of the date of the filing of the Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Colonial Stock (including Options to acquire Colonial Stock) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 105(a) and 362 of the Bankruptcy Code.

(6) <u>Definitions.</u> For purposes of this Order, the following terms have the following meanings:

 (i) <u>Substantial Equityholder.</u> A "Substantial Equityholder" is any person or Entity that beneficially owns: (A) at least 9,630,245 shares of Colonial's Common Stock (representing approximately 4.75% of all issued and outstanding shares of the Colonial Common Stock), (B) at least 14,250 shares of Colonial Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Colonial Preferred Stock) or (C) at least 4.75% of any combination of the shares of Colonial Stock).

 (ii) <u>Beneficial Ownership.</u> "Beneficial ownership" (or any variation thereof of Colonial Stock and Options to acquire Colonial Stock) shall be determined in accordance with applicable rules under Section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire Colonial Stock.

 (iii) <u>Option.</u> An "Option" to acquire Colonial stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

 (iv) <u>Colonial Common Stock.</u> "Colonial Common Stock" shall mean any class of common stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Common Stock may be treated as the owner of such Colonial Common Stock.

 (v) <u>Colonial Preferred Stock.</u> "Colonial Preferred Stock" shall mean those Fixed to Floating Rate Perpetual Non-cumulative Preferred Stock, Series A. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Colonial Preferred Stock may be treated as the owner of such Colonial Preferred Stock.

(vi) <u>Colonial Stock.</u> "Colonial Stock" shall mean Colonial Common Stock and Colonial Preferred Stock, or any combination of both.

*(b)  Noncompliance with the Trading Procedures.*

Any purchase, sale, or other transfer of Colonial Stock in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

*(c)  Debtor's Right to Waive.*

The Debtor may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order.

and it is further;

**ORDERED** that any person or Entity acquiring and/or disposing of Colonial Stock in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock Ownership," "Equity Acquisition Notice," and "Equity Disposition Notice" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in Section 105(a) of the Bankruptcy Code; and it is further

**ORDERED** that the forms of notices that were annexed to the Motion as <u>Exhibit E</u>, <u>Exhibit F,</u> and <u>Exhibit G</u> have been modified, and as finally approved by the Court, **can be obtained at www.phrd.com/forms.aspx**; and it is further

**ORDERED** that nothing in this Final Order shall preclude any interested party from seeking appropriate relief from the provisions of this Final Order; and it is further

**ORDERED** that within three (3) business days of the entry of this Final Order, the Debtor shall serve notice of the entry of this Final Order substantially in the form annexed to the Motion as <u>Exhibit B,</u> describing the authorized trading restrictions and notification requirements (the "<u>Final Procedures Notice</u>") and this Final Order to (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for the FDIC, (iv) the attorneys for the SEC, (v) the attorneys for the Creditors' Committee, (vi) any transfer agent for Colonial Stock, and (vii) any person or Entity who is known to have filed Schedule 13D or Schedule 13G with the SEC with regard to the beneficial ownership of Colonial Stock (collectively, the "<u>Notice Parties</u>"). Within three (3) business days of receipt of the Final

Procedures Notice and Final Order, any nominee holders shall send the Final Procedures Notice and the Final Order to all beneficial holders of Colonial Stock known to the nominee holder; and it is further

**ORDERED** that the Debtor shall submit a notice of the entry of this Final Order for a single publication on the Business Wire news distribution service and arrange for a single publication of such notice in the *Montgomery Advertiser*, in the national edition of *The Wall Street Journal* and in such other publications or news distribution service (if any) deemed appropriate by the Debtor; and it is further

**ORDERED** that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest from requesting relief from this Final Order in this Court subject to the Debtor's rights to oppose such relief; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

**ORDERED** that the requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

**ORDERED** that the relief granted in this Final Order is intended solely to permit the Debtor to protect, preserve and maximize the value of its Tax Attributes. Accordingly, except to the extent the Final Order expressly conditions or restricts trading Colonial Stock, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of Colonial Stock, including in connection with the treatment of any such interests under any Chapter 11 plan or any applicable bankruptcy court order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: November 23, 2009
       Montgomery, Alabama

                                        /s/ Dwight H. Williams, Jr.
                                        United States Bankruptcy Judge

- 7 -
Case 09-32303   Doc 311   Filed 11/23/09   Entered 11/23/09 13:39:54   Desc Main
Document      Page 7 of 7