IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE COLONIAL BANCGROUP, INC., | ) | Case No. 09-32303 (DHW) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**RESPONSE OF PENSION BENEFIT GUARANTY CORPORATION
TO DEBTOR'S MOTION FOR ORDER AUTHORIZING
<u>DEBTOR TO SEEK TERMINATION OF PENSION PLAN</u>**

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits its Response to the Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code For Order Authorizing the Debtor to Seek Termination of Pension Plan (the "Motion"), and states:

<u>Introduction</u>

1.      The sole authority for termination of a defined benefit pension plan is Title IV of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1301-1461 (2006). There is no authority for a bankruptcy court to terminate a pension plan. In the Motion, The Colonial BancGroup, Inc. (the "Debtor") requests the authority to seek termination of its defined benefit pension plan. Although the title of the Motion is ambiguous, it appears that the Debtor is merely asking the bankruptcy court for authority to *commence* the administrative process set forth under Title IV of ERISA. PBGC does not object to the Motion in so far as relief sought by the Debtor is limited to the relief set forth in the Order attached to the Motion as Exhibit A. However, for purposes of clarity, PBGC requests that any order entered with respect to this matter also state that actual plan termination requires compliance with the requirements of Title IV of ERISA.

**Facts**

2. On August 25, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101.

3. The Debtor is the contributing sponsor of The Colonial Retirement Plan (the "Pension Plan"). 29 U.S.C. § 1301(a)(13).

4. The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. § 1321.

5. The Debtor has stated that despite filing a petition under Chapter 11, it intends to liquidate its assets for the benefit of its creditors. Motion at ¶ 5.

**Statutory Background**

6. PBGC is a wholly owned United States government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of ERISA. PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

7. The exclusive methods of terminating a pension plan covered by Title IV of ERISA are:

    (a)    voluntary termination by the plan sponsor through the standard termination procedure described in 29 U.S.C. § 1341(b);

    (b)    voluntary termination by the plan sponsor through the distress termination procedure described in 29 U.S.C. § 1341(c); or

    (c)    PBGC-initiated termination under 29 U.S.C. § 1342.

*See Hughes Aircraft v. Jacobson*, 525 U.S. 432 (1999) (strict compliance with ERISA is the sole means by which an ERISA-covered pension plan may be terminated); *see also Phillips v. Bebber*, 914 F.2d 31, 34 (4th Cir. 1990).

8. A pension plan covered by Title IV may terminate through a standard termination *if and only if* the pension plan has sufficient assets to pay participants all the benefits that they are entitled to receive under the plan. *See* 29 U.S.C. § 1341(b). The plan sponsor closes-out the pension plan without the appointment of a trustee. In contrast, in a distress termination or a PBGC-initiated termination, the pension plan does not have sufficient assets to pay participants the benefits they are entitled to receive under the plan. In such cases, PBGC is typically appointed statutory trustee of the pension plan and pays eligible participants their insured benefits, up to statutory limits. 29 U.S.C. §§ 1342(b)(1) and (d)(1)(B)(I).

9. If a plan sponsor intends to terminate a pension plan through a distress termination, it must follow the procedure under 29 U.S.C. § 1341(c)(3), as well as the termination process under 29 C.F.R. §§ 4041.41 *et seq*.

10. When a plan sponsor seeks a distress termination under 29 U.S.C. § 1341(c) and is liquidating in bankruptcy or insolvency proceedings, PBGC is charged with determining whether that sponsor meets the requirements of 29 U.S.C. § 1341(c)(2)(B)(i). *See* 29 U.S.C. § 1341(c)(2)(B). Under such circumstances, a bankruptcy court has no cause to make any legal or factual determinations with respect to a debtor, or the pension plan that it seeks to terminate. *See* 29 U.S.C. § 1341(c)(2)(B)(i)(I) and (II).[1]

---

[1] The Debtor states that it has not "abandoned completely the possibility of a reorganization." Motion at 2 n.1. If indeed the Debtor attempts to reorganize (rather than liquidate its estate) and initiates a distress termination of the Pension Plan, PBGC will be charged with determining whether the Debtor has satisfied the requirements of 29 U.S.C. § 1341(c)(2)(B)(ii). *See* 29 U.S.C. § 1341(c)(2)(B).

## **Conclusion**

PBGC does not object to the relief sought by the Debtor, *viz.*, the authority to *commence* the administrative process to terminate the Pension Plan. However, PBGC wishes to clarify that, under Title IV of ERISA, PBGC is charged with determining whether the Debtor satisfies the requirements to terminate the Pension Plan. Therefore, PBGC requests that any Order entered by this Court with respect to the Motion state that actual plan termination requires compliance with the requirements of Title IV of ERISA.

