# UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

In re , **Colonial BancGroup**

**Debtor,**

Case No. Case No. 09-32303

---

## Amended Motion to Continue Hearing and to Extend the Discovery Period

**Comes now the Respondents,** by and through attorney, and moves this Court to extend the discovery periods and as grounds for said motion would state:

For the purposes of this motion the Petitioner is Colonial BancGroup, the Debtor in this action.

For the purposes of this Motion the respondents are ex-employees of Colonial Bank, except for Lisa Free whom was the only respondent that was employed by Colonial BancGroup.

1. On the 8th day of December, 2009, this court held a hearing on the motion, document #255. The court set a short discovery deadline and the Respondents immediately requested documents from all persons that may possess documents and from non-parties Branch Banking and Trust, Milliman and Colonial Bank.

2. On December 21, 2009, the Respondents attorney received notice from the attorneys for Branch Banking and Trust, by facimile transmission that they would not comply with the subpeona, absent total compliance with the Rules of the Court, on requesting the subpeona's and specific naming of the seventy-seven persons that the request pertains.

3. On December 22, 2009, the Respondents were advised by Milliman that they would not respond to the subpeona issued upon them.

4. The Respondent's cannot specifically name all seventy-seven participant's in the plan until that information is received from Colonial Bancgroup and/or Charles Schwab.

5. Timely compliance with the order of the Court on discovery and hearings will be impossible under the short time frame set by the Court.

6. Without the cooperation of the parties and the persons that may possess records compliance with the discovery periods set by the Court is impossible.

7. Once the Respondent learns the names of each of the seventy-seven participants in the plan, the Respondent

will have to prepare notices of intent to issue subpeona's and provide fifteen days to file objections to the subpeona's and then will have to file and serve 77 subpeona's for records and provide time for response and service.

8. The Petitioner, Colonial Bancgroup, is that party that should be able to produce the documents that the Respondent needs, in order to respond to the motion pending before this Court, and the Respondents must have the information from Colonial Bancgroup in order to further respond to the motion.

9. With the refusal of Branch Banking an Trust and Milliman to comply with discovery request, it will be impossible for the Respondent to complete discovery before January 8, 2010, and to be ready for hearing on the motion by the trial date.

10. On the 23rd day of December, 2009, the Respondent was advised by attorneys for Charles Schwab that they would make an attempt to comply with the discovery request, but that due to their schedule they could not start looking for the documents until January 5th and that they would have to inform me as to who the party or company was at Scwab that had possession of the documents so that they could get me to issue a subpoena to the proper company at Schwab.

11. The Respondent's office closed for the Christmas weekend at 5:00 p.m. on December 23rd., 2009. Sometime after the close of business on December 23rd, 2009, the Respondent received an objection from the Petitioner, saying that they would not agree to the production of documents to the Respondent within the discovery period without strict compliance with the Federal Rules of Bankruptcy Procedure and without at least 30 days notice and a chance to file objections. The was a matter that the Respondent inferred to the Court when it set a shortened discovery schedule and that the schedule could not be complied with without the cooperation of the parties. It appears that the Petitioner is unwilling to make an effort to comply with the schedule.

12. The Petitioner further submitted request for admissions to the Respondent on the 23rd of December, 2009, by certified mail on December 23rd, 2009, which was delivered to the Respondent on December 28th, 2009, which the Respondent cannot answer without the discovery that the Respondent has requested from the Petitioner. The request for admissions issued to the Respondent cannot be complied with within the time set for discovery.

13. The Respondent cannot issue all notices for the issuance of third party subpoenas prior to the receipt of the discovery from the Petitioner.

14. In order to comply and meet all objections to discovery that have been filed with the Respondent, the Respondent will need a discovery period of a minimum of 75 additional days, plus time for reviewing the responses

prior to arranging for depositions, provided all parties cooperate in discovery and will need sufficient time after the production of documents to arrange for travel for depositions of persons that are not subject to subpoena in this jurisdiction.

15. All of the information requested by the Respondent from any other person and/or institution are matters that should be in the possession and control of the Petitioner and the other discovery may be unnecessary, should the Petitioner cooperate in the discovery previously requested. and is information that the Petitioner must present to this Court as part of it's proof, in order to prevail on the motion.

16. The Respondent has been advised by the Trust Administrator, Milliman, that they will not comply with the subpoena of the Respondent without strict compliance with the rules relating to notice of all third parties.

Wherefore, the premises considered, the Respondent request a continuance of the matter set in the motion filed as document 255 and Request that the Court provide adequate time for the Respondent to conduct discovery in this action.

                        **/s/ Richard D. Shinbaum**
                        Richard Shinbaum, SHI007
                        Attorney for the Respondents

Of Counsel:
Richard D. Shinbaum
Shinbaum, McLeod and Campbell, P.C..
Post Office Box 201
Montgomery, Alabama 36101
(334) 269-4440
(334) 263-4096 Fax

                        /s/ Kenneth J. Shinbaum
                        Kenneth J. Shinbaum
                        Attorney for the Respondents

Of Counsel :
Kenneth Jay Shinbaum
McPhillips, Shinbaum, LLP
P. O. Box 64
Montgomery , AL 36101-0000
kshinbaum@msg-lawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above styled motion was this day served upon the following, by placing the same in the United States Mail, properly addressed and postage prepaid, and/or electronics transmission pursuant to ECF Filing procedures this the <u>20th day of December, 2009</u>

C. Edward Dobbs
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
Email: edobbs@phrd.com

Rufus T. Dorsey, IV
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Tower II
285 Peachtree Center Ave. NE
Atlanta, GA 30303
Email: rdorsey@phrd.com

Rufus T. Dorsey, IV
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
Email: rdorsey@phrd.com


W. Clark Watson
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
Email: cwatson@balch.com

Bankruptcy Administrator
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Michael A. Fritz, Sr.
Fritz & Hughes, LLC
7020 Fain Park Drive, Suite 1
Montgomery, AL 36117
bankruptcy@fritzandhughes.com

N. Christian Glenos
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
cglenos@ba-boult.com


Jeremy R. Johnson
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
jeremy.johnson@dlapiper.com

Mark Booz
Legal Department
Branch Banking and Trust
200 West Second Street
3rd Floor
P.O. Box 1255
Winston-Salem, NC. 27102-1255

Sarah A. Huck
Reinhart, Boemer, Van Deuren
P.O. Box 2965
Milwaulkee, Wi 5320-2965

                                              /s/ Richard D. Shinbaum
                                              Richard D. Shinbaum
                                              Attorney for the Respondents