## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
----------------------------------------------------------x
                                        :
In re                                   :          Chapter 11
                                        :
THE COLONIAL BANCGROUP, INC.,           :          Case No.  09-32303 (DHW)
                                        :
               Debtor.                  :
                                        :
----------------------------------------------------------x
                                        :
                                        :
FEDERAL DEPOSIT INSURANCE               :
CORPORATION, as Receiver for            :
COLONIAL BANK,                          :
                                        :
       Movant,                          :
                                        :
v.                                      :          CONTESTED MATTER
                                        :
THE COLONIAL BANCGROUP, INC,            :
                                        :
       Respondent.                      :
                                        :
----------------------------------------------------------x
```

## MOTION FOR SUMMARY JUDGMENT OF
## THE COLONIAL BANCGROUP, INC.

Pursuant to Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure, and Rule 56 of the

Federal Rules of Civil Procedure, The Colonial BancGroup, Inc., as debtor and debtor in possession (the

"Debtor"), moves for summary judgment as to all relief requested in the Emergency Motion of The Federal

Deposit Insurance Corporation, As Receiver for Colonial Bank for An Order Modifying the Automatic Stay

[Doc. No. 156] (the "Stay Relief Motion") filed by the Federal Deposit Insurance Corporation, as receiver for

Colonial Bank (the "FDIC-Receiver").

In its Stay Relief Motion, the FDIC-Receiver seeks to modify the automatic stay to allow the FDIC-

Receiver to set off alleged claims against certain of the Debtor's depository accounts at Branch Banking and

Trust Company ("BB&T").

The Debtor respectfully submits that the FDIC-Receiver has not, and cannot as a matter of law, establish a *prima facie* case for modification of the automatic stay. The material undisputed facts in this case demonstrate that Colonial Bank, whose rights the FDIC-Receiver seeks to exercise, did not hold any claim against the Debtor or lien upon property of the Debtor as of the Petition Date and the Debtor's depository accounts that were formerly held at Colonial Bank were transferred to BB&T prior to the Petition Date. In support of this Motion, the Debtor relies upon its Brief in Support and documents included in the Appendix to this Motion.

Dated: January 11, 2010
   Montgomery, Alabama

       C. Edward Dobbs
       Email: ced@phrd.com

       Rufus T. Dorsey, IV
       rtd@phrd.com

       PARKER, HUDSON, RAINER & DOBBS LLP
       1500 Marquis Two Tower
       285 Peachtree Center Avenue, N.E.
       Atlanta, Georgia 30303
       Telephone No.: (404) 523-5300
       Facsimile: (404) 522-8409

       By: /s/ *Rufus T. Dorsey, IV*
        Rufus T. Dorsey, IV

       Attorneys for Debtor and Debtor in Possession