UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
------------------------------------------------------------x
                                                            :
In re                                                       :     Chapter 11
                                                            :
THE COLONIAL BANCGROUP, INC.,                               :     Case No. 09-32303 (DHW)
                                                            :
              Debtor.                                       :
                                                            :
------------------------------------------------------------x
```

**ORDER AFTER FINAL HEARING ON DEBTOR'S USE OF CASH AND, TO THE EXTENT
ANY CASH CONSTITUTES CASH COLLATERAL, GRANTING REPLACEMENT LIENS**

This matter came on for hearing before the Court on January 21, 2010 (the "Final Hearing"), on the Debtor's Motion for Entry of Interim and Final Orders Authorizing Use of Cash and, to the Extent Such Cash Constitutes Cash Collateral, Granting Replacement Liens [Doc. No. 319] (the "Motion").[1]

Pursuant to the Motion, the Debtor seeks to use proceeds of property of the estate, other than the Deposits (the "Non-Deposit Property"), for the purpose of paying expenses incurred by the Debtor or its estate that consist of (a) monthly operating and bankruptcy expenses consistent with the monthly estimates contained in Exhibit A attached hereto (the "Budget") and (b) professional fees and expenses to the extent payable under applicable orders of this Court.

The Debtor is aware of several entities that may assert a security interest in, lien upon or right of setoff with respect to certain property of the Debtor's estate. Those entities (the "Claimants") are the State of Alabama Department of Revenue, which asserts a tax lien with respect to certain property of the estate based on income and excise taxes in an aggregate principal sum less than $7 million [Claim No. 1]; the Madison County Tax Collector, which asserts a statutory personal property ad valorem tax lien in the amount of $20,118.28 with respect to alleged personal property of the Debtor in Madison County,

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to them in the Motion. This Order is in addition to, and not in derogation of, the authorizations set forth in prior cash collateral orders entered by the Court.

Alabama [Claim No. 24]; Branch Banking & Trust Company, which asserts a security interest in or right of offset with respect to a portion of the Deposits [Claim No. 163]; and the Federal Deposit Insurance Corporation, in its capacity as receiver for Colonial Bank, Montgomery, Alabama (in such capacity, the "FDIC-Receiver"), which asserts a security interest in and a right of offset with respect to all or a portion of the Deposits [Claim No. 139]. The Debtor does not concede that any of the Claimants has any lien upon, interest in or right of offset with respect to any property of the estate and none of the Claimants concedes that any other Claimant has any lien upon, interest in or right of offset with respect to any property of the estate.

By order entered on December 11, 2009 [Doc. No. 353] (the "Interim Order"), the Court authorized the Debtor's use of the Non-Deposit Property in accordance with terms and conditions set forth in the Motion.

The Debtor's use of the Non-Deposit Property is appropriate under Section 363 of the Bankruptcy Code and the alleged interests of each Claimant is either not affected or is adequately protected based on one or more of the following grounds: (a) the Claimant does not assert a security interest or lien in the Non-Deposit Property; or (b) the Claimant has not objected to the use of the Non-Deposit Property pursuant to the terms of this Order. The Official Committee of Unsecured Creditors (the "Committee") not only has consented to, but also supports, the Debtor's use of Non-Deposit Property in accordance with this Order.

