UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In Re ) | |
| ) | Chapter 11 |
| THE COLONIAL BANCGROUP, INC., ) | Case No. 09-32303 (DHW) |
| Debtor. ) | |
| THE COLONIAL BANCGROUP, INC. ) | |
| Movant, ) | |
| v. ) | CONTESTED MATTER |
| PATRICIA CHONG, MICHELLE CONDON, HOWARD DAVIS, KENNETH DELISLE, LISA FREE, ERNESTO GONZALES, WALTER HARGROVE, PATTI HILL, CHARLES MALCOLM HOLLAND III, LEAH JUNKINS, KERRY KIMMEL-GEIGER, CATHERINE KISSICK, LINA MACKI, LEE MARTINO, KENNETH MCCONWELL, JUDY MILLS, WILLIAM PAINTER, HARLAN PARRISH, RONALD PECK, JOSEPH ROYALS, JULIETTE STAPF, JAMES THARPE, AND PAMELA VITTO, ) | |
| Respondents. ) | |

### JAMES THARPE'S RESPONSE TO FIRST REQUEST FOR ADMISSIONS AND REQUEST FOR EXTENSION OF TIME TO RESPOND TO THE REQUEST FOR ADMISSIONS

COMES NOW, James Tharpe through his attorneys and hereby responds to the Request for Admissions and further requests an extension of time to respond to the Request for Admission and as grounds therefore states as follows:

## REQUEST FOR EXTENSION

1. The respondents have made a request for production of documents from the Debtor, Colonial BancGroup, Inc. and has made a request for production of documents from Colonial Bank, N.A., Colonial Bank, Charles Schwab, and BB&T. The respondent needs these documents to properly respond to the request for admissions. To this date the documents have not been produced. Therefore the Respondent is extremely hampered in responding to the request for admissions.

2. The Respondent request the right to either extend the time for them to respond to the Request for Admissions or the right to amend their answers to the Request for Admissions until 30 days after the Respondent receives the documents they have requested in their Request for Production of Documents.

## RESPONSE TO REQUEST FOR ADMISSIONS

The Respondent objects to definitions of Employer used by the Debtor in its Request for Admissions since it is different from the definition of Employer used in the documents which the debtor refers to in its request for admissions. Therefore, in responding to the Request for Admissions the Respondent will not use the definition of employer as used in the Debtor's definitions.

1. The Respondent is unable to admit or deny Request for Admission number 1 until such time as the Respondent has received the documents requested.

    Respondents admits that there was a memorandum from Patti Hill. Respondent denies that the memorandum referred to the plan dated November 2, 2007 and allegedly effective January 1, 2006 since,

    A. The plan to the best of their recollection was not attached to the memorandum,

    B. The plan that Debtor refers to does not pertain to employees of Colonial Bank N.A.

or employees of Colonial Bank.

    C.    The Memorandum of Patti Hill stated that the employees would be 100% vested in all amounts they contributed. Therefore based on the wording of Request for Admission number 1 Respondent denies request for Admission number 1.

    D.    You can't refer to a plan that does not exist, and the plans that the debtor refers to is dated after the date of the memorandum.

2. The Respondent is unable to admit or deny Request for Admission number 2 until such time as the Respondent receives the documents they have requested. Further, respondent states that Exhibit B appears to refer only to Colonial Bancgroup employees and states that the Respondent was not an employee of Colonial Bancgroup.

3. The Respondent is unable to admit or deny Request for Admission number 3 until such time as the Respondent receives the documents they have requested. Further, respondent states that Exhibit C appears to refer only to Colonial Bancgroup employees and states that the Respondent was not an employee of Colonial Bancgroup.

4. The Respondent is unable to admit or deny until such time as Respondent receives the documents they have requested in their Request for Production of Documents.

5. The Respondent is unable to admit or deny until such time as Respondent receives the documents they have requested in their Request for Production of Documents.

6. Respondent denies Request for Admissions number 6 in that he/she was an employee of Colonial Bank N.A. or Colonial Bank. Respondent was not an employee of Colonial Bancgroup, Inc. which is the employer referred to in Exhibit B.

7. Respondent is unable to admit or deny Request number 7 until such time as they receive the documents they have requested in the Request for Production of documents.

