## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
-------------------------------------------------------------x
                                          :
In re                                     :           Chapter 11
                                          :
THE COLONIAL BANCGROUP, INC.,             :           Case No. 09-32303 (DHW)
                                          :
                Debtor.                   :
                                          :
-------------------------------------------------------------x
```

## APPLICATION FOR ENTRY OF ORDER APPROVING
## EMPLOYMENT OF GRAY-ROBINSON, P.A. AS SPECIAL
## COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO JANUARY 1, 2010

TO:    The Honorable Dwight H. Williams, Jr.,
        United States Bankruptcy Judge:

**PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE MOVING PARTY. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY ALABAMA 36104.**

The Colonial BancGroup, Inc. (the "Debtor"), as debtor and debtor in possession, applies to this Court for an order pursuant to Sections 105 and 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9007-1 of the Local Rules of this Court, for authorization to employ the law firm of Gray-Robinson, P.A. ("GrayRobinson") as special counsel for the Debtor, *nunc pro tunc* to January 1, 2010, to represent the Debtor in a condemnation proceeding in Orlando, Florida, and issues related thereto.

In support of this Application, the Debtor relies on the Affidavit and Certification of Kent L. Hipp in Support of Application to Employ Gray-Robinson, P.A. as Special Counsel for the Debtor (the "Hipp Affidavit"), which is attached to this Application as Exhibit A. In further support of this Application, the Debtor shows the Court as follows:

## Background

1.      On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

3.      Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries.  As a bank holding company, the Debtor's banking subsidiary was overseen by various federal and state authorities.

4.      On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver for Colonial Bank.  The Debtor understands that, prior to the Petition Date, the FDIC sold substantially all of the assets of Colonial Bank to Branch Banking and Trust Company ("BB&T").

## Relief Requested

5.      By this Application, the Debtor seeks entry of an order pursuant to Sections 105 and 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 9007-1 of the Local Rules of this Court, authorizing the Debtor to retain GrayRobinson as special counsel to the Debtor in the Condemnation Proceeding (defined below) and matters related thereto, *nunc pro tunc* to January 1, 2010.

## Jurisdiction and Venue

6.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.      Venue is proper in this core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief requested in this Application are Sections 105 and 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 9007-1.

### The Condemnation Proceeding and GrayRobinson's Involvement

9. The Debtor owns certain real property described on <u>Exhibit B</u> attached to this Application, together with the improvements located thereon, in Orlando, Florida (the "<u>Garland Property</u>").  Prior to the Petition Date, the real property was used as a branch bank location.

10. In June of 2007, the State of Florida Department of Transportation (the "<u>FDOT</u>") instituted an action in eminent domain to condemn a portion of the Debtor's Garland Property for certain FDOT transportation projects (the "<u>Condemnation Proceeding</u>").  The FDOT named the Debtor, Colonial Bank, the City of Orlando and the Orange County Revenue Director as defendants therein. GrayRobinson represented the Debtor in the Condemnation Proceeding.

11. On or about October 16, 2007, the Debtor, the other named defendants and the FDOT entered into a Stipulated Order of Taking in which the FDOT took title and possession of the portion of the Garland Property the FDOT sought.  The Stipulated Order of Taking required the FDOT to deposit its good faith estimate of value for the taking in the amount of $2,592,900 into the Registry of the Court. Pursuant to Court Order, this initial deposit was disbursed to the Debtor less the pro rata real property taxes due for the portion of the property acquired by the FDOT.  However, the Condemnation Proceeding has not been concluded as there are other outstanding matters relating to the Garland Property that must be resolved.[1]

12. Under Florida law, the Debtor has a right to contest the FDOT's valuation of the real estate claims associated with the FDOT's taking, including amounts to be paid for the real property taken by the FDOT, amounts to be paid for the improvements in the area taken by the FDOT and the amount of severance damage caused to the Debtor's remaining property as a result of the taking.  Additionally, the Debtor has filed a statutory business damage claim, which also must be resolved.

13. Currently, BB&T is operating a branch bank on the Garland Property.

---

[1] Additionally, the Debtor filed a Suggestion of Bankruptcy in the Condemnation Proceeding on or about September 21, 2009.  *See* the Debtor's *Notice of Filing of Suggestions of Bankruptcy* [Doc. No. 202].

## Services to be Provided by GrayRobinson and its Qualifications

14.     Since March 28, 2005, GrayRobinson has served as counsel and has advised the Debtor in connection with the Condemnation Proceeding.

15.     The partners and associates of GrayRobinson who will represent the Debtor in the Condemnation Proceeding are uniquely familiar with the relevant issues, the State of Florida's eminent domain law more generally and property valuation issues relating to the Debtor's Garland Property. Consequently, retention of GrayRobinson as special counsel will be cost effective and beneficial to the Debtor. If the Debtor is unable to retain GrayRobinson in connection with the Condemnation Proceeding and matters relating thereto, the Debtor, its estate, and its creditors will be unduly prejudiced by the time and expense necessary to replicate GrayRobinson's extensive knowledge and experience. For these reasons, the Debtor believes that GrayRobinson is well qualified to serve as special counsel to the Debtor.

