UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 09-32303-DHW
                                                   Chapter 11
THE COLONIAL BANCGROUP, INC.,

    Debtor.

ORDER APPROVING INTERIM FEE APPLICATIONS

Parker Hudson Rainer & Dobbs LLP (attorneys for the debtor), Balch & Bingham LLP (special counsel for the debtor), Burr & Forman, LLP (attorneys for the creditors' committee), and Schulte Roth & Zabel LLP (Co-counsel for the committee) filed interim fee applications (Doc. Nos. 489, 484, 488, and 490).

The applications came on for hearing on March 4, 2010. The bankruptcy administrator recommended approval of the applications.

Creditor FDIC filed a limited objection to the fees. The FDIC objects to the reasonableness and necessity of the fees incurred, primarily those incurred by the attorneys for the committee. However, the FDIC asserts, and the attorneys for the committee concur, that the reasonableness and necessity of the fees can best be determined after pending litigation with the FDIC has been resolved or adjudicated. The FDIC requests the imposition of a holdback pending a final fee application. Upon consideration of the motions and responses and arguments of counsel, it is hereby

ORDERED that the interim fee applications are approved. The attorneys for the committee shall hold 15% of the approved fees in trust pending adjudication of their final fee applications in this case.[1]

On future interim fee applications, the attorneys for both the debtor and the committee shall hold 15% of any approved fees in trust pending adjudication of their final fee applications in this case.

Nothing in this order constitutes a ruling on either the reasonableness or the necessity of the fees approved by this order.

Done this 4th day of March, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
C. Edward Dobbs, Esq.
W. Clark Watson, Esq.
Robert B. Rubin, Esq.
Alan R. Glickman, Esq.

---

[1] The objection filed by the FDIC, though directed to all four fee applications, was primarily directed to the application filed by the attorneys for the committee. The allegations in the objection suggest that the attorneys for the committee may be duplicating services performed by the attorneys for the debtor and that the attorneys for the committee may be performing duties that properly belong to the debtor under the Code. However, because the parties are not asking the court to rule on these issues at this time, a holdback held in trust by the attorneys for the committee appears to be an appropriate interim solution.