IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> THE COLONIAL BANCGROUP, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 09-32303(DHW) |

**STIPULATION AND ORDER REGARDING ESTABLISHMENT OF
SEGREGATED ACCOUNT FOR TAX-RELATED PAYMENTS**

Subject to the approval of the Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court"), this Stipulation (the "Stipulation") dated February 24, 2010 is entered into by and between The Colonial BancGroup, Inc., as debtor and debtor in possession (the "Debtor"), and the Federal Deposit Insurance Corporation, as receiver for Colonial Bank, Montgomery, Alabama (the "FDIC-Receiver"), by their undersigned attorneys.

WHEREAS:

A. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC-Receiver was appointed as its receiver. Upon its appointment as receiver, pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-Receiver succeeded, *inter alia*, to all rights, titles, powers and privileges of the bank;

B. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117. The Debtor was the holding company for Colonial Bank prior to the order closing Colonial Bank;

C. Prior to the date of this Stipulation, the Debtor filed consolidated tax returns and tax refund claims with the Internal Revenue Service ("IRS") and other taxing authorities;

D. The parties expect there to be tax refunds and/or the return of tax overpayments paid by the IRS and other taxing authorities with respect to taxes paid by or on behalf of the Debtor (or its subsidiaries other than Colonial Bank) or Colonial Bank (or its subsidiaries) (the "Tax Refunds");

E. The FDIC-Receiver contends that all or substantially all of the Tax Refunds belong to Colonial Bank and thus are property of the FDIC-Receiver as its receiver. The Debtor contends that all or substantially all of the Tax Refunds belong to the Debtor and thus are property of the Debtor's bankruptcy estate. No determination has been made in any court as to whether the Tax Refunds, in whole or in part, are property of the FDIC-Receiver or of the Debtor's estate;

F. In anticipation of the receipt of Tax Refunds, and in order to avoid unnecessary disputes, the parties believe that it is in their best interests to agree to a protocol for the deposit and retention of the Tax Refunds in a segregated account, without prejudice to either party's position, all in the manner described in this Stipulation.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1. The Debtor shall establish a separate, segregated account under its name that shall be designated for the sole purpose of holding on deposit Tax Refunds in accordance with the terms and conditions of this Stipulation (the "Tax Refund Holding Account") and will be an interest bearing account to the extent obtainable in accordance with applicable bankruptcy rules and law. The Debtor and the FDIC-Receiver each agrees that any Tax Refunds that either of them may have received since the Petition Date or that either of them receives in the future shall be promptly deposited into the Tax Refund Holding Account.

2. The Debtor agrees that, within five (5) business days after its CRO's receipt thereof, the Debtor will provide to counsel for the FDIC-Receiver a copy of any account statement, confirmation or other notice provided to Debtor with respect to the Tax Refund Holding Account; *provided, however*, that counsel for the FDIC-Receiver shall retain and not distribute such documents other than to the FDIC-Receiver.

2

3. The fact that the Tax Refunds are deposited into or held in the Tax Refund Holding Account shall have no bearing on the determination of ownership of the Tax Refunds; and nothing in this Stipulation shall be deemed an admission by any party as to the relative ownership rights of the parties. Similarly, the fact that the Tax Refund Holding Account is established in the Debtor's name shall not give rise to any rights of the Debtor as an account holder with respect to any Tax Refunds deposited into the Tax Refund Holding Account, including, without limitation, any right of setoff, recoupment, deduction or chargeback. Without limiting the generality of the foregoing, the parties agree that no presumption or adverse inference shall exist or arise as a result of this Stipulation or actions in accordance herewith with respect to the following: (a) the issue of ownership of the Tax Refunds between the Debtor's estate and the Colonial Bank receivership estate (the "Estates"); or (b) the nature of the relationship and obligations, if any, between the Estates, including, without limitation, the existence or non-existence of (i) a debtor-creditor relationship between the Estates, (ii) a constructive trust in favor of either Estate, or (iii) the nature or scope of any obligations or duties between the Estates.

4. Each party reserves all of its rights and arguments with respect to the forum in which any dispute as to the ownership of the Tax Refunds should or must be determined.

5. No funds shall be distributed or released from the Tax Refund Holding Account except upon (i) mutual agreement of the Debtor and the FDIC-Receiver which is approved by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Mutual Agreement"), or (ii) an order having been entered by a federal court of competent jurisdiction that determines the ownership of the Tax Refunds as between the Debtor and the FDIC-Receiver and such order having become final in that all appeals from such order have been exhausted or the time for taking any appeal has expired (a "Final Order"), it being understood that it is the Debtor's position that the Bankruptcy Court is such a court and that the FDIC-Receiver reserves all of its arguments in that regard.

6. All funds held in the Tax Refund Holding Account shall be distributed or released from that account in accordance with either a Mutual Agreement or a Final Order, whichever is applicable.

When funds are released from the Tax Refund Holding Account to both parties, any accrued interest thereon shall be distributed on the same pro-rata basis.

7. The parties agree to undertake reasonable efforts to reach agreement as to their respective ownership of the Tax Refunds. Nothing herein shall prejudice, waive or impair the right of either the Debtor or the FDIC-Receiver to bring an action in the Bankruptcy Court or another federal court seeking a determination as to the ownership of the Tax Refunds, subject to all jurisdictional arguments and defenses, all of which are expressly reserved by each party.

8. The Debtor and the FDIC-Receiver each agrees to cooperate fully to obtain Bankruptcy Court approval of this Stipulation. Pending such approval and at all times thereafter, this Stipulation shall govern the establishment of the Tax Refund Holding Account and the deposit and maintenance of the Tax Refunds.

9. In the event that the Bankruptcy Court does not enter an order approving this Stipulation, then the parties shall be returned to their respective positions before entering into this Stipulation, and any funds deposited unto the Tax Refund Holding Account shall be returned to the party that deposited such funds in that account together with any applicable interest thereon.

Dated: February 24, 2010

/s/ Rufus T. Dorsey, IV
C. Edward Dobbs
edobbs@phrd.com
Rufus T. Dorsey, IV
rtd@phrd.com
Parker, Hudson, Rainier & Dobbs LLP
1500 Marquis Two Tower
Atlanta, Georgia 30303
(404) 523-5300

Attorneys for the Debtor,
 The Colonial BancGroup, Inc.

4

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia 22226
(703) 562-2429

/s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
michael@fritzandhughes.com
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, AL 36117
(334) 215-4422

- and -

Thomas R. Califano
John. J. Clarke, Jr.
Jeremy R. Johnson
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:    212-335-4500
Facsimile:    212-335-4501

Attorneys for the
 Federal Deposit Insurance Corporation,
 as Receiver for Colonial Bank

5

The above and foregoing Stipulation is hereby approved.

*Dwight H. Williams*
United States Bankruptcy Judge