## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                          )
                                                )
**THE COLONIAL BANCGROUP, INC.**     )          **Case Number 09-32303**
                                                )          **Chapter 11 Case**
        Debtors.                                )

## RESERVATION OF RIGHTS AND LIMITED OBJECTION OF BB&T TO AMENDED MOTION OF THE FDIC-RECEIVER FOR AN ORDER MODIFYING THE AUTOMATIC STAY

Branch Banking and Trust Company ("BB&T"), by its undersigned counsel, hereby submits this Reservation of Rights and Limited Objection to the Amended Motion of the FDIC-Receiver for an Order Modifying the Automatic Stay (the "Amended Motion") [Doc. No. 499].

1.      On September 18, 2009, the Debtor filed an emergency motion for entry of interim and final orders authorizing use of cash collateral and granting replacement liens (the "Cash Collateral Motion") [Doc. 87]. In the Cash Collateral Motion, the Debtor identified seven accounts that it asserts are demand deposit accounts in its name held by BB&T with account numbers ending in 1127, 5437, 5460, 5452, 5445, 3234 and 3218 (the "Accounts").

2.      On October 5, 2009, the FDIC-Receiver filed its Emergency Motion for an Order Modifying the Automatic Stay [Doc. No. 156], and on January 22, 2010, filed its Amended Motion for an Order Modifying the Automatic Stay [Doc. No. 499] (collectively, the "Amended Motion"). In the Amended Motion, the FDIC-Receiver asserts various rights, including without limitation, setoff rights against certain funds in the Accounts.

3.      The Committee and the Debtor have filed Objections to the FDIC-Receiver's Amended Motion [Doc. Nos. 694 & 695]; and the Debtor has filed a Motion for Summary Judgment in opposition to the Amended Motion [Doc. No. 697] (collectively, the "Objections"). In their Objections, the Committee and the Debtor contend, among other things, that the FDIC-

1

Receiver's Amended Motion should be denied on grounds that the Accounts are liabilities of BB&T rather than the FDIC-Receiver – i.e., a lack of "mutuality."

4.     The Amended Motion and the Objections thereto constitute a contested matter (the "Contested Matter").

5.     BB&T is not a party to the Contested Matter.  Moreover, due to a Confidentiality Stipulation and Protective Order entered April 7, 2010, between and among the FDIC-Receiver, the Debtor and the Committee, BB&T has heretofore been wholly deprived of access to discovery, depositions and even certain court filings in the Contested Matter.  [Doc. No. 654].

6.     Although not a party to the Contested Matter, BB&T claims an interest in the Accounts. [BB&T Proof of Claim, Claim No. 163-1].  Without limitation, BB&T claims that certain of the balances in the Accounts secure certain loans to the Debtor's subsidiaries and affiliates held by BB&T (the "Affiliate Loans").  The respective rights and obligations between BB&T and the FDIC-Receiver with respect to the Accounts and the Affiliate Loans are as provided under a Purchase and Assumption Agreement dated as of August 14, 2009 (the "P&A Agreement").

7.     The FDIC-Receiver has acknowledged to BB&T and in its court filings that its Amended Motion is not directed to the balances in the Accounts to the extent they secure the Affiliate Loans held by BB&T.  Rather it only asserts rights in the Accounts to the extent BB&T is "over-secured."    *See* Amended Motion, Doc. No. 499, @ fn 2 ("[T]he FDIC-Receiver's motion does not seek to exercise setoff rights as to any portion of the deposit balances that is needed by BB&T as substitute collateral for Affiliate Liabilities under the relevant security agreement.  Only those portions of the balances that are not needed by BB&T as collateral will be subject to the FDIC-Receiver's setoff rights.").  Therefore, it is BB&T's belief and

2

understanding that the Contested Matter involves *only the rights and claims as between the FDIC-Receiver and the Debtor*, and that any orders entered in the Contested Matter (1) would be *without* prejudice to any rights, claims, defenses or remedies of BB&T in the bankruptcy case or relating to the Accounts, the Affiliate Loans and the P&A Agreement; and (2) would *not* be entitled to a collateral estoppel or res judicata effect as against BB&T in this bankruptcy case or any other litigation or proceeding involving BB&T.

8.      Notwithstanding the FDIC-Receiver's position that its Amended Motion does not relate to the portions of the Accounts claimed by BB&T, counsel involved in the Contested Matter have informed BB&T's counsel that certain parties may contend after-the-fact that non-party BB&T's rights in the Accounts were somehow adversely adjudicated in the Contested Matter.  Specifically, BB&T is informed that, in the future, certain parties may contend that that the Court's rulings in the Contested Matter are entitled to a res judicata or collateral estoppel effect against non-party BB&T.

9.      Accordingly, in an abundance of caution, BB&T hereby objects to the Amended Motion and the Objections to the extent they purport to request an adjudication of any right, remedy, claim or defense of BB&T relating to the Accounts, the Affiliate Loans or the P&A Agreement, which rights, remedies, claims and defenses are expressly reserved to BB&T. Furthermore, BB&T opposes the Amended Motion and the Objections to the extent any party contends that any order of the Court thereon, or in this Contested Matter generally, would be entitled to a collateral estoppel or res judicata effect against non-party BB&T in this bankruptcy case or any other litigation or proceeding involving BB&T.

10.      Without limitation, in the event the Court grants the Amended Motion or otherwise rules in favor of the FDIC, BB&T expressly reserves all of its rights, remedies, claims

and defenses against the FDIC-Receiver and any future Chapter 7 Trustee with respect to the Accounts, the Affiliate Loans, and the P&A Agreement or otherwise.

11.     Without limitation, in the event the Court <u>denies</u> the Amended Motion or otherwise rules in favor of the Debtor and/or the Committee, BB&T expressly reserves the right to file its own motion for relief pursuant to 11 U.S.C. § 362 with respect to the Accounts, and to otherwise pursue its rights, remedies, claims and defenses relating to the Accounts and the Affiliate Loans.

12.     BB&T expressly reserves all rights, remedies, claims and defenses against all parties, including but not limited to all rights, remedies, claims and defenses relating to the Accounts, the Affiliate Loans and the P&A Agreement.

WHEREFORE, PREMISES CONSIDERED, BB&T respectfully requests that any order of the Court on the Amended Motion or the Objections expressly recite that it is without prejudice to any rights, remedies, claims or defenses of BB&T.  Alternatively, to the extent the Court intends to adjudicate any rights, remedies, claims or defenses of BB&T in the Contested Matter, BB&T requests that it be afforded a reasonable opportunity to engage in discovery and to assert its substantive rights consistent with due process of law.  BB&T requests such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

/s/ N. Christian Glenos
N. Christian Glenos
One of the Attorneys for
Branch Banking and Trust Company

4

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

1/2032743.2