IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br>THE COLONIAL BANCGROUP, INC., <br><br>Debtor. | Chapter 11 <br><br> Case No. 09-32303 (DHW) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS
RECEIVER FOR COLONIAL BANK, TO MOTION OF THE
UNITED STATES OF AMERICA FOR DECLARATION
THAT CERTAIN FUNDS ARE NOT PROPERTY OF
THE ESTATE OR FOR AN ORDER MODIFYING
THE AUTOMATIC STAY TO THE EXTENT APPLICABLE**

The Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully submits this limited objection and reservation of rights to the motion of the United States of America, on behalf of the Internal Revenue Service (the "IRS"), for a declaration that certain funds are not property of the estate, or in the alternative, for an order modifying the automatic stay, to the extent applicable, to permit the IRS to exercise alleged setoff rights with respect to certain alleged tax liabilities and alleged tax overpayments for the 2007 and 2008 tax years.

**OBJECTION AND RESERVATION OF RIGHTS**

1. By order of the Alabama State Banking Department dated August 14, 2009, the FDIC-Receiver was appointed receiver for Colonial Bank. As a result, by operation of law, the FDIC-Receiver succeeded to the rights, titles, powers and privileges of Colonial Bank, 12 U.S.C. § 1821(d)(2)(A), and it is empowered, among other things, to take over the assets of and operate that institution, collect all obligations and money due the institution, preserve and conserve the

assets and property of the institution and place the institution in liquidation and proceed to realize upon its assets, 12 U.S.C. §§ 1821(d)(2)(D), (E).

2. The FDIC-Receiver has pending disputes on a number of issues with debtor The Colonial BancGroup, Inc. (the "Debtor"), which are the subject of various proceedings or contested matters both in this Court and in the United States District Court for the Middle District of Alabama. In *Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0198 (MHT) (M.D. Ala.) (the "FIRREA Action"), the Debtor is seeking a judicial determination of its disallowed claims against the Colonial Bank receivership pursuant to the claims review provisions of the Federal Deposit Insurance Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). *See* 12 U.S.C. § 1821(d)(6)(A). In that action, the Debtor asserts, *inter alia*, that the Debtor rather than the FDIC-Receiver is the owner of federal, state and local tax refunds that may be paid by various taxing authorities, including the IRS. In a separate action that is also pending before the district court, the Debtor has sought a declaratory judgment to substantially the same effect. *See Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0410 (MHT) (M.D. Ala.) (the "Declaratory Judgment Action").[1]

3. The FDIC-Receiver disputes the Debtor's claims to tax refunds, which are the FDIC-Receiver's property rather than the Debtor's. Under federal law, when corporations file joint income tax returns as a consolidated group, tax attributes such as net operating loss carrybacks, and tax refunds arising from the application of such attributes, inure to the benefit of the entity that actually paid the taxes and incurred the loss giving rise to the refund. *See, e.g., Capital Bancshares, Inc. v. F.D.I.C.*, 957 F.2d 203, 210 (5th Cir. 1992) ("[t]he refund is the

---

[1] With the Debtor's consent, the district court granted the FDIC-Receiver's motion to withdraw the reference of the Declaratory Judgment Action and certain other matters that had been filed by the Debtor against the FDIC-Receiver in this Court.

property of the [subsidiary], which could have generated the refund on its own had it filed with the IRS as a separate entity" and therefore the FDIC as receiver of the subsidiary was entitled to the tax refunds attributable to the losses of the subsidiary); *Western Dealer Mgmt., Inc. v. England (In re Bob Richards Chrysler-Plymouth Corp.)*, 473 F.2d 262, 265 (9th Cir. 1973), *cert. denied*, 412 U.S. 919 (1973); *Jump v. Manchester Life & Cas. Mgmt. Corp.*, 438 F. Supp. 185, 188-89 (E.D. Mo. 1977), *aff'd* 579 F.2d 449 (8th Cir. 1978); *see also Cal. Housing Secs., Inc. v. F.D.I.C.*, No. 99-71084, 12 F. App'x 519, 520 (9th Cir. June 13, 2001); *F.D.I.C. v. Mercer Bancorp, Inc.*, No. 89-0849, 1990 WL 515173, at *2 (W.D. Mo. Dec. 5, 1990); *F.D.I.C. v. Brandt (In re Florida Park Banks, Inc.)*, 110 B.R. 986, 989 (Bankr. M.D. Fla. 1990). In this case, Colonial Bank paid the substantial majority of taxes, incurred the substantial majority of losses and owns the substantial majority of tax refunds that might be recovered from taxing authorities – including the IRS – by or on behalf of the consolidated group.

