**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

---------------------------------------------------------x
:
In re : Chapter 11
:
THE COLONIAL BANCGROUP, INC., : Case No. 09-32303 (DHW)
:
    Debtor. :
:
---------------------------------------------------------x
:
:
THE COLONIAL BANCGROUP, INC., :
:
    Movant, :
:
v. : CONTESTED MATTER
:
PATRICIA CHONG, MICHELLE :
CONDON, HOWARD DAVIS, KENNETH :
DELISLE, LISA FREE, ERNESTO :
GONZALEZ, WALTER HARGROVE, :
PATTI HILL, CHARLES MALCOLM :
HOLLAND, III, LEAH JUNKINS, KERRY :
KIMMEL-GEIGER, CATHERINE :
KISSICK, LINA MACKI, LEE MARTINO, :
KENNETH MCCONWELL, JUDY MILLS, :
WILLIAM PAINTER, HARLAN PARRISH, :
RONALD PECK, JOSEPH ROYALS, :
JULIETTE STAPF, JAMES THARPE, :
AND PAMELA VITTO, :
:
    Respondents. :
:
---------------------------------------------------------x

**DEBTOR'S RESPONSE TO PORTION OF RESPONDENTS' POST-TRIAL
MOTION REQUESTING STAY OF PROCEEDINGS TO ENFORCE ORDER**

    This Response is submitted by The Colonial BancGroup, Inc. (the "<u>Debtor</u>") in opposition to the

portion of Respondents' *Motion to Alter or Amend Judgment of June 25, 2010 Pursuant to Rule 59(e) and*

*Bankruptcy Rule 9023 and Motion for Stay of Proceedings to Enforce Order Pursuant to Rule 62* (the "<u>Stay

Case 09-32303   Doc 815   Filed 07/15/10   Entered 07/15/10 09:57:52   Desc Main
Document      Page 1 of 7

Motion") [Doc. No. 800], which was filed on July 6, 2010, and in which Respondents request a stay of the Court's Order entered on June 25, 2010, in the above-captioned contested matter.

The Debtor will file a separate response in opposition to Respondents' request that this Court "alter or amend" the Order and accompanying Memorandum Opinion should the Court take the Stay Motion under advisement at the hearing on this matter currently set for July 19, 2010.

## BACKGROUND

In the *Second Motion of Debtor for Order Authorizing, But Not Directing, the Debtor to Exercise Ownership Rights Over Deferred Compensation Plan Assets* (the "Second Motion") [Doc. No. 255], the Debtor requested the Court to determine ownership of assets held under a trust agreement that were contributed by the Debtor, as grantor, with funds deferred from the compensation of Respondents and other plan participants pursuant to "The Colonial BancGroup, Inc. Non-Qualified Deferred Compensation Plan" (the "Plan"), a non-qualified deferred compensation plan.

An evidentiary hearing on the Second Motion was held on April 15, 2010 (the "Hearing"). Following the Hearing, the parties submitted designations of deposition testimony that they requested the Court to review and post-Hearing briefs.

On June 25, 2010, the Court entered an order granting the relief requested in the Second Motion (the "Order") [Doc. No. 777]. The Order arguably was stayed for a period of 14 days following its entry pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1] Respondents in the Stay Motion request the Court to stay the Order pursuant to Rule 62 of the Federal Rules of Civil Procedure (the "Federal Rules").[2]

---

[1] FED R. BANKR. P. 6004(h) ("An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."). That 14-day period expired on July 9, 2010.

[2] The mere filing of a post-trial motion such as Respondents' Motion does not stay the enforceability of a court's order. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2903 (3d ed. 2008). While Respondents have requested the Court to "alter or amend" the Order granting the Second Motion under Federal Rule 59, whether a court's order is stayed pending appeal is different from a court's order being stayed pending *(Footnote continued…)*

# RESPONSE

Respondents cite Federal Rule 62 as authority for their request for a stay of the Order. Federal Rule 62 is applicable in adversary proceedings, but does not apply to contested matters such as this dispute unless otherwise ordered by the Court.[3] Bankruptcy Rule 7062 makes Federal Rule 62 applicable "in adversary proceedings." FED. R. BANKR. P. 7062. Federal Rule 62(b), which governs the stay of proceedings to enforce a judgment pending the disposition of certain motions, states:

> *On appropriate terms for the opposing party's security*, the court *may* stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:
>     (1) under Rule 50, for judgment as a matter of law;
>     (2) under Rule 52(b), to amend the findings or for additional findings;
>     (3) *under Rule 59*, for a new trial or *to alter or amend a judgment*; or
>     (4) under Rule 60, for relief from a judgment or order.

