## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

-------------------------------------------------------------x
                         :

In re                       :        **Chapter 11**

                         :

**THE COLONIAL BANCGROUP, INC.,**   :        **Case No. 09-32303 (DHW)**

                       :

             **Debtor.**      :

                       :

-------------------------------------------------------------x

## DEBTOR'S FOURTH MOTION FOR ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

TO:    The Honorable Dwight H. Williams, Jr.,
          United States Bankruptcy Judge:

        The Colonial BancGroup, Inc. (the "Debtor"), as debtor and debtor in possession, files this motion (the "Motion") for an order pursuant to Section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), extending the time periods during which the Debtor has the exclusive right to file a plan of reorganization and disclosure statement through and including November 18, 2010, and to solicit acceptances thereof through and including January 27, 2011.

        In support of this Motion, the Debtor states and shows as follows:

### Background

        1.      On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

        2.      The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

1341339_7

3.     Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries.  As a bank holding company, the Debtor's banking subsidiary was overseen by various federal and state authorities.

4.     On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver for Colonial Bank (in such capacity, the "FDIC-Receiver").  The Debtor understands that, prior to the Petition Date, the FDIC sold substantially all of the assets of Colonial Bank to Branch Banking and Trust Company ("BB&T").

## Jurisdiction and Venue

5.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The venue of this Chapter 11 case in this district is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicate for the relief sought herein is Section 1121(d) of the Bankruptcy Code.

## Basis for Requested Relief

6.     Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to propose and file a Chapter 11 plan (the "Plan Period").  *See* 11 U.S.C. § 1121(b).  Section 1121(c)(3) provides that, if a debtor files a plan within the 120-day Plan Period, the debtor has a period of 180 days after the commencement of the case to obtain acceptances of such plan, during which time competing plans may not be filed (the "Solicitation Period"; and, together with the Plan Period, the "Exclusive Periods").  *See* 11 U.S.C. § 1121(c)(3).  Pursuant to Section 1121(d), the Court may extend a debtor's Exclusive Periods for cause shown.  11 U.S.C. § 1121(d).[1]

---

[1] Pursuant to Section 1121(d)(1) of the Bankruptcy Code, the Plan Period may not be extended beyond a date that is 18 months after the commencement of a Chapter 11 case.  Pursuant to Section 1121(d)(2), the Solicitation Period may not be extended beyond a date that is 20 months after the commencement of a Chapter 11 case.

7.      The Plan Period and Solicitation Period in this Chapter 11 case initially were set to expire on December 23, 2009, and February 21, 2010, respectively.  On November 25, 2009, the Debtor filed its first motion seeking an order extending the Exclusive Periods [Doc. No. 312].  On December 18, 2009, the Court entered an order granting the relief requested, thereby extending the Plan Period and the Solicitation Period though and including February 22, 2010 and April 22, 2010, respectively [Doc. No. 373].

8.      On February 19, 2010, the Debtor filed its second motion seeking an order extending the Exclusive Periods [Doc. No. 566].  On March 5, 2010, the Court entered an order granting the relief requested, thereby further extending the Plan Period and Solicitation Period through and including June 18, 2010 and August 20, 2010, respectively [Doc. No. 606].

9.      On June 4, 2010, the Debtor filed its third motion seeking an order extending the Exclusive Periods [Doc. No. 742].  On June 14, 2010, the Court entered an order granting the relief requested, thereby extending the Plan Period and Solicitation Period through and including August 20, 2010 and October 29, 2010, respectively [Doc. No. 753].

10.      By this Motion, the Debtor requests, pursuant to Section 1121(d) of the Bankruptcy Code, entry of the proposed order substantially in the form annexed hereto as <u>Exhibit A</u> extending the Plan Period and the Solicitation Period through and including November 18, 2010, and January 27, 2011, respectively. The Debtor reserves its right to seek further extensions of the Exclusive Periods as may be necessary and appropriate.

<u>**Status of Case and Disputes With Various Creditors**</u>

11.      The primary focus of this Chapter 11 case has been identification of the assets of the Debtor and liquidation of those assets for the benefit of creditors of the estate that are entitled thereto in accordance with the applicable provisions of the Bankruptcy Code and other applicable non-bankruptcy law.

12.      At the outset of this Chapter 11 case, it became apparent that there were three primary creditors asserting secured or priority claims to all or a substantial part of the assets of the Debtor, and that the

direction of the Chapter 11 case would be dictated in large measure by the resolution of these claims and objections thereto, either by agreement of the parties or adjudication by the Court.

13.     The first such claimant is the Alabama Department of Revenue (the "Revenue Department"), which originally asserted a claim for taxes against the Debtor for an amount exceeding $9 million, which claim the Revenue Department contends is secured by a pre-petition tax lien filed with respect to all or substantially all of the Debtor's assets. The Revenue Department has subsequently revised the amount of its claim. The Debtor disputes the amount of the Revenue Department's claim and has filed a motion with the Court pursuant to Section 505 of the Bankruptcy Code seeking a determination of the validity and amount of the asserted claim [Doc. No. 70].

