**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

---------------------------------------------------------------x
                         :

**In re**                              :               **Chapter 11**
                         :

**THE COLONIAL BANCGROUP, INC.,**    :               **Case No.   09-32303 (DHW)**
                         :

       **Debtor.**                    :

                         :

---------------------------------------------------------------x
                         :

                         :

**FEDERAL DEPOSIT INSURANCE**      :
**CORPORATION, AS RECEIVER FOR**  :
**COLONIAL BANK,**                  :
                         :

       **Movant,**                 :

**v.**                               :               **CONTESTED MATTER**
                         :

**THE COLONIAL BANCGROUP, INC.,**    :

       **Respondent.**              :

                         :
---------------------------------------------------------------x

**DEBTOR'S OBJECTION TO MOTION OF FDIC-RECEIVER FOR**
**AN ORDER (1) CONFIRMING THAT THE AUTOMATIC STAY DOES**
**NOT APPLY OR, (2) IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC**
**STAY TO PERMIT THE FDIC-RECEIVER TO EXERCISE CERTAIN TAX RIGHTS**

The Colonial BancGroup, Inc., debtor and debtor in possession herein (the "Debtor"), hereby files this

Objection to the *Motion of the FDIC-Receiver for an Order (1) Confirming that the Automatic Stay Does Not*

*Apply or, (2) in the Alternative, Modifying the Automatic Stay to Permit the FDIC-Receiver to Exercise*

*Certain Tax Rights, and Motion for Expedited Hearing* (the "Stay Relief Motion") [Doc. No. 836].

Through the Stay Relief Motion, the Federal Deposit Insurance Corporation, as receiver for Colonial

Bank (in such capacity, the "FDIC-Receiver"), seeks authority under Section 6402(k) of the Internal Revenue

Code to provide a basis for the "Secretary" to pay, in an exercise of discretion, refunds to the FDIC-Receiver

(rather than the Debtor) to the extent the "Secretary" determines that the refund is attributable to losses or

credits of the receivership estate of Colonial Bank. To justify its position, the FDIC-Receiver seeks confirmation that the automatic stay set forth in Section 362 of Chapter 11 of title 11 does not apply to its exercise of these alleged tax rights. As a fallback argument, the FDIC-Receiver requests that, if the Court finds that the automatic stay does apply, this Court enter an order modifying the automatic stay to permit the FDIC-Receiver to exercise its alleged tax rights.

The Debtor maintains that the FDIC-Receiver is not entitled to the relief requested in the Stay Relief Motion for all of the reasons that will be set forth in the Debtor's brief to be filed in support of this Objection (the "Brief"). Without limiting any of the arguments contained in the Debtor's forthcoming Brief, the Debtor asserts that the automatic stay applies to the actions the FDIC-Receiver contemplates in the Stay Relief Motion as the FDIC-Receiver unquestionably seeks to exercise control over property of the Debtor's bankruptcy estate. The Court should therefore confirm that the automatic stay applies to the relief sought by the FDIC-Receiver.

Furthermore, the Court should deny the FDIC-Receiver's request that the Court modify the automatic stay, as the FDIC-Receiver has not shown that cause exists to do so. The FDIC-Receiver will not be prejudiced in any way by such a ruling since: (i) all tax refunds received by the Debtor and/or the FDIC-Receiver must and will be deposited into the segregated tax deposit account pursuant to an order of this Court [Doc. No. 621]; (ii) issues as to the competing claims to "ownership" of all or part of any resulting refund are already preserved and pending before the United States District Court for the Middle District of Alabama; and (iii) the Debtor intends to request, based on the anticipated filing of its consolidated tax return, the maximum available tax refund by carrying back the 2009 tax losses for 5 years under applicable law. At the same time, the granting of relief from stay will be harmful to the Debtor in that the FDIC-Receiver's filing of a competing tax return will complicate, delay and jeopardize the timely payment of tax refunds, to the detriment of all parties in interest. Accordingly, the relief requested in the Stay Relief Motion should be denied in its entirety.

In the alternative, the Debtor requests that the Court (i) deny relief from stay on a preliminary basis so as to allow further development of the issues pending before the Court, including the finalization and/or filing of the Debtor's consolidated 2009 tax return, and (ii) schedule a continued hearing on this matter to be

conducted on September 10, 2010 (assuming such a date is available and acceptable to the Court). Such actions by the Court are appropriate, first, because it is undisputed that the Debtor (and not the FDIC-Receiver as an alleged fiduciary of a failed financial institution) is obligated to file a consolidated federal tax return for 2009 by no later than September 15, 2010. *See* 26 C.F.R. § 1.1502-75(h)(1) ("The consolidated return shall be made on Form 1120 for the group by the common parent corporation."). This filing obligation exists whether or not the Court ultimately grants the FDIC-Receiver's requested relief.

Second, it is premature to consider the requested relief under the very regulations cited by the FDIC-Receiver. Under such regulations, the FDIC-Receiver may submit a competing refund request as a fiduciary for Colonial Bank only in instances where the parent has not filed a return or the return, as filed, is not acceptable to it as a fiduciary. *See* 26 C.F.R. § 301.6402-7(e)(3). Neither of these events have occurred and will not have occurred by August 30, 2010. Because of delay in obtaining relevant tax data in the possession of the FDIC-Receiver and Branch Banking & Trust Company, the Debtor has not completed the preparation of its return and the return is not yet available for review or filing. It is also not yet time for the Debtor to file its return. The extension of time through September 10, 2010 will allow one, if not both, of these events to take place and thereby more fully develop the facts relevant to this issue before the Court. The FDIC-Receiver will not be prejudiced by such a continuance because it has until September 15, 2010, to exercise its alleged rights to request a direct payment of the refund.

Finally, if the Court grants the relief requested in the Stay Relief Motion on August 30, 2010, the Debtor respectfully requests that the mandatory 14-day stay period provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not be waived. The FDIC-Receiver does not have to file anything with the Internal Revenue Service prior to September 15, 2010, and the continuance of this matter will provide the Debtor with the necessary time to file its mandatory consolidated return and otherwise preserve its rights.

For the foregoing reasons and those set forth in the Debtor's forthcoming Brief, the Debtor respectfully requests that the relief requested in the Stay Relief Motion be denied and that the Debtor be granted such other and further relief to which the Debtor may be entitled at law or in equity.

Dated:  August 27, 2010
         Montgomery, Alabama

                    C. Edward Dobbs
                    Email: ced@phrd.com

                    Rufus T. Dorsey, IV
                    rtd@phrd.com

                    PARKER, HUDSON, RAINER & DOBBS LLP
                    1500 Marquis Two Tower
                    285 Peachtree Center Avenue, N.E.
                    Atlanta, Georgia  30303
                    Telephone No.:  (404) 523-5300
                    Facsimile:  (404) 522-8409


                    By: /s/ *Rufus T. Dorsey, IV*
                      Rufus T. Dorsey, IV

                    Attorneys for Debtor and Debtor in Possession