IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>THE COLONIAL BANCGROUP, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-32303(DHW)<br><br>Hearing Date: August 30, 2010<br>10:30 a.m. |

**REPLY IN FURTHER SUPPORT OF FDIC-RECEIVER'S MOTION FOR AN ORDER (1) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY OR, (2) IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC STAY TO PERMIT THE FDIC-RECEIVER TO EXERCISE CERTAIN TAX RIGHTS**

The Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully submits this reply in further support of its motion (the "Motion") for the entry of an order either (a) confirming that the automatic stay provided under section 362 of title 11 of the United States Code (the "Bankruptcy Code") does not apply to the FDIC-Receiver's exercise of certain Tax Rights to make certain filings with the Internal Revenue Service (the "IRS") on behalf of Colonial Bank and its subsidiaries, or, in the alternative, (b) granting the FDIC-Receiver relief from the automatic stay to facilitate the exercise of those rights.

Only the debtor The Colonial BancGroup, Inc. (the "Debtor") has filed an objection to the Motion, and that objection does not make any attempt to distinguish or explain the authorities cited in the Motion demonstrating (1) that federal income tax refunds attributable to taxes paid by Colonial Bank and its subsidiaries are the property of the FDIC-Receiver, not the Debtor, and (2) that federal law expressly authorizes the FDIC-Receiver to file its own income tax returns and refund requests "notwithstanding any other provision of law," including the automatic stay

provided in 11 U.S.C. § 362.[1] *See* 26 U.S.C. § 6402(k); 26 C.F.R. § 301.6402-7. Because the Debtor has no response on the law, it attempts to thwart the FDIC-Receiver's exercise of clearly established rights in a series of spurious assertions, none of which has merit.

1. The Debtor asserts that it is the Secretary of the Treasury for whom stay relief is required in order to allow the FDIC-Receiver to make its own federal tax filings. *See* Objection at 1-2. This assertion is mistaken. Under 26 U.S.C. § 6402(k), "the Secretary may by regulation provide that any refund for such taxable year may be paid on behalf of such insolvent corporation to such fiduciary to the extent that the Secretary determines that the refund is attributable to losses or credits of such insolvent corporation." The Secretary of the Treasury does not need stay relief to do this. To the contrary, the Secretary already has promulgated such a regulation, which is set forth at 26 C.F.R. § 6402-7. A copy of that regulation is attached hereto as Exhibit A.

Under the applicable regulation, the FDIC-Receiver is empowered to act as agent for the consolidated group and to "claim a refund under this section by filing its own claim for refund under section 6402, based on all information pertaining to the institution and all information pertaining to other members of the carryback year group and the loss year group to which the fiduciary has reasonable access." 26 C.F.R. § 301.6402-7(e)(1); *see also* 26 C.F.R. § 301.6402-7(e)(3). These powers are granted to the FDIC-Receiver if, among other things, it "does not accept a claim for refund filed by the common parent," *i.e.*, the Debtor.

---

[1] In its objection, the Debtor suggests that it intends to also file a brief addressing legal issues pertinent to the Motion, but no such brief has been filed as of the time of this reply and any such filing would be untimely under the Court's Order Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures entered October 8, 2009 [Doc. 168]. The FDIC-Receiver reserves the right to supplement its filings to respond to any arguments advanced by the Debtor in any such untimely filing.

The Debtor has stated in public filings that it intends to pursue tax refunds by claiming a "'worthless stock deduction' based upon events surrounding the commencement of the receivership of its wholly-owned subsidiary Colonial Bank . . . " *See* Notice of Filing Second Amendment to Schedule B, Personal Property, dated August 26, 2010 [Doc. 854]. Such a deduction is not sustainable as a matter of tax law in these circumstances, but in any event the FDIC-Receiver "does not accept" the Debtor's attempt to claim the refunds owned by Colonial Bank and its subsidiaries.

The Motion does not ask this Court to resolve this dispute, nor is such a determination necessary. The Motion only seeks confirmation that the FDIC-Receiver may exercise the rights *expressly granted to it by law* to protect itself from the Debtor's attempt to claim for itself tax refunds that are unquestionably the property of Colonial Bank and its subsidiaries, in the manner that Congress and the Secretary of the Treasury expressly intended – by filing the FDIC-Receiver's own claim to those refunds. *See, e.g., Capital Bancshares v. F.D.I.C.*, 957 F.2d 203, 208 (5th Cir. 1992) (FDIC entitled to the tax refund where bank generated the losses and bank paid to the parent company a sum greater in aggregate than the disputed refund for its annual tax contribution); *F.D.I.C. v. Mercer Bancorp, Inc.*, No. 89-0849, 1990 WL 515173 (W.D. Mo. Dec. 5, 1990) (FDIC, as receiver of subsidiary bank, was entitled to the tax refund because the bank was the entity who overpaid the tax which the IRS refunded and the entity upon whose business losses the refund was based), *aff'd*, 579 F.2d 449 (8th Cir. 1978); *F.D.I.C. v. Brandt (In re Florida Park Banks, Inc.)*, 110 B.R. 986 (Bankr. M.D. Fla. 1990) (FDIC, as receiver for bank subsidiary, was entitled to the entire tax refund of taxes previously paid by the bank subsidiary that resulted from its NOLs); *see generally Western Dealer Mgmt., Inc. v. England (In*

*re Bob Richards Chrysler-Plymouth Corp.)*, 473 F.2d 262, 265 (9th Cir.), *cert. denied*, 412 U.S. 919 (1973).

