# **EXHIBIT A**

pursuant to section 6402(c) or (d) shall not be subject to review by any court of the United States or by the Service in an administrative proceeding. No action brought against the United States to recover the amount of this reduction shall be considered to be a suit for refund of tax. Any legal, equitable, or administrative action by any person seeking to recover the amount of the reduction of the overpayment must be taken against the Federal agency to which the amount of the reduction was paid. Any action which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act must be taken against the Secretary of Health and Human Services.

(m) *Access to and use of confidential tax information.* Access to and use of confidential tax information in connection with the tax refund offset program are restricted by section 6103 of the Code. However, section 6103(l)(10) permits Federal officers and employees of agencies participating in the tax refund offset program to have access to and use of confidential tax information. Agencies receiving such information are subject to the safeguard, recordkeeping, and reporting requirements of section 6103(p)(4) and the regulations thereunder. The agency shall inform its officers and employees who access or use confidential tax information of the restrictions and penalties under the Internal Revenue Code for misuse of confidential tax information.

(n) *Effective dates.* This section applies to refunds payable under section 6402 after April 15, 1992, and on or before January 1, 1998. For the rules applicable after January 1, 1998, see 31 CFR part 285.

[T.D. 8413, 57 FR 13038, Apr. 15, 1992; 57 FR 36691, Aug. 14, 1992, as amended by T.D. 8837, 64 FR 48548, Sept. 7, 1999]

§ 301.6402–7　**Claims for refund and applications for tentative carryback adjustments involving consolidated groups that include insolvent financial institutions.**

(a) *In general*—(1) *Overview.* Section 6402(i) authorizes the Secretary to issue regulations providing for the payment of a refund directly to the statutory or court-appointed fiduciary of an insolvent corporation that was a subsidiary in a consolidated group, to the extent the Secretary determines that the refund is attributable to losses or credits of the insolvent corporation. This section provides rules for the payment of refunds and tentative carryback adjustments to the fiduciary of an insolvent financial institution that was a subsidiary in a consolidated group.

(2) *Notice.* This section provides notice to the common parent of a consolidated group of which an insolvent financial institution is or was a member that—

(i) The fiduciary for the institution may, in addition to the common parent, act as agent for the group in certain matters relating to the tax liability of the group in the year in which a loss arose and for the year to which a claim for refund or application for tentative carryback adjustment relates; and

(ii) The Internal Revenue Service may deal directly with the common parent or the fiduciary (or both) as agent for the group to the extent provided in this section.

(b) *Definitions.* For purposes of this section, the following terms have the meanings set forth below:

(1) *Carryback year group.* A carryback year group is a consolidated group of which a corporation that is or becomes an insolvent financial institution is a member during a consolidated carryback year.

(2) *Consolidated carryback year.* A consolidated carryback year is a consolidated return year to which a loss arising in a loss year is carried back.

(3) *Fiduciary.* A fiduciary is—

(i) The Federal Deposit Insurance Corporation;

(ii) The Resolution Trust Corporation; or

(iii) Any other entity established by federal law, or a federal agency, that is identified by the Commissioner in a revenue ruling or revenue procedure as a fiduciary for purposes of this section;

in its capacity as an authorized receiver or conservator of an insolvent financial institution.

Case 09-32303    Doc 857-1    Filed 08/29/10    Entered 08/29/10 14:40:51    Desc Exhibit A    Page 2 of 8

(4) *Insolvent financial institution.* An insolvent financial institution (an institution) is a bank or domestic building and loan association for which the fiduciary is authorized to act as a receiver or conservator—

(i) On the ground that the institution is insolvent within the meaning of 12 U.S.C. 191, 12 U.S.C. 1821(c)(5)(A), 12 U.S.C. 1464(d)(2)(A)(i), or 12 U.S.C. 1464(d)(2)(C)(i) or any applicable state law (or any successor statute which adopts a substantially similar standard); or

(ii) On grounds other than insolvency, provided that the institution is insolvent within the meaning of paragraph (b)(4)(i) of this section at any time after commencement of the conservatorship or receivership.

A reference to an institution under these regulations includes, as the context requires, a reference to predecessors and successors of the institution.

(5) *Loss year.* A loss year is a taxable year for which any member or former member of the carryback year group claims a loss that may be carried back.

(6) *Loss year group.* A loss year group is a consolidated group of which a corporation that is or becomes an insolvent financial institution is a member during a loss year.

