# EXHIBIT C



DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
T 212.335.4500
F 212.335.4501
W www.dlapiper.com

JOHN J. CLARKE, JR.
john.clarke@dlapiper.com
T 212.335.4920  F 212.884.8520

August 26, 2010

*By Email*

Rufus T. Dorsey IV, Esq.
Parker, Hudson, Rainier & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303

      Re:    <u>In re Colonial BancGroup, Inc., Case No. 09-32303 (DHW)</u>

Dear Rufus:

    As you know, our client the Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver") has filed a motion with the U.S. Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court") to confirm that the automatic stay does not apply to its exercise of certain tax rights or, in the alternative, for relief from the automatic stay to permit the exercise of those rights. Based on our conversations, it appears that the debtor The Colonial BancGroup, Inc. (the "Debtor") intends to make filings with the Internal Revenue Service purportedly on behalf of the consolidated group that would prejudice the FDIC-Receiver's rights and with which we would disagree.

    As I mentioned during our call last Friday, we do not believe it is necessary for the parties to incur the expense of litigation over these matters now, especially in view of (1) the existence of an escrow account into which income tax refunds will be deposited regardless of whether the refunds are received by the Debtor or the FDIC-Receiver, (2) the pendency of litigation in the district court in which the parties' competing claims to ownership of tax refunds ultimately will be resolved, and (3) the FDIC-Receiver's statutory right to file returns and request refunds on behalf of the failed bank and its subsidiaries.

    We have not yet seen drafts of the filings that the Debtor proposes to make, but assuming that those filings will take positions that are problematic from the FDIC-



Receiver's perspective, we would nevertheless propose that the parties resolve the question of their respective filings with the IRS on the following terms.

1. The Debtor will consent to the FDIC-Receiver filing its own returns and refund requests with the IRS, and the FDIC-Receiver will consent to the Debtor filing its own returns and refund requests with the IRS. Neither party will sign the returns or refund requests filed by the other party. Each party will provide copies of its filings to the other party at the time that the documents are filed with the IRS.

2. Each party will reserve all of its arguments with respect to the propriety of the other party's IRS filings except that the Debtor will agree that no violation of the automatic stay shall be attributable to the FDIC-Receiver's filings.

3. Each party will reserve all arguments as to its ownership of tax refunds, whether there is a debtor/creditor or agency relationship, whether any refunds paid in respect of such filings are held in constructive trust, etc.

4. As already provided for in the Stipulation and Order Regarding Establishment of Segregated Account for Tax-Related Payments, entered on March 10, 2010 [Doc. No. 621], each party would deposit (or cause the IRS to deposit) any tax refunds paid to it with respect to its filings into the holding account established pursuant to that Order, to be released only as provided for in that Order.

We believe this proposal protects both parties' legitimate interests. We urge the Debtor to agree to such an approach in advance of the Bankruptcy Court hearing on Monday, and we reserve the right to share this letter with the Court at or before that hearing.

Very truly yours,

John J. Clarke, Jr.

cc: C. Edward Dobbs
J. David Freedman
Michael Fritz
Thomas R. Califano
Jeremy Johnson
Jeffrey E. Schmitt