UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 09-32303-DHW
                                                    Chapter 11
THE COLONIAL BANCGROUP, INC.,

    Debtor


ORDER OVERRULING EVIDENTIARY OBJECTION

    The debtor and the unsecured creditors' committee asserted an objection to three portions of the deposition testimony of Kurt Casebolt – the portions in which Casebolt repeats statements made to him by his supervisor, Maria Smith. The debtor and committee object that the statements constitute inadmissible hearsay.

    In deposition, Casebolt testified that, upon receiving the debtor's MOU progress report due April 30, 2009, Maria Smith told him that she did not think the debtor was in compliance. She did not believe that the debtor would be in compliance until the capital ratios were raised to meet the levels required by the MOU. Success, not efforts, was her measure of compliance.

    The FDIC contends that the statements are not offered to prove the truth of the matter asserted but to demonstrate their effect on Casebolt and to demonstrate that he understood other opinions existed within the Federal Reserve. Alternatively, the FDIC asserts that the oral statements, like a written business record, have the indicia of trustworthiness because they were made by a supervisor in the ordinary course of business to an employee who reported to her.

    The debtor and committee respond that "whether someone else's opinion had any effect on Mr. Casebolt, and his understanding as to whether there were other opinions within the Federal Reserve, are legally

irrelevant." FDIC did not question Casebolt as to any actions he might have taken in response to the statements. In addition, Casebolt's testimony demonstrates that the statements actually had no effect on him – Casebolt never disagreed with debtor's assertions of compliance in a progress report. Further, the debtor argues that an opinion made by a superior to a subordinate does not carry the same indicia of trustworthiness as a fact stated by a subordinate to a superior.

The court has considered the arguments and concludes that, out of caution, the statements will be admitted. However, the court also concludes that the statements should be accorded little weight. Whether Maria Smith, Casebolt's superior, believed that the debtor was or was not in compliance with the MOU at any particular time has little bearing on whether the debtor, in that same MOU, undertook an absolute obligation to pay the amount of the bank's capital deficiency. There were numerous ways that the debtor could have assisted the bank in increasing its capital ratios, thus becoming compliant in the mind of Maria Smith, without paying the deficiency. Indeed, the debtor pursued many such avenues. In addition, as explained in the Memorandum Opinion, the MOU is not an enforceable document.

Done this 31st day of August, 2010

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: C. Edward Dobbs, Attorney for Debtor
　Robert B. Rubin, Attorney for Committee
　John J. Clarke, Jr., Attorney for FDIC