UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 09-32303-DHW
                                                   Chapter 11
THE COLONIAL BANCGROUP, INC.,

      Debtor

ORDER DENYING MOTION IN LIMINE WITH PROVISO

      The FDIC filed a motion in limine to exclude the testimony of Herbert A. Biern. The motion came on for hearing on May 26, 2010 followed by briefs of the parties. Upon consideration of the briefs and arguments of counsel, it is

      ORDERED that Herbert A. Biern is qualified as an expert witness, and his testimony regarding issues of fact will be ALLOWED under Fed. R. Evid. 702 with the proviso that any opinion offered by him on the legal issue of whether the debtor made a "commitment" within the meaning of 11 U.S.C. § 365(o) shall not be considered by the court.[1]

      Done this 31st day of August, 2010

                                          /s/ Dwight H. Williams, Jr.
                                          United States Bankruptcy Judge

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) set forth a list of factors for determining the admissibility of scientific expert testimony. The Supreme Court has extended the application of the factors to non-scientific testimony where they are "reasonable measures of the reliability of expert testimony." *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167 (1999). However, the court does not find them helpful under "the particular circumstances of the particular case at issue." *Id.* at 150.

c: C. Edward Dobbs, Attorney for Debtor
　Robert B. Rubin, Attorney for Committee
　John J. Clarke, Jr., Attorney for FDIC