UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
------------------------------------------------------------x
                                          :
In re                                     :     Chapter 11
                                          :
THE COLONIAL BANCGROUP, INC.,             :     Case No.  09-32303 (DHW)
                                          :
        Debtor.                           :
                                          :
------------------------------------------------------------x
```

### ORDER ON MOTION OF FDIC-RECEIVER
### FOR AN ORDER (1) CONFIRMING THAT THE AUTOMATIC STAY
### DOES NOT APPLY OR, (2) IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC
### STAY TO PERMIT THE FDIC-RECEIVER TO EXERCISE CERTAIN TAX RIGHTS

This matter is before the Court upon the motion (the "Motion") of the Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), seeking entry of an order confirming that the automatic stay does not apply to the FDIC-Receiver's exercise of certain alleged Tax Rights (as defined in the Motion) or, in the alternative, granting relief from the automatic stay pursuant to Section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") so that the FDIC-Receiver may exercise those alleged Tax Rights as and to the extent provided under Section 6402(k) of title 26 of the United States Code (the "Internal Revenue Code") and 26 C.F.R. § 301.6402-7 ("Treas. Reg. § 301.6402-7").

On August 27, 2010, The Colonial BancGroup, Inc. (the "Debtor") filed an objection to the Motion (the "Objection")[Doc. No. 855], maintaining that the automatic stay applied to any exercise of the alleged Tax Rights and that the FDIC-Receiver was not entitled to the relief requested in the Motion.

The Motion came on for hearing before the Court on August 30, 2010. At the hearing, counsel for the Internal Revenue Service (the "IRS") appeared for the purpose of stating on the record its position with regard to certain issues implicated by the Motion.

Following the hearing, the Debtor and the FDIC-Receiver agreed to settle the Motion and the Objection on the terms hereinafter set forth.

NOW, THEREFORE, based upon the Motion and all of the proceedings before this Court and after due deliberation and sufficient cause appearing therefor, and with the consent of the parties, it is hereby **ORDERED** that:

1. Effective as of 11:59 p.m. EST on September 13, 2010, the automatic stay shall be modified to allow the FDIC-Receiver to take such action as it may be entitled to take under Section 6402(k) of the Internal Revenue Code and Treas. Reg. § 301.6402-7 with regard to the filing of a 2009 tax return and refund request as the fiduciary for Colonial Bank and its subsidiaries; provided, however, that (i) as condition to modification of the automatic stay as provided herein, any request for a tax refund submitted by the FDIC-Receiver to the IRS under Section 6402(k) and Treas. Reg. § 301.6402-7 with regard to the filings that may be made by the FDIC-Receiver pursuant to the foregoing must be accompanied by a Form 8302-Electronic Deposits of Tax Refund of $1 Million for the purpose of directing the IRS to remit any refund by direct deposit to the segregated debtor-in-possession bank account established pursuant to the Order of this Court entered on March 10, 2010 [Doc. No. 621] (the "Segregated Tax Account"); (ii) the automatic stay is not modified to permit the FDIC-Receiver to amend any federal returns filed by the Debtor for tax years prior to 2009 except to the extent that any such returns may be deemed amended under applicable federal tax laws and regulations as a consequence of the FDIC-Receiver's filings with respect to the 2009 tax year that are permitted by this paragraph (including any filing that may be permitted of a Form 1120X); and (iii) the automatic stay is not modified to allow the FDIC-Receiver to take action to cause any refund, whether sought by the Debtor or the FDIC-Receiver (collectively, the "Tax Refund"), to be remitted in a manner contrary to the foregoing.

2. Any payment of refunds directly to either the Debtor and/or the FDIC-Receiver in contravention of paragraph 1 shall be deemed to have been paid directly to the Segregated Tax Account.

3. This Order, the filing of 2009 federal tax returns, refund requests, or tentative carryback adjustments by either the Debtor or (to the extent permitted above) the FDIC-Receiver (the "Tax Returns"), the processing of the Tax Returns and the payment of any Tax Refund is without prejudice to any arguments of either the Debtor or the FDIC-Receiver as to the entitlement of either to all or any portion of any Tax Refund, including, without limitation, arguments based on any filing elections, positions or tax attributes that were or could have been asserted by the Debtor or the FDIC-Receiver in the Tax Returns and/or as a basis for entitlement to such Tax Refund. Without limiting the generality of the foregoing, the Debtor and the FDIC-Receiver each is deemed to retain its full right to argue and present its positions in any civil action or adversary proceeding pending in the District Court regarding ownership of or other entitlement to all or any portion of any Tax Refund and neither party shall be foreclosed from making any such argument by reason of:

(a) the manner and process by which the Tax Refund was remitted, received or deposited into the Segregated Tax Account;

(b) whether the Tax Refund is remitted in accordance with the terms of this Order directly to the Segregated Tax Account or is remitted to, or in the name or to the order of, the Debtor or the FDIC-Receiver;

(c) whether the Tax Refund is allowed or calculated based upon or as a consequence of a Tax Return having been filed by the Debtor or the FDIC-Receiver;

(d) whether the Tax Refund was or is based upon a Tax Return in which the losses are asserted to have been incurred or tax payments were asserted to have been made by the Debtor, Colonial Bank or any of their affiliates; or

(e) whether the IRS may have determined, expressly or impliedly, that the Debtor's worthless stock deduction or the claim based upon the net operating losses of Colonial Bank is proper, improper, allowable or disallowable.

4. Except to the extent contemplated to be heard in District Court proceedings as set forth in paragraph 3 above, the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. Nothing in this Order shall alter, restrict or otherwise affect in any way the right of the Debtor to file a 2009 consolidated tax return, tentative carryback adjustments in connection therewith, any amendments thereto and any elections in connection therewith, or any other filings, amendments or elections that the Debtor may in its discretion make for the 2009 tax year and/or any prior tax year (including, without limitation, the filing of any Form 1120X), in each case at such time and in such form and substance as the Debtor may elect, or the right of the Debtor to seek all refunds pursuant to any of the foregoing.

6. The 14-day stay period provided for in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

7. Except as expressly stated hereinabove, the Motion is denied as to all other relief requested.

By its consent hereto, as shown by the signature below of its counsel of record, the FDIC-Receiver stipulates and agrees that, to the extent not inconsistent with paragraph 1 of this Order, it will, in good faith, cooperate with the Debtor in an effort to obtain expedited processing and payment into the Segregated Tax Account of any pending federal refund request or any federal refund request that may be made by either the Debtor or the FDIC-Receiver as contemplated in this Order.

Dated: September 3, 2010
       Montgomery, Alabama

                                           /s/ Dwight H. Williams, Jr.
                                           United States Bankruptcy Judge

**CONSENTED TO BY**:

*/s/ C. Edward Dobbs*

C. Edward Dobbs
Parker, Hudson, Rainer & Dobbs LLP
285 Peachtree Center Avenue NE
1500 Marquis Two Tower
Atlanta, GA 30303

Attorneys for the Debtor

*/s/ John J. Clarke, Jr.*
John J. Clarke, Jr.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

Attorneys for the FDIC-Receiver