## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **THE COLONIAL BANCGROUP, INC.,** | Case No. 09-32303(DHW) |
| Debtor. | |

### FDIC-RECEIVER'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), appellant Federal Deposit Insurance Corporation, in its capacity as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully submits this designation of items to be included in the record on appeal and statement of the issues to be presented with respect to its appeal of certain orders of the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court") as set forth in the FDIC-Receiver's notice of appeal filed on September 13, 2010 [Doc. No. 892] (the "Appeal").

### STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.    Did the Bankruptcy Court err in holding that the documents at issue did not constitute a commitment by the debtor The Colonial BancGroup, Inc. (the "Debtor") to maintain the capital of Colonial Bank, an insured depository institution, within the meaning of 11 U.S.C. § 365(o)?

2.    In reaching that conclusion, did the Bankruptcy Court err in granting summary judgment for the Debtor and against the FDIC-Receiver while construing disputed aspects of the factual record against the FDIC-Receiver?

3.    Did the Bankruptcy Court err in considering the testimony of Herbert A. Biern where the court acknowledged that Mr. Biern's testimony was inadmissible on the ultimate legal issue and where there was no dispute that Mr. Biern had no personal knowledge of the facts at issue?

4.       Did the Bankruptcy Court err in holding that the Federal Deposit Insurance Corporation is the only "appropriate Federal banking agency" for purposes of the application of 11 U.S.C. § 365(o) in the circumstances presented?

5.       Did the Bankruptcy Court err in holding that 11 U.S.C. § 365(o) does not apply when an insured depository institution is no longer operating as of the chapter 11 petition date of the entity that has made a commitment to maintain the capital of that institution?

6.       Did the Bankruptcy Court err in denying the FDIC-Receiver's motion for relief from the automatic stay arising under 11 U.S.C. § 362 because of the court's denial of the FDIC-Receiver's motion under 11 U.S.C. § 365(o)?

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

The FDIC-Receiver designates the listed items for inclusion in the record in the Appeal:

1.       Docket as of September 24, 2010, *In re The Colonial BancGroup, Inc.*, Case No. 09-32303 (DHW) (Bankr. M.D. Ala.).

2.       Emergency Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, For an Order Modifying the Automatic Stay, dated October 5, 2009 [Doc. No. 156].

3.       Declaration of Timothy D. Rich in Support of Emergency Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, For an Order Modifying the Automatic Stay, dated October 5, 2009 [Doc. No. 156- 1, 2] (including exhibits).

4.       Order Setting Preliminary and Final Hearings, dated October 6, 2009 [Doc. No. 160].

5.       Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, Montgomery, Alabama, For an Order (A) To Require Cure of Deficiencies Under 11 U.S.C. § 365(o) or (B) Converting Debtor's Bankruptcy Case to a Liquidation Under Chapter 7 of the Bankruptcy Code, dated November 5, 2009 [Doc. No. 257].

6.      Order Setting Hearing, dated November 6, 2009 [Doc. No. 265].

7.      Motion to Set Objection Deadline, filed by the FDIC-Receiver on January 11, 2010 [Doc. No. 464].

8.      Motion for Summary Judgment of The Colonial BancGroup, Inc., dated January 11, 2010 [Doc. No. 467].

9.      Appendix of Documents in Support of Motion for Summary Judgment of the Colonial BancGroup, Inc., dated January 12, 2010 [Doc. No. 469].

10.     Order Setting Hearing on Motion for Summary Judgment, dated January 12, 2010 [Doc. No. 470].

11.     Emergency Motion to Adjourn Hearing and Briefing Schedule on Motion for Summary Judgment, filed by the FDIC-Receiver on January 12, 2010 [Doc. No. 473].

12.     Stipulation and [Proposed] Order Adjourning Motion and Response Deadline, dated January 19, 2010 [Doc. No. 481].

13.     Agreed Order Amending Order Setting Hearing, dated January 20, 2010 [Doc. No. 486].

14.     Amended Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, For an Order Modifying the Automatic Stay, dated January 22, 2010 [Doc. No. 499].

15.     Motion of Debtor to Approve (I) Stipulation and Scheduling Order for Proceedings with Respect to FDIC-Receiver Motions and (II) Stipulation and Order Amending Final Order on Use of Cash Collateral Entered on October 14, 2009, dated February 25, 2010 [Doc. No. 578].

Case 09-32303   Doc 916   Filed 09/24/10   Entered 09/24/10 16:24:12   Desc Main
Document      Page 3 of 7

16. Stipulation and Scheduling Order for Proceedings with Respect to FDIC-Receiver Motions, dated March 16, 2010 [Doc. No. 633].

17. Motion of Debtor for Approval of Confidentiality Agreement and Debtor's Execution Thereof and Performance Thereunder, dated March 19, 2010 [Doc. No. 635].

18. Confidentiality Stipulation and Protective Order, dated April 7, 2010 [Doc. No. 654].

19. Order Granting Motion of Debtor for Approval of Confidentiality Agreement and Debtor's Execution Thereof and Performance Thereunder, dated April 12, 2010 [Doc. No. 659].

