UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | :  | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| THE COLONIAL BANCGROUP, INC., | : | Case No. 09-32303 (DHW) |
| | : | |
| Debtor. | : | |
| | : | |

**OBJECTION OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS
RECEIVER, TO THIRD INTERIM APPLICATION FOR FEES AND
EXPENSES FILED BY SCHULTE ROTH & ZABEL LLP**

The Federal Deposit Insurance Corporation, in its capacity as receiver for Colonial Bank (the "FDIC-Receiver"), files this objection (the "Objection") to the Third Interim Fee Application for Compensation and Reimbursement of Expenses Submitted by Schulte Roth & Zabel LLP, as Co-Counsel for the Official Committee of Unsecured Creditors [Doc. No. 908].

**BACKGROUND**

1. The debtor The Colonial BancGroup, Inc. (the "Debtor") was organized as a bank holding company and later became a financial holding company. Until August 14, 2009, Colonial Bank was the Debtor's principal operating subsidiary and accounted for substantially all of its revenues and over 99% of its assets.

2. By order of the Alabama State Banking Department dated August 14, 2009, Colonial Bank was closed and the FDIC-Receiver was appointed as its receiver. By operation of law, the FDIC-Receiver succeeded to the rights, titles, powers and privileges of Colonial Bank upon that appointment. See 12 U.S.C. §§ 1821(d)(2)(A).

3. On August 25, 2009, the Debtor filed a voluntary petition in this Court under chapter 11 of the Bankruptcy Code. The Debtor continues as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code but currently has no business operations or reasonable prospects of generating future revenue or reorganizing.

4. On September 28, 2009, the Court appointed the Official Committee of Unsecured Creditors (the "Committee"). On December 9, 2009, the Court entered an order approving the employment of Burr & Forman, LLP and Schulte Roth & Zabel LLP ("SR&Z") as counsel for the Committee [Doc. No. 334].

5. The initial fee application period concerned the time period from the Petition Date through December 31, 2009. On March 1, 2010, the FDIC-Receiver filed its Limited Objection to Certain Fee Applications [Docket No. 583]. The FDIC-Receiver requested, among other things, a permanent holdback for all professionals. In that objection, the FDIC-Receiver also noted that the monthly invoice filed by SR&Z for January 2010, which was not at issue in SR&Z's first interim application, appeared to be excessive.

6. On March 4, 2010, after a hearing, the Court entered its Order Approving Interim Fee Applications, in which the Court ruled that all future fee applications shall be subject to a fifteen percent (15%) holdback pending final fee applications [Docket No. 603]. Thereafter, counsel for the FDIC-Receiver agreed with SR&Z to withdraw its objection to SR&Z's January 2010 interim invoice in return for SR&Z's agreement to a 30% holdback of the amounts billed in that interim invoice.

7. The second interim fee application period concerned the time period from January 1, 2010 through April 30, 3010. On June 29, 2010, the FDIC-Receiver objected to the second interim fee applications filed by SRZ and Burr & Forman on the ground, *inter alia*, that the applications reflected the apparent, substantial duplication of effort between counsel for the Committee and the Debtor's counsel [Doc. No. 778]. The Bankruptcy Administrator also

objected to SRZ's application and requested a 40% holdback [Doc. No. 775]. On August 20, 2010, SRZ served a supplemental submission in response to those objections, a redacted version of which was filed several days later. [Doc. No. 851]. On August 31, 2010, the FDIC-Receiver filed its reply in further support of its objections to SRZ's second interim application. [Doc. No. 868].

8. A hearing currently is scheduled for November 2, 2010 with respect to the objections filed by the FDIC-Receiver and the Bankruptcy Administrator to SRZ's second interim application.

**OBJECTION**

9. The FDIC-Receiver objects to SRZ's third interim fee application on several different grounds.

10. *First*, any award of fees incurred by SRZ for (i) work relating to litigation between the Debtor and the FDIC-Receiver concerning the FDIC-Receiver's motions under sections 362(d) and 365(o) of the Bankruptcy Code and (ii) work concerning tax issues between the Debtor and the FDIC-Receiver, should be substantially reduced from the amounts sought in the third interim application. According to that application, SRZ's work on litigation with the FDIC-Receiver accounted for $490,607.50 in fees during the application period – or 77.6% of the total fees sought – *see* SRZ Third Application, ¶ 40, and SRZ's work on tax-related issues resulted in an additional $50,837.50 in fees, *id.*, ¶ 43.

