# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

------------------------------------------------------x
:
In re          :      Chapter 11
:
THE COLONIAL BANCGROUP, INC., :      Case No.  09-32303 (DHW)
:
     Debtor.     :
:
------------------------------------------------------x
:
THE COLONIAL BANCGROUP, INC., :
:
     Movant     :
:
v.           :      Contested Matter
:
CITY OF BROCKTON RETIREMENT :
SYSTEM,       :
:
     Respondent.   :
------------------------------------------------------x

## OBJECTION OF DEBTOR TO PROOF OF CLAIM OF CITY OF BROCKTON RETIREMENT SYSTEM AND REQUEST FOR WAIVER OF LBR 3007-1

PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.

VOTING RIGHTS: REGARDLESS OF WHETHER THE CLAIMANT FILES A RESPONSE TO THIS OBJECTION, FOR PURPOSES OF VOTING ON THE PLAN (AS DEFINED BELOW), THE AMOUNT OF THE CLAIMANT'S CLAIM SHALL BE $1.00 IN CLASS E UNDER THE PLAN, *EXCEPT TO THE EXTENT THE COURT ORDERS OTHERWISE.* IF THE CLAIMANT OBJECTS TO THIS VOTING RIGHTS TREATMENT, THE CLAIMANT, IN ACCORDANCE WITH THE ORDER ENTERED BY THE COURT ON FEBRUARY 23, 2011 [DOCKET NO. 1112], MUST FILE A MOTION PURSUANT TO BANKRUPTCY RULE 3018(a) BY NO LATER THAN 4:00 P.M. (CENTRAL TIME) ON THE SEVENTH DAY AFTER SERVICE OF THIS OBJECTION TO SEEK ALTERNATIVE TREATMENT OF ITS VOTING RIGHTS.

IF THE COURT ENTERS THE PROPOSED ORDER ATTACHED TO THIS OBJECTION, THE CLAIMANT'S CLAIM WILL BE TREATED AS A CLAIM WITHIN CLASS G (STATUTORILY SUBORDINATED CLAIMS) UNDER THE PLAN, AND ANY BALLOT TIMELY FILED BY THE CLAIMANT WILL BE COUNTED IN THE FACE AMOUNT STATED ON THE PROOF OF CLAIM FILED BY THE CLAIMANT.

1827532_1

Case 09-32303 Doc 1139 Filed 03/04/11 Entered 03/04/11 18:04:50 Desc Main
Document  Page 1 of 16

Pursuant to Sections 502 and 510 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc., debtor and debtor in possession herein (the "Debtor"), files this objection (the "Objection") to the proof of claim filed by the City of Brockton Retirement System (the "City of Brockton"). The Debtor objects to the City of Brockton's claim on the ground that the claim arises from the purchase or sale of securities and, therefore, is subject to mandatory subordination under Section 510(b) of the Bankruptcy Code. Regardless of whether the City of Brockton responds to this Objection, unless the Court orders otherwise, with the filing and service of this Objection, the amount of the City of Brockton's claim shall be $1.00 for purposes of voting on the Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc. filed on February 21, 2011 [Docket No. 1104-1] (the "Plan").[1] The Debtor further requests that the Court waive the requirement under LBR 3007-1 that each objection to a proof of claim must be supported by a declaration or affidavit, because this Objection raises a legal issue.

In support of this Objection, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested in this Motion are Sections 502 and 510 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

---

[1] On February 23, 2011, the Court entered the Order Granting Amended Motion of Debtor to Approve Disclosure Statement, Approve Proposed Voting Procedures, Schedule Hearing to Consider Confirmation of Debtor's Plan of Liquidation and Approve Form of Notice of Confirmation Hearing (the "Disclosure Statement Order") [Docket No. 1112]. The Disclosure Statement Order specifies in Paragraph 24 that, if the Debtor files an objection to any claim before April 25, 2011, such claim shall be temporarily allowed for voting purposes at only $1.00, regardless of the amount specified in any proof of claim filed with the Court, unless the Debtor agrees or the Court orders otherwise. The Disclosure Statement Order further specifies that, if the party objects to this treatment of its claim for voting purposes, the party must file, by March 5, 2011 or the seventh (7th) day after service of the Debtor's objection to such party's claim, whichever is later, a motion pursuant to Bankruptcy Rule 3018(a) seeking an estimation of the amount of its claim.

