UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
THE COLONIAL BANCGROUP, INC.,                                  :    Case No. 09-32303 (DHW)
                                                               :
           Debtor.                                             :
                                                               :
---------------------------------------------------------------x
                                                               :
THE COLONIAL BANCGROUP, INC.,                                  :
                                                               :
           Movant                                              :
                                                               :
v.                                                             :    Contested Matter
                                                               :
SUNTX CAPITAL II MANAGEMENT                                    :
CORP. d/b/a SUNTX CAPITAL                                      :
PARTNERS,                                                      :
                                                               :
           Respondent.                                         :
---------------------------------------------------------------x

### OBJECTION OF DEBTOR TO PROOF OF CLAIM OF SUNTX CAPITAL II MANAGEMENT CORP. AND REQUEST FOR WAIVER OF LBR 3007-1

PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.

VOTING RIGHTS: REGARDLESS OF WHETHER THE CLAIMANT FILES A RESPONSE TO THIS OBJECTION, FOR PURPOSES OF VOTING ON THE PLAN (AS DEFINED BELOW), THE AMOUNT OF THE CLAIMANT'S CLAIM SHALL BE $1.00 IN CLASS E UNDER THE PLAN, *EXCEPT TO THE EXTENT THE COURT ORDERS OTHERWISE.* IF THE CLAIMANT OBJECTS TO THIS VOTING RIGHTS TREATMENT, THE CLAIMANT, IN ACCORDANCE WITH THE ORDER ENTERED BY THE COURT ON FEBRUARY 23, 2011 [DOCKET NO. 1112], MUST FILE A MOTION PURSUANT TO BANKRUPTCY RULE 3018(a) BY NO LATER THAN 4:00 P.M. (CENTRAL TIME) ON THE SEVENTH DAY AFTER SERVICE OF THIS OBJECTION TO SEEK ALTERNATIVE TREATMENT OF ITS VOTING RIGHTS.

IF THE COURT ENTERS THE PROPOSED ORDER ATTACHED TO THIS OBJECTION, THE CLAIMANT'S CLAIM WILL BE TREATED AS A CLAIM WITHIN CLASS G (STATUTORILY SUBORDINATED CLAIMS) UNDER THE PLAN, AND ANY BALLOT TIMELY FILED BY THE CLAIMANT WILL BE COUNTED IN THE FACE AMOUNT STATED ON THE PROOF OF CLAIM FILED BY THE CLAIMANT.

Pursuant to Sections 502 and 510 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc., debtor and debtor in possession herein (the "Debtor"), files this objection (the "Objection") to the proof of claim filed by SunTx Capital II Management Corp. d/b/a SunTx Capital Partners ("SunTx"). The Debtor objects to SunTx's claim on the ground that the claim arises from the purchase or sale of securities and, therefore, is subject to mandatory subordination under Section 510(b) of the Bankruptcy Code. Regardless of whether SunTx responds to this Objection, unless the Court orders otherwise, with the filing and service of this Objection, the amount of SunTx's claim shall be $1.00 for purposes of voting on the Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc. filed on February 21, 2011 [Docket No. 1104-1] (the "Plan").[1] The Debtor further requests that the Court waive the requirement under LBR 3007-1 that each objection to a proof of claim must be supported by a declaration or affidavit, because this Objection raises a legal issue.

In support of this Objection, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory predicates for the relief requested in this Motion are Sections 502 and 510 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

---

[1] On February 23, 2011, the Court entered the Order Granting Amended Motion of Debtor to Approve Disclosure Statement, Approve Proposed Voting Procedures, Schedule Hearing to Consider Confirmation of Debtor's Plan of Liquidation and Approve Form of Notice of Confirmation Hearing (the "Disclosure Statement Order") [Docket No. 1112]. The Disclosure Statement Order specifies in Paragraph 24 that, if the Debtor files an objection to any claim before April 25, 2011, such claim shall be temporarily allowed for voting purposes at only $1.00, regardless of the amount specified in any proof of claim filed with the Court, unless the Debtor agrees or the Court orders otherwise. The Disclosure Statement Order further specifies that, if the party objects to this treatment of its claim for voting purposes, the party must file, by March 5, 2011 or the seventh (7th) day after service of the Debtor's objection to such party's claim, whichever is later, a motion pursuant to Bankruptcy Rule 3018(a) seeking an estimation of the amount of its claim.

