**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC.,<br><br>    Debtor | Chapter 11<br>Case No. 09-32303(DHW) |
| v.<br><br>NORFOLK COUNTY RETIREMENT<br>SYSTEM | Doc. No. 1137<br>Claim No. 146 |
| v.<br><br>ARKANSAS TEACHER RETIREMENT<br>SYSTEM | Doc. No 1138<br>Claim No. 144 |
| v.<br><br>CITY OF BROCKTON RETIREMENT<br>SYSTEM | Doc. No. 1139<br>Claim No. 142 |
| v.<br><br>THE STATE-BOSTON RETIREMENT<br>SYSTEM | Doc. No. 1140<br>Claim No. 149 |

**ORDER GRANTING DEBTOR'S OBJECTION TO PROOFS OF CLAIM OF NORFOLK COUNTY RETIREMENT SYSTEM, ARKANSAS TEACHER RETIREMENT SYSTEM, CITY OF BROCKTON RETIREMENT SYSTEM, AND THE STATE-BOSTON RETIREMENT SYSTEM [CLAIM NOS. 142, 144, 146 and 149]**

    This matter is before the Court for a telephonic hearing on April 13, 2011 to hear the Objections (as defined below) of The Colonial BancGroup, Inc., the debtor and debtor-in-possession (the "Debtor" or "Colonial"), seeking entry of an order pursuant to Sections 502 and 510 of the Bankruptcy Code and Bankruptcy Rule 3007 subordinating the proofs of claim filed by the claimants Norfolk County Retirement System ("Norfolk County"), Arkansas Teacher Retirement System ("ATRS"), City of Brockton Retirement System ("City of Brockton"), and The State-Boston Retirement System ("SBRS") (collectively the "Claimants," and each a "Claimant," and together with the Debtors, the "Parties"). and waiving the requirement under LBR 3007-1 of submitting a declaration or affidavit in support of the Objections.

    Based upon the Objections and all of the proceedings before this Court, the Court herby finds as follows:

1891230_2

A. On August 25, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court;

B. On November 30, 2009, the Claimants filed individual proofs of claim (the "Claims") against the Debtor for damages arising from the Debtor's alleged violations of federal securities laws in connection with the individual Claimant's purchase of shares of common stock of the Debtor. The following summarizes the respective Claims filed by the Claimants:

| Claimant | Claim No. | Amount of Proof of Claim |
|---|---|---|
| Norfolk County | 146 | $246,888.71 |
| ATRS | 144 | $743,403.00 |
| City of Brockton | 142 | $118,567.31 |
| SBRS | 149 | $751,614.03 |

C. On or about March 4, 2011, the Debtor filed objections to each of the above identified Proofs of Claim [Doc. Nos.: 1138 (ATRS), 1139 (City of Brockton), 1137 (Norfolk County); and 1140 (SBRS)] (collectively the "Objections");

D. The Objections seek, pursuant to Section 510(b) of the Bankruptcy Code, to subordinate the Claims to all general unsecured claims and to classify the Claims as Class G (Statutorily Subordinated Claims) under the Debtor's proposed Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc., as may be amended (the "Plan");

E. Due and proper notice of the Objections has been given; and

F. Claimants do not oppose the limited relief requested in the Objections subject to the reservations of rights contained in this Order.

NOW, THEREFORE, based upon the Objections and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice of the Objections has been given and that the relief requested in the Objections is warranted, in the best interests of the Debtor's estate and other parties in interest and unopposed by Claimants subject to the terms of this Order, it is hereby **ORDERED** that:

Case 09-32303   Doc 1187   Filed 04/13/11   Entered 04/13/11 15:06:14   Desc Main
Document   Page 2 of 4

1.  The Objections are granted in accordance with the terms of this Order;

2.  With respect to classification, voting rights and any distribution to be made under the Plan, each of the Claims shall be treated as a Claim in Class G (Statutorily Subordinated Claims) and, if a Claimant timely submits a ballot in accordance with the Disclosure Statement Order (as such term is defined in the Objections) for its Claim, the amount of its Claim for voting purposes shall be the amount indentified for such Claimant in Section B of this Order;

3.  The requirement under LBR 3007-1 requiring the Debtor to submit a declaration or affidavit in support of the Objections is waived;

4.  This Order shall be without prejudice to the rights of the Debtor to assert or pursue, and the rights of the Claimants to oppose or object to, any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Claimants or the Claims, including, without limitation, any objection or defense to the validity or alleged amount of each of the Claims, as well as Claimants' right to seek withdrawal of the reference with respect to such objection;

5.  This Order is not intended and shall not be construed as, or deemed a waiver or release of, or impact in any way (a) the claims or the prosecution of the claims of the Claimants against any or all of the non-Debtor defendants, including, but not limited to those as set forth in the matter entitled *In re Colonial BancGroup, Inc.*, Civil Action No. 2:09-cv-104(RDP), pending in the United States District Court for the Middle District of Alabama, and (b) the claims covered by any available directors and officers liability insurance, including, but not limited to, the Claims against the Debtor; and

Case 09-32303    Doc 1187    Filed 04/13/11    Entered 04/13/11 15:06:14    Desc Main
Document    Page 3 of 4

6.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated:  April 13, 2011

/s/  Dwight H. Williams, Jr.

United States Bankruptcy Judge