UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                          :
In re                                     :     Chapter 11
                                          :
THE COLONIAL BANCGROUP, INC.,             :     Case No. 09-32303 (DHW)
                                          :
                Debtor.                   :
                                          :
-----------------------------------------------------------x
                                          :
THE COLONIAL BANCGROUP, INC.,             :
                                          :
                Movant                    :
                                          :
v.                                        :     Contested Matter
                                          :
SUNTX CAPITAL II MANAGEMENT               :
CORP. d/b/a SUNTX CAPITAL                 :
PARTNERS,                                 :
                                          :
                Respondent.               :
-----------------------------------------------------------x
```

**ORDER ON DEBTOR'S OBJECTION TO CLAIM OF SUNTX
CAPITAL II MANAGEMENT CORP. [CLAIM NO. 88]**

This matter is before the Court for a telephonic hearing on April 13, 2011, on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") seeking entry of an Order pursuant to Sections 502 and 510 of the Bankruptcy Code and Bankruptcy Rule 3007 subordinating the claim of SunTx Capital II Management Corp. d/b/a SunTx Capital Partners ("SunTx") to the claims of all unsecured creditors and waiving the requirement under LBR 3007-1 of submitting a declaration or affidavit in support of the Objection.[1] Counsel for the Debtor and for SunTx made an appearance by telephone at the hearing and stated that the Debtor and SunTx consent to the limited relief set forth in this Order.

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

with the consent of the Debtor and SunTx; and it appearing that due and proper notice of the Objection has been given and that the limited relief set forth below is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that solely for the purpose of voting on the Debtor's proposed Plan, the SunTx Claim is temporarily allowed as a claim in Class E (Certain General Unsecured Claims), as such class is defined in the Plan, in the amount of $4,059,874.85, and, if SunTx timely submits a ballot in accordance with the Disclosure Statement Order, the amount of the SunTx Claim for voting purposes shall be such amount; and it is further

**ORDERED** that the temporary allowance of the SunTx Claim, as set forth above, is solely for the purpose of voting on the Plan and not for the purpose of determining (i) the final allowance of the SunTx Claim, (ii) the amount which ultimately may be distributed to SunTx on account of the SunTx Claim under the Plan, if confirmed by the Court, under any other plan of liquidation confirmed by the Court, or in a Chapter 7 case, if this case is converted, or (iii) the appropriate classification of the SunTx Claim under the Plan for purposes of any distribution; and it is further

**ORDERED** that the Objection shall remain pending until such time as the Debtor (or its successor in interest) or SunTx requests in writing that the Court schedule the Objection for hearing or notifies the Court that the parties have resolved the Objection by agreement, subject to Court approval; and it is further

**ORDERED** that this Order shall be without prejudice (i) to the rights of the Debtor to assert or pursue any objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against SunTx or the SunTx Claim, including, without limitation, any objection based upon Section 510(b) of the Bankruptcy Code to the classification of the SunTx Claim and any objection or defense to the validity or alleged amount of the SunTx Claim, and (ii) to the rights of SunTx to seek final allowance of the SunTx Claim and to oppose any objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may assert against SunTx or the SunTx Claim; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or

relating to this Order.

Dated: April 13, 2011

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge