# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

```
------------------------------------------------------------x
                                      :
In re                                 :          Chapter 11
                                      :
THE COLONIAL BANCGROUP, INC.,         :          Case No. 09-32303 (DHW)
                                      :
                  Debtor.             :
                                      :
------------------------------------------------------------x
```

## OBJECTION TO CLAIM 8

> **PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to proof of claim number 8, filed by Laura Piombino and requests that the Court enter an Order reclassifying the Claim (as defined below) as a general unsecured claim, a form of which is attached hereto as Exhibit B. In support of this Objection, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

3.      On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.      The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5.      Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As the Debtor's banking subsidiary, Colonial Bank was overseen by various federal and state authorities.

6.      On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company.

7.      On June 2, 2011, the Court entered an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (the "Plan").

## Relief Requested

8.      The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit B (the "Objection Order"), reclassifying the Claim.

## Bar Date for Proofs of Claim

9.      By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

## Proof of Claim

10.     On September 4, 2009, Laura Piombino ("Claimant") filed proof of claim number 8 ("Claim") in the Debtor's bankruptcy case in the aggregate amount of $7,692.30. The Claim states that it is an unsecured priority claim under ection 507(a)(4) in the amount of $7,692.30 based on wages, salaries, or commissions. In support thereof, the Claim attaches the following: Separation Agreement, dated July 7, 2009, along with a letter from Claimant to the Debtor, dated August 31, 2009.

## Objections to Claim

11.     The Debtor objects to priority treatment of the Claim because it does not meet the requirements of section 507(a)(4) of the Code in that the claim amounts were not "earned within 180 days" before the Petition Date. Upon information and belief, at no time prior to the petition date was Claimant an employee of the Debtor. Thus, amounts claimed under the severance agreement could not have been "earned" with respect to the Debtor. Section 507(a)(4) clearly contemplates that an "employee" is an employee of the Debtor, as evidenced by the reference to the "date of the cessation of debtor's business." Further, section 507(a)(4)(B) gives priority claims to certain independent contractors, provided that a certain percentage of the total earnings of that independent contractor was earned in the sale of goods and services provided to the debtor. This provision would be unnecessary if the term "earned" were not otherwise limited to employees of the debtor. Without such a restriction, the language of section 507(a)(4) would be overly broad and so vague as to be unenforceable.

12.     The Debtor acknowledges that it is a party to the severance agreement upon which the Claim is allegedly based. However, the Debtor urges that while Claimant may have certain contractual rights to payment, a contractual obligation does not create priority claim. The provisions of 507(a)(4) were not intended to give priority status to contract creditors. Rather, they were designed to provide employees of the debtor company with a higher degree of protection in the event of insolvency than that afforded to general unsecured creditors. Claimant is not an employee of the Debtor and so is not similarly entitled to such priority treatment and should be reclassified as a general unsecured creditor.

## Compliance with LBR 3007-1

13.     LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection."  Pursuant to LBR 3007-1, the Debtor submits the Declaration of Kevin O'Halloran, which is attached hereto as Exhibit A.

## Reservation of Rights

14.     The Debtor has not had sufficient time to complete its investigations of the numerous claims asserted against it, including, without limitation, the Claim.  In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Claimant.  The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the Claim on any additional grounds, including, without limitation, the alleged amount of such Claim.  The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

## Notice of Objection; No Prior Request

15.     The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to Claimant.

16.     No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit B, and grant the Debtor such other and further relief as this Court deems just and proper.

Dated:  July 5, 2011
        Montgomery, Alabama

C. Edward Dobbs
E-mail: ced@phrd.com

Rufus T. Dorsey, IV
E-mail: rtd@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone No.:  (404) 523-5300
Facsimile:  (404) 522-8409


By: _/s/ *Rufus T. Dorsey, IV*_____
        Rufus T. Dorsey, IV

Attorneys for Debtor

**Exhibit A**

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
------------------------------------------------------------x
                                            :
In re                                       :          Chapter 11
                                            :
THE COLONIAL BANCGROUP, INC.,               :          Case No.  09-32303 (DHW)
                                            :
                   Debtor.                  :
                                            :
------------------------------------------------------------x
```

<u>**DECLARATION OF KEVIN O'HALLORAN**</u>

Pursuant to 28 U.S.C. § 1746, KEVIN O'HALLORAN declares:

1.      I am over 21 years of age and am otherwise competent to make this Declaration, which I make based on personal knowledge.

2.      I am the plan trustee for The Colonial BancGroup, Inc. (the "<u>Debtor</u>"), pursuant to an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*, entered June 2, 2011, in the above-captioned matter.

3.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 25, 2009.

4.      Based on the books and records available to me, the Claimant referenced in the foregoing objection was not an employee of The Colonial BancGroup, Inc. during the 180 days prior to August 25, 2009.

Under penalty of perjury, I declare that, to the best of my knowledge and belief, the facts presented herein are true, correct, and complete.  Executed this 5th day of July, 2011.

　　_/s/ Kevin O'Halloran_____
Kevin O'Halloran
Plan Trustee
The Colonial BancGroup, Inc.

1

**Exhibit B**

**Objection Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

```
-----------------------------------------------------------x
                                    :
In re                               :          Chapter 11
                                    :
THE COLONIAL BANCGROUP, INC.,       :          Case No.  09-32303 (DHW)
                                    :
              Debtor.               :
                                    :
-----------------------------------------------------------x
```

### ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM 8

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 reclassifying proof of claim number 8 (the "Claim").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the claim is hereby reclassified as a general unsecured claim, with any other issues as to allowance within the general unsecured class to be reserved until further order of the Court; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Claimant; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2011

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

> Laura M. Piombino
> 377 Hamilton Street
> Lewisville, TX 75067

This 5th day of July, 2011.

> C. Edward Dobbs
> E-mail: ced@phrd.com
>
> Rufus T. Dorsey, IV
> E-mail: rtd@phrd.com
>
> PARKER, HUDSON, RAINER & DOBBS LLP
> 1500 Marquis Two Tower
> 285 Peachtree Center Avenue, N.E.
> Atlanta, Georgia  30303
> Telephone No.:  (404) 523-5300
> Facsimile:  (404) 522-8409
>
>
> By: _/s/ *Rufus T. Dorsey, IV*_____
>      Rufus T. Dorsey, IV
>
> Attorneys for Debtor