UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

----------------------------------------------------------x
                                                   :

In re                                       :          Chapter 11

THE COLONIAL BANCGROUP, INC.,    :          Case No. 09-32303 (DHW)

          Debtor.                    :

----------------------------------------------------------x

## OBJECTION TO CLAIM 145

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to proof of claim number 145, filed by Walter Hargrove and requests that the Court enter an Order reclassifying the Claim (as defined below) as a general unsecured claim, a form of which is attached hereto as Exhibit B. In support of this Objection, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

3. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As the Debtor's banking subsidiary, Colonial Bank was overseen by various federal and state authorities.

6. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company.

7. On June 2, 2011, the Court entered an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (the "Plan").

## Relief Requested

8. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit B (the "Objection Order"), reclassifying the Claim.

## Bar Date for Proofs of Claim

9. By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

### Proof of Claim

10. On November 30, 2009, Walter Hargrove ("<u>Claimant</u>") filed a proof of claim number 145 ("<u>Claim</u>") in the Debtor's bankruptcy case in the aggregate amount of $15,686.50. The Claim states that it is an unsecured priority claim under Section 507(a)(4) based on wages, salaries, or commissions earned and under section 507(a)(5) based on contributions to an employee benefit plan, but does not indicate the amount allegedly entitled to priority. In support thereof, the Claim attaches the following: an Account Overview Statement for the Colonial BancGroup Non-Qualified Plain dated November 27, 2009 and a Current Investments Statement for the Colonial BancGroup Non-Qualified Plan dated November 27, 2009.

### Objections to Claim

11. The Debtor objects to the Claim because it is not entitled to priority treatment as the Claim does not arise from "contributions to an employee benefit plan" for the purposes of section 507(a)(5). Claimant asserts priority status based on participation in The Colonial BancGroup, Inc. Non-Qualified Deferred Compensation Plan (the "<u>DCP</u>"), a top hat plan. The Eleventh Circuit's definition of a top hat plan tracks the language of ERISA: "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." *Holloman v. Mail-Well Corporation*, 443 F.3d 832, 837 (11th Cir. 2006); 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1). A plan is unfunded where, as here, "the corporation has not set aside funds, separate from its general assets, for payment of plan benefits and if the beneficiaries have no legal right greater to those assets than that of a general, unsecured creditor." [Docket No. 776, Pg. 26]. Because amounts contributed to the DCP remained subject to the claims of the Debtor's general unsecured creditors, claims for deferred amounts cannot also be entitled to priority treatment as "contributions to an employee benefit plan" within the meaning of section 507(a)(5). *See id*.

12. The terms of the DCP confirm that Claimant is no more than a general unsecured creditor in the event of bankruptcy or insolvency. *See In re Qimonda Richmond, LLC*, 2010 WL 5066309 (Bankr. D. Del. Aug. 11, 2010) (analysis of similar provisions in an objection later granted by the court). Section 8 of the DCP, captioned "<u>Unsecured General Creditor</u>," states:

> Except as provided in Section 10, Participants and their beneficiaries, heirs, successors, and assigns shall have no legal or equitable rights, interest, or claims in any property or assets of the Company… Any and all Company assets shall be, and remain, **the general, unpledged, unrestricted assets of the Company.** The Company's obligation under the Plan shall be an unfunded and unsecured promise of the Company to pay money in the future.

(emphasis added). The Charles Schwab Non-Qualified Deferred Compensation Plan Trust Agreement (the "Trust Agreement"), states that plan assets are "subject to the claims of the Employer's and the Adopting Employer's creditors." The DCP and corresponding Trust Agreement thus clearly contemplate that amounts deferred will be subject to the claims of the Debtor's general unsecured creditors and expressly restrict plan participants to non-priority status in the event of insolvency.

13. The Debtor also objects to priority treatment of the Claim because it does not meet the requirements of section 507(a)(5)(A) of the Code in that the Claim does not arise from "services rendered within 180 days" before the Petition Date. Upon information and belief, at no time prior to the Petition Date was Claimant an employee of the Debtor. Thus, any contributions to the DCP could not have arisen from services rendered to the Debtor. Section 507(a)(5) clearly contemplates that an "employee" is an employee of the Debtor, as evidenced by the reference to the "date of the cessation of debtor's business." Without such a restriction, the language of section 507(a)(5) would be overly broad and so vague as to be unenforceable.

14. The Debtor further objects to the Claim to the extent that it does not reflect deductions for amounts paid to Claimant pursuant to the Settlement Agreement dated September 16, 2010. Claimant was a party to the Settlement Agreement and agreed to a pro-rata distribution pursuant to that agreement. The Settlement Agreement contemplated that all participating claimants would have their claims reduced by the allocated amount they received under the Agreement. Pursuant to the Agreement, Claimant received a pro-rata distribution (the "Allocation Amount"). [Docket No. 934, Exhibit A]. Claimant thus holds a general unsecured claim that must be reduced by the Allocation Amount. In the event that the Court determines that the Claim is entitled to priority, Claimant's Allocation Amount should likewise be subtracted from the amount of the Claim entitled to priority. Claimant has been paid outside of the distribution scheme and the amount of the Claim should be reduced accordingly.

