UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 09-32303-DHW
                                         Chapter 11
THE COLONIAL BANCGROUP, INC.,

   Debtor.

ORDER OVERRULING OBJECTION TO
RETENTION OF COUNSEL

Kevin O'Halloran, Plan Trustee, filed a notice on June 3, 2011 of retention of certain professionals to represent the debtor in connection with implementation of the confirmed chapter 11 plan. The Plan Trustee retained the law firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") to serve as the debtor's

> special litigation and conflicts counsel and, in that capacity, to represent the Debtor in all contested matters, adversary proceedings and civil actions that have been or hereafter may be commenced by or against the Debtor, as determined by the Debtor, and with respect to such other matters as the Debtor may determine from time to time.

Notice of Debtor's Retention of Certain Post-Confirmation Professionals Pursuant to the Second Amended Chapter 11 Plan of Liquidation of the Colonial BancGroup, Inc., Doc. #1290. Branch Banking & Trust ("BB&T") filed an objection to the retention of Quinn Emanuel.

The objection came on for hearing on July 11, 2011. Upon consideration of the objection, the response filed by the debtor, the reply filed by BB&T, and the arguments of counsel at the hearing, the court concludes that the objection is due to be overruled.

Facts

The debtor's plan as initially proposed gave the Plan Committee the

ability to pursue designated causes of action and to receive compensation and reimbursement of expenses for such services from the debtor's estate. BB&T objected to this proposal, and the court denied confirmation of the plan. In the Memorandum Opinion accompanying the order, the court stated:

> [T]he argument with regard to the Plan Committee is well taken. The concern arises from the committee's prerogative under the plan to undertake litigation that the plan trustee has declined to pursue. For example, if the Plan Trustee declines to pursue "Designated Causes of Action," the Plan Committee has "standing to pursue such actions on behalf of the Debtor's Estate." Second Amended Plan, Doc. #1248, p. 25.
>
> A trustee has a fiduciary duty to act in the best interest of the estate. The lion's share of the assets in the instant estate are choses in action. Whether the trustee be a plan trustee or a chapter 7 trustee, that trustee will be tasked with the responsibility of analyzing all potential causes of action, the costs of prosecuting the actions, the likelihood of prevailing in the actions, and the chances of collecting any judgment. The trustee will then make a determination whether, in his best judgment, pursuit of that action is warranted on behalf of the estate.
>
> If a trustee, in the exercise of his fiduciary duty, determines that pursuit of a cause of action is not warranted on behalf of the estate, such litigation can only be deemed high-risk and speculative. Pursuit of the same cause of action by the Plan Committee using estate funds would constitute an additional layer of expense that would not exist in a chapter 7 case.

Memorandum Opinion accompanying Order Denying Confirmation, Doc. #1260, p. 10.

The debtor amended the plan to provide that the Plan Committee

would serve in a purely advisory capacity and that the Committee and its professionals would not be entitled to compensation from estate property, and the plan, as amended, was confirmed.

Contentions of the Parties

BB&T contends that Quinn Emanuel is not qualified under 11 U.S.C. § 327 to represent the debtor. BB&T states that Quinn Emanuel has actively and extensively represented at least seven hedge fund creditors in this case,

> three of which were ultimately appointed to the Plan Committee as a result of Quinn Emanuel's advocacy. These hedge funds manage millions of dollars of the Debtor's outstanding bond indebtedness, which indebtedness was purchased for cents on the dollar and with the premeditated intent of speculating on the Debtor's bankruptcy proceedings and, in particular, the Debtor's estate causes of action.
>
> In furtherance thereof, Quinn Emanuel aggressively advocated on its clients' behalf for control of the Debtor's estate causes of action.

BB&T's Reply to Debtor's Response to BB&T's Objection to Debtor's Retention of Quinn Emanuel Urquhart & Sullivan, LLP, Doc. #1401, p. 1.

BB&T contends that it would be "anomalous to require a disinterested trustee but to allow him to engage counsel who is not disinterested due to its representation of major claimants in the debtor's bankruptcy." BB&T's Reply, Doc. #1401, p. 3. BB&T contends that Quinn Emanuel is beholden to the hedge fund clients whose interests are not in alignment with those of the "creditor body at large." *Id.* at 13. "At worst, the Debtor is impermissibly allowing bondholders, through their counsel, to effectively control the Debtor's litigation" to the detriment of other unsecured creditors. BB&T's Objection to Notice of Retention, Doc. #1319, p. 10.

BB&T states that the retention of Quinn Emanuel gives bondholders and the plan committee a "back door channel through which to influence the Plan Trustee's judgment." BB&T's Reply, Doc. #1401, p. 4. BB&T contends that the retention of Quinn Emanuel creates a conflict of interest, that it is an "end run" around this court's orders, and that Quinn Emanuel "lacks the impartiality required of a professional representing the estate under Section 327." *Id.* at 3.

The debtor contends that Quinn Emanuel has no conflict of interest in this case because it no longer represents any creditors in this case, having terminated its relationship with these former clients. Quinn Emanuel, going forward, will represent only the debtor/trustee, and the interests of the unsecured bondholders are aligned with the debtor's liquidating estate. The claims of the bondholders are undisputed, and O'Halloran is not aware of any claims against the bondholders.

The debtor notes that the estate is controlled by an independent trustee. No one controls the debtor's estate except for O'Halloran, an independent fiduciary. The plan gives him the power to employ professionals on behalf of the estate in the ordinary course of business. BB&T, a defendant in litigation by the estate, is improperly seeking to influence the debtor's choice of counsel and to override the decisions of an independent trustee.

