UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                               :
In re                                          :            Chapter 11
                                               :
THE COLONIAL BANCGROUP, INC.,                  :            Case No. 09-32303 (DHW)
                                               :
                Debtor.                        :
                                               :
-----------------------------------------------------------x
```

### DEBTOR'S CERTIFICATION OF CLAIMS REDUCTIONS
### PURSUANT TO COURT-APPROVED SETTLEMENT AGREEMENT

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS MATTER UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE DEBTOR'S COUNSEL, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS PLEADING.**

Pursuant to the *Order Granting Debtor's Motion to Approve Settlement Agreement Between Debtor and Certain Participant's in Debtor's Non-Qualified Deferred Compensation Plan* (the "Settlement Order") [Doc. No. 945] and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this certification (the "Certification") that the proofs of claim described hereinbelow relating to the Debtor's non-qualified deferred compensation plan (the "NQDC Plan") must be reduced to comply with the terms of the Settlement Order and the underlying Settlement Agreement (defined below).

**For the avoidance of doubt, the Debtor is not objecting to the allowance of the claims listed below, but only to the dollar amounts of those claims as currently reflected in the claims registry maintained by the Court. Such claims (once reduced) will constitute "Allowed Claims" in either "Class D - Convenience Claims" or "Class E - Certain General Unsecured Claims" within the meaning of the Debtor's confirmed Chapter 11 plan of liquidation.**

In support of this Certification, the Debtor shows the Court as follows:

## Background

1.      On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On June 2, 2011, the Court entered the Confirmation Order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (as amended, the "Liquidation Plan").

2.      The Liquidation Plan became effective on June 3, 2011 (the "Effective Date"). Accordingly, the Debtor's affairs and disposition of its assets are now overseen by Kevin O'Halloran, the "Plan Trustee" under and as defined in the Liquidation Plan.

3.      The Debtor is a Delaware corporation that had its headquarters in Montgomery, Alabama. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries.

## The NQDC Plan and Settlement Agreement

4.      Beginning in September of 2009, the Debtor sought authorization from the Court to exercise its ownership rights over the assets in the NQDC Plan.  On June 25, 2010, the Court entered an order ruling that the assets were property of the Debtor's Chapter 11 estate [Doc. No. 777].

5.      Certain participants in the NQDC Plan appealed the Court's ruling to the United States District Court for the Middle District of Alabama.  The Debtor thereafter reached a settlement agreement (the "Settlement Agreement") with these participants to settle the ownership dispute.  The Settlement Agreement provided that the sum of $175,000 would be set aside from the assets, of which $115,231.62 would be available for distribution on a pro rata basis to participants in the NQDC Plan and the balance used to pay their legal counsel.

6.      On September 17, 2010, the Debtor filed a motion with the Court seeking approval of the Settlement Agreement [Doc. No. 898].  On October 14, 2010, the Court entered the Settlement Order approving the Settlement Agreement [Doc. No. 945].

7.      Thereafter, the Debtor made distributions to participants in the NQDC Plan under the Settlement Agreement.  The Settlement Agreement provides that, in addition to those participants in the

NQDC Plan who are signatories to the Settlement Agreement, any participant who accepts a distribution thereunder would nevertheless be deemed to be a party to and bound by all of the provisions of the Settlement Agreement. [Settlement Agreement, ¶ 3(c)].

8. The Settlement Agreement provides further that, effective upon a participant's receipt of a distribution under the Settlement Agreement, that participant was **deemed to have amended any proof of claim they may have filed against the Debtor relating to the NQDC Plan by reducing the aggregate amount thereof by the distribution they received.** [Settlement Agreement, ¶ 7].[1]

9. Every participant in the NQDC Plan who filed a proof of claim against the Debtor's estate accepted a distribution under the Settlement Agreement. Accordingly, each of these proofs of claim should be reduced in the claims registry to comply with the terms of the Settlement Agreement.[2]

### Relief Requested

10. The Debtor seeks entry of an order reducing the dollar amount of the proofs of claim set forth below to comply with the Settlement Order and the underlying Settlement Agreement. Each such proof of claim should be reduced according to the calculation set forth in following chart. The final dollar amount for each proof of claim as it relates to the NQDC Plan is in bold in the chart's final column.

---

[1] The Settlement Agreement also provided for the automatic confirmation that any such proof of claim for the participant's contributions to the NQDC Plan was a general unsecured claim against the Debtor's estate.

