UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
THE COLONIAL BANCGROUP, INC.,                 :        Case No. 09-32303 (DHW)
                                              :
                  Debtor.                     :
                                              :
-----------------------------------------------------------x
```

### DEBTOR'S OBJECTION TO CLAIM NO. 18 OF
### EDWARD B. ALFORD, JR. AND TOMMI LEE ALFORD

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to Section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to Proof of Claim No. 18 filed by Edward B. Alford, Jr. and Tommi Lee Alford (collectively, "Alford") and requests that the Court enter an Order disallowing the Claim (as defined below), a form of which is attached hereto as Exhibit A, as duplicative of proofs of claim filed by the indenture trustee on behalf of all bondholders, including Alford. Entry of the attached proposed order disallowing the Claim as duplicative is not intended to affect any right of Alford to share in any distribution made to the indenture trustee on account of its allowed claim. In support of this Objection, the Debtor shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**Background**

3. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. Colonial Bank was overseen by various federal and state regulatory authorities.

6. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company.

7. On June 2, 2011, the Court entered an Order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (the "Plan").

**Relief Requested**

8. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit A (the "Objection Order"), disallowing the Claim.

**Bar Date for Proofs of Claim**

9. By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

**Proof of Claim**

10. On September 16, 2009, Alford filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 18 (the "Claim"),[1] for an unsecured claim in the amount of $270,600.77 arising out of the 8.875% Subordinated Notes (the "Subordinated Notes") outstanding pursuant to an indenture dated as of March 1, 2008 between the Debtor and The Bank of New York Mellon Trust Company ("BNYM"), as successor in interest to The Bank of New York Trust Company, N.A.

**Objection to Claim**

11. The Claim is based upon the Subordinated Notes and is duplicative of the proofs of claim filed by BNYM, in its capacity as trustee, on behalf of all holders or beneficial owners of the Subordinated Notes, including Alford.

12. On November 25, 2009, BNYM, in its capacity as indenture trustee, filed a proof of claim against the Debtor, designated as Claim No. 107 (the "Subordinated Notes Claim") on the registry maintained by the Court, for amounts owing on account of the Subordinated Notes to all holders or beneficial owners of such instruments.[2]

13. Therefore, the Claim should be disallowed.

---

[1] The Debtor has not sought to verify the amounts claimed to be owing in the Claim because the Plan calls for the indenture trustees for the Debtor's bonds to make (and calculate the appropriate amount of) any and all distributions to bondholders.

[2] Section 9.3(f) of the Plan requires that the Debtor make distributions on claims arising out of the Subordinated Notes to the indenture trustee for such notes (BNYM) and not directly to any bondholder claimants.

### Request for Waiver of LBR 3007-1

14. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection." At this time, the Debtor is objecting to the Claim on the purely legal ground that the Claim is duplicative of a timely filed claim. Therefore, the Debtor requests that the Court waive the requirements of LBR 3007-1, neither of which would serve any purpose under these circumstances.

### Reservation of Rights

15. The Debtor has not completed its investigation of the Claim. In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Alford. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the Claim on any additional grounds, including, without limitation, the alleged amounts of such Claim. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

### Notice of Objection; No Prior Request

16. The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to Alford.

17. No previous request for the relief requested herein has been made to this Court or any other court.

[Signature on the following page]

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as <u>Exhibit A</u>, and grant the Debtor such other and further relief as this Court deems just and proper.

Dated: October 31, 2011
       Montgomery, Alabama

                                      C. Edward Dobbs
                                      E-mail: ced@phrd.com

                                      Rufus T. Dorsey, IV
                                      E-mail: rtd@phrd.com

                                      PARKER, HUDSON, RAINER & DOBBS LLP
                                      1500 Marquis Two Tower
                                      285 Peachtree Center Avenue, N.E.
                                      Atlanta, Georgia 30303
                                      Telephone No.: (404) 523-5300
                                      Facsimile: (404) 522-8409


                                      By: /s/ *Rufus T. Dorsey, IV*
                                          Rufus T. Dorsey, IV

                                      Attorneys for Debtor

# Exhibit A

# Objection Order

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                        :
In re                                   :         Chapter 11
                                        :
THE COLONIAL BANCGROUP, INC.,           :         Case No.  09-32303 (DHW)
                                        :
         Debtor.                        :
                                        :
-----------------------------------------------------------x
```

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NO. 18

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing Proof of Claim No. 18 (the "Claim") filed by Edward B. Alford, Jr. and Tommi Lee Alford (collectively, "Alford").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the Claim is hereby disallowed for all purposes, pursuant to Section 502 of the Bankruptcy Code, as duplicative of the proofs of claim filed by BNYM on behalf of all holders or beneficial owners of the Subordinated Notes; and it is further

**ORDERED** that the entry of this Order is without prejudice to the right of Alford to share in any distribution made by the Debtor to BNYM on account of its allowed claims asserted on behalf of all bondholders, including Alford; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Alford; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

###END OF ORDER###

Submitted by:

 */s/ Rufus T. Dorsey, IV*
Rufus T. Dorsey, IV
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
rdorsey@phrd.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

> Ed and Tommi Lee Alford
> 752 Ridgeland Farms Road
> Montgomery, Alabama 36105

This 31st day of October, 2011.

> C. Edward Dobbs
> E-mail: ced@phrd.com
>
> Rufus T. Dorsey, IV
> E-mail: rtd@phrd.com
>
> PARKER, HUDSON, RAINER & DOBBS LLP
> 1500 Marquis Two Tower
> 285 Peachtree Center Avenue, N.E.
> Atlanta, Georgia  30303
> Telephone No.:  (404) 523-5300
> Facsimile:  (404) 522-8409
>
>
> By: /s/ *Rufus T. Dorsey, IV*
>     Rufus T. Dorsey, IV
>
> Attorneys for Debtor