------------------------------------------------------------x
                                                    :

In re                                                 :          Chapter 11

THE COLONIAL BANCGROUP, INC.,     :          Case No. 09-32303 (DHW)

            Debtor.                :

------------------------------------------------------------x

## OBJECTION TO CLAIM NOS. 35, 36 & 37 OF
## CIT TECHNOLOGY FINANCING SERVICES, INC.

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to Section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to Proofs of Claim Nos. 35, 36 and 37 filed by CIT Technology Financing Services, Inc. ("CIT") and requests that the Court enter an Order disallowing the Claims (as defined below), a form of which is attached hereto as Exhibit B. In support of this Objection, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

2141632_1
Case 09-32303   Doc 1590   Filed 10/31/11   Entered 10/31/11 16:46:32   Desc Main
Document   Page 1 of 10

## Background

3. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. Colonial Bank was overseen by various federal and state regulatory authorities.

6. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company.

7. On June 2, 2011, the Court entered an Order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*

## Relief Requested

8. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit B (the "Objection Order"), disallowing the Claims.

## Bar Date for Proofs of Claim

9. By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

### Proofs of Claim

10. On October 15, 2009, CIT filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 35, for an unsecured claim in the amount of $235.65.

11. On October 15, 2009, CIT filed a second proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 36, for an unsecured claim in the amount of $269.37.

12. On October 15, 2009, CIT filed a third proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 37 (together with Claim No. 35 and Claim No. 36, the "Claims"), for an unsecured claim in the amount of $275.36.

### Objections to Claims

13. The Debtor objects to the Claims on the ground that any services or products CIT provided which are reflected in the Claims were furnished at the request of and for sole benefit of Colonial Bank and that the Debtor is not liable for any balance which might be owing to CIT for services and products CIT provided to Colonial Bank.

14. Attached to each of the Claims is a copy of the Rental Agreement purportedly supporting CIT's claim against the Debtor. Each of these Rental Agreements is between CIT and Colonial Bank. CIT provides no evidence of any agreement between CIT and the Debtor.

### Compliance with LBR 3007-1

15. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection." Pursuant to LBR 3007-1, the Debtor submits the Declaration of Kevin O'Halloran, which is attached hereto as Exhibit A.

### Reservation of Rights

16. The Debtor has not completed its investigation of the Claims. In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor

may have against CIT. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to any of the Claims on any additional grounds, including, without limitation, the alleged amount of any such Claims. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

**Notice of Objection; No Prior Request**

17. The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to CIT.

18. No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit B, and grant the Debtor such other and further relief as this Court deems just and proper.

Dated: October 31, 2011
      Montgomery, Alabama

    C. Edward Dobbs
    E-mail: ced@phrd.com

    Rufus T. Dorsey, IV
    E-mail: rtd@phrd.com

    PARKER, HUDSON, RAINER & DOBBS LLP
    1500 Marquis Two Tower
    285 Peachtree Center Avenue, N.E.
    Atlanta, Georgia  30303
    Telephone No.:  (404) 523-5300
    Facsimile:  (404) 522-8409

    By: /s/ *Rufus T. Dorsey, IV*
        Rufus T. Dorsey, IV

    Attorneys for Debtor

- 4 -

Case 09-32303   Doc 1590   Filed 10/31/11   Entered 10/31/11 16:46:32   Desc Main
Document      Page 4 of 10

**Exhibit A**

**Declaration**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---------------------------------------------------------x
                                   :
In re                              :          Chapter 11

THE COLONIAL BANCGROUP, INC.,    :          Case No. 09-32303 (DHW)

            Debtor.           :

---------------------------------------------------------x

## DECLARATION OF KEVIN O'HALLORAN

Pursuant to 28 U.S.C. § 1746, KEVIN O'HALLORAN declares:

1. I am over 21 years of age and am otherwise competent to make this Declaration, which I make based on personal knowledge.

2. I am the plan trustee for The Colonial BancGroup, Inc. (the "Debtor"), pursuant to an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*, entered June 2, 2011, in the above-captioned matter.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 25, 2009.

4. I have reviewed the books and records of the Debtor available to me regarding the proofs of claim (the "CIT Claims") filed by CIT Technology Financing Services, Inc. ("CIT") and have reviewed the documents CIT filed in support of the CIT Claims. Based on my review of these documents, I do not believe that CIT has a valid claim against the Debtor.

Under penalty of perjury, I declare that, to the best of my knowledge and belief, the facts presented herein are true, correct, and complete.

Executed this 31st day of October, 2011.

                                                            */s/ Kevin O'Halloran*
                                                            Kevin O'Halloran
                                                            Plan Trustee, The Colonial BancGroup, Inc.

2141632_1
Case 09-32303   Doc 1590   Filed 10/31/11   Entered 10/31/11 16:46:32   Desc Main
                             Document     Page 6 of 10

**Exhibit B**

**Objection Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
-----------------------------------------------------------x
                                                           :
In re                                                      :        Chapter 11
                                                           :
THE COLONIAL BANCGROUP, INC.,                              :        Case No. 09-32303 (DHW)
                                                           :
            Debtor.                                        :
                                                           :
-----------------------------------------------------------x
```

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NOS. 35, 36 & 37

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing Proofs of Claim Nos. 35, 36 and 37 (the "CIT Claims") filed by CIT Technology Financing Services, Inc. ("CIT").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that each of the CIT Claims is hereby disallowed for all purposes, pursuant to Section 502 of the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against CIT; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

###END OF ORDER###

<u>Submitted by</u>:

 */s/ Rufus T. Dorsey, IV*
Rufus T. Dorsey, IV
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
rdorsey@phrd.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

        CIT Technology Financing Services, Inc.
        c/o Bankruptcy Processing Solutions, Inc.
        800 E. Sonterra Boulevard
        Suite 240
        San Antonio, Texas 78258

This 31st day of October, 2011.

        C. Edward Dobbs
        E-mail: ced@phrd.com

        Rufus T. Dorsey, IV
        E-mail: rtd@phrd.com

        PARKER, HUDSON, RAINER & DOBBS LLP
        1500 Marquis Two Tower
        285 Peachtree Center Avenue, N.E.
        Atlanta, Georgia  30303
        Telephone No.:  (404) 523-5300
        Facsimile:  (404) 522-8409


        By: /s/ *Rufus T. Dorsey, IV*
           Rufus T. Dorsey, IV

        Attorneys for Debtor