UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---------------------------------------------------------x
                                                         :
In re                                                    :    Chapter 11
                                                         :
THE COLONIAL BANCGROUP, INC.,                            :    Case No. 09-32303 (DHW)
                                                         :
          Debtor.                                        :
                                                         :
---------------------------------------------------------x

### OBJECTION TO CLAIM NO. 58 OF WEINGARTEN NOSTAT, INC.

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to Section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to Proof of Claim No. 58 filed by Weingarten Nostat, Inc.("WNI") and requests that the Court enter an Order disallowing the Claim (as defined below), a form of which is attached hereto as Exhibit B. In support of this Objection, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**Background**

3.  On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.  The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5.  Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. Colonial Bank was overseen by various federal and state regulatory authorities.

6.  On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company ("BB&T").

7.  On June 2, 2011, the Court entered an Order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*

**Relief Requested**

8.  The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit B (the "Objection Order"), disallowing the Claim.

**Bar Date for Proofs of Claim**

9.  By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

## Proof of Claim

10. On November 16, 2009, WNI filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 58 (the "Claim"), for an unsecured claim for $11,951.99 arising out of a "[n]on-residential real property lease dated June 30, 2002, and all amendments and modifications thereto (if any)."

11. Attached to the Claim is a two-page "Statement of Account," which does not include a copy of the lease at issue. These documents appear to state that the Debtor is an "assignor" of a lease to Colonial Bank, N.A. (the "Bank Lease") for property located at 10565 S. Eastern Avenue, Henderson, Nevada 89052 (the "Nevada Location"). WNI purports to reserve the right to amend the Claim "for any reason to include, without limitation, additional documentation, costs, interest, vacancy or repair charges or attorneys fees." WNI has not amended or supplemented the Claim.

12. The Claim also contains a line item for a "rejection date" and a "vacate date." WNI has not amended the Claim to include a rejection date or a vacate date.

## Objections to Claim

13. The Debtor objects to the Claim on the ground that, based on the records available to the Debtor to date, any obligations purportedly owing under the Bank Lease are obligations of Colonial Bank, and not the Debtor. The Debtor has filed schedules of assets and liabilities (and amendments thereto) and two motions to reject unexpired leases and executory contracts and has never listed the Nevada Location as an asset or rejected the Bank Lease. Nor is the Debtor aware of any other instance in which the Debtor entered into a lease for a branch bank location and then assigned the lease to Colonial Bank.

14. WNI may not have included a rejection or vacate date for the Bank Lease because a tenant appears to have been occupying the Nevada Location continuously since the closure of Colonial Bank, and that tenant (and not the Debtor) may be liable under the Bank Lease. As noted above, BB&T acquired substantially all of the former assets and liabilities of Colonial Bank from the FDIC-Receiver,

including all of Colonial Bank's Nevada business, on August 14, 2009.[1] Some two months later, U.S. Bank National Association ("U.S. Bank") and BB&T announced that U.S. Bank had purchased approximately $800 million in deposits and certain branch locations of BB&T's Nevada banking operations.[2] That transaction closed in early 2010.[3] U.S. Bank now lists the Nevada Location as a branch bank location on its website (www.usbank.com).

15. The Debtor does not believe that it is liable for any amounts owing under the Bank Lease, and, therefore, the Claim should be disallowed.

## Compliance with LBR 3007-1

16. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection." Pursuant to LBR 3007-1, the Debtor submits the Declaration of Kevin O'Halloran, which is attached hereto as Exhibit A.

## Reservation of Rights

17. The Debtor has not completed its investigation of the Claim. In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against WNI. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the Claim on any additional grounds, including, without limitation, the alleged amount of such Claim. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

---

[1] BB&T could not acquire (and the FDIC-Receiver could not have transferred) assets of the Debtor in this transaction.

