UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
THE COLONIAL BANCGROUP, INC.,                              :    Case No. 09-32303 (DHW)
                                                           :
                          Debtor.                          :
                                                           :
-----------------------------------------------------------x
```

### OBJECTION TO CLAIM NO. 66 OF WALLER LANSDEN DORTCH & DAVIS LLP

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to Section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to Proof of Claim No. 66, filed by the law firm of Waller Lansden Dortch & Davis, LLP ("Waller"), and requests that the Court enter an Order disallowing the Claim (as defined below), a form of which is attached hereto as Exhibit B. In support of this Objection, the Debtor shows the Court as follows:

#### Jurisdiction and Venue

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

3. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. As the Debtor's banking subsidiary, Colonial Bank was overseen by various federal and state authorities.

6. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company.

7. On June 2, 2011, the Court entered an Order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*

## Relief Requested

8. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit B (the "Objection Order"), disallowing the Claim.

## Bar Date for Proofs of Claim

9. By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

## Proof of Claim

10. On November 23, 2009, Waller filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 66 (the "Claim"), for a general unsecured claim in the amount of $51,880.10 purportedly arising out of "legal services rendered."

11. The Claim, consisting of two pages, does not specify who received such alleged legal services, what services allegedly were provided, or when the alleged services were provided. The one-page attachment to the Claim contains two line items for two purportedly unpaid invoices (the "Invoices"). Copies of the Invoices are not attached to the Claim.

12. The Claim states that copies of the Invoices "are not being attached to protect attorney/client privilege but redacted copies will be made available upon a written request by an appropriate party."

## Objections to Claim

13. The Debtor objects to the Claim on the ground that Waller has failed and refused to provide the Debtor with any documentation supporting the Claim other than the cursory one-page summary of the Invoices.

14. "When a proof of claim is executed and filed in accordance with the provisions of Bankruptcy Rule 3001 (including Official Form 10), it constitutes prima facie evidence of the validity and amount of the claim." Bareford v. AAFES (In re Bareford), 2010 Bankr. LEXIS 3114, *4 (Bankr. S.D. Ga. Aug. 3, 2010). Item 9 of Official Form 10 directs as follows with regard to supporting documents for a claim:

> Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. Do not send original documents. If the documents are not available, explain. If the documents are voluminous, attach a summary.

15. If a creditor fails to provide sufficient evidence to support its claim, the claim is not entitled to be deemed prima facie valid. See In re Shank, 315 B.R. 799, 810 (Bankr. N.D. Ga. 2004)

("Creditors who want their claims to have the evidentiary presumption that a claim is prima facie allowable must meet the requirements of Rule 3001.").

16. The Debtor repeatedly has requested copies of the Invoices, and Waller has failed and refused to provide even redacted copies of the Invoices to the Debtor.[1]

17. The Debtor, however, should not be limited to receiving only redacted copies of the Invoices. The Claim should be disallowed if Waller is not willing to provide the Debtor with whatever information or documentation the Debtor requests for it to determine the validity and amount of the Claim, including, without limitation, complete copies of all allegedly unpaid invoices and engagement letters.

18. In addition, citing attorney/client privilege and the work product doctrine, Waller has refused to provide the Debtor with copies of the documents Waller prepared, for which Waller is now demanding that the Debtor pay. The Debtor should not be required to pay for services when the claimant refuses to provide the Debtor with copies of the written results of those services. Therefore, the Claim should be disallowed.

**Compliance with LBR 3007-1**

19. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection." Pursuant to LBR 3007-1, the Debtor submits the Declaration of Kevin O'Halloran, which is attached hereto as Exhibit A.

**Reservation of Rights**

20. The Debtor has not had sufficient time to complete its investigation of the Claim. In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Waller. The Debtor expressly reserves all such

---

[1] It is difficult to understand how Waller can demand payment from an entity but simultaneously argue that the same entity is not entitled to see all of the materials (i.e., unredacted versions of the Invoices) that support the purported obligation to pay.

objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the Claim on any additional grounds, including, without limitation, the alleged amount of such Claim. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

### Notice of Objection; No Prior Request

21. The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to Waller.

22. No previous request for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit B, and grant the Debtor such other and further relief as this Court deems just and proper.

Dated: October 31, 2011
       Montgomery, Alabama

                                      C. Edward Dobbs
                                      E-mail: ced@phrd.com

                                      Rufus T. Dorsey, IV
                                      E-mail: rtd@phrd.com

                                      PARKER, HUDSON, RAINER & DOBBS LLP
                                      1500 Marquis Two Tower
                                      285 Peachtree Center Avenue, N.E.
                                      Atlanta, Georgia  30303
                                      Telephone No.:  (404) 523-5300
                                      Facsimile:  (404) 522-8409


                                      By:  /s/ *Rufus T. Dorsey, IV*
                                           Rufus T. Dorsey, IV

                                      Attorneys for Debtor

**Exhibit A**

**Declaration**

**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

-----------------------------------------------------------x
                                                :

In re                                         :          Chapter 11

THE COLONIAL BANCGROUP, INC.,    :          Case No. 09-32303 (DHW)

          Debtor.                         :

-----------------------------------------------------------x

## DECLARATION OF KEVIN O'HALLORAN

Pursuant to 28 U.S.C. § 1746, KEVIN O'HALLORAN declares:

1. I am over 21 years of age and am otherwise competent to make this Declaration, which I make based on personal knowledge.

2. I am the plan trustee for The Colonial BancGroup, Inc. (the "Debtor"), pursuant to an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.*, entered June 2, 2011, in the above-captioned matter.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 25, 2009.

4. I have reviewed the books and records available to the Debtor regarding Proof of Claim No. 66 filed by Waller Lansden Dortch & Davis LLP, and the factual allegations referenced in the foregoing objection are true and correct to the best of my knowledge, information and belief.

Under penalty of perjury, I declare that, to the best of my knowledge and belief, the facts presented herein are true, correct, and complete.

Executed this 31st day of October, 2011.

                                                              */s/ Kevin O'Halloran*
                                                              Kevin O'Halloran
                                                              Plan Trustee
                                                              The Colonial BancGroup, Inc.

**Exhibit B**

**Objection Order**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------x
                                              :
In re                                         :         Chapter 11
                                              :
THE COLONIAL BANCGROUP, INC.,                 :         Case No.  09-32303 (DHW)
                                              :
            Debtor.                           :
                                              :
-----------------------------------------------------------x
```

### ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NO. 66

This matter is before the Court on the objection (the "Objection") of The Colonial BancGroup, Inc. (the "Debtor") for entry of an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing Proof of Claim No. 66 (the "Claim") filed by Waller Lansden Dortch & Davis LLP ("Waller").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the Claim is hereby disallowed for all purposes, pursuant to Section 502 of the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Waller; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

###END OF ORDER###

Submitted by:

 */s/ Rufus T. Dorsey, IV*
Rufus T. Dorsey, IV
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
rdorsey@phrd.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

>Waller Lansden Dortch & Davis, LLP
>c/o David E. Lemke, Esq.
>Waller Lansden Dortch & Davis, LLP
>511 Union Street
>Suite 2700
>Nashville, TN 37219

This 31st day of October, 2011.

>C. Edward Dobbs
>E-mail: ced@phrd.com
>
>Rufus T. Dorsey, IV
>E-mail: rtd@phrd.com
>
>PARKER, HUDSON, RAINER & DOBBS LLP
>1500 Marquis Two Tower
>285 Peachtree Center Avenue, N.E.
>Atlanta, Georgia 30303
>Telephone No.: (404) 523-5300
>Facsimile: (404) 522-8409
>
>
>By: /s/ *Rufus T. Dorsey, IV*
>     Rufus T. Dorsey, IV
>
>Attorneys for Debtor