UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

------------------------------------------------------------x
:
In re : Chapter 11
:
THE COLONIAL BANCGROUP, INC., : Case No. 09-32303 (DHW)
:
Debtor. :
:
------------------------------------------------------------x

**OBJECTION TO CLAIM NOS. 136, 137 & 138 OF
CENTERBRIDGE CREDIT PARTNERS MASTER, LP, CENTERBRIDGE
CREDIT PARTNERS, LP, AND CENTERBRIDGE SPECIAL CREDIT PARTNERS, LP**

**PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION.**

Pursuant to Section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Middle District of Alabama, The Colonial BancGroup, Inc. (the "Debtor") files this objection (the "Objection") to Proof of Claim No. 136 filed by Centerbridge Credit Partners Master, LP ("Centerbridge Master"), Proof of Claim No. 137 filed by Centerbridge Credit Partners, LP ("Centerbridge Partners"), and Proof of Claim No. 138 filed by Centerbridge Special Credit Partners, LP ("Centerbridge Special") and requests that the Court enter an Order disallowing the Claims (as defined below), a form of which is attached hereto as Exhibit B. In support of this Objection, the Debtor shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Objection are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**Background**

3. On August 25, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.

5. Prior to the Petition Date, the Debtor owned Colonial Bank and also owned certain non-banking, non-debtor subsidiaries. Colonial Bank was overseen by various federal and state regulatory authorities.

6. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the Federal Deposit Insurance Corporation was appointed as receiver for Colonial Bank (the "FDIC-Receiver"). On August 14, 2009, the FDIC-Receiver sold all or substantially all of the former assets of Colonial Bank to Branch Banking and Trust Company.

7. On June 2, 2011, the Court entered an Order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (the "Plan").

**Relief Requested**

8. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as Exhibit B (the "Objection Order"), disallowing the Claims.

**Bar Date for Proofs of Claim**

9. By Order entered August 26, 2009 [Docket No. 5], the Court established November 30, 2009, as the bar date for all interested parties (other than governmental entities) to file proofs of claim against the Debtor (the "Bar Date"). In accordance with the Court's direction, the clerk of court sent notice of the Bar Date on August 28, 2009, to over 150 parties [Docket No. 32]. Notice of the Bar Date also was published once in *The Wall Street Journal*, the *Montgomery Advertiser* and the *Business Wire*.

## Proofs of Claim

10. On November 30, 2009, Centerbridge Master filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 136 (the "Centerbridge Master Claim"), for an unsecured claim consisting of (i) an unliquidated claim for any and all harm and damage caused by the Debtor to Centerbridge Master as the beneficial owner of shares of Fixed-to-Floating Rate Perpetual Non-Cumulative Preferred Stock, Class A, Series A (the "REIT Preferred Stock") issued by CBG Florida REIT Corp., a subsidiary of Colonial Bank and (ii) an unliquidated claim for any and all amounts due and owing to, and any and all harm and damage suffered by, Centerbridge Master as the beneficial owner of (x) the aggregate principal amount of $13,958,235 of the 8.875% Subordinated Notes (the "Subordinated Notes") outstanding pursuant to an indenture dated as of March 1, 2008 between the Debtor and The Bank of New York Mellon Trust Company ("BNYM"), as successor in interest to The Bank of New York Trust Company, N.A., and (y) 70,722 shares of the 7.875% Preferred Securities (the "Preferred Securities") outstanding pursuant to an Indenture dated as of March 21, 2002 between the Debtor and BNYM, as successor in interest to The Bank of New York, as trustee ("BNY"), as supplemented by a Second Supplemental Indenture dated as September 16, 2003 between the Debtor and BNY.

11. On November 30, 2009, Centerbridge Partners filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 137 (the "Centerbridge Partners Claim"), for an unsecured claim consisting of (i) an unliquidated claim for any and all harm and damage caused by the Debtor to Centerbridge Partners as the beneficial owner of shares of REIT Preferred Stock and (ii) an unliquidated claim for any and all amounts due and owing to, and any and all harm and damage suffered by, Centerbridge Partners as the beneficial owner of (x) the aggregate principal amount of $7,868,750 of the Subordinated Notes and (y) 45,007 shares of the Preferred Securities.

