UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 09-32303-DHW
                                                   Chapter 11
THE COLONIAL BANCGROUP, INC.,

      Debtor

MEMORANDUM OPINION

The debtor filed a motion (Doc. #1613) on November 8, 2011 for authority to use the cash in its operating account, and, to the extent such cash constitutes cash collateral, to grant replacement liens as adequate protection for such use. The FDIC-Receiver filed an objection (Doc. #1637) and moved to enforce the January 28, 2011 consent order limiting the debtor's use of the cash pending appeal of the court's January 24, 2011 ruling that the FDIC-Receiver does not have setoff rights in the account.

An evidentiary hearing on the motions was held on November 29, 2011 at which Kevin O'Halloran, the Plan Trustee under the debtor's confirmed chapter 11 plan, testified. Upon consideration of the evidence adduced at the hearing and the legal arguments of counsel, the court concludes that the debtor's motion is due to be granted, and the FDIC's motion is due to be denied.

Undisputed Facts

The January 28, 2011 order entered by consent and resolved the FDIC's motion for a stay pending appeal. The order authorized the debtor to withdraw no more than $7 million from the account to pay administrative expenses pending appeal of the January 24, 2011 order "unless and to the extent otherwise ordered by this Court after notice and a hearing."[1] The order further states:

---

[1] The order defines "administrative expenses" as follows:

> The Debtor shall not be authorized to use the balances in the Operating Account for any purpose other than as set forth in the preceding paragraphs of this Order (including for the purpose of paying any pre-petition claim of any creditor of the Debtor)*unless and until otherwise ordered by this Court after notice and a hearing.*

January 28, 2011 Order, ¶ 5 (emphasis added). The order also states that it does not prohibit the debtor from moving the court for permission to use the balances in the account to implement the terms of any confirmed plan of liquidation.

The debtor filed the instant motion, stating that it has withdrawn the allotted $7 million from the operating account. The debtor requests permission to withdraw the balance of the account, as needed, to pay allowed claims, to the extent permissible under the plan, and to pay fees and expenses of professionals. The account has a current balance of $5.4 million. To the extent the funds constitute cash collateral, the debtor proposes to grant a replacement lien in the assets of the estate (excluding avoidance claims or proceeds). The debtor argues that access to the money is necessary to continue the timely administration of this estate.

The court is aware of two entities that claim an interest in the account. The State of Alabama asserts a tax lien in the account but has not objected to the debtor's motion. The FDIC asserts a right of setoff in the account but the court has ruled that the FDIC has no such right of setoff,

---

> [A]ll costs and expenses (including, without limitation, professional fees and expenses of professional persons retained by the Debtor or the Committee, to the extent payable under applicable orders of this Court and operating expenses of the Debtor) that are incurred after the commencement and in the conduct of this Chapter 11 case.

January 28, 2011 Agreed Order Disposing of FDIC-Receiver's Emergency Motion for Stay Pending Appeal, ¶ 3 (Doc. #1067).

2

and the ruling is the subject of a pending appeal to the district court. The debtor's motion states that the appeal of the setoff issue has been fully briefed since May 2011 and that post-briefing submissions were completed in July. The district court has scheduled oral argument on the appeal, and that oral argument will likely occur in the very near future.

The FDIC moves to enforce the January 28, 2011 order resolving the FDIC's motion for a stay pending appeal. The FDIC argues that the debtor has presented no grounds for review of the order under Fed. R. Bankr. P. 9024. The FDIC further contends that there have been no unforeseeable circumstances since entry of the order that would justify the relief sought and that the debtor simply failed to budget its resources to stay within the allotted amount.

Conclusions of Law

The court disagrees that Rule 9024 controls the disposition of the debtor's motion. The agreed order contemplates that the debtor may seek use of additional funds to, *inter alia*, implement the chapter 11 plan and pay further administrative expenses. The January 28, 2011 consensual order resolved the FDIC's motion for stay pending appeal, and consideration of the instant motions should be controlled by the same standards governing the original motion filed under Fed. R. Bankr. P. 8005.

"A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr. P. 8005. A bankruptcy judge may make any "appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." *Id*.

"The grant of a stay pending appeal is 'an exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial

3

Case 09-32303   Doc 1650   Filed 12/01/11   Entered 12/01/11 12:24:00   Desc Main
Document      Page 3 of 6

harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay.'" *Land Ventures For 2, LLC v. Farm Credit of Northwest Florida, ACA*, 2010 WL 4176121, *2 (M.D. Ala. Oct. 18, 2010), citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.1986).

