**The relief described hereinbelow is SO ORDERED**

**Done this 2nd day of February, 2012.**



**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

-------------------------------------------------------------x
        :

In re          :          Chapter 11
        :

THE COLONIAL BANCGROUP, INC.,   :          Case No.  09-32303 (DHW)
        :

        Debtor.     :
        :
-------------------------------------------------------------x

## ORDER DISPOSING OF DEBTOR'S OBJECTION TO CLAIM NO. 18

This matter is before the Court on the objection (the "Objection") [Doc. No. 1589] of The

Colonial BancGroup, Inc. (the "Debtor") to Proof of Claim No. 18 (the "Claim"), which was filed by

Edward B. Alford, Jr. and Tommi Lee Alford (together, the "Alfords").[1]

On September 16, 2009, the Alfords filed the Claim against the Debtor as an unsecured claim in

the amount of $270,600.77 related to the Subordinated Notes purchased by them and outstanding

pursuant to an indenture dated as of March 1, 2008, between the Debtor and BNYM, as successor in

interest to The Bank of New York Trust Company, N.A.

_____

[1]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

In its Objection to the Claim, the Debtor contended that the Claim was duplicative of the proofs of claim filed by BNYM, in its capacity as trustee, on behalf of all holders or beneficial owners of the Subordinated Notes (including the Alfords). The Alfords filed a response to the Objection on November 17, 2011 [Doc. No. 1624]. In that response, the Alfords represented that they had sold their shares of the Subordinated Notes and that the Claim was not duplicative of the claims filed by BNYM.

On December 21, 2011, the Court held a telephonic hearing on the Objection. Based on the Alfords' response to the Objection and the representations of the Alfords' counsel at the telephonic hearing that the Claim arose out of the purchase and sale of the Subordinated Notes (and was not a duplicative bondholder claim), counsel for the Debtor submitted that the Claim should be subordinated to all holders of unsecured claims pursuant to Section 510(b) of the Bankruptcy Code. The Court then continued the telephonic hearing to January 30, 2012, to afford the parties an opportunity to dispose of the Objection by consent.

On January 30, 2012, the Court held a second telephonic hearing on the Objection. Counsel for the Alfords announced, and counsel for the Debtor agreed, that the Claim should be allowed but subordinated pursuant to 11 U.S.C. § 510(b) to all unsecured claims.

NOW, THEREFORE, based upon the Claim, the Objection, all of the proceedings before this Court, and the consent of the parties, and it appearing that due and proper notice of the Objection has been given, it is:

**ORDERED** that the Claim is hereby deemed an Allowed Claim under the Plan, but, pursuant to Section 510(b) of the Bankruptcy Code, the Claim shall be and is hereby subordinated to all unsecured claims and shall be classified in Class G (Statutorily Subordinated Claims) under the Plan; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this order.

###END OF ORDER###

Submitted by:

 _/s/ Rufus T. Dorsey, IV_
Rufus T. Dorsey, IV
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
rdorsey@phrd.com