        PENSION BENEFIT
        GUARANTY CORPORATION

Dated: November 27, 2009         /s/ Marc S. Pfeuffer
        ISRAEL GOLDOWITZ
        Chief Counsel
        CHARLES L. FINKE
        Deputy Chief Counsel
        JOEL W. RUDERMAN
        Assistant Chief Counsel
        MARC S. PFEUFFER
        Attorney
        PENSION BENEFIT
        GUARANTY CORPORATION
        Office of the Chief Counsel
        1200 K Street, NW
        Washington, D.C. 20005
        (202) 326-4020, ext. 4903
        FAX: (202) 326-4112
        pfeuffer.marc@pbgc.gov *and*
        efile@pbgc.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE COLONIAL BANCGROUP, INC., | ) | Case No. 09-32303 (DHW) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on November 27, 2009, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and served on the same day by electronic mail on those counsel or parties listed on the Master Service List and Other Interested Parties List attached hereto.

Dated: November 27, 2009      /s/ Marc S. Pfeuffer
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
JOEL W. RUDERMAN
Assistant Chief Counsel
MARC S. PFEUFFER
Attorney
PENSION BENEFIT
GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, NW
Washington, D.C. 20005
(202) 326-4020, ext. 4903
FAX: (202) 326-4112
pfeuffer.marc@pbgc.gov *and*
efile@pbgc.gov

# MASTER SERVICE LIST

| The Debtor | Counsel to the Debtor |
|---|---|
| The Colonial BancGroup, Inc.<br>(Attn: Kevin O'Halloran, CRO)<br>One Commerce Street<br>Suite 400<br>Montgomery, AL 36104 | Parker, Hudson, Rainer & Dobbs LLP<br>(Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, N.E.<br>Atlanta, GA 30303<br>edobbs@phrd.com<br>rdorsey@phrd.com |
| Special Counsel to the Debtor<br>Balch & Bingham LLP<br>(Attn: W. Clark Watson, Esq.)<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, AL 35203<br>cwatson@balch.com | Bankruptcy Administrator<br>Office of the United States Bankruptcy Administrator/ALMD<br>Frank M. Johnson, Jr. Federal Building and United States Courthouse<br>1 Church Street, Suite 103<br>Montgomery, AL 36104<br>ba@almb.uscourts.gov |
| State of Alabama Department of Revenue<br>Alabama Department of Revenue - Legal<br>(Attn: Mark Griffin Esq., Assistant Counsel & David Avery, Esq., Assistant Counsel)<br>P. O. Box 320001<br>Montgomery, AL 36132-0001<br>mark.griffin@revenue.alabama.gov<br>david.avery.legal@revenue.alabama.gov | Counsel for the Federal Deposit Insurance Corporation, as receiver for Colonial Bank<br>DLA Piper LLP (US)<br>(Attn: Thomas R. Califano, Esq. and Jeremy R. Johnson, Esq.)<br>1251 Avenue of the Americas<br>New York, NY 10020-1104<br>thomas.califano@dlapiper.com<br>john.clarke@dlapiper.com<br>jeremy.johnson@dlapiper.com |
| Committee Counsel<br>Schulte Roth & Zabel LLP<br>(Attn: Brian D. Pfeiffer, Esq.)<br>919 Third Avenue<br>New York, New York 10022<br>brian.pfeiffer@srz.com<br>alexis.chapin@srz.com | Fritz & Hughes, LLC<br>(Attn: Michael A. Fritz, Sr.)<br>7020 Fain Park Drive, Suite 1<br>Montgomery, AL 36117<br>P: (334) 215-4422<br>F: (334) 215-4424<br>michael@fritzandhughes.com |
| Burr & Forman<br>(Attn: Robert B. Rubin, Esq., Derek F. Meek, Esq. and Marc P. Solomon, Esq.)<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>brubin@burr.com<br>dmeek@burr.com<br>msolomon@burr.com | Local Counsel for the Bank of New York Mellon Trust Company, N.A.<br>Eric J. Breithaupt<br>505 20th Street North, Suite 1800<br>Birmingham, AL 35203<br>ejb@csattorneys.com |

1

| | |
|---|---|
| United States Department of Justice, Tax Division<br>Paul. A. Allulis<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P. O. Box 14198<br>Ben Franklin Station<br>Washington, D.C. 20044<br>T: (202) 514-5880<br>F: (202) 514-9868<br>paul.a.allulis@usdoj.gov | Internal Revenue Service<br>John W. Sheffield, III<br>Associate Area Counsel, Internal Revenue Service<br>(Attn: Patty Koehler)<br>801 Tom Martin Drive, Room 257<br>Birmingham, AL 35211<br>T: (205) 912-5464<br>john.w.sheffield@irscounsel.treas.gov |