NOW, THEREFORE, for cause shown, and it appearing that no objection has been filed with respect to the relief requested in the Motion, it is accordingly herewith:

**ORDERED** that the Motion be and is hereby granted as hereinafter set forth; and it is further

**ORDERED** that the Debtor shall be authorized to use any and all Non-Deposit Property for the purpose of paying expenses incurred by the Debtor or its estate that consist of (a) monthly operating and bankruptcy expenses consistent with the monthly estimates contained in the Budget, provided that the Debtor may at any time reallocate amounts shown on the Budget for a particular use to another use and

(b) professional fees and expenses to the extent payable under applicable orders of this Court; and it is further

**ORDERED** that this Order shall be without prejudice to the Debtor's right to request Court approval to seek use of the proceeds of the Deposits, subject to the Debtor's agreement that it will not seek to obtain from the Court a hearing on a request for use of any of the Deposits sooner than the date of the hearing on the FDIC-Receiver Motions; and it is further

**ORDERED** that nothing in this Order shall constitute a finding or adjudication (i) that any Claimant has any legal, valid or enforceable lien upon, right of offset with respect to or other interest in any Non-Deposit Property, any of the Deposits or any other assets of the Debtor, or (ii) with respect to the perfection or priority of any asserted lien, claim, interest or right of offset *vis-à-vis* any other lien, claim, interest or right of offset asserted by any other Claimant; and it is further

**ORDERED** that nothing in this Order shall constitute a finding or adjudication that the FDIC-Receiver is subject to this Court's jurisdiction, and all rights regarding jurisdictional defenses that have been or may be asserted by the FDIC-Receiver are reserved; and it is further

**ORDERED** that this Order is without prejudice to the right of any Claimant, the Committee or the Debtor to seek any other relief in this Chapter 11 case (other than with respect to the Non-Deposit Property authorized to be used pursuant to this Order), whether by motion, adversary proceeding or application, including, without limitation, in the case of the FDIC-Receiver, the right to seek whatever relief may be available to it under Sections 362, 365(o), 1104 or 1112 of the Bankruptcy Code, or the right of any party in interest to object to any relief requested by another party in interest; and it is further

**ORDERED** that none of the Claimants shall be deemed to have consented to, and each fully reserves all of its rights to object to, the allowance of any professional fees or expenses of any professional persons in accordance with the Fee Procedures Order or other applicable Court orders, <u>provided</u> that a Claimant's bases for objection to the allowance of any professional fees shall be limited to those bases set forth in 11 U.S.C. § 328 or 11 U.S.C. § 330(a) as applicable; and it is further

**ORDERED** that, if it is subsequently determined by final order of the Court that any amount of Non-Deposit Property used by the Debtor pursuant to the terms of this Order is subject to a valid security interest, lien or offset right of any entity and such security interest, lien or offset right is not subject to avoidance, nullification, invalidation or offset pursuant to any provisions of the Bankruptcy Code or other applicable law, then such affected party shall have, and is hereby granted, a security interest in and lien upon (for each affected party, a "Replacement Lien") all of the assets of the Debtor's estate (including after-acquired cash or proceeds) to secure the Debtor's repayment to such affected party of an amount equal to the lesser of (i) the amount of Non-Deposit Property used and (ii) the diminution in the value of the interest of such affected party in the Debtor's assets resulting from the Debtor's use of such Non-Deposit Property; provided, however, that the Replacement Lien granted in favor of any affected party (x) shall not attach to any Avoidance Claims or Avoidance Proceeds (as those terms are defined below) or any Non-Deposit Property authorized to be used pursuant to this Order and (y) shall be subject to any legal, valid, perfected and unavoidable lien with respect to assets of the estate that existed as of the commencement of the Chapter 11 case (each a "Pre-Petition Lien") to the same extent that the security interest, lien or offset right of such affected party was subject to any such Pre-Petition Lien. As used herein, the term "Avoidance Claim" shall mean any claim or cause of action that could be asserted by the Debtor under Section 544, 545, 546, 547, 548, 550 or 553 of the Bankruptcy Code; and the term "Avoidance Proceeds" shall mean proceeds received from the prosecution or settlement of an Avoidance Claim, whether such Avoidance Claim is prosecuted or settled by the Debtor, a subsequently appointed Chapter 11 or Chapter 7 trustee, or any representative of creditors (including the Committee); and it is further

**ORDERED** that nothing herein shall constitute an admission by the Debtor, the Committee or any Claimant of the validity, extent or priority of any claim, security interest, lien, offset right or other interest that any Claimant may have or assert with respect to the Non-Deposit Property or any other asset of the Debtor's estate or prejudice any right of any Claimant or any other interested party to seek a judicial

determination by the Court of the relative priorities (*vis-à-vis* any other Claimant or entity) of any rights, interests and claims, if any, of such Claimant to the Non-Deposit Property.

SO ORDERED, this 21st day of January, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

**Exhibit A**

**Monthly Operating Budget**

|                               | **Monthly Amount** |
|-------------------------------|-------------------:|
| **Bankruptcy Expenses**       |                    |
| Notice and mailing costs      | 1,000              |
| BA quarterly fees reserve     | 3,416              |
| Copy service                  | <u>1,000</u>       |
|                               | **$5,416**         |
| **Operational expenses**      |                    |
| Board compensation            | 6,000              |
| Chair compensation            | 5,000              |
| CRO salary                    | 35,000             |
| CRO out of pocket expenses    | 5,200              |
| Accounting staff              | 30,000             |
| Postage and overnight mail    | 100                |
| Office Supplies               | <u>100</u>         |
|                               | **$81,400**        |
| **Miscellaneous**             |                    |
| Technology infrastructure     | 5,000              |
| Public company requirements   | 1,000              |
| Miscellaneous                 | <u>2,500</u>       |
|                               | **$8,500**         |
| **Total**                     | **$95,316**        |