8. Respondent admits that Exhibit "B" intended to provide employees of Colonial BancGroup,

Inc. with an opportunity to supplement their retirement income. Respondent denies that Exhibit "B" intended to provide supplement retirement benefits for employees of Colonial Bank, N.A. or Colonial Bank.

9. Respondent admits that in Section 8 of Exhibit B contains the phrase "The Company's obligation under the plan shall be unfunded." Respondent denies that the plan was unfunded. Further, Respondent states that the plan was funded by employees in compensation they deferred and which was vested. Respondent admits that additional discretionary Colonial BancGroup contributions may not have been funded.

10. Respondents Denies Request for Admissions number 10.

11. Respondent admits that Section 8 of Exhibit "B" contains the phrase "The company's obligation under the plan shall be an unfunded and unsecured promise of the company to pay money in the future. Respondent denies that the plan was unfunded in that deduction from employees' salaries funded the plan. Further, employees were informed that they were 100% vested in the funds.

12. Respondent admits that in preamble of Exhibit "C" the phrase, "the trust is unfunded" appears. Otherwise, the Respondent denies that the trust agreement was unfunded . Further, Respondent states that the trust agreement appears to be for Colonial Bancgroup employees.

13. Respondent denies Request for Admission number 13, as it pertains to employees of Colonial Bank N.A. or Colonial Bank, and funds that were contributed by employees of Colonial Bank N.A. or Colonial Bank.

14. Respondent denies Request for Admission number 14 as it pertains to employees of Colonial Bank N.A. or Colonial Bank, and funds that were contributed by employees of Colonial Bank N.A. or Colonial Bank.

15. Respondent denies Request for Admission number 14 as it pertains to employees of Colonial Bank N.A. or Colonial Bank, and funds that were contributed by employees of Colonial

Bank N.A. or Colonial Bank.

Dated this _____ day of January, 2010.

        /s/ Richard D. Shinbaum
Richard Shinbaum, SHI007
Attorney for the Respondents

Of Counsel:
Richard D.. Shinbaum
Shinbaum, McLeod and Campbell,
PO Post Office Box 201
Montgomery, Alabama 36101
(334) 269-4440
(334) 263-4096 Fax

        /s/ Kenneth J. Shinbaum
Kenneth L Shinbaum
Attorney for the Respondents

OfConnse1 :
Kenneth Jay Shinbaum
McPhillips, Shinbaum, LLP
P.O. Box 64
Montgomery, AL 36101-0000
kshinbaum@msg-lawfirm.com

        /s/ Aaron J. Luck
Aaron J. Luck
Attorney for the Respondents

OfConnse1 :
Aaron J. Luck
McPhillips, Shinbaum, LLP
P.O. Box 64
Montgomery, AL 36101-0000
(334)262-1911
(334)263-2321

I hereby certify that a copy of the above styled motion was served upon the following, by placing the same in the United States Mail, properly addressed and postage prepaid, and/or electronics transmission pursuant to ECF Filing procedures this the 22nd day of January, 2010.

C Edward Dobbs
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E
Atlanta, GA 30303
Email: edobbs@phrd.com

Rufus T. Dorsey, IV
Parker, Hudson, RerniaR & Dobbs LLP
1500 Marquis Tower IT
285 Peachtree Center Ave. NE
Atlanta, GA 30303
Email: rdorsey@phrd.com

Rufus T. Dorsey, N
Parker, Hudson, Rainer & Dobbs, I,I,P
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E
Atlanta, GA 30303
Email: rdorsey@phrdcom

W. Clark Watson
Balch & Bingham I,I,P
1901 Sixth Avenue North
Suite 1500
Birmingham, AI, 35203
Email: cwatson@balch.com

Bankruptcy Administrator
U S. Bankruptcy Administrator
One Church Street
Montgomery, AI, 36104

    /s/ Richard D. Shinbaum
Richard D Shinbaum
Attorney for the Respondents

    /s/ Kenneth J. Shinbaum
Kenneth L Shinbaum
Attorney for the Respondents

    /s/ Aaron J. Luck
Aaron J. Luck
Attorney for the Respondents

Case 09-32303    Doc 529    Filed 01/26/10    Entered 01/26/10 15:44:04    Desc Main
Document    Page 6 of 6