16.     The Debtor has retained the law firm of Parker, Hudson, Rainer & Dobbs LLP ("PHR&D") as its primary bankruptcy counsel. GrayRobinson and PHR&D have agreed to make every effort to avoid duplication of services in this Chapter 11 case.

17.     The professional services of GrayRobinson are necessary to enable the Debtor to execute faithfully and competently its duties as debtor in possession. Subject to the control and further order of the Court, the Debtor proposes to retain GrayRobinson to serve as the Debtor's counsel in the Condemnation Proceeding and to advise and assist the Debtor and PHR&D with regard to any facts or issues arising in the Condemnation Proceeding.

18.     GrayRobinson will not be involved in the day-to-day conduct of this Chapter 11 case, which tasks will be performed by PHR&D. The Debtor expects that there will be no duplication of services between counsel. Employment of GrayRobinson will enhance the discharge by the Debtor of its duties because of GrayRobinson's history with this specific matter for approximately the last five years and the experience and expertise of GrayRobinson in Florida eminent domain matters generally and this eminent domain matter specifically. Under Florida law (including, but not limited to, Sections 73.091 and 73.092 of the Florida Code), the FDOT is required to pay a statutorily mandated attorneys' fee as

well as the reasonable fees for all necessary experts retained by the property owner, in this case the Debtor. Accordingly, GrayRobinson will manage its engagement as special counsel on a cost-efficient and productive basis and without cost to the estate.

19.     GrayRobinson has indicated a willingness to serve as special counsel for the Debtor in accordance with the terms of this Application. The Debtor believes that it is necessary and in the best interest of its estate and its creditors to employ and retain GrayRobinson to render professional services as special counsel to the Debtor in the Condemnation Proceeding.

20.     To the best of Debtor's knowledge, the partners and associates of GrayRobinson (i) do not have any connection with the Debtor, its affiliates, its creditors or any other party in interest, or their respective attorneys, and (ii) do not hold or represent any interest adverse to the Debtor or its estate with respect to the matters upon which it is engaged, except as otherwise set forth in the Hipp Affidavit filed concurrently with this Application.

21.     Accordingly, the Debtor submits that GrayRobinson's proposed retention meets the four prerequisites for retention of special counsel under Section 327(e) of the Bankruptcy Code, in that: (1) the proposed retention is for specific purposes; (2) the proposed retention does not involve "conducting the [bankruptcy case]"; (3) the proposed retention is "in the best interest of [Debtor's] estate"; and (4) GrayRobinson does not hold or represent any interest adverse to the Debtor or its estate regarding the specific matters for which retention is sought.

22.     The facts supporting this Application and the qualifications of some of the professionals of GrayRobinson are set forth in the Hipp Affidavit attached hereto.

*[The remainder of this page is intentionally left blank.]*

**Compensation and Expense Reimbursement**

23.     Subject to the Court's approval, GrayRobinson will continue to serve as special counsel to the Debtor on the same basis contained in its original engagement letter dated February 28, 2005, a copy of which is attached hereto as <u>Exhibit C</u>.  Specifically, GrayRobinson will agree to accept the statutory attorneys' fees to be paid by the FDOT and not look to the Debtor for payment of any attorneys' fees or cost advances, as set forth in the Hipp Affidavit filed concurrently with this Application. Moreover, by separate applications, the Debtor will request that the Court approve the Debtor's continued employment of certain experts (appraiser, land planner, traffic engineer, surveyor and business damage experts) that have assisted counsel and the Debtor to date in the Condemnation Proceeding, all of whom have agreed to accept payment of their expert fees from the FDOT at the conclusion of the case and not look to the Debtor or its estate for payment.  Further, the Debtor will request the Court to allow the Debtor, through special counsel, to retain additional experts as necessary so long as such additional experts agree to work on the same basis as the current experts and not look to the Debtor or its estate for payment.

**Notice**

24.     The Debtor proposes to serve notice of this Application upon those persons on the Master Service List.  In light of the nature of the relief requested, Debtor respectfully submits that no further notice is necessary.

**WHEREFORE**, for all the foregoing reasons, the Debtor requests that the employment of the law firm of GrayRobinson to serve as special counsel to the Debtor in this Chapter 11 case be approved

by the Court, effective *nunc pro tunc* to January 1, 2010, under the terms specified herein, and that Debtor have such other and further relief as is just and proper.

Respectfully submitted, this 10th day of February, 2010.

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone No.:  (404) 523-5300
Facsimile:  (404) 522-8409


By: _/s/ *Rufus T. Dorsey, IV*_____
     Rufus T. Dorsey, IV


Attorneys for Debtor and Debtor in Possession

**Exhibit A**


**Affidavit of Kent L. Hipp**

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