4. However, resolution of this dispute between the FDIC-Receiver and the Debtor does not appear to be necessary in order to address the relief requested by the IRS in the current motion. The IRS requests a declaration that a prepetition tax refund check that was returned uncashed by the Debtor is not property of the estate. To resolve that issue, the Court need not determine whether the proceeds of the refund would have been the property of the Debtor or of the FDIC-Receiver if the Debtor had never returned the uncashed check to the IRS.[2]

5. Similarly, the alternative relief sought by the IRS, for an order modifying the automatic stay to permit the IRS to apply the overpayment reflected in the returned refund check

---

[2] It is unclear that such a declaration can be made in response to a motion rather that in an adversary proceeding. Rule 7001 of the Federal Rules of Bankruptcy Procedure (the requires that an adversary proceeding be commenced for any proceeding to recover money or property or any proceeding to obtain a declaratory judgment relating to such a dispute. *See* Fed. R. Bankr. P. 7001(1), (9).

against unpaid 2007 tax liabilities, does not require this Court to address the relative ownership rights of the Debtor and the FDIC-Receiver to federal income tax refunds.

6. To the extent that the IRS motion can be determined without addressing, or making a finding with respect to, the FDIC-Receiver's ownership rights to federal income tax refunds, the FDIC-Receiver takes no position on the relief requested by the IRS in its motion. However, the FDIC-Receiver objects to the motion to the extent that <u>any party</u> seeks to adjudicate the FDIC-Receiver's rights to any tax refunds in connection with the IRS motion or to the extent the Court concludes that it is necessary to make any finding or determination with respect to that issue in order to resolve the motion.

7. The FDIC-Receiver's interests in tax refunds is one of many issues that is pending before the district court in both the FIRREA action and the Declaratory Judgment Action. The district court is lodged with jurisdiction to determine the question. Moreover, under FIRREA, "no court shall have jurisdiction" over any claim or action that seeks "a determination of rights with respect to assets of any depository institution for which the [FDIC] has been appointed receiver . . . ," 12 U.S.C. § 1821(d)(13)(D)(i), except as permitted through FIRREA's exclusive receivership claims process, *see* 12 U.S.C. § 1821(d)(6)(A).

8. As a result, to the extent the Court concludes that the IRS motion requires the Court to determine the relative rights of the FDIC-Receiver and the Debtor to the federal income tax refunds at issue, this Court lacks subject matter jurisdiction to determine that issue and the resolution of the IRS motion therefore would need to await the final adjudication of the question by the district court in the FIRREA Action.[3]

---

[3] The FDIC-Receiver is today filing a motion to dismiss the Declaratory Judgment Action with the district court on the ground that the district court does not have subject matter jurisdiction to determine the same issue in the form of a declaratory judgment action.

4

Case 09-32303    Doc 771    Filed 06/25/10    Entered 06/25/10 07:27:50    Desc Main
Document      Page 4 of 6

## CONCLUSION

For the foregoing reasons, the FDIC-Receiver objects to the IRS motion solely to the extent that the Court concludes that it is required to determine, or make any finding with respect to, the FDIC-Receiver's interest in any federal income tax refunds. In such circumstances, the Court should defer adjudication of the IRS motion until after that issue has been finally determined by the district court in the pending FIRREA action.

Dated: Montgomery, Alabama
       June 25, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia 22226
(703) 562-2429

Respectfully submitted,

 /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, Alabama 36117
(334) 215-4422

- and -

Thomas R. Califano
John J. Clarke, Jr.
Jeremy R. Johnson
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: 212-335-4500
Facsimile: 212-335-4501

Attorneys for the
 Federal Deposit Insurance Corporation
 as Receiver for Colonial Bank

## CERTIFICATE OF SERVICE

   I, Michael A. Fritz, Sr., certify that I have served a copy of the foregoing objection on the following parties by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this the 25th day of June, 2010.

Internal Revenue Service

The Colonial BancGroup, Inc.

                  /s/ Michael A. Fritz, Sr.
                  Michael A. Fritz, Sr.