FED. R. CIV. P. 62(b) (emphasis added).

Even if the Court were to order that Federal Rule 62 applied in this contested matter, that rule grants courts the *discretion* whether to "stay the execution of a judgment—or proceedings to enforce it—pending disposition of… [a Federal Rule 59 motion] to alter or amend a judgment." FED. R. CIV. P. 62(b); <u>Brinn v. Tidewater Transp. Dist. Comm'n</u>, 113 F. Supp. 2d 935, 940 (E.D. Va. 2000) (internal citations omitted). In exercising that discretion, a court is required to take into account the "appropriate terms for the opposing party's security." FED. R. CIV. P. 62(b). Here, there is no reason for the Court to make Federal Rule 62 applicable to this contested matter; but if it does, the Court should exercise its discretion in denying a stay. Such a denial is warranted not only by the lack of merit in Respondents' position but also the absence of any

---

the disposition of a motion under Federal Rule 59. <u>Brinn v. Tidewater Transp. Dist. Comm'n</u>, 113 F. Supp. 2d 935, 939-40 (E.D. Va. 2000). A timely filed motion under Federal Rule 59 will toll the *appeal period* (*see* Bankruptcy Rule 8002(b)(2)), but has no effect on whether a court's *order* is stayed pending the disposition of such a motion.

[3] *See* FED. R. BANKR. P. 9014(c) ("The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.")

form of security proffered by Respondents to protect the Debtor against any losses resulting from the entry of a stay.[4]

Requests for imposition of a stay of a bankruptcy court's order are normally sought under Bankruptcy Rule 8005. Stays of orders pursuant to that Bankruptcy Rule are not limited to orders entered in adversary proceedings. However, a stay under that Bankruptcy Rule applies only to stays pending appeal.[5] In this case, Respondents have not as yet filed a notice of appeal from the Order and have opted instead to file a motion to alter or amend under Federal Rule 59 (incorporated into bankruptcy cases by Bankruptcy Rule 9023).[6]

Even if the Court were to adopt an expansive reading of Bankruptcy Rule 8005 and apply it to the stay requested in the Stay Motion, Respondents are unable to satisfy the judicially recognized requirements for the imposition of a stay under this rule. The standard for granting a stay pending appeal is the same four-factor test as that for the grant of a preliminary injunction:

(1) whether the movant has shown a likelihood of success on the merits;
(2) whether the movant has made a showing of irreparable injury if the stay is not granted;
(3) whether the granting of the stay would substantially harm the other parties; and
(4) whether the granting of the stay would serve the public interest.

---

[4] Since the filing of the Second Motion, the investment value of the assets held under the Plan has fluctuated significantly, reflecting fluctuations in the market generally. A further downward trend in the equity markets may further erode the value of those assets to the detriment of the Debtor and its creditors.

[5] Bankruptcy Rule 8005, entitled "Stay Pending Appeal," states:

> A motion for a stay of the judgment, *order*, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief *pending appeal* must ordinarily be presented to the bankruptcy judge in the first instance. *Notwithstanding Rule 7062*… the bankruptcy judge *may* suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005 (emphasis added).

[6] Having filed a motion to alter or amend the Order under Bankruptcy Rule 9023, Respondents are barred from filing a notice of appeal pursuant to the following provision of Bankruptcy Rule 8002(b):

> A notice of appeal filed after announcement or entry of the judgment, *order*, or decree but before disposition of [a Federal Rule 59 motion] is *ineffective* to appeal from the judgment, *order*, or decree, or part thereof, specified in the notice of appeal, *until the entry of the order disposing of… such motion*.

FED. R. BANKR. P. 8002(b) (emphasis added).