14.     The second major claimant in the case is BB&T, which asserts a security interest in certain bank accounts of the Debtor that are maintained at BB&T (the "BB&T Bank Accounts") and that have balances exceeding $24 million. As understood by the Debtor, BB&T asserts that it is the assignee and holder of claims and liens of Colonial Bank pursuant to a pre-petition security agreement.

15.     The third and final major claimant, the FDIC-Receiver, asserts a right of offset with respect to the BB&T Bank Accounts and filed a motion for relief from stay to "preserve" its purported offset rights (the "Stay Relief Motion"). In addition, the FDIC-Receiver asserts entitlement to a priority claim under Section 507(a)(9) of the Bankruptcy Code and has filed a motion under Section 365(o) of the Bankruptcy Code to compel an immediate assumption by the Debtor of an alleged pre-petition commitment to maintain the capital of Colonial Bank (the "365(o) Motion"; together with the Stay Relief Motion, the "FDIC-Receiver Motions"). In connection with the scheduling order pertaining to the FDIC-Receiver Motions, the FDIC-Receiver requested, and the Debtor agreed, that the Debtor not seek a hearing on a plan or disclosure statement prior to May 26, 2010. The logic of this agreement was, in part, that the outcome of the 365(o) Motion would have an impact on the course of this Chapter 11 case and the terms of any potential plan. The hearing with respect to the FDIC-Receiver Motions was held before the Court on May 26, 2010; however, the parties only recently finalized their respective post-trial submissions. Accordingly, a decision has not yet been rendered by the Court on the FDIC-Receiver Motions.

16.      In light of the foregoing, the Debtor has not filed a plan or disclosure statement and believes that it is not in the best interests of the estate to file such pleadings and commence the plan process while the FDIC-Receiver Motions remain pending.  However, if the Court rules in favor of the Debtor and against the relief sought by the FDIC-Receiver, the Debtor intends promptly to file both a plan and disclosure statement, preliminary drafts of which have already been prepared.

## Standards for Extending Exclusive Periods

17.      An essential objective of a Chapter 11 case is the formulation, confirmation and consummation of a consensual plan of liquidation or reorganization that facilitates distributions to a debtor's economic stakeholders in accordance with their entitlement under the Bankruptcy Code or applicable non-bankruptcy law.  The Exclusive Periods are designed to accomplish the goal of affording a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances thereof without the disruption to the administration of the debtor's estate that would otherwise result from the filing of competing plans by non-debtor parties.  In circumstances where the 120- and 180-day Exclusive Periods create an unworkable timeframe within which to accomplish the goal of plan confirmation, Section 1121(d) of the Bankruptcy Code enables the court to extend the Exclusive Periods for cause.

18.      While the Bankruptcy Code does not provide any definition of the term "cause," the legislative history indicates that it is intended to be a flexible standard to balance the competing interests of the debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231-32 (1978) (noting that Congress intended to afford bankruptcy court flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).  *See also* In re Newark Airport/Hotel Ltd. Partnership, 156 B.R. 444 (Bankr. D.N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993); In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987); In re Burns and Roe Enterprises, Inc., 2005 U.S. Dist. Lexis 26247 at ** 14-15 (D.N.J. Nov. 2, 2005) ("[T]he legislative history is clear that the point of exclusivity is 'to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated.' "); In re The Elder-Beerman Stores Corp., 1997 U.S. Dist. LEXIS 23785 at * 15 (June 23, 1997 S.D. Ohio)

("[A]lthough the legislative history of § 1121 reflects that its provisions are not to be used by the debtor as leverage, it was not intended to create a completely level playing field between the debtor and creditor, but, rather, retained the debtor's exclusive right to propose a plan of reorganization for a certain period of time, subject to an extension granted upon a showing of cause.").

19.     Bankruptcy courts have considered a variety of factors in determining whether sufficient cause exists to extend the Exclusive Periods.  Those factors include (a) the size and complexity of the debtor's case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) a finding that a debtor has demonstrated reasonable prospects for filing a viable plan; (e) whether the debtor has made progress in negotiations with its creditors; (f) the length of time the case has been pending; (g) whether unresolved contingencies exist; and (h) a finding that a debtor is paying its bills and not extending the period of exclusivity simply to exert pressure on creditors.  In re Adelphia Communications Corp., 352 B.R. 578, 586-87 (Bankr. S.D. N.Y. 2006).  *See also* In re Homestead Partners, 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996); In re Express One International, Inc., 194 B.R. 98 (Bankr. E.D. Tex. 1996); In re McLean Industries, Inc., 87 B.R. 830 (Bankr. S.D.N.Y. 1987); In re United Press International, Inc., 60 B.R. 265 (Bankr. D.D.C. 1986); In re Service Merch. Co., 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); In re Express One Intern., Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re McLean Indus. Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); In re Friedman's, Inc., 336 B.R. 884, 888 (S.D. Ga. 2005).