2. The Debtor's assertion that allowing the FDIC-Receiver to protect itself from the Debtor's attempt to lay claim to its property "will complicate, delay and jeopardize the timely payment of tax refunds" also reflects a gross misstatement of the facts. *See* Objection at 2. Treasury regulations expressly contemplate the FDIC-Receiver's filing of returns in these circumstances. Moreover, it is the Debtor's actions, not the FDIC-Receiver's, that might lead to such delay or complication. For over *eight months* the FDIC-Receiver has sought to obtain the Debtor's cooperation to file for refunds jointly and cooperatively. The Debtor steadfastly refused to cooperate, and it has now stated publicly that its strategy will be to make filings with the IRS in which it will attempt to claim for itself (in flagrant breach of the Debtor's fiduciary duties) approximately $250 million in federal tax refunds that are the property of the FDIC-Receiver as a matter of law.

The Court should not countenance the Debtor's attempt to use the automatic stay as a sword in order to gain some perceived advantage over the FDIC-Receiver. *See Bernstein v. IDT Corp.*, 76 B.R. 275, 281 (S.D.N.Y. 1987) ("To deny GD the assertion of properly pleaded counterclaims would allow the Trustee to use the stay as a sword instead of a shield."); *Continental Air Lines, Inc. v. Hillblom (In re Continental Air Lines, Inc.)*, 61 B.R. 758, 761 (S.D. Tex. 1986) ("the debtor is not entitled to rely upon the automatic stay or the inherent power of the bankruptcy court as a sword against the minority shareholders of the target corporation"); *Turner Broad. Sys., Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 1000 (N.D. Ga. 1983) ("the stay is not designed to be an offensive weapon – a sword – which would permit the debtor to benefit unilaterally from the breaching of a post-bankruptcy petition contract").

3. The Debtor's various requests to use the automatic stay to "run out the clock" also should be rejected. *See* Objection at 2-3. This is just another, obvious effort to use the automatic stay as a "sword" in an effort to deny the FDIC-Receiver its right to defend itself before the IRS against the Debtor's actions.[2]

The FDIC-Receiver's filings will not decide the question of ownership of tax refunds. Even if the IRS agrees with the FDIC-Receiver that the Debtor's "worthless stock deduction" is unsustainable as a matter of law, any refund paid to the FDIC-Receiver with respect to net operating loss carrybacks of Colonial Bank and its subsidiaries will be deposited into the Escrow Account while the parties litigate the issue of ownership before Judge Thompson in the district court. On the other hand, if the FDIC-Receiver is not permitted to make its own filings by the September 15th statutory deadline, it could lose forever its ability to claim refunds based upon the 5-year carryback that was granted by Congress in the Worker, Homeownership, and Business Assistance Act of 2009, Pub. L. No. 111-92, § 13, 123 Stat. 2992-93 (2009).

The FDIC-Receiver has proposed to the Debtor a process under which the parties' different approaches to claiming tax refunds would be presented to the IRS simultaneously. *See* Letter from John J. Clarke, Jr. to Rufus T. Dorsey IV dated August 26, 2010 (attached as Exhibit C). The Debtor's rejection of that proposal demonstrates that the Debtor's interest here is in prejudicing the FDIC-Receiver, not in protecting any rights of the Debtor.

4. The Debtor's final plea – for the Court to decline to waive the 14-day stay arising under Bankruptcy Rule 4001(a)(3) – also should be rejected. The stay is not "mandatory," as the Debtor incorrectly asserts, *see* Objection at 3, but may be waived in the Court's discretion. *See*

---

[2] The Debtor's counsel admitted on August 20th that by that date at the latest the Debtor had all the information it needed to prepare its returns and refund requests. *See* Email from Gus

Fed. R. Bankr. P. 4001(a)(3). Here, the FDIC-Receiver must file its returns and refund requests by September 15th to preserve valuable tax rights for itself and the other members of the consolidated group, including the Debtor. Waiver of the 14-day stay is certainly justified.

## CONCLUSION

The FDIC-Receiver respectfully requests that the Motion be granted in its entirety and that the Debtor's objection be overruled.

Dated: Montgomery, Alabama
       August 29, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429

Respectfully submitted,

 /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
michael@fritzandhughes.com
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, AL 36117
(334) 215-4422

John J. Clarke, Jr.
Thomas R. Califano
Jeremy R. Johnson
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
(212) 335-4500

Attorneys for the
  Federal Deposit Insurance Corporation,
  as Receiver for Colonial Bank

---

Small to N. Christian Glenos and John J. Clarke, Jr., attached as Exhibit B. The Debtor's current plea for more time based on an alleged lack of information therefore rings hollow.