(7) *Procedure effective date.* The procedure effective date is the day on which the Internal Revenue Service has processed the notice described in paragraph (d)(1) of this section to the extent necessary for all Internal Revenue Service Centers to have access to information indicating that—

(i) Appropriate notice to the Internal Revenue Service has been filed; and

(ii) Payments with respect to losses of an institution are to be paid in accordance with the procedures set forth in this section.

(8) *Definitions in § 1.1502–1.* Unless otherwise provided, the definitions contained in § 1.1502–1 of this chapter apply in this section.

(c) *Deemed agency status of fiduciary*— (1) *In general.* Notwithstanding the general treatment of a common parent as the agent of a group under §§ 1.1502–77 and 1.1502–78 of this chapter, if the fiduciary satisfies the notice requirements of paragraph (d)(1) of this section, the fiduciary may also be deemed to be an agent under §§ 1.1502–77 and 1.1502–78 of this chapter—

(i) Of the loss year group (if any) for purposes of filing a consolidated return for the loss year;

(ii) Of the carryback year group for purposes of filing a claim for refund or an application for a tentative carryback adjustment for the consolidated carryback year under paragraph (e) of this section and receiving payments of any refund or tentative carryback adjustment under paragraph (g) of this section; and

(iii) Of the carryback year group, the loss year group or any other group of which the institution is a member for any matter pertaining to the determination of the refund or tentative carryback adjustment, but only to the extent provided in paragraph (c)(2) of this section.

(2) *Limitation.* The fiduciary may act as an agent for matters described in paragraph (c)(1)(iii) of this section only to the extent—

(i) Authorized by the district director, in his/her sole discretion, after receiving a written request from the fiduciary; or

(ii) Requested by the Internal Revenue Service under paragraph (f)(3) of this section.

(d) *Notice requirements*—(1) *Notice to the Internal Revenue Service.* To satisfy the notice requirement of this paragraph (d)(1), the fiduciary must file Form 56–F, Notice Concerning Fiduciary Relationship of Financial Institution, with the Internal Revenue Service Center indicated on the form. However, in its sole discretion, the Internal Revenue Service may treat notice to it in any other manner as satisfying the notice requirement under this paragraph (d)(1).

(2) *Notice to the common parent*—(i) *Form 56–F.* The fiduciary must send a copy of the form 56–F filed with the Internal Revenue Service Center or any other notice provided to the Service under paragraph (d)(1) of this section to the common parent of the loss year group (if any) and the common parent of all carryback year groups (if different from the loss year group).

(ii) *Claim for refund and loss year return.* If a claim for refund is filed by

Case 09-32303    Doc 857-1    Filed 08/29/10    Entered 08/29/10 14:40:51    Desc Exhibit A    Page 3 of 8

the fiduciary in accordance with paragraph (e)(1) of this section, the fiduciary must provide a copy of the claim for refund to the common parent of the carryback year group. If a loss year return is filed by the fiduciary in accordance with paragraph (e)(3) of this section, the fiduciary must provide a copy of the loss year return to the common parent of the loss year group (if any).

(iii) *Additional information.* The fiduciary must provide to the affected common parent a copy of the request for agency status referred to in paragraphs (c)(2) (i) and (ii) of this section, and a copy of any additional information submitted to the Internal Revenue Service as agent under paragraph (c)(1)(iii) of this section.

(e) *Filing requirements of the fiduciary*—(1) *Claim for refund by the fiduciary.* If the fiduciary accepts a claim for refund filed by the common parent, the fiduciary may claim a refund under this section by filing a copy of the common parent's claim for refund. If no claim for refund is filed by the common parent for the consolidated carryback year or the fiduciary does not accept a claim for refund filed by the common parent, the fiduciary may claim a refund under this section by filing its own claim for refund under section 6402, based on all information pertaining to the institution and all information pertaining to other members of the carryback year group and the loss year group to which the fiduciary has reasonable access. Any claim for refund filed by the fiduciary under this paragraph (e)(1) must contain the title "Claim for refund under section 6402(i) of the Code" at the top of the first page of the claim, and the following must be attached to the claim:

(i) The name and employer identification number of the institution that was a member of the carryback year group;

(ii) The name of the fiduciary;

(iii) A schedule demonstrating that the amount of the refund claimed by the fiduciary is determined in accordance with paragraph (g) of this section;

(iv) A representation that the institution is an insolvent financial institution as defined in paragraph (b)(4) of this section;

(v) A representation that the fiduciary has satisfied the requirements set forth in paragraphs (d)(2)(i) and (ii) of this section; and

(vi) A statement executed by an authorized representative of the fiduciary and any paid preparer utilized by the fiduciary that provides "Under penalties of perjury, I declare that I have examined the items listed in § 301.6402–7T(e)(1)(i) through (v), including accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which the preparer has any knowledge."