20. Objection of Official Committee of Unsecured Creditors to Amended Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, for an Order Modifying the Automatic Stay, dated April 26, 2010 [Doc. No. 694].

21. Debtor's Objection to Amended Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, for an Order Modifying the Automatic Stay, dated April 26, 2010 [Doc. No. 695].

22. Debtor's Objection to Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, Montgomery, Alabama, for an Order (A) To Require Cure of Deficiencies Under 11 U.S.C. § 365(o) or (B) Converting Debtor's Bankruptcy Case to a Liquidation Under Chapter 7 of the Bankruptcy Code, dated April 26, 2010 [Doc. No. 696].

23. Debtor's Motion for Summary Judgment with Respect to FDIC-Receiver's Amended Stay Relief Motion, dated April 26, 2010 [Doc. No. 697].

24. Debtor's Motion for Summary Judgment with Respect to FDIC-Receiver's Motion Under Section 365(o) of the Bankruptcy Code, dated April 26, 2010 [Doc. No. 698].

25.     Unsecured Creditors' Committee's Objections to Motion of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, Montgomery, Alabama, for an Order (A) To Require Cure of Deficiencies Under 11 U.S.C. § 365(o) or (B) Converting Debtor's Bankruptcy Case to a Liquidation Under Chapter 7 of the Bankruptcy Code, dated April 26, 2010 [Doc. No. 701].

26.     Appendix of Documents in Support of Debtor's Motion for Summary Judgment with Respect to FDIC-Receiver's Motion Under Section 365(o) of the Bankruptcy Code, dated April 26, 2010 [Doc. No. 703].

27.     Order Setting Hearing on Motions for Summary Judgment, dated April 27, 2010 [Doc. No. 704].

28.     Appendix Submitted by the FDIC-Receiver in Support of Motions for Relief Under 11 U.S.C. §§ 362(d) and 365(o), including Declaration of John J. Clarke, Jr., both dated May 17, 2010, filed under seal [Doc. No. 715].

29.     Reservation of Rights and Limited Objection of BB&T to Amended Motion of the FDIC-Receiver for an Order Modifying the Automatic Stay, dated May 21, 2010 [Doc. No. 729].

30.     Motion *In Limine* of the Federal Deposit Insurance Corporation, as Receiver, to Exclude Testimony and Opinion of Herbert A. Biern, dated May 24, 2010, filed under seal [Doc. No. 733].

31.     Appendix Submitted by the FDIC-Receiver in Support of Motion *In Limine*, dated May 24, 2010, filed under seal [Doc. No. 733].

32.     Transcript of Hearing on May 26, 2010 before the Honorable Dwight H. Williams, Jr., United States Bankruptcy Judge (entered on docket on July 1, 2010) [Doc. No. 794].

33. Order Allowing Intervention of Branch Banking and Trust Company, dated May 28, 2010 [Doc. No. 736].

34. Designations of Testimony Taken in the Depositions of Lewis Beville, Herbert A. Biern, Kurt W. Casebolt, T. Brent Hicks, Sarah H. Moore, Timothy D. Rich, and Simuel Sippial, Jr., filed under seal on June 24, 2010 [Doc. No. 770].

35. BB&T's Response to the FDIC-Receiver's Motion for an Order Modifying the Automatic Stay and Reservation of Rights, dated June 25, 2010 [Doc. No. 780].

36. Original Deposition Transcripts of Depositions of Lewis Beville, Herbert A. Biern, Kurt W. Casebolt, T. Brent Hicks, Sarah H. Moore, Timothy D. Rich, and Simuel Sippial, Jr., filed under seal on July 20, 2010 [Doc. No. 820].

37. Memorandum Opinion dated August 31, 2010 [Doc. No. 863].

38. Order Granting Motions for Summary Judgment, entered on August 31, 2010 [Doc. No. 864].

39. Order Denying Motion In Limine with Proviso, entered on August 31, 2010 [Doc. No. 866].

40. Amended Memorandum Opinion dated September 1, 2010 [Doc. No. 869].

41. Notice of Appeal, filed by the FDIC-Receiver on September 13, 2010 [Doc. No. 892].

| Dated:  Montgomery, Alabama<br>　　　　　September 24, 2010 | Respectfully submitted,<br><br><br> /s/ Michael A. Fritz, Sr.　　　　　　　<br>Michael A. Fritz, Sr.<br>Fritz & Hughes LLC<br>7020 Fain Park Drive Suite 1<br>Montgomery, AL 36117<br>(334) 215-4422<br><br>　　　　- and -<br><br>John J. Clarke, Jr.<br>Thomas R. Califano<br>Michael D. Hynes<br>Spencer Stiefel<br>DLA Piper LLP (US)<br>1251 Avenue of the Americas<br>New York, New York  10020-1104<br>(212) 335-4500<br><br>Attorneys for the<br>　Federal Deposit Insurance Corporation<br>　as Receiver for Colonial Bank |