11. These requested fees are unreasonable *per se* because the services for which reimbursement is sought were entirely redundant of services provided to the estate by the Debtor's primary counsel, Parker, Hudson, Rainier & Dobbs LLP ("PHRD"). SRZ nowhere identifies a reason why it was necessary for the Committee to spend $541,000 in legal fees for

work relating to issues that were already being handled by the Debtor's counsel. SRZ does not dispute that PHRD currently is handling several other bank holding company bankruptcy cases in addition to this case, so PHRD has the necessary subject matter experience to represent the Debtor in this case. Nor does SRZ or the Committee assert that PHRD's handling of these matters has been inadequate in any way. Likewise, PHRD has tax lawyers who are familiar with the issues of taxation that have been raised in this case, and no argument has been made that SRZ has specialized knowledge in that area that was not available to the Debtor through its own professionals.

12. Because the services rendered with respect to these $541,000 in requested fees unquestionably duplicated services that also were being rendered by the Debtor's counsel, SRZ has failed to meet its burden under section 330 of the Bankruptcy Code to establish that this portion of its fees were "reasonably likely to benefit the estate, necessary to its administration, or not unnecessarily duplicative." In re Delta Petroleum, 193 B.R. 99, 108 (D.P.R. 1996); *see* 11 U.S.C. § 330(a)(4) (court *shall not* allow compensation for "unnecessary duplication of services" or services that were not "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case").

13. *Second*, the FDIC-Receiver objects to the substantial fees and expenses for which SRZ seeks compensation that relate solely to SRZ's responses to the objections that have been filed with respect to its prior fee applications. While the Bankruptcy Code permits compensation "for the preparation of a fee application . . . based on the level and skill reasonably required to prepare the application," 11 U.S.C. § 330(a)(6), it does not contain similar a provision for an estate to pay for time spent by a professional in defending objections to its fee application. A number of courts, including the Eleventh Circuit, have denied reimbursement of fees for such

activities. *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874-882-83 (11th Cir. 1990) (fees incurred in appeal from denial of fee award were not reasonable and necessary to administration of the estate and were not authorized under 11 U.S.C. § 330(a)); *see also Boldt v. Crake (In re Riverside-Linden Investment Co.)*, 945 F.2d 320,323 (9th Cir. 1991) (affirming denial of reimbursement for law firm fees spent opposing objection to final fee application); *In re Teraforce Tec. Corp.*, 347 B.R. 838, 866-67 (Bankr. N.D. Tex. 2006) (denying recovery of fees incurred by counsel for official creditors committee to defend final fee application); *In re St. Rita's Assoc. Private Placement, L.P.*, 260 B.R. 650, 652 (Bankr. W.D.N.Y. 2001) ("Because skilled practitioners outside bankruptcy would customarily receive no compensation for the additional time spent on litigating a fee dispute, no further compensation is payable to Damon & Morey in the present instance.").

14. Based on a review of SRZ's monthly invoices, the fees relating to its defense of its fee applications appear to amount to at least $20,763.00 in July 2010 and a substantial portion of $6,404.50 incurred in August 2010. No estate constituent benefitted from these services, nor were those services necessary to the administration of this chapter 11 case. These fees, if paid by the estate, would represent a deadweight loss for creditors, including the FDIC-Receiver, and they should be disallowed in their entirety.

15. *Finally*, the FDIC-Receiver objects to all professionals' request that any holdback amounts be paid to them now to be held in trust. Holdbacks should not be paid until after the Court has ruled on the professionals' final applications for payment of fees and expenses. Paying holdbacks to professionals now, to be held in trust by their firms pending such a final determination, unnecessarily depletes the Debtor's estate to the detriment of the FDIC-Receiver and other creditors.

5
Case 09-32303  Doc 959  Filed 10/22/10  Entered 10/22/10 14:39:38  Desc Main
Document    Page 5 of 7

## CONCLUSION

For the foregoing reasons, SRZ's third interim fee application should be disallowed to eliminate compensation for $27,000 in fees relating to SRZ's defense of its fee applications. Any award after such disallowance for SRZ's duplicative services should be subject to a 40% holdback. All other amounts should be subject to the 15% holdback applied to all professionals.

Dated:  Montgomery, Alabama
        October 22, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429

Respectfully submitted,

 /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, Alabama  36117
(334) 215-4422

- and -

Thomas R. Califano
John J. Clarke, Jr.
Jeremy R. Johnson
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    212-335-4500
Facsimile:    212-335-4501

Attorneys for the
  Federal Deposit Insurance Corporation
  as Receiver for Colonial Bank

## CERTIFICATE OF SERVICE

      I, Michael A. Fritz, Sr., certify that I have served a copy of the foregoing objection on the following parties by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this the 22nd day of October, 2010.

Schulte Roth & Zabel LLP, Attorneys for the Official Committee of Unsecured Creditors

The Colonial BancGroup, Inc.

                                            /s/ Michael A. Fritz, Sr.
                                            Michael A. Fritz, Sr.