Case 09-32303    Doc 1139    Filed 03/04/11    Entered 03/04/11 18:04:50    Desc Main
                    Document      Page 2 of 16

## Background

3.     On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5.     Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries.  As the Debtor's banking subsidiary, Colonial Bank was overseen by various federal and state authorities.

6.     On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver").  On August 14, 2009, the FDIC-Receiver sold all or substantially all of the assets of Colonial Bank to Branch Banking and Trust Company.

## Relief Requested

7.     The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit A (the "Objection Order") subordinating the City of Brockton's claim, pursuant to Section 510(b) of the Bankruptcy Code, to the claims of all general unsecured creditors.

8.     The Debtor further requests that the Court waive the requirement under LBR 3007-1 that each objection to a proof of claim must be supported by a declaration or affidavit, because the Debtor's objection to the City of Brockton's claim raises a legal issue.

## Bar Date for Proofs of Claim

9.     By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date").  In accordance with the Court's direction, the clerk of court sent

notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

## Proof of Claim by City of Brockton

10.     On November 30, 2009, the City of Brockton filed a proof of claim against the Debtor for an unsecured claim in the amount of $118,567.31, designated as Claim No. 142 on the claims register maintained by the Court (the "City of Brockton Claim"). A true and correct copy of the City of Brockton Claim is attached to this Objection as Exhibit B.

11.     In the City of Brockton Claim, the City of Brockton asserts a claim against the Debtor for damages arising from the Debtor's alleged violations of federal securities laws in connection with the City of Brockton's purchase of shares of common stock of the Debtor.

## Objection to City of Brockton Claim

12.     The Debtor objects to the City of Brockton Claim on the ground that the claim is subject to subordination under Section 510(b) of the Bankruptcy Code to all general unsecured claims.

## Section 510(b) Subordination

13.     Section 510(b) states as follows:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. (emphasis added).

11 U.S.C. § 510(b).

14.     Section 510(b) of the Bankruptcy Code broadly mandates the subordination of all claims "for damages arising from the purchase or sale of . . . a security." 11 U.S.C. § 510(b).

15.     Courts have taken the view that Section 510(b) reaches broadly to all types of claims that arise from or are derivative of securities claims. See In re Telegroup, Inc., 281 F.3d 133 (3d Cir. 2002) (analyzing whether section 510(b) extended to shareholder claims for breach of a provision in a stock

purchase agreement and finding that subordination was proper); In re Geneva Steel Co., 281 F.3d 1173, 1180 (10th Cir. 2002) (permitting investor whose "investment gamble turn[s] sour" to elevate his claims to that of a creditor "clashes with the legislative policies that Section 510(b) purports to advance"); In re Betacom of Phoenix, Inc., 240 F.3d 823, 829 (9th Cir. 2001) (same); In re WorldCom, Inc., 329 B.R. 10, 15 (Bankr. S.D.N.Y. 2005) ("[f]rom the perspective of Section 510(b), it makes no difference whether the stockholder's loss in the value of his stock was caused by pre-purchase fraud which induced his purchase, or a post-purchase fraud, embezzlement, looting, or other corporate misconduct which undermined the value of his stock"); In re VF Brands Inc., 275 B.R. 725, 727-28 (Bankr. D. Del. 2002) (Congress enacted Section 510(b) to avoid the scenario of a shareholder enjoying the "best of both worlds" by having a right to share in the profits if the corporation succeeded and a right to repayment as a creditor if the corporation failed); In re Mid-American Waste System, Inc., 228 B.R. 816, 825 n.5 (Bankr. D. Del. 1999) ("Although the reported decisions and most of the literature on § 510(b) speak in terms of securities law claims by purchasers and sellers, the claims contemplated by § 510(b) can also be based on other case law and statutory law dealing with fraudulent conduct generally, breach of fiduciary duty and similar types of misconduct").

16.     The City of Brockton's claim against the Debtor for alleged violations of federal securities laws arises from "the purchase or sale of . . . a security" within the broad reach of Section 510(b) and, therefore, should be subordinated to all unsecured claims asserted against the Debtor.