## Background

3. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As the Debtor's banking subsidiary, Colonial Bank was overseen by various federal and state authorities.

6. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the assets of Colonial Bank to Branch Banking and Trust Company.

## Relief Requested

7. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit A (the "Objection Order") subordinating SunTx's claim, pursuant to Section 510(b) of the Bankruptcy Code, to the claims of all general unsecured creditors.

8. The Debtor further requests that the Court waive the requirement under LBR 3007-1 that each objection to a proof of claim must be supported by a declaration or affidavit, because the Debtor's objection to Suntx's claim raises a legal issue.

## Bar Date for Proofs of Claim

9. By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

## Proof of Claim by SunTx

10. On November 25, 2009, SunTx filed a proof of claim against the Debtor for an unsecured claim in the amount of $4,059,874.85, designated as Claim No. 88 on the claims register maintained by the Court (the "SunTx Claim"). A true and correct copy of the SunTx Claim is attached to this Objection as Exhibit B.

11. In the SunTx Claim, SunTx asserts a claim based on the Debtor's alleged breach of an agreement with SunTx for the purchase by SunTx of shares of contingent, convertible preferred stock of the Debtor.

## Objection to SunTx Claim

12. The Debtor objects to the SunTx Claim on the ground that the claim is subject to subordination under Section 510(b) of the Bankruptcy Code to all general unsecured claims.

## Section 510(b) Subordination

13. Section 510(b) states as follows:

> For the purpose of distribution under this title, <u>a claim</u> arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, <u>for damages arising from the purchase or sale of such a security</u>, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. (emphasis added).

11 U.S.C. § 510(b).

14. Section 510(b) of the Bankruptcy Code broadly mandates the subordination of all claims "for damages arising from the purchase or sale of . . . a security." 11 U.S.C. § 510(b).

15. Courts have taken the view that Section 510(b) reaches broadly to all types of claims that arise from or are derivative of securities claims. See <u>In re Telegroup, Inc.</u>, 281 F.3d 133 (3d Cir. 2002) (analyzing whether section 510(b) extended to shareholder claims for breach of a provision in a stock purchase agreement and finding that subordination was proper); <u>In re Geneva Steel Co.</u>, 281 F.3d 1173, 1180 (10th Cir. 2002) (permitting investor whose "investment gamble turn[s] sour" to elevate his claims to that of a creditor "clashes with the legislative policies that Section 510(b) purports to advance"); <u>In re</u>

Betacom of Phoenix, Inc., 240 F.3d 823, 829 (9th Cir. 2001) (same); In re WorldCom, Inc., 329 B.R. 10, 15 (Bankr. S.D.N.Y. 2005) ("[f]rom the perspective of Section 510(b), it makes no difference whether the stockholder's loss in the value of his stock was caused by pre-purchase fraud which induced his purchase, or a post-purchase fraud, embezzlement, looting, or other corporate misconduct which undermined the value of his stock"); In re VF Brands Inc., 275 B.R. 725, 727-28 (Bankr. D. Del. 2002) (Congress enacted Section 510(b) to avoid the scenario of a shareholder enjoying the "best of both worlds" by having a right to share in the profits if the corporation succeeded and a right to repayment as a creditor if the corporation failed); In re Mid-American Waste System, Inc., 228 B.R. 816, 825 n.5 (Bankr. D. Del. 1999) ("Although the reported decisions and most of the literature on § 510(b) speak in terms of securities law claims by purchasers and sellers, the claims contemplated by § 510(b) can also be based on other case law and statutory law dealing with fraudulent conduct generally, breach of fiduciary duty and similar types of misconduct").

16. SunTx's alleged breach of contract claim against the Debtor arises from "the purchase or sale of . . . a security" within the broad reach of Section 510(b) and, therefore, should be subordinated to all unsecured claims asserted against the Debtor.

### Waiver of LBR 3007-1

17. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection."

18. At this time the Debtor is objecting to the SunTx Claim on the purely legal ground that, pursuant to Section 510(b) of the Bankruptcy Code, the claim, as a claim "arising from the purchase or sale of . . . a security," should be subordinated to all unsecured claims.