15. In the alternative, the Debtor objects to the Claim to the extent that the amount asserted as entitled to priority treatment is not limited to contributions to the DCP attributable to services rendered within the 180 days prior to the Petition Date. Upon information and belief, the amount claimed for priority treatment reflects contributions made to the DCP far before the 180 day period prior to the Petition Date. Even if the deferred amounts were contributions to an employee benefit plan within the meaning of section 507(a)(5) of the Code, the entire amount a participant has ever contributed would not be entitled to priority treatment. Rather, only those amounts that arise from services rendered within the 180 day period prior to bankruptcy would be entitled to priority treatment and only then to the extent not paid into the DCP. The Debtor thus objects to the Claim to the extent it exceeds this amount. Based on the documentation provided by Claimant, the Debtor is unable to determine how much, if any, of the claimed amount arises from services rendered in the 180 day period prior to the Petition Date. The burden is on Claimant to demonstrate that the amounts claimed for priority treatment are indeed entitled to priority.

16. The Debtor objects to priority treatment of the Claim because it does not meet the requirements of section 507(a)(4) of the Code in that the claim amounts were not "earned within 180 days" before the Petition Date. Upon information and belief, at no time prior to the petition date was Claimant an employee of the Debtor, so any amounts claimed for wages, salaries, or commissions could not have been "earned" with respect to the Debtor. Section 507(a)(4) clearly contemplates that an "employee" is an employee of the Debtor, as evidenced by the reference to the "date of the cessation of debtor's business." Further, section 507(a)(4)(B) gives priority claims to certain independent contractors, provided that a certain percentage of the total earnings of that independent contractor was earned in the sale of goods and services provided to the debtor. This provision would be unnecessary if the term "earned" were not otherwise limited to employees of the debtor. Without such a restriction, the language of section 507(a)(4) would be overly broad and so vague as to be unenforceable.

17. In the alternative, the Debtor objects to the Claim to the extent that the claimed amount exceeds the maximum amount entitled to priority. Even if the Court finds that a portion of the claim is entitled to priority treatment under either section 507(a)(4) or section 507(a)(5) of the Code, the amount

5
Case 09-32303   Doc 1389   Filed 07/05/11   Entered 07/05/11 19:45:09   Desc Main
Document      Page 5 of 13

allegedly entitled to priority exceeds the maximum priority amount permitted by statute and should be deemed reduced accordingly.

## Compliance with LBR 3007-1

18. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection." Pursuant to LBR 3007-1, the Debtor submits the Declaration of Kevin O'Halloran, which is attached hereto as <u>Exhibit A</u>.

## Reservation of Rights

19. The Debtor has not had sufficient time to complete its investigations of the numerous claims asserted against it, including, without limitation, the Claim. In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Claimant. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the Claim on any additional grounds, including, without limitation, the alleged amount of such Claim. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

## Notice of Objection; No Prior Request

20. The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to Claimant.

21. No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as <u>Exhibit B</u>, and grant the Debtor such other and further relief as this Court deems just and proper.

6
Case 09-32303    Doc 1389    Filed 07/05/11    Entered 07/05/11 19:45:09    Desc Main
Document      Page 6 of 13

Dated: July 5, 2011
Montgomery, Alabama

        C. Edward Dobbs
        E-mail: ced@phrd.com

        Rufus T. Dorsey, IV
        E-mail: rtd@phrd.com

        PARKER, HUDSON, RAINER & DOBBS LLP
        1500 Marquis Two Tower
        285 Peachtree Center Avenue, N.E.
        Atlanta, Georgia 30303
        Telephone No.: (404) 523-5300
        Facsimile: (404) 522-8409


        By: /s/ *Rufus T. Dorsey, IV*
            Rufus T. Dorsey, IV

        Attorneys for Debtor

**Exhibit A**

**Declaration**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                                :
In re                                           :          Chapter 11
                                                :
THE COLONIAL BANCGROUP, INC.,                   :          Case No. 09-32303 (DHW)
                                                :
        Debtor.                                 :
                                                :
-----------------------------------------------------------x
```

## DECLARATION OF KEVIN O'HALLORAN

Pursuant to 28 U.S.C. § 1746, KEVIN O'HALLORAN declares:

1. I am over 21 years of age and am otherwise competent to make this Declaration, which I make based on personal knowledge.

2. I am the plan trustee for The Colonial BancGroup, Inc. (the "Debtor"), pursuant to an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*, entered June 2, 2011, in the above-captioned matter.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 25, 2009.

4. Based on the books and records available to me, the Claimant referenced in the foregoing objection was not an employee of The Colonial BancGroup, Inc. during the 180 days prior to August 25, 2009.

Under penalty of perjury, I declare that, to the best of my knowledge and belief, the facts presented herein are true, correct, and complete. Executed this 5th day of July, 2011.

                                               _/s/ Kevin O'Halloran_____
                                               Kevin O'Halloran
                                               Plan Trustee
                                               The Colonial BancGroup, Inc.

**Exhibit B**

**Objection Order**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

In re : Chapter 11

THE COLONIAL BANCGROUP, INC., : Case No. 09-32303 (DHW)

Debtor. :

---

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM 145

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 reclassifying proof of claim number 145 (the "Claim").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the claim is hereby reclassified as a general unsecured claim, with any other issues as to allowance within the general unsecured class to be reserved until further order of the Court; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Claimant; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

1

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2011

United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

>Walter Hargrove
>3333 Ridgefield Dr
>Montgomery, AL 36106-3213

This 5th day of July, 2011.

>C. Edward Dobbs
>E-mail: ced@phrd.com
>
>Rufus T. Dorsey, IV
>E-mail: rtd@phrd.com
>
>PARKER, HUDSON, RAINER & DOBBS LLP
>1500 Marquis Two Tower
>285 Peachtree Center Avenue, N.E.
>Atlanta, Georgia  30303
>Telephone No.:  (404) 523-5300
>Facsimile:  (404) 522-8409
>
>
>By: /s/ *Rufus T. Dorsey, IV*
>      Rufus T. Dorsey, IV
>
>Attorneys for Debtor