The trustee further states that Quinn Emanuel has extensive, relevant experience in similar cases that will benefit the estate. Its prior representation of bondholders ensures that Quinn Emanuel will not incur unnecessary expenses to gain an understanding of the matters at issue.

The trustee contends that 11 U.S.C. § 327 does not govern this dispute. However, Quinn Emanuel has no conflict of interest in this case.

The Confirmed Plan and Section 327

The order confirming the plan states: "Except as otherwise explicitly provided in the Plan or in this Order, on the Effective Date, all Estate Property (including Causes of Action) shall remain vested in the Estate."

4

Order Confirming Plan, Doc. #1286, p. 15.

The Plan addresses the issue of the debtor's retention of professionals post-confirmation. Section 8.4 provides that the trustee has the power to "employ on behalf of the Debtor or the Plan Trustee and compensate Post-Confirmation Professionals." The section further provides:

> The retention by the Plan Trustee of any Post-Confirmation Professionals (whether for the Plan Trustee or the Debtor) shall be done in the ordinary course of business and shall not be subject to the prior approval of the Bankruptcy Court; provided, however, that prior to or concurrently with retention of any Post-Confirmation Professional, the Plan Trustee shall file a notice of such retention with the Bankruptcy Court, and such retention shall be subject to objection by any party in interest (including the Plan Committee) that is filed within fifteen (15) days after the Plan Trustee's filing of a notice of such retention, with any such objection that cannot be resolved by agreement to be determined by the Bankruptcy Court, but the mere filing of any such objection shall not operate to preclude such retention.

Order Confirming Second Amended Plan, Doc. #1286, Attachment #1.

Section 11 U.S.C. § 327 governs the employment of professional persons and provides as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested[1] persons, to represent or

---

[1] 11 U.S.C. § 101(14) defines "disinterested person" as one that:

(A) is not a creditor, an equity security holder, or an insider;

assist the trustee in carrying out the trustee's duties under this title. . . .

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(a) and (c).

## Conclusions of Law

"As a general rule, court approval is not required for the retention or compensation of professionals after the confirmation of a plan or reorganization. Notwithstanding the general rule, in certain circumstances, courts have exercised continuing jurisdiction over retention or compensation of professionals." 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 327.03 (16th ed. 2011).

In the instant case, the confirmed chapter 11 plan provides for the court's continued jurisdiction over the retention of professionals by stating that objections that cannot be resolved by agreement will be determined by the court. Therefore, the plan tacitly contemplates that disputes will be resolved by the court under 11 U.S.C. § 327.

Under § 327(c), a person is not disqualified for employment "solely because of such person's employment by or representation of a creditor." However, if another creditor objects, the court is required to disapprove

---

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

such employment if there is an actual conflict of interest.  BB&T has filed an objection.[2]

The court concludes that Quinn Emanuel has no actual conflict of interest.  Quinn Emanuel no longer represents any creditors in this case and represents the debtor/trustee exclusively.  Although its former clients may serve on the Plan Committee, Quinn Emanuel does not represent either these clients or the Plan Committee, and the Plan Committee serves in merely an advisory capacity to the Plan Trustee.  Quinn Emanuel is not beholden to any creditors or the Committee.  Quinn Emanuel is beholden solely to the Plan Trustee.  Its ethical duties run to the Trustee and to the court.

BB&T argues that Quinn Emanuel will not be impartial in giving legal advice to the Plan Trustee and that the interests of the bondholders, its former clients, are not aligned with the interests of other unsecured creditors.  However, the bondholders are creditors, and a recovery by the estate from causes of action benefits all unsecured creditors alike.  All creditors share the ultimate goal of the highest and best recovery from assets of the estate.

Bondholders that purchased claims at a discount may have less to lose and may be more willing than other creditors to undertake speculative or high-risk litigation.  However, no bondholders or any other creditors have the ability to pursue or control litigation on behalf of the estate.  The Plan Committee serves in a mere advisory capacity.  The responsibility for making decisions regarding prosecution and settlement of causes of action lies exclusively with the Plan Trustee.  The Plan Trustee bears the sole responsibility for determining whether to pursue litigation, after analyzing all factors, including the costs of prosecution, the likelihood of prevailing, and the chances of collecting any judgment. The trustee, in the exercise of his fiduciary duty, will then make a determination whether, in his best judgment and his alone, pursuit of an action is warranted on behalf of the estate.

---

[2] BB&T is a contingent creditor as a result of an avoidance action filed against it by the debtor.

No creditors, including BB&T, objected to the appointment of O'Halloran as an independent, disinterested trustee. O'Halloran, as such, has made a decision that it is in the estate's best interest to employ Quinn Emanuel. The trustee states that Quinn Emanuel's extensive, relevant experience in similar cases will benefit the estate. In addition, Quinn Emanuel's familiarity with the current case will keep it from incurring unnecessary expenses to gain an understanding of the matters at issue. The court cannot conclude that the employment of Quinn Emanuel is a breach of O'Halloran's fiduciary duty.

For these reasons, the objection filed by BB&T to the retention of Quinn Emanuel by the Plan Trustee is due to be, and is hereby, OVERRULED.

Done this 15th day of July, 2011

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Benjamin I. Finestone, Attorney for Debtor
N. Christian Glenos, Attorney for BB&T