[2] However, certain participants in the NQDC Plan also opted into the class of claims set forth in the Liquidation Plan as "Class D - Convenience Claims." Convenience Claims consist of those general unsecured claims against the Debtor that are for an amount equal to or less than $5,000 or that exceed $5,000 but were voluntarily reduced to $5,000. For those participants in the NQDC Plan who opted to be treated in this class of claims, adjusting the dollar amount of their claims to comply with the Settlement Order and underlying Settlement Agreement is moot because their allowed claim against the Debtor's estate will now simply be $5,000. For example, an NQDC Plan participant with a claim against the estate of $100,000 and who received $1,000 under the Settlement Agreement should have their claim reduced to $99,000; by opting to have their claim treated as a Convenience Claim, the participant's claim is ultimately reduced further to $5,000. Accordingly, the Debtor has filed a separate certification for all claimants who opted to have their claims treated as Convenience Claims [Doc. No. 1585]. Certain NQDC Plan participants who received a distribution under the Settlement Agreement will therefore not be listed in this Certification and are instead listed on the separate certification.

## NQDC Plan Claim Reductions

| Claim No. | Name of Claimant | Amount Presently Asserted in Claims Registry | Settlement Distribution | Reduced Amount for Claims Registry |
|---|---|---|---|---|
| 9 | Justin McCarthy | $24,880.95 | $1,513.89 | **$23,367.06** |
| 10 | Cary Guffey | $7,833.56 | $479.94 | **$7,353.62** |
| 12 | Patricia Chong | $72,430.74 | $4,347.67 | **$68,083.07** |
| 16 | Pamela Vitto* | $4,163.88 | $261.91 | **$3,901.97** |
| 20 | Kenneth Delisle | $14,233.36 | $797.89 | **$13,435.47** |
| 22 | Lee Martino | $106,474.98 | $6,687.36 | **$99,787.62** |
| 23 | Sandra Crouch* | $4,991.80 | $311.60 | **$4,680.20** |
| 26 | Harlan C. Parrish | $170,974.02 | $10,804.51 | **$160,169.51** |
| 29 | Robert Bassett | $8,901.96 | $632.49 | **$8,269.47** |
| 31 | John Jensch | $8,129.13 | $455.70 | **$7,673.43** |
| 32 | Melvin Perez*[3] | $502.73 | $28.17 | **$474.56** |
| 33 | Gerald Hester | $79,851.28 | $4,943.53 | **$74,907.75** |
| 40 | Sally Hudson | $27,909.82 | $1,774.49 | **$26,135.33** |
| 41 | Larry Blackwell | $41,594.10 | $2,596.31 | **$38,997.79** |
| 43 | Glenda Allred | $5,527.62 | $346.77 | **$5,180.85** |
| 45 | Raymond Burge | $83,640.35 | $5,083.31 | **$78,557.04** |
| 47 | Howard Davis | $51,395.38 | $3,171.82 | **$48,223.56** |
| 48 | Patti Hill | $124,738.26 | $7,459.92 | **$117,278.34** |
| 49 | John Williams* | $1,644.02 | $98.41 | **$1,545.61** |
| 55 | James Tharpe | $26,315.11 | $1,477.74 | **$24,837.37** |
| 59 | C. Malcolm Holland III | $44,644.83 | $2,852.02 | **$41,792.81** |
| 85 | Charles Hicks | $15,915.76 | $997.02 | **$14,918.74** |
| 145 | Walter Hargrove | $15,686.50 | $972.29 | **$14,714.21** |
| 150 | Shayna Varkas* | $71.58 | $1.44 | **$70.14** |
| 158 | Ronald Peck | $8,970.87 | $510.44 | **$8,460.43** |

\* Each participant whose name is marked with an asterisk is already classified in "Class D - Convenience Claims" under (and within the meaning of) the Liquidation Plan, but because the dollar amounts of their claims are already below $5,000 it is necessary to reduce their claim through this Certification to take into account the distribution each such participant received under the Settlement Agreement. All other participants' claims will be classified in "Class E - Certain General Unsecured Claims" under the Liquidation Plan.