[2] A publicly available copy of the Form 8-K/A filed with the Securities and Exchange Commission discussing this transaction can be found at: http://www.sec.gov/Archives/edgar/data/92230/000119312509210500/d8ka.htm.

[3] A publicly available copy of the 10-K filed with the Securities and Exchange Commission discussing the closing of the transaction can be found at: http://www.sec.gov/Archives/edgar/data/92230/000119312510042975/d10k.htm.

### Notice of Objection; No Prior Request

18. The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to WNI.

19. No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit B, and grant the Debtor such other and further relief as this Court deems just and proper.

Dated: October 31, 2011
       Montgomery, Alabama

    C. Edward Dobbs
    E-mail: ced@phrd.com

    Rufus T. Dorsey, IV
    E-mail: rtd@phrd.com

    PARKER, HUDSON, RAINER & DOBBS LLP
    1500 Marquis Two Tower
    285 Peachtree Center Avenue, N.E.
    Atlanta, Georgia 30303
    Telephone No.: (404) 523-5300
    Facsimile: (404) 522-8409


    By: /s/ *Rufus T. Dorsey, IV*
        Rufus T. Dorsey, IV

    Attorneys for Debtor

**Exhibit A**

**Declaration**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

-----------------------------------------------------------x
                                                            :
In re                                            :             Chapter 11

THE COLONIAL BANCGROUP, INC.,    :            Case No. 09-32303 (DHW)

Debtor.               :

-----------------------------------------------------------x

## DECLARATION OF KEVIN O'HALLORAN

Pursuant to 28 U.S.C. § 1746, KEVIN O'HALLORAN declares:

1. I am over 21 years of age and am otherwise competent to make this Declaration, which I make based on personal knowledge.

2. I am the plan trustee for The Colonial BancGroup, Inc. (the "Debtor"), pursuant to an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*, entered June 2, 2011, in the above-captioned matter.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 25, 2009.

4. Based on the books and records available to me and the publicly available documents filed with the Securities and Exchange Commission referenced in the foregoing objection, the factual allegations in the objection are true and correct to the best of my knowledge, information and belief.

Under penalty of perjury, I declare that, to the best of my knowledge and belief, the facts presented herein are true, correct, and complete.

Executed this 31st day of October, 2011.

                                                      */s/ Kevin O'Halloran*
                                                      Kevin O'Halloran
                                                      Plan Trustee
                                                      The Colonial BancGroup, Inc.

1

**Exhibit B**

**Objection Order**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
In re                                                      :     Chapter 11
                                                           :
THE COLONIAL BANCGROUP, INC.,                              :     Case No.  09-32303 (DHW)
                                                           :
                        Debtor.                            :
                                                           :
-----------------------------------------------------------x
```

### ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NO. 58

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing Proof of Claim No. 58 (the "Claim") filed by Weingarten Nostat, Inc. ("WNI").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the Claim is hereby disallowed for all purposes, pursuant to Section 502 of the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against WNI; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

###END OF ORDER###

Submitted by:

 */s/ Rufus T. Dorsey, IV*
Rufus T. Dorsey, IV
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
rdorsey@phrd.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

>Weingarten Nostat, Inc.
>c/o Weingarten Realty Investors
>2600 Citadel Plaza Drive, Suite 125
>Houston, Texas 77008
>Attn: Jenny J. Hyun, Esq.

This 31st day of October, 2011.

>C. Edward Dobbs
>E-mail: ced@phrd.com
>
>Rufus T. Dorsey, IV
>E-mail: rtd@phrd.com
>
>PARKER, HUDSON, RAINER & DOBBS LLP
>1500 Marquis Two Tower
>285 Peachtree Center Avenue, N.E.
>Atlanta, Georgia 30303
>Telephone No.: (404) 523-5300
>Facsimile: (404) 522-8409
>
>
>By: /s/ *Rufus T. Dorsey, IV*
>    Rufus T. Dorsey, IV
>
>Attorneys for Debtor