12. On November 30, 2009, Centerbridge Special filed a proof of claim against the Debtor, designated on the registry of proofs of claim filed in this case maintained by the Court as Claim No. 138

2138405_2
- 3 -
Case 09-32303   Doc 1599   Filed 10/31/11   Entered 10/31/11 19:08:39   Desc Main
Document      Page 3 of 14

(the "Centerbridge Special Claim" and together with the Centerbridge Master Claim and the Centerbridge Partners Claim, the "Claims"), for an unsecured claim consisting of (i) an unliquidated claim for any and all harm and damage caused by the Debtor to Centerbridge Special as the beneficial owner of shares of REIT Preferred Stock and (ii) an unliquidated claim for any and all amounts due and owing to, and any and all harm and damage suffered by, Centerbridge Master as the beneficial owner of (x) the aggregate principal amount of $17,957,675 of the Subordinated Notes and (y) 404,004 shares of the Preferred Securities.

**Objections to Claims**

13. With respect to the Claims based upon shares of REIT Preferred Stock, the Plan places such Claims in Class H (Preferred Stock) and specifies the treatment of the Claims. To the extent that, through the Claims, Centerbridge Master, Centerbridge Partners and Centerbridge Special are asserting an entitlement to different or additional treatment of any claims arising under shares of the REIT Preferred Stock, the Debtor objects to the Claims.

14. In the Claims, Centerbridge Master, Centerbridge Partners and Centerbridge Special assert claims for "any and all harm and damage caused by the Debtor in connection with the REIT Preferred Stock. . . " Neither Centerbridge Master, Centerbridge Partners nor Centerbridge Special, however, specifies any "harm and damage" caused by the Debtor. The Debtor denies taking any action, or failing to take any action, which caused any harm or damage to Centerbridge Master, Centerbridge Partners or Centerbridge Special or otherwise gives rise to any claim against the Debtor with respect to the REIT Preferred Stock, and the Debtor objects to the Claims to the extent that Centerbridge Master, Centerbridge Partners or Centerbridge Special contend otherwise.

15. In addition, any claim by Centerbridge Master, Centerbridge Partners or Centerbridge Special for damages based upon the purchase of shares of the REIT Preferred Stock is subject to subordination under Section 510(b) of the Bankruptcy Code, and the Debtor objects to the Claims on this ground.

16. With respect to the Claims based upon the Subordinated Notes and the Preferred Securities, the Clams are duplicative of proofs of claim filed by BNYM, in its capacity as trustee, on behalf of all holders and beneficial owners of Subordinated Notes and Preferred Securities, including Centerbridge Master, Centerbridge Partners and Centerbridge Special.

17. On November 25, 2009, BNYM, in its various capacities as trustee, filed a proof of claim against the Debtor, designated as Claim No. 104 (the "<u>Preferred Securities Claim</u>") on the registry maintained by the Court, for amounts owing on account of the Preferred Securities to all holders or beneficial owners of such securities.

18. On the same day, BNYM, in its capacity as trustee, filed a proof of claim against the Debtor, designated as Claim No. 107 (the "<u>Subordinated Notes Claim</u>") on the registry maintained by the Court, for amounts owing on account of the Subordinated Notes to all holders or beneficial owners of such instruments.

19. The Claims, to the extent based upon the Subordinated Notes and the Preferred Securities, are duplicative of the Preferred Securities Claim and the Subordinated Notes Claim. For that reason, the Debtor objects to the Claims.