Though the instant motions have been filed by both the debtor and the FDIC, the FDIC is the party seeking to stay the effect of the January 24, 2011 ruling that the FDIC does not have a right to setoff the accounts. Therefore, the FDIC is the "movant" under Rule 8005.

First, the court must consider the FDIC's likelihood of success on appeal. The FDIC made two primary arguments in support of a right of setoff in the accounts. The FDIC first argued that BB&T did not assume liability for the accounts. In the alternative, the FDIC argued that even if BB&T assumed liability for the accounts, the FDIC could "clawback" the accounts postpetition with retroactive effect. The court considered these arguments in depth and addressed them in a 21-page written opinion. The law of setoff is well-settled, though the application of that law is more difficult in the complex factual context of this case. The court concludes that the FDIC is not likely to prevail on the merits of the appeal.

Second, the FDIC contends that it will suffer irreparable damage absent a stay. The court disagrees. The debtor has offered to provide the FDIC with a replacement lien in other assets of the estate to protect the FDIC to the extent the debtor withdraws cash from the operating account.

Third, the FDIC has failed to show that the debtor will suffer no substantial harm from the issuance of the stay. In fact, the debtor has shown that it will suffer irreparable harm if it cannot use the funds in the account.

Unlike many, or perhaps most, chapter 11 debtors, where the debtor is an operating concern with a stream of income, the instant debtor is not reorganizing but liquidating in chapter 11. Though the debtor has some hard assets, the overwhelming bulk of its assets exist in the form of causes

4

of action. Therefore, from its inception, the primary thrust of this case has been the prosecution of claims – claims such as malpractice claims against the debtor's accountants, substantial tax refund claims, claims against the FDIC-Receiver, preference claims against prior attorneys, fraudulent conveyance claims, and more. The debtor values these claims in the hundreds of millions of dollars.

Prosecution of these claims requires considerable professional fees and expenses. While the court shares the FDIC's concern with regard to the amount of professional fees in this case, the fees are a small percentage of the purported value of the claims.

The debtor has been actively prosecuting, as well as defending, claims since the inception of this case. Many actions are underway, and the prosecution of those claims are at various stages of completion. Most, however, have yet to be litigated. Many have already been set for trial, and the debtor is operating under pending scheduling orders with approaching deadlines.

To cutoff the debtor's funding at this point would harm the debtor irreparably. It would effectively shut down and handcuff the debtor's ability to proceed in this chapter 11 case. It would prejudice the debtor in pending litigation and jeopardize the ultimate recovery of its claims. The FDIC has not, and cannot, show that the debtor will suffer no substantial harm from the issuance of the stay.

Fourth, the FDIC must show that the public interest will be served by issuing the stay. The public has an interest in the timely and orderly administration of chapter 11 cases. The public also has an interest in the timely and orderly administration of bank receiverships. However, the public interest concerning bank receiverships is protected in this case by the debtor's offer to grant a replacement lien in other assets of the estate. The debtor would be required to do no less if the court had held that the balance in the account constituted the cash collateral of the FDIC. Therefore, the debtor is adequately protecting the FDIC to the extent the

Case 09-32303   Doc 1650   Filed 12/01/11   Entered 12/01/11 12:24:00   Desc Main
Document      Page 5 of 6

funds are withdrawn.[2]

## Conclusion

For the above reasons, the court concludes that the FDIC has not shown that the January 24, 2011 order should be stayed pending appeal. However, the debtor's use of the funds pending appeal will be limited to paying administrative expenses as defined in the January 28, 2011 order.

In its motion, the FDIC requests that "[i]f the court grants any aspect of the Debtor's motion, the FDIC-Receiver respectfully requests that the court stay the effectiveness of any such order for a period of 14-days to permit the FDIC-Receiver to seek a stay pending appeal from the United States District Court for the Middle District of Alabama pursuant to Bankruptcy Rule 8005." The court will so rule.

Done this 1st day of December, 2011.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Rufus T. Dorsey, IV, Attorney for Debtor
John J. Clarke, Jr., Attorney for FDIC

---

[2] The FDIC responds that it has a priority claim to all of the assets of the estate by virtue of 11 U.S.C. § 365(o). However, this court has ruled that the debtor did not make a commitment under that section to the FDIC. The ruling is on appeal, and that ruling was not stayed pending appeal.

6