```
-----------------------------------------------------------x
                                          :
In re                                     :          Chapter 11
                                          :
THE COLONIAL BANCGROUP, INC.,             :          Case No.  09-32303 (DHW)
                                          :
                    Debtor.               :
                                          :
-----------------------------------------------------------x
```

## AFFIDAVIT AND CERTIFICATION OF KENT L. HIPP IN SUPPORT OF APPLICATION TO EMPLOY GRAY-ROBINSON, P.A. AS SPECIAL COUNSEL FOR THE DEBTOR

Personally appeared before the undersigned officer duly authorized to administer oaths, KENT L. HIPP, who upon being duly sworn, deposes and states as follows:

1.      I am over 21 years of age, under no legal disabilities and competent to give this Affidavit.

2.      In compliance with 11 U.S.C. §§ 327 and 329(a) and Bankruptcy Rule 2014, I give this Affidavit in support of the Application for Entry of Order Approving Employment of Gray-Robinson, P.A. as Special Counsel for Debtor (the "Application"), which is being filed in this Chapter 11 bankruptcy case.

3.      I am a partner in the law firm of Gray-Robinson, P.A. ("GrayRobinson"), which maintains offices throughout Florida, including Fort Lauderdale, Jacksonville, Key West, Lakeland, Melbourne, Miami, Naples, Orlando, Tallahassee and Tampa.  I am an attorney-at-law admitted in good standing to practice in the State of Florida and in the United States District Courts for the Northern, Middle and Southern Districts of Florida.  I have personal knowledge of the facts set forth in this Affidavit.

4.      The Debtor has selected GrayRobinson to serve as special counsel in a certain eminent domain action (the "Condemnation Proceeding"), and matters related thereto, instituted by the State of Florida Department of Transportation (the "FDOT").  GrayRobinson is a full-service law firm with over 240 attorneys throughout Florida.  Prior to the commencement of this bankruptcy case, GrayRobinson served as counsel to the Debtor in the Condemnation Proceeding.

1400908_1

5.      GrayRobinson will not serve as general bankruptcy counsel to the Debtor. Those services will be provided to the Debtor by Parker, Hudson, Rainer & Dobbs LLP ("PHR&D"). Rather, GrayRobinson proposes to render specialized services to the Debtor by serving as the Debtor's counsel in the Condemnation Proceeding and advising and assisting the Debtor and PHR&D with regard to any facts or issues arising in the Condemnation Proceeding.

6.      Subject to the Court's approval, GrayRobinson will continue to serve as special counsel to the Debtor on the same basis contained in its original engagement letter dated February 28, 2005. Specifically, GrayRobinson will agree to accept the statutory attorneys' fees to be paid by the FDOT and not look to the Debtor for payment of any attorneys' fees or cost advances.

7.      During the one year period prior to the commencement of this bankruptcy case, the Debtor and its affiliates paid to GrayRobinson nothing for services rendered and expenses incurred in the course of providing representation of and advice to the Debtor and its affiliates in the Condemnation Proceeding.

8.      GrayRobinson maintains records of all its clients, the matters on which it represents its clients and the other parties which have substantial roles in such matters. GrayRobinson has reviewed such records to determine its connections with the the Debtor, creditors of Debtor and any other party in interest, their attorneys and accountants, and the Bankruptcy Administrator based on the best available listing of such creditors and other parties in interest available at this time, including the following:

    (a)      All secured creditors of the Debtor, to the extent a security interest or lien has been asserted by any creditor against property of the Debtor;

    (b)      The 20 largest general unsecured creditors of the Debtor as of August 25, 2009;

    (c)      Executive officers and directors of the Debtor;

    (d)      Accountants for the Debtor over the prior three years;

    (e)      Financial institutions at which the Debtor has a bank account; and

    (f)      Insurance carriers with current policies involving the Debtor.

9.      Based on the available information and record search, GrayRobinson makes the disclosures set forth in Exhibit 1 attached hereto.

- 2 -

10.     Based upon a review of GrayRobinson's records and using the available information, I do not believe that GrayRobinson represents or holds any interest adverse to the Debtor or to its estate with respect to the matters on which GrayRobinson is to be employed.

11.     Certain attorneys of GrayRobinson may own an equity interest in the Debtor, but not in an amount that is material to the services to be rendered by GrayRobinson to the Debtor in this bankruptcy case. I do not believe that any such relationship would give rise to a finding that GrayRobinson holds or represents an interest adverse to Debtor's estate.