Hope for Families & Cmty. Serv. v. Warren, 2009 U.S. Dist. LEXIS 42131, at *14 (M.D. Ala. Apr. 21, 2009) ("[t]he traditional four factors governing injunctive relief apply to whether a movant has shown that a stay pending an appeal is warranted"); In re Gulf States Steel, 285 B.R. 739, 741 (Bankr. N.D. Ala. 2002) ("the law is clear that the standard for granting a stay pending appeal is the same as that for the grant of a preliminary injunction"); *see also* In re Costa & Head Land Co., 68 B.R. 296; 296 (N.D. Ala. 1986) (same four-factor test in context of injunction). A movant's failure to satisfy any one of these four factors warrants denial of the imposition of a stay. Turner v. Citizens Nat'l Bank (In re Turner), 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997) ("[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion"); Gulf States Steel, 285 B.R. at 741-72 (same); In re Lykes Bros. S.S. Co., 221 B.R. 881, 884 (Bankr. M.D. Fla. 1997) (party seeking a stay must establish all four elements to prevail).

As previously noted, Respondents have little likelihood of success on the merits. The Court in a well-reasoned opinion addressed all of the arguments raised by Respondents at the Hearing. Respondents have cited no authority contrary to the authority relied upon by the Court or any cogent reason for a ruling contrary to the Court's ruling in this matter. Even if Respondents assert (and they have not) that they will suffer irreparable harm if the Order is not stayed pending a hearing on their Stay Motion and thereafter during the inevitable appeal, the Debtor likewise can assert the possibility of irreparable harm by virtue of loss in value of the assets in the Plan in a declining debt and equity market.[7]

If the Court does stay the imposition of the Order, the Debtor respectfully requests that the Court require Respondents to post a pond equal to 20% of the aggregate value of the assets of the Plan, which the Debtor estimates to be approximately $380,000 based upon the current aggregate value of those assets.

---

[7] The Debtor is concerned that, despite the entry of the Order, Respondents and other plan participants may seek to execute trades on assets of the Plan allocated to their subaccounts under the Debtor's master account at Charles Schwab. The Debtor does not believe any Respondent or other plan participant is authorized to continue to execute trades unless and until the Order is reversed, vacated or otherwise modified. And irrespective of the entry of a stay, the Debtor respectfully submits that any order entered on the Stay Motion, whether granting or denying a stay, should make clear that trading is impermissible until further order of this Court or of any appellate court.

## **CONCLUSION**

For all the reasons set forth herein, the Debtor respectfully requests that the Court deny all of the relief requested in the Stay Motion.

Respectfully submitted, this 15th day of July, 2010.

        C. Edward Dobbs
        Email: ced@phrd.com

        Rufus T. Dorsey, IV
        rtd@phrd.com

        PARKER, HUDSON, RAINER & DOBBS LLP
        1500 Marquis Two Tower
        285 Peachtree Center Avenue, N.E.
        Atlanta, Georgia 30303
        Telephone No.: (404) 523-5300
        Facsimile: (404) 522-8409

        By: /s/ *Rufus T. Dorsey, IV*
           Rufus T. Dorsey, IV

        Attorneys for Debtor and Debtor in Possession

```
-----------------------------------------------------------x
                                              :
In re                                         :           Chapter 11 Case No.
                                              :
THE COLONIAL BANCGROUP, INC.,                 :           09-32303 (DHW)
                                              :
         Debtor.                              :
                                              :
-----------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on July 15, 2010, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and served on the same day by electronic mail on counsel for Respondents.

This 15th day of July, 2010.

        C. Edward Dobbs
        E-mail: ced@phrd.com

        Rufus T. Dorsey, IV
        E-mail: rtd@phrd.com

        PARKER, HUDSON, RAINER & DOBBS LLP
        1500 Marquis Two Tower
        285 Peachtree Center Avenue, N.E.
        Atlanta, Georgia  30303
        Telephone No.:  (404) 523-5300
        Facsimile:  (404) 522-8409


        By: /s/ *Rufus T. Dorsey, IV*
           Rufus T. Dorsey, IV

        Attorneys for Debtor and Debtor in Possession