20.     Extension of the Exclusive Periods is not denied solely because the Chapter 11 case may have as its primary focus liquidation of the Debtor's assets and a winding up of its affairs.  *See*, *e.g*., In re Sharper Image Corp., Ch. 11 Case No. 08-10322 (KG) (Bankr. D. Del. July 17, 2008); In re American Home Mortgage Holdings, Inc., Ch. 11 Case No. 07-11047 (CSS) (Bankr. D. Del. December 19, 2007).

## Cause Exists to Extend Exclusive Periods

21.     This Chapter 11 case is complex, due in large part to the receivership of Colonial Bank; the subsequent sale of substantially all of Colonial Bank's assets to BB&T; the intervention in this Chapter 11

case of the FDIC-Receiver; the assertion of substantial liens and claims by the Revenue Department, BB&T and the FDIC-Receiver; the Debtor's lack of access to its business records; and the conflicting claims to ownership to various assets in which the Debtor asserts ownership.

22.     Since the commencement of this Chapter 11 case, the Debtor has made progress in gaining access to the records the Debtor will require to provide adequate information in connection with any plan that the Debtor may file.  The Debtor, the FDIC-Receiver and BB&T are currently engaged in the first phase of a process for the Debtor to obtain access to certain accounting, tax and other electronically stored information currently maintained and stored by BB&T.  The Debtor has not had an opportunity to either verify the completeness of the information provided to it in this first phase or to continue the process beyond this first phase.

23.     In the period of time that this Chapter 11 case has been pending, the Debtor has also been paying its bills and working in good faith with its creditors to resolve issues that may impact any plan the Debtor may file.  For example, the Debtor has sought to halt trading in the Debtor's publicly traded securities to the extent of any adverse impact upon the Debtor's tax attributes; filed required schedules and monthly financial reports; terminated the Debtor's 401(k) plan; reviewed and rejected unnecessary and burdensome contracts and leases; facilitated the sale of certain of the Debtor's investments, furnishings and vehicles; terminated the Debtor's sponsored pension plan; sought determinations with respect to ownership of assets of the Debtor's deferred compensation plan; and undertaken a complex tax analysis with respect to tax refund claims and other related matters.

24.     Despite the Debtor's progress in this Chapter 11 case, significant unresolved issues and contingencies remain impediments to the Debtor's ability to propose any plan of liquidation.  In particular, it is not in the best interests of the estate to commence the plan and disclosure statement process in advance of a ruling on the FDIC-Receiver Motions.

25.     Moreover, as a result of the time and effort that the Debtor has devoted to the FDIC-Receiver Motions, as well as endeavoring to administer the assets of the estate and the winding up of the various 401(k) and pension plans (primarily for the benefit of employees other than those of the Debtor), the Debtor's few

remaining employees and counsel have had limited opportunities to engage in discussions with the Official Committee of Unsecured Creditors and other creditor constituencies regarding the terms of a plan of liquidation.

26.     In light of all of the foregoing, the Debtor respectfully submits that cause exists for extending the Exclusive Periods for the Debtor to formulate and seek confirmation of a Chapter 11 plan.

Dated:  August 5, 2010
        Montgomery, Alabama

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone No.:  (404) 523-5300
Facsimile:  (404) 522-8409


By:  /s/ *Rufus T. Dorsey, IV*
     Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession

**Exhibit A**


**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
-------------------------------------------------------------x
                                        :
In re                                   :          Chapter 11
                                        :
THE COLONIAL BANCGROUP, INC.,           :          Case No.  09-32303 (DHW)
                                        :
                Debtor.                 :
                                        :
-------------------------------------------------------------x
```

**ORDER GRANTING DEBTOR'S FOURTH**
**MOTION FOR ORDER PURSUANT TO SECTION 1121(d) OF THE**
**BANKRUPTCY CODE EXTENDING THE EXCLUSIVE PERIODS FOR THE**
**FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

This matter came to be heard on _____ __, 2010, upon the motion (the "Motion") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an order, pursuant to Section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), extending the Plan Period and the Solicitation Period through and including November 18, 2010, and January 27, 2011, respectively.[1]

NOW, THEREFORE, based upon the Motion and all of the proceedings before this Court, and after due deliberation and sufficient cause appearing therefor *[, and no objection to the Motion having been raised]*, it is hereby:

**ORDERED** that the Motion is granted *[, all objections to the Motion having been withdrawn, settled or overruled]*; and it is further

**ORDERED** that the Debtor shall have the exclusive right to file a plan of reorganization or liquidation and disclosure statement through and including November 18, 2010; and it is further

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to them in the Motion.

**ORDERED** that the Debtor shall have through and including January 27, 2011, to solicit acceptances of any plan filed within the above described time period; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

**ORDERED** that this Order shall be immediately effective; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____ ____, 2010
          Montgomery, Alabama


_____
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
------------------------------------------------------------x
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
THE COLONIAL BANCGROUP, INC.,           :          09-32303 (DHW)
                                        :
                    Debtor.             :
                                        :
------------------------------------------------------------x
```

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on August 5, 2010, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and served on the same day by electronic mail on those counsel or parties listed on the Master Service List attached hereto.