(2) *Application for tentative carryback adjustment pursuant to section 6411.* Notwithstanding section 6411 and § 1.1502–78 of this chapter, an application for a tentative carryback adjustment must be signed by both the common parent of the carryback year group and the fiduciary if the payment with respect to the tentative carryback adjustment is not made before the procedure effective date (whether or not the application was filed before the procedure effective date). Any application for a tentative carryback adjustment filed under this paragraph (e)(2) must contain the title "Application for tentative carryback adjustment under section 6402(i) of the Code" at the top of the first page of the application. In addition, the following must be attached to the application:

(i) The name and employer identification number of the institution that was a member of the carryback year group;

(ii) The name of the fiduciary;

(iii) A schedule demonstrating that the amount claimed by the fiduciary is determined in accordance with paragraph (g) of this section;

(iv) A representation that the institution is an insolvent financial institution as defined in paragraph (b)(4) of this section; and

(v) A representation that the fiduciary has satisfied the requirements set forth in paragraph (d)(2)(i) of this section.

(3) *Loss year return by the fiduciary.* If the institution is a member of a loss year group, and either the common parent does not file a loss year return

Case 09-32303    Doc 857-1    Filed 08/29/10    Entered 08/29/10 14:40:51    Desc Exhibit A    Page 4 of 8

or the fiduciary does not accept the loss year return filed by the common parent, the fiduciary may file a loss year return with respect to the loss year group. A loss year return can only be filed by the fiduciary in conjunction with the filing of a claim for refund under paragraph (e)(1). The return must be based on all information pertaining to the institution and all information pertaining to other members to which the fiduciary has reasonable access. Any return filed by the fiduciary under this paragraph (e)(3) must contain the title "Loss year return under section 6402(i) of the Code" at the top of the first page of the return, and the following must be attached to the return:

(i) The name and employer identification number of the institution that is a member of the loss year group;

(ii) The name of the fiduciary;

(iii) A representation that the institution is an insolvent financial institution as defined in paragraph (b)(4) of this section; and

(iv) A representation that the fiduciary has satisfied the requirements set forth in paragraphs (d)(2)(i) and (ii) of this section.

(4) *Additional information.* If the fiduciary files additional information under paragraph (c)(1)(iii) of this section, the fiduciary must attach a representation that it has satisfied the requirements set forth in paragraph (d)(2)(iii) of this section.

(5) *Election to waiver carryback.* Any election filed after December 30, 1991, by the common parent of a loss year group under section 172(b)(3) to relinquish the entire carryback period with respect to a consolidated net operating loss arising in a loss year is not effective with respect to the portion of the consolidated net operating loss attributable to a subsidiary that is an institution. Instead, the fiduciary may make the election under section 172(b)(3) with respect to the portion attributable to the institution after the notice described in paragraph (d)(1) of this section is filed. For purposes of this paragraph (e)(5), the portion attributable to an institution is determined under the principles of paragraph (g)(2)(ii) of this section.

(f) *Processing and reconciliation of information by the Internal Revenue Service*—(1) *Loss year return if the insolvent financial institution is a member of a loss year group.* The Internal Revenue Service may, in its sole discretion, adjust a loss year return filed by the common parent of a loss year group to take into account information filed by the fiduciary in accordance with paragraph (e) of this section, or accept or adjust a loss year return for the loss year group filed by the fiduciary. Nothing in this section relieves the common parent of a loss year group of its duty to file a consolidated return taking into account an institution's items of income, gain, loss, deduction, and credit for any taxable year, or obligates the Internal Revenue Service to accept a return filed by the fiduciary as the return of the loss year group.

(2) *Claim for refund with respect to consolidated carryback year.* The Internal Revenue Service may, in its sole discretion, adjust a claim for refund filed by the common parent of a carryback year group to take into account information filed by the fiduciary in accordance with paragraph (e) of this section, or accept or adjust a claim for refund for the carryback year group filed by the fiduciary. Nothing in this section obligates the Internal Revenue Service to pay a claim for refund, or to accept a claim for refund, filed by the fiduciary as a claim for refund for the carryback year group.