### Waiver of LBR 3007-1

17.     LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection."

18.     At this time the Debtor is objecting to the City of Brockton Claim on the purely legal ground that, pursuant to Section 510(b) of the Bankruptcy Code, the claim, as a claim "arising from the purchase or sale of . . . a security," should be subordinated to all unsecured claims.

19.     Therefore, the Debtor requests that the Court waive the requirement under LBR 3007-1 for a declaration or affidavit, neither of which would serve any purpose under these circumstances.

## Reservation of Rights

20.     As stated above, the Debtor is objecting to the City of Brockton Claim on the ground that, as a claim "arising from the purchase or sale of . . . a security," the City of Brockton's claim is subject to mandatory subordination under Section 510(b).  The Debtor has not had sufficient time to complete its investigations of the numerous claims asserted against it, including, without limitation, the claim of the City of Brockton, but the Debtor may be required to assert this Objection, which, if granted by the Court, would affect the City of Brockton's voting rights with respect to the Plan and the classification of the City of Brockton's claim under the Plan, before the Debtor's claim investigations can be completed.  See, e.g., In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990). In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against the City of Brockton or the City of Brockton Claim. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the City of Brockton's claim on any additional grounds, including, without limitation, the alleged amount of such claim. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

## Notice of Objection; No Prior Request

21.     The Debtor shall give notice of this Objection to those parties on the Master Service List and City of Brockton.

22.     No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit A, waive the requirement of a declaration or affidavit under LBR 3007-1, and grant the Debtor such other and further relief as this Court deems just and proper.

1827532_1

Dated: March 4, 2011
Montgomery, Alabama

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone No.: (404) 523-5300
Facsimile: (404) 522-8409


By: _/s/ *Rufus T. Dorsey, IV*_
    Rufus T. Dorsey, IV

Attorneys for Debtor and Debtor in Possession

1827532_1

**Exhibit A**

**Objection Order**

```
-----------------------------------------------------x
                                        :
In re                                   :         Chapter 11
                                        :
THE COLONIAL BANCGROUP, INC.,           :         Case No.  09-32303 (DHW)
                                        :
              Debtor.                   :
                                        :
-----------------------------------------------------x
                                        :
THE COLONIAL BANCGROUP, INC.,           :
                                        :
              Movant                    :
                                        :
v.                                      :         Contested Matter
                                        :
CITY OF BROCKTON RETIREMENT             :
SYSTEM,                                 :
                                        :
              Respondent.               :
-----------------------------------------------------x
```

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM OF CITY OF BROCKTON RETIREMENT SYSTEM AND WAIVER OF LBR 3007-1

This matter is before this Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to Sections 502 and 510 of the Bankruptcy Code and Bankruptcy Rule 3007 subordinating the claim of City of Brockton Retirement System ("City of Brockton") to the claims of all unsecured creditors and waiving the requirement under LBR 3007-1 of submitting a declaration or affidavit in support of the Objection.[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

---

[1]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the claim of City of Brockton, designated as Claim No. 142 on the claims register maintained by the Court, is hereby subordinated for all purposes, pursuant to Section 510(b) of the Bankruptcy Code, to the allowed claims of all unsecured creditors of the Debtor; and it is further

**ORDERED** that, with respect to voting rights for the Plan and any distribution to be made under the Plan, if confirmed by the Court, the claim of City of Brockton shall be treated as a claim in Class G (Statutorily Subordinated Claims) and, if City of Brockton has timely submitted a ballot in accordance with the Disclosure Statement Order, the amount of such claim for voting purposes shall be the amount stated on the proof of claim filed by City of Brockton with the Court; and it is further

**ORDERED** that the requirement under LBR 3007-1 requiring the Debtor to submit a declaration or affidavit in support of the Objection is waived; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against City of Brockton or the City of Brockton Claim, including, without limitation, any objection or defense to the validity or alleged amount of the City of Brockton Claim; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2011