19. Therefore, the Debtor requests that the Court waive the requirement under LBR 3007-1 for a declaration or affidavit, neither of which would serve any purpose under these circumstances.

### Reservation of Rights

20. As stated above, the Debtor is objecting to SunTx's claim on the ground that, as a claim "arising from the purchase or sale of . . . a security," SunTx's claim is subject to mandatory subordination under Section 510(b). The Debtor has not had sufficient time to complete its investigations of the

- 5 -
Case 09-32303   Doc 1141   Filed 03/04/11   Entered 03/04/11 18:08:36   Desc Main
Document   Page 5 of 18

numerous claims asserted against it, including, without limitation, the claim of SunTx, but the Debtor may be required to assert this Objection, which, if granted by the Court, would affect SunTx's voting rights with respect to the Plan and the classification of the SunTx Claim under the Plan, before the Debtor's claim investigations can be completed. See, e.g., In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990). In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against SunTx or the SunTx Claim. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the SunTx Claim on any additional grounds, including, without limitation, the alleged amount of such claim. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

### Notice of Objection; No Prior Request

21. The Debtor shall give notice of this Objection to those parties on the Master Service List and SunTx.

22. No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit A, waive the requirement of a declaration or affidavit under LBR 3007-1, and grant the Debtor such other and further relief as this Court deems just and proper.

[Signature on the following page]

Dated: March 4, 2011
       Montgomery, Alabama

    C. Edward Dobbs
    E-mail: ced@phrd.com

    Rufus T. Dorsey, IV
    E-mail: rtd@phrd.com

    PARKER, HUDSON, RAINER & DOBBS LLP
    1500 Marquis Two Tower
    285 Peachtree Center Avenue, N.E.
    Atlanta, Georgia 30303
    Telephone No.: (404) 523-5300
    Facsimile: (404) 522-8409