---

[3] The claim filed by Melvin Perez does not state a dollar amount owed, but states that the basis for the claim is his contribution to the NQDC Plan. Further, the claims registry maintained by the Court states that the total amount claimed for Mr. Perez is "$0." The Debtor believes this is a mistake on Mr. Perez's part that should and can be corrected. The numbers set forth above for Mr. Perez were provided to the Debtor by the administrator for the NQDC Plan in connection with carrying out the Debtor's duties under the Settlement Agreement. [*See* Doc. No. 934 at 5-7 (setting forth the value of contributions participants in the NQDC Plan made as of October 8, 2010)].

Dated: October 31, 2011
       Montgomery, Alabama

                                C. Edward Dobbs
                                E-mail: ced@phrd.com

                                Rufus T. Dorsey, IV
                                E-mail: rtd@phrd.com

                                PARKER, HUDSON, RAINER & DOBBS LLP
                                1500 Marquis Two Tower
                                285 Peachtree Center Avenue, N.E.
                                Atlanta, Georgia  30303
                                Telephone No.:  (404) 523-5300
                                Facsimile:  (404) 522-8409


                                By: /s/ *Rufus T. Dorsey, IV*
                                    Rufus T. Dorsey, IV

                                Attorneys for Debtor

2125449_3                          - 5 -
Case 09-32303   Doc 1586   Filed 10/31/11   Entered 10/31/11 15:05:01   Desc Main
Document   Page 5 of 7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the individuals listed on the distribution list annexed hereto and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

This 31st day of October, 2011.

                                              C. Edward Dobbs
                                              E-mail: ced@phrd.com

                                              Rufus T. Dorsey, IV
                                              E-mail: rtd@phrd.com

                                              PARKER, HUDSON, RAINER & DOBBS LLP
                                              1500 Marquis Two Tower
                                              285 Peachtree Center Avenue, N.E.
                                              Atlanta, Georgia  30303
                                              Telephone No.:  (404) 523-5300
                                              Facsimile:  (404) 522-8409

                                              By: /s/ *Rufus T. Dorsey, IV*
                                                   Rufus T. Dorsey, IV

                                              Attorneys for Debtor

**Distribution List**

| | | |
|---|---|---|
| Justin McCarthy<br>1103 Adams Street<br>Hollywood, FL 33019 | John Jensch<br>6120 Indian Meadow<br>Orlando, FL 32819 | John Williams<br>102 Bald Knob Road<br>Wetumpka, AL 36092 |
| Cary Guffey<br>2036 Eagle Park Lane<br>Birmingham, AL 35242 | Melvin Perez<br>9004 SW 206 Street<br>Miami, FL 33189 | James Tharpe<br>4325 Horseshoe Bend<br>Merritt Island, FL 32953 |
| Patricia Chong<br>22548 Blue Fin Trail<br>Boca Raton, FL 33428 | Gerald Hester<br>685 Highland Drive<br>Madison, AL 35758 | Charles Malcolm Holland III<br>3016 Purdue Avenue<br>Dallas, TX 75225 |
| Pamela Vitto<br>332 Kiwanis Circle<br>Chuluota, FL 32766 | Sally Hudson<br>3607 Julian Town Road<br>Letohatchee, AL 36047 | Charles Hicks<br>293 SW Otter Run Place<br>Stuart, FL 34997 |
| Kenneth Delisle<br>20031 NW 5th Street<br>Pembroke Pines, FL 33029 | Larry Blackwell<br>800 Meriwether Road<br>Pike Road, AL 36064 | Walter Hargrove<br>3333 Ridgefield Drive<br>Montgomery, AL 36106 |
| Lee Martino<br>1087 Marco Drive NE<br>St. Petersburg, FL 33702 | Glenda Allred<br>3200 Jasmine Road<br>Montgomery, AL 36117 | Shayna Varkas<br>155 Ocean Land Drive<br>311<br>Key Biscayne, FL 33149 |
| Sandra Crouch<br>508 Palm Drive<br>Largo, FL 33770 | Raymond Burge<br>7167 Wyngrove Drive<br>Montgomery, AL 36117 | Ronald Peck<br>586 Ne Vanda Terrado<br>Jensen Beach, FL 34957 |
| Harlan Parrish<br>9531 Cedar Creek Drive<br>Bonita Springs, FL 34135 | Howard Davis<br>481 E. Webster Avenue<br>Winter Park, FL 32789 | |
| Robert Bassett<br>5940 Paradise Circle<br>Naples, FL 34110 | Patti Hill<br>7257 Brisbane Place<br>Montgomery, AL 36117 | |