20. In the Claims, Centerbridge Master, Centerbridge Partners and Centerbridge Special assert claims for "any and all harm and damage caused by the Debtor" in connection with the Subordinated Notes and Preferred Securities. Neither Centerbridge Master, Centerbridge Partners nor Centerbridge Special, however, specifies any such "harm and damage" caused by the Debtor. Aside from the unpaid principal and accrued interest owing under the Subordinated Notes and the Preferred Securities, the Debtor denies taking any action, or failing to take any action, which caused any harm or damage to Centerbridge Master, Centerbridge Partners or Centerbridge Special or otherwise gives rise to any claim against the Debtor, and the Debtor objects to the Claims to the extent that Centerbridge Master, Centerbridge Partners or Centerbridge Special contend otherwise.

21. In addition, any claim by Centerbridge Master, Centerbridge Partners or Centerbridge Special for damages based upon the purchase of Subordinated Notes or Preferred Securities is subject to

subordination under Section 510(b) of the Bankruptcy Code, and the Debtor objects to the Claims on this ground.

## Compliance with LBR 3007-1

22. LBR 3007-1 requires that each objection to a claim "be supported by a declaration or affidavit setting forth the factual basis for the objection." Pursuant to LBR 3007-1, the Debtor submits the Declaration of Kevin O'Halloran, which is attached hereto as Exhibit A.

## Reservation of Rights

23. The Debtor has not completed its investigation of the Claims. In asserting this Objection, the Debtor does not intend to waive any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against Centerbridge Master, Centerbridge Partners or Centerbridge Special. The Debtor expressly reserves all such objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims and reserves the right to object in the future to the Claims on any additional grounds, including, without limitation, the alleged amounts of such Claims. The Debtor further reserves the right to amend, modify and supplement this Objection as the Debtor may deem necessary or appropriate.

## Notice of Objection; No Prior Request

24. The Debtor shall give notice of this Objection by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing and to Centerbridge Master, Centerbridge Partners and Centerbridge Special.

25. No previous request for the relief requested herein has been made to this Court or any other court.

[Signature on the following page]

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order substantially in the form annexed hereto as Exhibit B, and grant the Debtor such other and further relief as this Court deems just and proper.

Dated: October 31, 2011
       Montgomery, Alabama

    C. Edward Dobbs
    E-mail: ced@phrd.com

    Rufus T. Dorsey, IV
    E-mail: rtd@phrd.com

    PARKER, HUDSON, RAINER & DOBBS LLP
    1500 Marquis Two Tower
    285 Peachtree Center Avenue, N.E.
    Atlanta, Georgia  30303
    Telephone No.:  (404) 523-5300
    Facsimile:  (404) 522-8409

    By: /s/ *Rufus T. Dorsey, IV*
        Rufus T. Dorsey, IV

    Attorneys for Debtor

# Exhibit A

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

-------------------------------------------------------x
                                :
In re                        :          Chapter 11
                                :
THE COLONIAL BANCGROUP, INC.,    :          Case No. 09-32303 (DHW)
                                :
        Debtor.         :
                                :
-------------------------------------------------------x

## DECLARATION OF KEVIN O'HALLORAN

Pursuant to 28 U.S.C. § 1746, KEVIN O'HALLORAN declares:

1. I am over 21 years of age and am otherwise competent to make this Declaration, which I make based on personal knowledge.

2. I am the plan trustee for The Colonial BancGroup, Inc. (the "Debtor"), pursuant to an order confirming the *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (as amended, the "Plan"), entered June 2, 2011, in the above-captioned matter.[1]

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 25, 2009.

4. I have reviewed on the books and records of the Debtor available to me regarding the proofs of claim (the "Centerbridge Claims") filed by Centerbridge Credit Partners Master, LP, Centerbridge Credit Partners, LP, and Centerbridge Special Credit Partners, LP (collectively, the "Centerbridge Claimants") and have reviewed the documents filed in support of the Centerbridge Claims. Based on my review of these documents, I believe that the Plan provides for the treatment of any claims the Centerbridge Claimants may have under the REIT Preferred Stock, that the Centerbridge Claims are duplicative of proofs of claims filed by the indenture trustees on behalf of all holders and beneficial

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

owners of the Subordinated Notes and the Preferred Securities and that otherwise none of the Centerbridge Claimants has a valid claim against the Debtor.