12.     To the best of my knowledge, no attorney in GrayRobinson is now or has ever served as an officer, director or employee of the Debtor.

13.     To the best of my knowledge, no attorney in GrayRobinson is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

14.     To the best of my knowledge, no attorney in GrayRobinson is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

15.     To the best of my knowledge, no attorney in GrayRobinson is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

16.     To the best of my knowledge, no attorney in GrayRobinson has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

17.     To the best of my knowledge, no attorney in GrayRobinson has previously represented a creditor, equity security holder, partner, lessor, lessee, party to an executory contract or person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter substantially related to GrayRobinson's proposed representation of the Debtor in this case.

18.     To the best of my knowledge, except as set forth herein, GrayRobinson does not now represent, nor has it ever represented, an insider of the Debtor or any of the Debtor's subsidiaries or other affiliates.

- 3 -

19.     To the best of my knowledge, except as disclosed in paragraphs 6 and 23, no attorney in GrayRobinson has been paid fees pre-petition or holds a pre-petition security interest, guarantee or other assurance of compensation for services performed and to be performed in these cases.

20.     There is no agreement of any nature, other than the partnership agreement of GrayRobinson, as to the sharing of any compensation to be paid to GrayRobinson.

21.     After careful review and consideration, GrayRobinson is unaware of any undisclosed connection with the Debtor, its creditors, any other parties in interest, their respective attorneys and accountants, or the Bankruptcy Administrator.

22.     GrayRobinson has not undertaken steps to ascertain whether any GrayRobinson attorney or employee, or member of such attorney's or employee's immediate family, has engaged in ordinary course consumer transactions with the Debtor or any party in interest.  If any such relationship exists, I believe that it would not give rise to a finding that GrayRobinson holds or represents an interest adverse to the Debtor's estate.

23.     GrayRobinson will represent the Debtor in the Condemnation Proceeding with the understanding that GrayRobinson will be compensated by the Condemning Authority (the Florida Department of Transportation) as required by Florida law, including, but not limited to Sections 73.091 and 73.092 of the Florida Code.

*[The remainder of this page is intentionally left blank.]*

- 4 -

Further Affiant sayeth not, this 4th day of February, 2010.



_____
Kent L. Hipp

Sworn to and subscribed before
me, this 4th day of February 2010.

_____
Notary Public
My Commission Expires: 8/2/2013

Notary Public State of Florida
Debra B Townsend
My Commission DD912875
Expires 08/02/2013

(NOTARIAL SEAL)

**Exhibit 1**


**GrayRobinson Disclosures**

| CREDITOR | GRAY ROBINSON RELATIONSHIP |
|---|---|
| Banc of America Securities | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Bank of America, NA | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| BB&T | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Bear Stearns & Co. | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Chubb Group of Insurance Companies | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Citigroup Global Markets Inc. | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Federal Deposit Insurance Corporation | Client -- GrayRonbinson has represented and currently represents the FDIC in matters unrelated to this Chapter 11 bankruptcy case. |
| H&R Block Financial Advisors | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Hewlett Packard Company | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Michael Sleaford | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Morgan Stanley & Co. | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Paul V. Mellini | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Raymond James & Associates | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |

| CREDITOR | GRAY ROBINSON RELATIONSHIP |
|----------|---------------------------|
| RBC-Centura Bank of Atlanta, Georgia | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Robert A. Loftin | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Robert W. Baird & Co., Inc. | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| SunTrust Robinson Humphrey, Inc. | Together with certain of its affiliates, a Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Synovus | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Toyota Motor Credit Corporation | Together with certain of its affiliates, a Client -- -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| UBS Securities LLC | Together with certain of its affiliates, a Client -- -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Verizon Wireless | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Wachovia Capital Markets | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |
| Wells Fargo Securities | Client -- GrayRobinson has represented or currently represents this client on matters unrelated to this Chapter 11 bankruptcy case and the Condemnation Proceeding. |

**Exhibit B**


**Garland Property**

In re  **The Colonial BancGroup, Inc.**                                           Case No.  **09-32303**
_____,
                                    Debtor

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **715 N. Garland Avenue, Orlando, Florida 38201, more particularly described as follows:**<br><br>**Lot 1, C & G Properties as recorded in Plat Book 38, Page 84, Public Records of Orange County, Florida (less part taken for R/W on W & S per 9482/1656)**<br><br><br>**Note: The Debtor is informed and believes that Colonial Bank held a mortgage on the real estate to secure an indebtedness and that the indebtedness was satisfied from the proceeds of a partial payment received in a condemnation action brought by the Florida Department of Transportation with respect to the property. Additionally, the Debtor believes there are accrued and unpaid property taxes, the amount of which has not as yet been verified.** | **100% Ownership** | - | **Unknown** | **Unknown** |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                 Best Case Bankruptcy

**Exhibit C**

**GrayRobinson Engagement Letter**



SUITE 1400
301 EAST PINE STREET (32801)
P.O. BOX 3068
ORLANDO, FL 32802-3068
TEL 407-843-8880
FAX 407-244-5690
gray-robinson.com

CLERMONT
KEY WEST
LAKELAND
MELBOURNE
ORLANDO
TALLAHASSEE
TAMPA

RECE...
MAR ...
K...

KENT L. HIPP, ESQUIRE
(407) 244-5672
khipp@gray-robinson.com

February 28, 2005

Mr. Ed Davis
Colonial BancGroup, Inc.
201 E. Pine Street, Suite 200
Orlando, Florida 32801

**ATTORNEY/CLIENT PRIVILEGED**
**CONFIDENTIAL COMMUNICATION**

Re: **Acquisition of Property by the Florida Department of Transportation**
**("FDOT") for the I-4 Widening and Improvement Project**
**Property Owner: Colonial BancGroup, Inc.**
**Property Address: 715 N. Garland Ave.**
**FDOT Parcel No.: 277**

Dear Ed:

This confirms that you have retained me and my law firm to represent Colonial BancGroup, Inc. in any acquisition and/or eminent domain action by the Florida Department of Transportation for the above-referenced project. Our representation will cover all stages of the acquisition and/or eminent domain action including negotiations and trial.

The following Agreement is made regarding my firm's attorney fees and costs for this legal representation:

By Florida law, the taking authority is required to pay my firm's fees and costs for representing you. My firm agrees to accept these statutory attorney's fees as our fee for the representation. Our fee is in addition to what you are paid as full compensation for the property taken. Accordingly, you will not be required to pay any of our attorney's fees for our efforts to complete your matter.

We will be required to retain valuation experts such as an appraiser, traffic engineer and surveyor in order to determine the appropriate amount of compensation for the taking of your property. By law, the FDOT is required to pay reasonable fees for these necessary experts. Accordingly, these experts will defer their fees and accept the court award or negotiated settlement in full payment of their fees.

**GRAY ROBINSON**
PROFESSIONAL ASSOCIATION

Mr. Ed Davis
Colonial BancGroup, Inc.
February 24, 2005
Page 2

Pursuant to GrayRobinson's file retention policy, at the conclusion of your case, we will maintain your file for ten (10) years.  After ten years, your file will be destroyed.

If the above stated arrangement meets with your approval, please indicate so by having the extra copy of this letter signed in the space provided below, and return it to our offices.  Your approval of this letter will include agreement regarding the fees and costs arrangement.

I appreciate the confidence and trust you have placed in my firm in asking us to represent you.  Please call me at any time if you have questions on the status or progress of your matter.

Very truly yours,

Kent L. Hipp

KLH/prw

Agreed to and Accepted by:

**Colonial BancGroup, Inc.**

By: _____

Title: _Pres.dent  dCBC - Colonial Bank Central Florida  Region_

Date: _3\ 28\05_

Address (if different from above): _____
Home Phone: _____
Business Phone: _407-481-8833_
Mobile Phone: _407-718-1873_
Fax Number: _407-481-9879_
E-mail address: _Mike_Stanford @ Colonial Bank.com_

\20400\1 - # 365922 v1

**Exhibit D**


**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
----------------------------------------------------------x
                                        :
In re                                   :              Chapter 11
                                        :
THE COLONIAL BANCGROUP, INC.,           :              Case No.  09-32303 (DHW)
                                        :
              Debtor.                   :
                                        :
----------------------------------------------------------x
```