This 5th day of August, 2010.

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone No.: (404) 523-5300
Facsimile: (404) 522-8409

By: /s/ *Rufus T. Dorsey, IV*
    Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession

# MASTER SERVICE LIST

The Debtor
The Colonial BancGroup, Inc.
(Attn: Kevin O'Halloran, CRO)
One Commerce Street
Suite 400
Montgomery, AL 36104

Counsel to the Debtor
Parker, Hudson, Rainer & Dobbs LLP
(Attn: C. Edward Dobbs, Esq. and Rufus T. Dorsey, IV, Esq.)
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
edobbs@phrd.com
rdorsey@phrd.com

Special Counsel to the Debtor
Balch & Bingham LLP
(Attn: W. Clark Watson, Esq.)
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
cwatson@balch.com

Bankruptcy Administrator
Office of the United States Bankruptcy
Administrator/ALMD
Frank M. Johnson, Jr. Federal Building and
United States Courthouse
1 Church Street, Suite 103
Montgomery, AL 36104
ba@almb.uscourts.gov

State of Alabama Department of Revenue
Alabama Department of Revenue - Legal
(Attn: Mark Griffin Esq., Assistant Counsel &
David Avery, Esq., Assistant Counsel)
P. O. Box 320001
Montgomery, AL 36132-0001
mark.griffin@revenue.alabama.gov
david.avery.legal@revenue.alabama.gov

Counsel for the Federal Deposit Insurance
Corporation, as receiver for Colonial Bank
DLA Piper LLP (US)
(Attn: Thomas R. Califano, Esq.
and Jeremy R. Johnson, Esq.)
1251 Avenue of the Americas
New York, NY 10020-1104
thomas.califano@dlapiper.com
john.clarke@dlapiper.com
jeremy.johnson@dlapiper.com

Committee Counsel
Schulte Roth & Zabel LLP
(Attn: Brian D. Pfeiffer, Esq.)
919 Third Avenue
New York, New York 10022
brian.pfeiffer@srz.com
alexis.chapin@srz.com

Fritz & Hughes, LLC
(Attn: Michael A. Fritz, Sr., Esq.)
7020 Fain Park Drive, Suite 1
Montgomery, AL 36117
P: (334) 215-4422
F: (334) 215-4424
michael@fritzandhughes.com

Burr & Forman
(Attn: Robert B. Rubin, Esq., Derek F. Meek,
Esq. and Marc P. Solomon, Esq.)
420 North 20th Street, Suite 3400
Birmingham, AL 35203
brubin@burr.com
dmeek@burr.com
msolomon@burr.com

Local Counsel for the Bank of New York Mellon
Trust Company, N.A.
Eric J. Breithaupt, Esq.
505 20th Street North, Suite 1800
Birmingham, AL 35203
ejb@csattorneys.com

1

| | | |
|---|---|---|
| 1 | United States Department of Justice, Tax Division | Internal Revenue Service |
| 2 | Paul. A. Allulis | John W. Sheffield, III |
| | Trial Attorney, Tax Division | Associate Area Counsel, Internal Revenue Service |
| 3 | U.S. Department of Justice | (Attn: Patty Koehler) |
| | P. O. Box 14198 | 801 Tom Martin Drive, Room 257 |
| 4 | Ben Franklin Station | Birmingham, AL 35211 |
| | Washington, D.C. 20044 | T: (205) 912-5464 |
| 5 | T: (202) 514-5880 | john.w.sheffield@irscounsel.treas.gov |
| 6 | F: (202) 514-9868 | |
| | paul.a.allulis@usdoj.gov | |
| 7 | | |
| 8 | Counsel to Lead Plaintiffs in *In re Colonial BancGroup, Inc. Securities Litigation* | |
| 9 | Lowenstein Sandler PC | |
| | (Attn: Michael S. Etkin, Esq. and Ira M. Levee, | |
| 10 | Esq.) | |
| | 65 Livingston Avenue | |
| 11 | Roseland, NJ 07068 | |
| | T: (973) 597-2500 | |
| 12 | F: (973) 597-2400 | |
| | metkin@lowenstein.com | |
| 13 | ilevee@lowenstein.com | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

2