(3) *Additional information.* In determining the amount of any refund that may be paid to the fiduciary under paragraph (g) of this section, the Internal Revenue Service may, in its sole discretion, take into account any information that the Internal Revenue Service deems relevant and may require the fiduciary to file any additional information the Internal Revenue Service deems appropriate.

(g) *Payment of a refund or a tentative carryback adjustment to fiduciary*—(1) *In general.* If a claim for refund or an application for a tentative carryback adjustment is filed for the consolidated carryback year in accordance with paragraph (e) of this section, the Internal Revenue Service may, in its sole discretion, pay to the fiduciary all or any portion of the refund or tentative carryback adjustment that the Internal Revenue Service determines under

this section to be attributable to the net operating losses of the institution. Nothing in this section obligates the Internal Revenue Service to pay to the fiduciary all or any portion of a claim for refund or application for tentative carryback adjustment.

(2) *Portion of refund or tentative carryback adjustment attributable to the net operating loss of an insolvent financial institution*—(i) *In general.* The portion of a refund or tentative carryback adjustment attributable to a net operating loss of an institution that is carried to a consolidated carryback year is determined based on the absorption, as described in paragraph (g)(2)(iii) of this section, of the institution's net operating loss carried to the consolidated carryback year.

(ii) *Member's net operating loss.* If the loss year is a consolidated return year, references in this section to the net operating loss of a member of the loss year group is a reference to the portion of the loss year group's consolidated net operating loss attributable to the member. The consolidated net operating loss for a taxable year that is attributable to a member is determined by a fraction, the numerator of which is the separate net operating loss of the member for the year of the loss and the denominator of which is the sum of the separate net operating losses for that year of all members having such losses. For this purpose, the separate net operating loss of a member is determined by computing the consolidated net operating loss by taking into account only the member's items of income, gain, deduction, and loss, including the member's losses and deductions actually absorbed by the group in the taxable year (whether or not absorbed by the member).

(iii) *Absorption of net operating losses.* The absorption of net operating losses generally is determined under applicable principles of the Code and regulations, including the principles of section 172 and §§ 1.1502–21(b) or 1.1502–21A(b) (as appropriate) of this chapter. Notwithstanding any contrary rule or principle of the Code or regulations, if an institution and another member of the carryback year group have net operating losses that arise in taxable years ending on the same date and are carried to the same consolidated carryback year, the carryback year group's consolidated taxable income for that year is treated as offset first by the loss attributable to the institution to the extent thereof.

(3) *Examples.* For purposes of the examples in this section, all groups file consolidated returns, all corporations have calendar taxable years, the facts set forth the only corporate activity, the fiduciary has met the notice and filing requirements of this section, and the common parent has filed a return for the loss year and a claim for refund. The principles of this paragraph (g) are illustrated by the following examples.

*Example 1. Absorption of net operating losses.* (a) P owns all the stock of S1, an insolvent financial institution, and S2, a corporation that is not a financial institution. For Year 1, P, S1, and S2 each have $50 of income, and the P group's consolidated taxable income is $150. On May 31 of Year 2, S1 becomes insolvent and is placed in receivership under the supervision of a fiduciary. For Year 2, the P group has a consolidated net operating loss of $200, of which $100 is attributable to S1 and $100 is attributable to S2.

(b) Under paragraph (g)(2)(iii) of this section, the $150 of consolidated taxable income for Year 1 is offset first by the $100 portion of the consolidated net operating loss for Year 2 attributable to S1. The remaining $50 is treated as offset by $50 of the $100 of consolidated net operating loss attributable to S2. Thus, the refund attributable to $100 of the loss may be payable to the fiduciary and the refund attributable to $50 of the loss may be payable to P. The remaining $50 consolidated net operating loss, available to be carried forward, is entirely attributable to S2.

*Example 2. Separate return net operating loss.* The facts are the same as in *Example 1*, except that S1 left the P group at the end of Year 1 and its $100 of loss in Year 2 is incurred in a separate return limitation year. Under paragraph (g)(2)(iii) of this section, the generally applicable absorption principles of section 172 and § 1.1502–21 of this chapter apply. Although S1 and S2 are carrying back losses to Year 1 from taxable years ending on the same date (Year 2), S1's loss is subject to a $50 limitation under § 1.1502–21(c) of this chapter and only $50 of S1's loss is absorbed before S2's net operating loss. Therefore, the refund attributable to $50 of the net operating loss of S1 may be payable to the fiduciary, and the refund attributable to $100 of the net operating loss of S2 may be payable to P. The remaining $50 net operating loss of S1 is available to be carried forward.