_____

United States Bankruptcy Judge

**Exhibit B**


**Proof of Claim**

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF ALABAMA | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>THE COLONIAL BANCGROUP, INC. | Case No.<br>09-32303 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>City of Brockton Retirement System | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Michael S. Etkin and Ira M. Levee<br>c/o Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>Telephone number: 973.597.2500 | Court Claim<br>Number: _____<br>_____ *(if known)*<br><br>Filed on: _____ |
| Name and address where notices should be sent (if different from above):<br><br><br><br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.** Amount of Claim as of Date Case Filed: $118,567.31_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br>If all of part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges. | **5.** Amount of claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2.** Basis for Claim: Violations of federal securities laws in connection with purchase and/or sale of common stock<br>(See instruction #3a on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies debtor: _____<br><br>**3a** Debtor may have schedule account as:<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commission (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, which ever is earlier -- 11 U.S.C. § 507(a)(4). |
| **4.** Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>Describe:<br><br>Value of Property: $_____ Annual Interest Rate: _____·%<br><br>Amount of arrearage and other charges as of time case filed included in secured claims,<br><br>If any: $_____ Basis for Perfection: _____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan -- 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507(a)(8). |
| **6.** Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507(a)(__). |
| **7.** Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENT MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$_____<br><br>\* *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with response to cases commenced on or after the date of adjustment.* |

| Date:<br>November 30, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Ira M. Levee, Attorney *[signature]* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

19123/4
11/30/2009 13104221.1

## AMENDED CERTIFICATION

I, Harold Hanna, as Executive Director of the City of Brockton Retirement System ("Brockton"), hereby certify as follows:

1. I am fully authorized to enter into and execute this Amended Certification on behalf of Brockton. I have reviewed the Consolidated Class Action Complaint prepared against Colonial BancGroup, Inc. ("Colonial") alleging violations of the federal securities laws;

2. Brockton did not purchase securities of Colonial at the direction of counsel or in order to participate in any private action under the federal securities laws;

3. Brockton is willing to serve as a lead plaintiff in this matter, including providing testimony at deposition and trial, if necessary;

4. Brockton's transactions in Colonial during the class period are reflected in Exhibit A, attached hereto;

5. Brockton sought to serve as a lead plaintiff in the following class actions under the federal securities laws during the last three years preceding the date of this certification:

*City of Brockton Retirement System v. The Shaw Group, Inc.*
*Atlas v. Accredited Home Lenders Holding Co.*
*Norfolk County Retirement System et al v. Ustian et al*
*In Re: Lehman Brothers Equity/Debt Securities Litigation*
*In re Colonial Bancgroup, Inc. Securities Litigation*

6. Beyond its pro rata share of any recovery, Brockton will not accept payment for serving as a lead plaintiff on behalf of the class, except the reimbursement of such reasonable costs and expenses including lost wages as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct this 19 day of June, 2009

_Harold P Hanna_
Harold Hanna
Executive Director of the City of Brockton
Retirement System

## EXHIBIT A

### TRANSACTIONS IN
### COLONIAL BANCGROUP, INC.

| Transaction Type | Trade Date | Shares | Price Per Share | Cost/ Proceeds |
|---|---|---|---|---|
| Purchase | 08/15/08 | 16,510.00 | $ 7.29 | ($121,193.31) |
| Purchase | 09/30/08 | 15,940.00 | $ 7.29 | ($116,663.00) |
| Sale | 10/23/08 | -32,450.00 | $ 3.70 | $119,289.00 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and served on the same day by electronic mail on those counsel or parties listed on the Master Service List attached hereto.

> Michael S. Itkin and Ira M. Levee
> c/o Lowenstein Sandler PC
> 65 Livingston Avenue
> Roseland, New Jersey 07068

This 4th day of March, 2011.

> C. Edward Dobbs
> E-mail: ced@phrd.com
>
> Rufus T. Dorsey, IV
> E-mail: rtd@phrd.com
>
> PARKER, HUDSON, RAINER & DOBBS LLP
> 1500 Marquis Two Tower
> 285 Peachtree Center Avenue, N.E.
> Atlanta, Georgia 30303
> Telephone No.: (404) 523-5300
> Facsimile: (404) 522-8409
>
>
> By: /s/ Rufus T. Dorsey, IV
>     Rufus T. Dorsey, IV
>
> Attorneys for Debtor and Debtor in Possession