    By: /s/ *Rufus T. Dorsey, IV*
        Rufus T. Dorsey, IV

    Attorneys for Debtor and Debtor in Possession

# Exhibit A

## Objection Order

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
THE COLONIAL BANCGROUP, INC.,             :    Case No. 09-32303 (DHW)
                                          :
                    Debtor.               :
                                          :
-----------------------------------------------------------x
                                          :
THE COLONIAL BANCGROUP, INC.,             :
                                          :
                    Movant                :
                                          :
v.                                        :    Contested Matter
                                          :
SUNTX CAPITAL II MANAGEMENT               :
CORP. d/b/a SUNTX CAPITAL                 :
PARTNERS,                                 :
                                          :
                    Respondent.           :
-----------------------------------------------------------x
```

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM OF SUNTX CAPITAL II MANAGEMENT CORP. AND WAIVER OF LBR 3007-1

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to Sections 502 and 510 of the Bankruptcy Code and Bankruptcy Rule 3007 subordinating the claim of SunTx Capital II Management Corp. d/b/a SunTx Capital Partners ("SunTx") to the claims of all unsecured creditors and waiving the requirement under LBR 3007-1 of submitting a declaration or affidavit in support of the Objection.[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the claim of SunTx, designated as Claim No. 88 on the claims register maintained by the Court, is hereby subordinated for all purposes, pursuant to Section 510(b) of the Bankruptcy Code, to the allowed claims of all unsecured creditors of the Debtor; and it is further

**ORDERED** that, with respect to voting rights for the Plan and any distribution to be made under the Plan, if confirmed by the Court, the claim of SunTx shall be treated as a claim in Class G (Statutorily Subordinated Claims) and, if SunTx has timely submitted a ballot in accordance with the Disclosure Statement Order, the amount of such claim for voting purposes shall be the amount stated on the proof of claim filed by SunTx with the Court; and it is further

**ORDERED** that the requirement under LBR 3007-1 requiring the Debtor to submit a declaration or affidavit in support of the Objection is waived; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against SunTx or the SunTx Claim, including, without limitation, any objection or defense to the validity or alleged amount of the SunTx Claim; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2011

_____
United States Bankruptcy Judge

- 2 -
Case 09-32303    Doc 1141    Filed 03/04/11    Entered 03/04/11 18:08:36    Desc Main
Document    Page 10 of 18

**Exhibit B**

**Proof of Claim**

FORM B10 (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT __Middle__ DISTRICT OF __Alabama__ | PROOF OF CLAIM |
|---|---|
| Name of Debtor: The Colonial BancGroup, Inc.     Case Number: 09:32303 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): SunTx Capital II Management Corp. d/b/a SunTx Capital Partners | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **RECEIVED** <br> **NOV 25 2009** <br> U.S. BANKRUPTCY COURT <br> MONTGOMERY, ALABAMA |
|---|---|---|
| Name and address where notices should be sent: <br> Mark L. Johansen <br> Robert K. Radcliff <br> Gruber Hurst Johansen & Hail, LLP <br> 1445 Ross Avenue, Suite 2500, Dallas, Texas 75202 <br> Telephone number: (214)855-6800 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. <br> ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: N/A | Check here if this claim ☐ replaces ☐ amends     a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other __Breach of contract__
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____
  Unpaid compensation for services performed
  from _____ (date) to _____ (date)

**2. Date debt was incurred:** 1/27/2009     **3. If court judgment, date obtained:** N/A

**4. Total Amount of Claim at Time Case Filed:** $ $4,059,874.85

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 11/24/09 | [signature]    Mark L. Johansen |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

January 27, 2009

The Colonial BancGroup, Inc.
100 Colonial Bank Blvd.
Montgomery, Alabama 36117

Ladies and Gentlemen:

This letter ("***Letter***") is intended to submit our non-binding proposal with respect to certain terms and conditions of a proposed investment by a SunTx Capital Partners investment fund or funds ("***SunTx***") in The Colonial BancGroup, Inc. (the "***Company***").

1.  Description of Transaction. Subject to the terms and conditions to be contained in definitive agreements (the "Definitive Agreements") to be entered into between the Company and SunTx, SunTx shall, directly or indirectly, purchase a number of shares of contingent convertible preferred stock of the Company that are convertible into common shares of the Company not to exceed 24.9% of the pro forma common shares of the Company, together with an option to purchase for a period of 9 months, additional shares at the lower of (a) then current offering price or (b) the initial conversion price of the contingent convertible preferred stock described below, sufficient to allow SunTx to maintain its percentage ownership in the Company; provided, however, that in no event shall SunTx purchase shares in amounts that would cause it to register as a bank holding company. (the "***Transaction***"). The contingent convertible preferred stock shall convert into common stock of the Company only upon the election of SunTx after the Company obtains such shareholder and regulatory approval (including receipt of Hart-Scott-Rodino clearance if applicable) as may be necessary at an initial conversion price of [$1.00 – 1.50], rank pari passu with the preferred