Under penalty of perjury, I declare that, to the best of my knowledge and belief, the facts presented herein are true, correct, and complete.

Executed this 31st day of October, 2011.

                                                  */s/ Kevin O'Halloran*
                                                  Kevin O'Halloran
                                                  Plan Trustee
                                                  The Colonial BancGroup, Inc.

2138405_2                     - 2 -
Case 09-32303    Doc 1599    Filed 10/31/11    Entered 10/31/11 19:08:39    Desc Main
Document    Page 10 of 14

**Exhibit B**

**Objection Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
-----------------------------------------------------------x
                                         :
In re                                    :      Chapter 11
                                         :
THE COLONIAL BANCGROUP, INC.,            :      Case No. 09-32303 (DHW)
                                         :
                 Debtor.                 :
                                         :
-----------------------------------------------------------x
```

### ORDER GRANTING DEBTOR'S OBJECTIONS TO CLAIM NOS. 136, 137 & 138

This matter is before the Court on the objection (the "<u>Objection</u>") of The Colonial BancGroup, Inc. (the "<u>Debtor</u>") for entry of an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing Proofs of Claim Nos. 136, 137 and 138 (the "<u>Centerbridge Claims</u>") filed by Centerbridge Credit Partners Master, LP, Centerbridge Credit Partners, LP, and Centerbridge Special Credit Partners, LP (collectively, the "<u>Centerbridge Claimants</u>").[1]

NOW, THEREFORE, based upon the Objection and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore; and it appearing that due and proper notice

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

of the Objection has been given and that the relief requested in the Objection is warranted and in the best interests of the Debtor's estate and other parties in interest, it is hereby:

**ORDERED** that the Objection is granted; and it is further

**ORDERED** that the Centerbridge Claims, to the extent based upon amounts owing on account of shares of REIT Preferred Stock, shall be treated in accordance with the Plan; and it is further

**ORDERED** that the Centerbridge Claims, to the extent based upon amounts owing on account of Subordinated Notes or Preferred Securities, are hereby disallowed for all purposes, pursuant to Section 502 of the Bankruptcy Code, as duplicative of proofs of claim filed by the indenture trustees on behalf of all holders or beneficial owners of Subordinated Notes and Preferred Securities; and it is further

**ORDERED** that the Centerbridge Claims are otherwise disallowed for all purposes, pursuant to Section 502 of the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be without prejudice to the rights of the Debtor to assert or pursue any other objections, defenses, claims, counterclaims, rights of setoff or recoupment, preference claims, fraudulent transfer claims, rights, remedies or other claims the Debtor may have against any of the Centerbridge Claimants; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

###END OF ORDER###

<u>Submitted by</u>:

 */s/ Rufus T. Dorsey, IV*
Rufus T. Dorsey, IV
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
rdorsey@phrd.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by first class U.S. mail, postage prepaid, addressed to the party listed below and electronically served by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

> Centerbridge Credit Partners, L.P.
> 375 Park Avenue
> 12th Floor
> New York, New York 10152-0002
> Attn: Lance West
>
> Michael de Leeuw, Esq.
> Fried, Frank, Harris, Shriver & Jacobson LLP
> One New York Plaza
> New York, New York 10004

This 31st day of October, 2011.

> C. Edward Dobbs
> E-mail: ced@phrd.com
>
> Rufus T. Dorsey, IV
> E-mail: rtd@phrd.com
>
> PARKER, HUDSON, RAINER & DOBBS LLP
> 1500 Marquis Two Tower
> 285 Peachtree Center Avenue, N.E.
> Atlanta, Georgia  30303
> Telephone No.:  (404) 523-5300
> Facsimile:  (404) 522-8409
>
>
> By: /s/ *Rufus T. Dorsey, IV*
>     Rufus T. Dorsey, IV
>
> Attorneys for Debtor