## ORDER APPROVING EMPLOYMENT OF
## GRAY-ROBINSON, P.A. AS SPECIAL COUNSEL TO THE DEBTOR

This matter is before the Court upon the application (the "Application") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an order, pursuant to Sections 105 and 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9007-1 of the Local Rules of this Court, seeking authority to employ Gray-Robinson, P.A. ("GrayRobinson") as special counsel to the Debtor, *nunc pro tunc* to January 1, 2010.[2]

NOW, THEREFORE, based upon the Application and all of the proceedings before this Court, and after due deliberation and sufficient cause appearing therefor, *[and no objection to the Application having been raised,]* it is hereby:

**ORDERED** that the Application is granted, *nunc pro tunc* to January 1, 2010 *[, all objections to the Application having been withdrawn, settled or overruled]*; and it is further

**ORDERED** that, pursuant to Sections 105 and 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the employment of GrayRobinson and its respective partners and associates as special counsel

---

[2]  Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to them in the Application.

for the Debtor to perform the services specified in the Application is hereby authorized and approved; and it is further

**ORDERED** that notice of the Application as provided therein shall be deemed good and sufficient notice thereof; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated:  March __,  2010
        Montgomery, Alabama


_____
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
----------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
THE COLONIAL BANCGROUP, INC.,             :          09-32303 (DHW)
                                          :
              Debtor.                     :
                                          :
----------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on February 10, 2010, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and served on the same day by electronic mail on those counsel or parties listed on the Master Service List attached hereto.