Case 09-32303    Doc 857-1    Filed 08/29/10    Entered 08/29/10 14:40:51    Desc Exhibit
                                      A    Page 6 of 8

(4) *Refund or tentative carryback adjustment allocation agreement.* The determination of the portion of any refund or tentative carryback adjustment payable to the fiduciary under this paragraph (g) shall be made without regard to—

(i) Any agreement among the members of the consolidated group; or

(ii) Whether the fiduciary is otherwise entitled to any portion of the refund or tentative carryback adjustment under applicable law.

(h) *Credits*, *net capital losses*, *and subgroups*—(1) *Credits and net capital losses*—(i) *In general.* The principles of this section also apply to credits and net capital losses, with appropriate adjustments to reflect differences between the rules applicable to net operating losses and those applicable to credits and net capital losses.

(ii) *Example.* The principles of this paragraph (h)(1) are illustrated by the following example.

*Example.* Net capital loss. (a) P owns all the stock of S1, an insolvent financial institution, and S2, a corporation that is not a financial institution. For Year 1, P, S1, and S2 each have $50 of capital gain, and the P group's consolidated capital gain net income is $150. On May 31 of Year 2, S1 becomes insolvent and is placed in receivership under the supervision of a fiduciary. For Year 2, the P group has a consolidated net operating loss of $100 that is attributable to S1, and a consolidated net capital loss of $100 that is attributable to S2.

(b) Under paragraphs (g)(2)(iii) and (h)(1) of this section, the generally applicable absorption principles of sections 172 and 1212 and §§ 1.1502–21(b) and 1.1502–22(b) of this chapter apply. Consequently, S2's capital loss is absorbed before S1's net operating loss. Therefore, the $150 of consolidated capital gain net income is offset first by S2's $100 capital loss and the remaining $50 by S1's net operating loss. The refund attributable to $50 of the net operating loss may be payable to the fiduciary, and the refund attributable to the $100 of capital loss may be payable to P. The remaining $50 consolidated net operating loss available to be carried forward is entirely attributable to S1.

(2) *Insolvent financial institution subgroup*—(i) *In general.* The principles of this section apply to all members included in an insolvent financial institution subgroup with appropriate adjustments to reflect differences resulting from the application to more than one corporation in a group. Unless otherwise determined by the Internal Revenue Service in its sole discretion, an insolvent financial institution subgroup is composed of an insolvent financial institution and those other members of a loss year group that, at any time during the conservatorship or receivership of the institution, bear the same relationship to the institution that the members of a group bear to their common parent under section 1504(a)(1).

(ii) *Examples.* The principles of this paragraph (h)(2) are illustrated by the following examples.

*Example 1.* Loss of other subgroup members. (a) S1 is a financial institution, and P, S2, and S3 are not financial institutions. P owns all the stock of S1, S1 owns all the stock of S2, and the stock of S3 is owned 20 percent by S2 and 80 percent by P. For Year 1, P, S1, and S2 each have $100 of income, S3 has no income or loss, and the P group's consolidated taxable income is $300. On May 31 of Year 2, S1 becomes insolvent and is placed in receivership under the supervision of a fiduciary. For Year 2, the P group has a consolidated net operating loss of $300, of which $200 is attributable to S1 and $100 is attributable to S2.

(b) S1 and S2 compose a subgroup because S2 bears the same relationship to S1 that the member of a group bears to its common parent under section 1504(a). S3 is not included in the subgroup because it is not connected to S1 through 80 percent stock ownership as described in section 1504(a).

(c) Because S1 and S2 are members of a subgroup, a claim for refund under paragraph (e) of this section must be based on the aggregate consolidated net operating loss of both S1 and S2. Under paragraph (e)(5) of this section, P may not elect under section 172(b)(3) to relinquish the entire carryback period with respect to the $300 of consolidated net operating loss arising in Year 2 that is attributable to S1 and S2. Any refund payable under paragraph (g)(1) of this section with respect to the $300 loss of S1 and S2 may be paid by the Internal Revenue Service directly to the fiduciary.