stock to be issued to the U.S. Treasury, accrue dividends at the rate of 10% paid quarterly, have anti-dilution provisions in the event the Company issues additional shares at a price less than the contingent convertible preferred stock conversion price; provided that such anti-dilution provisions shall not result in SunTx exercising such preferred shares for an amount in excess of 24.9% of proforma common shares, and have protective provisions acceptable to SunTx. SunTx shall have demand, piggyback and S-3 registration rights relating to the common stock issuable upon conversion of the contingent convertible preferred stock and the Company shall not delay any such registration longer than one hundred eighty (180) days with no other lock-up requirement. Subject to the approval of Company's regulators, SunTx shall have the right to designate one director to the Board of Directors of the Company (the "***Board***") and one or more directors to the Board of Directors of any subsidiary of the Company (the "***Subsidiary Board***"). Subject to the approval of Company's regulators, SunTx's representative on the Board and representatives on the Subsidiary Board shall be entitled to sit on such committee or committees of the Board or Subsidiary Board, as applicable, as the SunTx representative shall request and be accorded no less favorable treatment than any other member of the Board or Subsidiary Board, as applicable, with respect to all matters, including but not limited to expense

018101-0002-10033-Active.11518229.1

Case 09-32303    Claim 88    Filed 11/25/09    Desc Main Document    Page 2 of 6
Case 09-32303    Doc 1141    Filed 03/04/11    Entered 03/04/11 18:08:36    Desc Main Document    Page 13 of 18

reimbursement, stock options or grants, benefits and access to Company reports and information. None of the terms of the Transaction or the contingent convertible preferred stock or warrants offered to SunTx shall be any less favorable than those granted to other investors who purchase capital stock of the Company prior to the closing of the Transaction.

2. Definitive Agreements and Conditions to Closing. SunTx's closing of the Transaction would be subject to the negotiation of mutually agreeable Definitive Agreements to reflect the matters contained herein, and such other matters as may be agreed between the parties. The obligations of the parties to proceed with the Transaction are conditioned upon, among other customary conditions, the completion of due diligence in form and substance satisfactory to SunTx, the negotiation, execution and delivery of the Definitive Agreements in form and substance satisfactory to SunTx, the approval of the Transaction by the Board of Directors of the Company, and the approval of SunTx's Investment Committee. Closing shall be conditioned upon, the satisfaction of all conditions contained in the Definitive Agreements, SunTx shall have obtained equity co-investment financing to consummate the Transaction on terms satisfactory to SunTx, the Company's successful negotiation with other third party investors who shall purchase additional shares of contingent convertible preferred stock for an aggregate purchase price together with SunTx equal to $300,000,000, the satisfaction of all other conditions of the U.S. Treasury for the Company to receive $553,000,000 (subject to adjustment as required to comply with the restriction that a company only receive 3% of its risk weighted assets) pursuant to the Economic Stabilization Act of 2008 and the simultaneous consummation of such investment in the company by the U.S. Treasury, and the approval of appropriate regulatory agencies in form and substance satisfactory to SunTx. In addition, if the Definitive Agreements shall have been executed by both parties, it is the parties' mutual desire that in accordance with the terms and conditions of such Definitive Agreements, the Transaction be consummated as promptly as practicable.

3. Indemnification. The Company shall indemnify, defend and hold harmless SunTx and its affiliates, agents, employees, officers, directors and partners (collectively the "Indemnitees") from and against investigations, proceedings, claims, lawsuits or actions (whether based in law, equity, or otherwise), and for any expenses, losses, damages, attorneys' fees and costs (payable in advance for the amounts expected to be incurred), and liabilities (joint or several) (including, without limitation, any liabilities under the Securities Act of 1933, the Securities Exchange Act of 1934 or any other applicable rule, regulation or law), to which the Indemnitees may become subject to or incur that directly or indirectly in any way result from, arise out of, relate to or are attributable to this Letter, the Transaction, any actions taken by an Indemnitee in connection (or contemplated by) any of the foregoing, and/or any public announcement of any of the foregoing, other than a loss, expenses or damages arising from claims, lawsuits or actions (whether based in law, equity, or otherwise) brought by any Indemnitee against another Indemnitee.

4. Transaction Expenses. The Company shall bear its own fees, costs and expenses related to the negotiation, investigation, due diligence and consummation of the Transaction. The Company shall promptly pay to SunTx upon demand, whether or not the closing of the Transaction occurs, SunTx's reasonable attorneys' fees, accounting and due diligence expenses in connection with the Transaction.

2

5. Breakup Fee. If (i) the Company does not obtain the approval of the Company's Board (or such approval is withdrawn after given) for the Definitive Agreement, or (ii) the Company receives a competing offer to purchase securities of the Company or any affiliate of the Company and the Company fails to execute a Definitive Agreement or close the Transaction, then concurrent with the event described in either (i) or (ii) the Company will pay, to Buyer a sum in cash equal to $4,000,000 or (at SunTx's election) issue 3,200,000 shares of the Company's common stock to SunTx.