This 10th day of February, 2010.

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone No.:  (404) 523-5300
Facsimile:  (404) 522-8409

By: _/s/ *Rufus T. Dorsey, IV*_____
     Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession

# MASTER SERVICE LIST

| | |
|---|---|
| The Debtor<br>The Colonial BancGroup, Inc.<br>(Attn: Kevin O'Halloran, CRO)<br>One Commerce Street<br>Suite 400<br>Montgomery, AL 36104 | Counsel to the Debtor<br>Parker, Hudson, Rainer & Dobbs LLP<br>(Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, N.E.<br>Atlanta, GA 30303<br>edobbs@phrd.com<br>rdorsey@phrd.com |
| Special Counsel to the Debtor<br>Balch & Bingham LLP<br>(Attn: W. Clark Watson, Esq.)<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, AL 35203<br>cwatson@balch.com | Bankruptcy Administrator<br>Office of the United States Bankruptcy Administrator/ALMD<br>Frank M. Johnson, Jr. Federal Building and United States Courthouse<br>1 Church Street, Suite 103<br>Montgomery, AL 36104<br>ba@almb.uscourts.gov |
| State of Alabama Department of Revenue<br>Alabama Department of Revenue - Legal<br>(Attn: Mark Griffin Esq., Assistant Counsel & David Avery, Esq., Assistant Counsel)<br>P. O. Box 320001<br>Montgomery, AL 36132-0001<br>mark.griffin@revenue.alabama.gov<br>david.avery.legal@revenue.alabama.gov | Counsel for the Federal Deposit Insurance Corporation, as receiver for Colonial Bank<br>DLA Piper LLP (US)<br>(Attn: Thomas R. Califano, Esq. and Jeremy R. Johnson, Esq.)<br>1251 Avenue of the Americas<br>New York, NY 10020-1104<br>thomas.califano@dlapiper.com<br>john.clarke@dlapiper.com<br>jeremy.johnson@dlapiper.com |
| Committee Counsel<br>Schulte Roth & Zabel LLP<br>(Attn: Brian D. Pfeiffer, Esq.)<br>919 Third Avenue<br>New York, New York 10022<br>brian.pfeiffer@srz.com<br>alexis.chapin@srz.com | Fritz & Hughes, LLC<br>(Attn: Michael A. Fritz, Sr.)<br>7020 Fain Park Drive, Suite 1<br>Montgomery, AL 36117<br>P: (334) 215-4422<br>F: (334) 215-4424<br>michael@fritzandhughes.com |
| Burr & Forman<br>(Attn: Robert B. Rubin, Esq., Derek F. Meek, Esq. and Marc P. Solomon, Esq.)<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>brubin@burr.com<br>dmeek@burr.com<br>msolomon@burr.com | Local Counsel for the Bank of New York Mellon Trust Company, N.A.<br>Eric J. Breithaupt<br>505 20th Street North, Suite 1800<br>Birmingham, AL 35203<br>ejb@csattorneys.com |

1

United States Department of Justice, Tax Division
Paul. A. Allulis
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
T: (202) 514-5880
F: (202) 514-9868
paul.a.allulis@usdoj.gov

Counsel to Lead Plaintiffs in *In re Colonial BancGroup, Inc. Securities Litigation*
Lowenstein Sandler PC
(Attn: Michael S. Etkin, Esq. and Ira M. Levee, Esq.)
65 Livingston Avenue
Roseland, NJ 07068
T: (973) 597-2500
F: (973) 597-2400
metkin@lowenstein.com
ilevee@lowenstein.com

Internal Revenue Service
John W. Sheffield, III
Associate Area Counsel, Internal Revenue Service
(Attn: Patty Koehler)
801 Tom Martin Drive, Room 257
Birmingham, AL 35211
T: (205) 912-5464
john.w.sheffield@irscounsel.treas.gov

2