*Example 2.* Income of other subgroup members. (a) The facts are the same as in *Example 1*, except that S2 has $100 of income in Year 2 rather than $100 of loss. Any refund payable under paragraph (g) of this section with respect to the loss of S1 in Year 2 must take into account the income of S2, and therefore the refund will be based on a $100 loss of the subgroup.

(b) Although P and S3 are not members included in the subgroup, the loss year return

363

Case 09-32303    Doc 857-1    Filed 08/29/10    Entered 08/29/10 14:40:51    Desc Exhibit A    Page 7 of 8

and the claim for refund filed by the fiduciary under paragraph (e) of this section must be completed based on all information to which the fiduciary has reasonable access. Under paragraph (e)(3) of this section, if P does not file a loss year return that is accepted by S1, and S1 has reasonable access to information indicating that P and S3 have income in Year 2, S1 must take that income into account in filing the P group's return for Year 2 and reduce the amount of S1's loss that may be carried to Year 1 accordingly. However, if P or S3 has a loss in Year 2, any refund attributable to that loss will not be paid to the fiduciary.

(i) [Reserved]

(j) *Determination of ownership.* This section determines the party to whom a refund or tentative carryback adjustment will be paid but is not determinative of ownership of any such amount among current or former members of a consolidated group (including the institution).

(k) *Liability of the Government.* Any refund or tentative carryback adjustment paid to the fiduciary discharges any liability of the Government to the same extent as payment to the common parent under §1.1502–77 or §1.1502–78 of this chapter. Furthermore, any refund or tentative carryback adjustment paid to the fiduciary is considered a payment to all members of the carryback year group. Any determination made by the Internal Revenue Service under this section to pay a refund or tentative carryback adjustment to a fiduciary or the common parent may not be challenged by the common parent, any member of the group, or the fiduciary.

(l) *Effective dates.* This section applies to refunds and tentative carryback adjustments paid after December 30, 1991.

[T.D. 8387, 56 FR 67487, Dec. 31, 1991; 57 FR 6073, Feb. 20, 1992. Redesignated and amended by T.D. 8446, 57 FR 53034, Nov. 6, 1992; T.D. 8677, 61 FR 33325, June 27, 1996; T.D. 8823, 64 FR 36101, July 2, 1999]

### § 301.6403–1 Overpayment of installment.

If any installment of tax is overpaid, the overpayment shall first be applied against any outstanding installments of such tax. If the overpayment exceeds the correct amount of tax due, the overpayment shall be credited or refunded as provided in section 6402 and §§ 301.6402–1 to 301.6402–4, inclusive.

### § 301.6404–0 Table of contents.

This section lists the paragraphs contained in §§ 301.6404–1—301.6404–3.

*§ 301.6404–1 Abatements.*

*§ 301.6404–2T Definition of ministerial act (temporary).*

(a) In general.
(b) Ministerial act.
(1) Definition.
(2) Examples.
(c) Effective date.

*§ 301.6404–3 Abatement of penalty or addition to tax attributable to erroneous written advice of the Internal Revenue Service.*

(a) General rule.
(b) Requirements.
(1) In general.
(2) Advice was reasonably relied upon.
(i) In general.
(ii) Advice relating to a tax return.
(iii) Amended returns.
(iv) Advice not related to a tax return.
(v) Period of reliance.
(3) Advice was in response to written request.
(4) Taxpayer's information must be adequate and accurate.
(c) Definitions.
(1) Advice.
(2) Penalty and addition to tax.
(d) Procedures for abatement.
(e) Period for requesting abatement.
(f) Examples.
(g) Effective date.

[T.D. 8299, 55 FR 14245, Apr. 17, 1990]

### § 301.6404–1 Abatements.

(a) The district director or the director of the regional service center may abate any assessment, or unpaid portion thereof, if the assessment is in excess of the correct tax liability, if the assessment is made subsequent to the expiration of the period of limitations applicable thereto, or if the assessment has been erroneously or illegally made.

(b) No claim for abatement may be filed with respect to income, estate, or gift tax.

(c) Except in case of income, estate, or gift tax, if more than the correct amount of tax, interest, additional amount, addition to the tax, or assessable penalty is assessed but not paid to the district director, the person against whom the assessment is made

Case 09-32303    Doc 857-1    Filed 08/29/10    Entered 08/29/10 14:40:51    Desc Exhibit A    Page 8 of 8