6. No Third Party Beneficiaries. Except with respect to Indemnitees under Section 3, this Letter is solely for the benefit of the parties hereto and their respective successors and permitted assigns, and shall not be deemed to confer upon or give to any other third party any remedy, claim, liability, reimbursement, cause of action or other right.

7. Public Announcements. The Company shall not issue any press release or other public statement with respect to the transactions contemplated hereby without the consent of SunTx, which such consent shall not be unreasonably withheld, except as may be required by applicable law or disclosure to bank regulators as the Company deems necessary.

8. Amendment and Waiver. Any provision of this Letter may be amended or waived only in a writing signed by the parties hereto. No waiver of any provision hereunder or any breach or default thereof shall extend to or affect in any way any other provision or prior or subsequent breach or default. No failure or delay of any party in exercising any right or remedy hereunder shall operate as a waiver thereof.

9. Governing Law; Venue; WAIVER OF JURY TRIAL.

    a. This Letter shall be governed by and construed in accordance with the laws of the State of Delaware. This Letter has been negotiated in Dallas, Texas. Each party to this Letter agrees that it will bring any action or proceeding in respect of any claim arising out of or related to this Letter or the Transaction, whether in tort or contract or at law or in equity, exclusively in any court of the United States District Court for the Northern District of Texas located in Dallas, Texas (the "Chosen Courts"). In addition, each party hereby (a) irrevocably submits to the exclusive jurisdiction of the Chosen Courts, (b) waives, to the fullest extent permitted by applicable law, any objection to laying venue in the Chosen Court and agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, and (c) waives any objection or defense that the Chosen Court is an inconvenient forum or does not have personal jurisdiction over any party to this Letter. Each party hereto further agrees, to the fullest extent permitted by applicable law, that any final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction within or outside the United States by suit on the judgment.

3

018101-0002-10033-Active 11518229.1

Case 09-32303    Claim 88    Filed 11/25/09    Desc Main Document    Page 4 of 6
Case 09-32303    Doc 1141    Filed 03/04/11    Entered 03/04/11 18:08:36    Desc Main Document    Page 15 of 18

b. EACH PARTY HERETO WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY OF ANY DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT AND AGREES THAT ANY SUCH DISPUTE SHALL BE TRIED BEFORE A JUDGE SITTING WITHOUT A JURY.

10. No Binding Commitment. Either party may decide not to proceed with the transactions contemplated hereby for any reason or no reason, and either party may terminate this Letter by written notice to the other party, at any time for any reason or no reason, provided that the Binding Provisions (as hereinafter defined) will survive any such termination. This Letter shall automatically terminate upon the execution of a Definitive Agreement in which event no provision of this Letter shall survive. The parties agree and acknowledge that this Letter constitutes a non-binding letter of intention and does not obligate any party to proceed with or otherwise consummate the Transaction, and this Letter does not constitute a definitive offer, acceptance, contract or agreement, all of which require the completion of SunTx's due diligence and will be incorporated into the Definitive Agreements duly executed by SunTx and the company. Except for Sections 3 through 9 ("Indemnification," "Transaction Expenses," "Breakup Fee," "No Third Party Beneficiaries," "Public Announcements," "Amendment and Waiver," "Governing Law; Venue; WAIVER of JURY TRIAL") and this Section 10 (collectively, the "Binding Provisions"), which the parties agree create legal and binding obligations, this Letter does not and is not intended to create any legal obligation, equitable claim or enforceable right in any party.

11. Counterparts and Facsimile Signature. This Letter may be executed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. A signature of a party transmitted by facsimile or other electronic means shall constitute an original for all purposes.

4

018101-0002-10033-Active.11518229.1

Case 09-32303    Claim 88    Filed 11/25/09    Desc Main Document    Page 5 of 6

Case 09-32303    Doc 1141    Filed 03/04/11    Entered 03/04/11 18:08:36    Desc Main Document    Page 16 of 18

If the foregoing terms and conditions correctly set forth your understanding with respect to the Transaction, please indicate by executing a copy of this Letter as provided below and returning the same to the undersigned.

SUNTX CAPITAL PARTNERS

By: *(signature)*
Name: Ned N Fleming, III
Title: President


Accepted and agreed by:

THE COLONIAL BANCGROUP, INC.

By: *(signature)*
Name: Robert E. Lowder
Title: Chairman, CEO + President

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and served on the same day by electronic mail on those counsel or parties listed on the Master Service List attached hereto.

        Mark L. Johansen
        Robert K. Radcliff
        Gruber Hurst Johansen & Hail, LLP
        1445 Ross Avenue
        Suite 2500
        Dallas, Texas 75202

This 4th day of March, 2011.

        C. Edward Dobbs
        E-mail: ced@phrd.com

        Rufus T. Dorsey, IV
        E-mail: rtd@phrd.com

        PARKER, HUDSON, RAINER & DOBBS LLP
        1500 Marquis Two Tower
        285 Peachtree Center Avenue, N.E.
        Atlanta, Georgia 30303
        Telephone No.: (404) 523-5300
        Facsimile: (404) 522-8409

        By: /s/ *Rufus T. Dorsey, IV*
           Rufus T. Dorsey, IV

        Attorneys for Debtor and Debtor in Possession